1  LUIS A. CARRILLO, SBN 70398
2  MICHAEL S. CARRILLO, SBN 258878
   DOMINIQUE L. BOUBION, SBN 336915
3  **CARRILLO LAW FIRM, LLP**
4  1499 Huntington Drive, Suite 402
   South Pasadena, California 91030
5  Tel: (626) 799-9375
   Fax: (626) 799-9380
6
7  Attorneys for Plaintiffs

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12 **ROSA NUÑEZ,** individually and as    Case No.: 5:22-cv-1934
   successor-in-interest to Decedent,
13 Anthony Nuñez; **ANTHONY NUÑEZ,**      **COMPLAINT FOR DAMAGES**
   **JR.,** individually and as successor-in-   **FOR:**
14 interest to Decedent, Anthony Nuñez;
15 and, **ANDREW NUÑEZ**, individually,    1. Fourth Amendment, Excessive
                                              Force (42 U.S.C. § 1983)
16          Plaintiffs,                    2. Fourteenth Amendment, Denial of
                                              Medical Care (42 U.S.C. § 1983)
17      v.                                 3. Fourteenth Amendment,
                                              Interference with Familial
18                                            Relations (42 U.S.C. § 1983)
19                                         4. Municipal Liability,
   **COUNTY OF SAN BERNARDINO**;             Unconstitutional Custom or Policy
20 **CITY OF HESPERIA**; and **DOES 1**     (42 U.S.C. § 1983)
   **through 15**, inclusive,             5. Municipal Liability, Failure to
21                                            Train (42 U.S.C. § 1983)
22          Defendants.                    6. Battery (Wrongful Death)
                                           7. Negligence (Wrongful Death)
23                                         8. Negligent Infliction of Emotional
                                              Distress, Bystander
24                                         9. Violation of Bane Act (Cal. Civil
25                                            Code §52.1)
26                                         **DEMAND FOR JURY TRIAL**
27
28

                                  1
                     **COMPLAINT FOR DAMAGES**

COME NOW, Plaintiffs ROSA NUÑEZ and ANTHONY NUÑEZ, JR., individually and as successors-in-interest to Anthony Nuñez, deceased, ANDREW NUÑEZ, individually, (collectively, "Plaintiffs"), for their Complaint against Defendants COUNTY OF SAN BERNARDINO, CITY OF HESPERIA, and DOES 1 through 15, inclusive and each of them (collectively, "Defendants"), and allege as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Plaintiffs' father, brother, and son, Anthony Nuñez, on March 29, 2022.

4.      Plaintiffs allege that the death of Anthony Nuñez was a result of the excessive use of deadly force by Defendants DOE OFFICERS; and was also a result of Defendants' failure to provide reasonable medical care to Anthony Nuñez despite Anthony Nuñez's serious medical condition after being shot numerous times; and was a result of Defendants deliberate indifference to Anthony Nuñez's serious mental conditions and Constitutional rights.

5.     The policies and customs behind shootings of civilians such as Anthony Nuñez, and the failure to provide needed mental health assistance, deescealate the interaction, and employ less-lethal weapons, are fundamentally unconstitutional and have violated the civil rights of residents of the COUNTY and CITY, such as Plaintiffs and DECEDENT. Accordingly, Plaintiffs herein seek by means of this civil rights action to hold accountable those responsible for the death of Anthony Nuñez, and to challenge the unconstitutional policies and practices of the COUNTY, CITY and all Defendants.

## PARTIES

6.     At all relevant times, Anthony Nuñez ("DECEDENT") was an individual residing in the County of San Bernardino, California.

7.     Plaintiff **ROSA NUÑEZ** is an individual residing in the County of San Bernardino, California and is the natural mother of DECEDENT. ROSA NUÑEZ sues in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure §377.60. ROSA NUÑEZ seeks both survival and wrongful death damages under federal and state law.

8.     Plaintiff **ANTHONY NUÑEZ, JR.** is an individual residing in the state of Texas and is the natural son of DECEDENT. ANTHONY NUÑEZ, JR., sues in his individual capacity as the son of DECEDENT and a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure §377.60. ANTHONY NUÑEZ, JR. seeks both survival and wrongful death damages under federal and state law.

9.     Plaintiff **ANDREW NUÑEZ** is an individual residing in the County of San Bernardino, California and is the natural brother of DECEDENT. ANDREW NUÑEZ sues in his individual capacity as the brother of DECEDENT and seeks compensatory damages under state law.

*///*

10.    At all relevant times, Defendant **COUNTY OF SAN BERNARDINO** ("COUNTY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the San Bernardino County Sheriff's Department and its agents and employees. At all relevant times, Defendant COUNTY was responsible for assuring that the actions omissions, policies, procedures, practices, and customs of the San Bernardino County Sheriff's Department, and its employees and agents complied with the laws of the United States of the State of California. At all relevant times, COUNTY was the employer of all or some of Defendant DOES 1-15.

11.    At all relevant times, Defendant **CITY OF HESPERIA** ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the San Bernardino County Sheriff's Department and Hesperia Police Department and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of some or all of Defendant DOES 1-15.

12.    Defendants **DOES 1-10** are deputy sheriffs and/or police officers for the COUNTY's Sheriff's Department and CITY's Police Department ("**DOE OFFICERS**").  At all relevant times, DOE OFFICERS were acting under color of law within the course and scope of their duties as deputies and/or officers for the Sheriff's Department and Police Department; and were acting with the complete authority and ratification of their principal, Defendant COUNTY and CITY.

*///*

**COMPLAINT FOR DAMAGES**

13. Defendants **DOES 11-15** are managerial, supervisorial, and policy-making employees of the COUNTY's Sheriff's Department and/or CITY's Police Department who were acting under color of law within the course and scope of their employment for the COUNTY's Sheriff's Department and/or CITY's Police Department at the time of this incident ("**DOE SUPERVISORS**"). At all relevant times, DOE SUPERVISORS were acting with the complete authority ad ratification of their principal, Defendant COUNTY and CITY.

14. On information and belief, DOES 1-15 were residents of the County of San Bernardino, California at all relevant times.

15. In doing the acts, failings, and/or omissions as hereinafter described, Defendants DOE OFFICERS were acting on the implied and actual permission and consent of Defendants DOE SUPERVISORS.

16. In doing the acts, failings, and/or omissions as hereinafter described, Defendants DOE SUPERVISORS were acting on the implied and actual permission and consent of the COUNTY and CITY.

17. The true names and capacities, whether individual, corporate, association or otherwise of Defendant DOES 1-15, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this compliant to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictiously named Defendants is responsible in some manner for the conduct or liabilities alleged herin.

18. Defendants DOES 1-15 are sued in their individual capacities.

19. At all times mentioned herein, each and every Defenadant, including DOES1-15, was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, doncut, employment of each and every Defendant.

20. All of the acts complained of herein by Plaintiffs against Defendants, including DOES 1-15, were done and performed by said Defendants by and through

their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting with the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified (or will ratify) all of the acts complained herein.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

21.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 20 of this Complaint with the same force and effect as if fully set forth herein.

22.    On or about March 29, 2022, DECEDENT was at his family's residence located on the 8900 block of 9th Avenue in the City of Hesperia, California.

23.    The wife of Plaintiff ANDREW NUÑEZ, DECEDENT's brother, called 911 because she became concerned by DECEDENT's behavior.

24.    In response to the 911 call, DOE OFFICERS arrived at the family home. While at the residence, located at the 8900 block of 9th Avenue, DECEDENT tried to talk to DOE OFFICERS about God. DECEDENT agreed he would drop a dog chain he was holding but asked DOE OFFICERS to lower their weapons. DECEDENT dropped the chain.

25.    Thereafter, based on information and belief, DOE OFFICERS escalated the situation with an unarmed individual which resulted in the summong of SWAT officers.  Sometime thereafter, while SWAT was on scene, DOE OFFICERS further escalated the situation when DECEDENT tried to end a brief stand-off by surrending. While surrendering, DOE OFFICERS discharged their firearms numerous times at DECEDENT, who was unarmed, striking him, causing DECEDENT serious physical injury and eventually killing him.

26.    At the time of the shooting, DECEDENT was unarmed.

27.    At the time of the shooting DECEDENT posed no immediate threat of death or serious physical injury to DOE OFFICERS, or any other person, since he was unarmed.

28. Defendants DOE OFFICERS did <u>not</u> give DECEDENT a verbal warning that deadly force would be used prior to shooting DECEDENT, despite it being feasible to do so and they did not issue appropriate commands to DECEDENT.

29. Defendants DOE OFFICERS did <u>not</u> investigate whether DECEDENT was in fact having a mental crises. Defendants DOE OFFICERS, did <u>not</u> notify the Community Crisis Response Team ("CCRT"). Defendants DOE OFFICERS did <u>not</u> properly assess the situation regarding DECEDENT's mental state; did <u>not</u> notify supervisors of the situation; did <u>not</u> employ tactics to de-escalate the situation; did <u>not</u> give DECEDENT sufficient time to comprehend the presence of deputies or police officers at the family home; did <u>not</u> develop a tactical plan regarding DECEDENT's mental state; did not speak to DECEDENT in a sensitive and non-threatening manner; and did <u>not</u> give DECEDENT the opportunity to cooperate with the instructions of sheriff's deputies or police officers.

30. On information and belief, DECEDENT made <u>no</u> aggressive movements toward Defendants DOE OFFICERS; DECEDENT did <u>not</u> lunge toward Defendants DOE OFFICERS; DECEDENT did <u>not</u> move toward any of the DOES 1-10; DECEDENT did <u>not</u> step forward toward Defendants DOE OFFICERS; DECEDENT did not make any furtive gestures that would suggest to the Defendants DOE OFFICERS that DECEDENT was attempting, or intending to inflict harm Defendants DOE OFFICERS.

31. Defendants DOE OFFICERS did <u>not</u> employ tactics to ***de-escalate*** the situation; failed to give DECEDENT time and space to understand the presence of the deputies and the officers; failed to give DECEDENT time and space to accept the presence of the deputies and the officers; failed to approach and speak to DECEDENT in a non-threatening manner; and failed to give DECEDENT the opportunity to consent to and cooperate with the instructions of the deputies and officers.

///

**COMPLAINT FOR DAMAGES**

32.     DECEDENT lived at the family home and was not an immediate threat to anyone at the time Defendants DOE OFFICERS shot and killed DECEDENT. The Plaintiffs are informed and believe that at no time prior to Defendants DOE OFFICERS discharging his or her weapon, that no deputy or police officer, or other person, was facing an imminent threat of serious physical injury; or that no deputy or police officer was incapable of neutralizing and/or effectuating the seizure of DECEDENT using any of a variety of readily available less-than-lethal means or strategies. The force used by the Defendants DOE OFFICERS, was unnecessary, excessive, and unreasonable under the totality of the circumstances.

33.     DECEDENT never verbally threatened anyone prior to being fatally shot by DOE OFFICERS. Further, officers did not observe him commit any crime, the involved officers had no information that DECEDENT was armed with a weapon, and there was no information that DECEDENT had physically injured anyone.

34.     The involved deputies and/or officers shot DECEDENT even though he was not an immediate threat of death or serious bodily injury to the officers or anyone else and there were other less lethal options available. DOE OFFICERS did not show a reverance for human life. The involved officers are reasponible for every single shot they fired and this was not an immediate defense of life situation.

35.     DECEDENT did not physically injure or attempt to physically injure the involved deputies, officers, or anyone, prior to being fatally shot. Further, DECEDENT did not verbally threaten anyone prior to being fatally shot. At the time of the shooting DECEDENT posed no immediate threat of death or serious physical injury to either Defendants DOE OFFICERS or any other person.

36.     DECEDENT never pointed a firearm at Defendants DOE OFFICERS, or anyone else, prior to being fatally shot.

37.     On information and belief, Defendants DOE OFFICERS had no information that DECEDENT had committed a felony.

**FIRST CLAIM FOR RELIEF**

**Unreasonable Search and Seizure - Excessive Force (42 U.S.C. § 1983)**

**Plaintiffs ROSA NUÑEZ and ANTHONY NUÑEZ, JR. against Defendants DOE OFFICERS**

38.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 37 of this Complaint with the same force and effect as if fully set forth herein.

39.     The unreasonable use of force by Defendants DOE OFFICERS deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

40.     As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral expenses and loss of financial support.

41.     As a result of the conduct of Defendants DOE OFFICERS, they are liable for DECEDENT's injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

42.     This use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT never physically injured or attempted to physically injure Defendant DOE OFFICERS, or anyone else prior to being fatally shot. Further, DECEDENT never verbally threatened anyone and never pointed a weapon at Defendant DOE OFFICERS, or anyone else, prior to being fatally shot. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

**COMPLAINT FOR DAMAGES**

43.   DECEDENT was not an immediate threat of death or serious bodily injury at the time of the shooting.

44.   The conduct of Defendants DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

45.   Plaintiffs bring these claims as successors-in-interests to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENTS's rights.

46.   Plaintiffs also seek attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

### Fourteenth Amendment - Denial of Medical Care (42 U.S.C. § 1983)

### By Plaintiffs ROSA NUÑEZ and ANTHONY NUÑEZ, JR. against Defendants DOE OFFICERS

47.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 46 of this Complaint with the same force and effect as if fully set forth herein.

48.   The denial of medical care by Defendants DOE OFFICERS deprived DECEDENT of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

49.    As a result, DECEDENT suffered extreme mental and physical pain and suffering and eventually suffered a loss of life and earning capacity. Plaintiffs have also been deprived of the life-long love, companishionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs also claiming funeral and burial expenses and loss of financial support.

**COMPLAINT FOR DAMAGES**

50.     Defendants DOE OFFICERS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT's death.

51.     After shooting DECEDENT, DOE OFFICERS did not timely summon or provide timely meidcal attention for DECEDENT who was bleeding profusely and had obvious injuries and DOE OFFICERS did not allow, and rather prevented resopnding medical personnel on-scene to timely render medical aid/assistance to DECEDENT.

52.     The conduct of Defendants DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOE OFFICERS.

53.     Plaintiffs bring this claim as successors-in-interests to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENTS's rights.

54.     Plaintiffs also seek attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF

**Fourteenth Amendment – Interference with Familial Relations**

**(42 U.S.C. § 1983)**

**By Plaintiffs ROSA NUÑEZ and ANTHONY NUÑEZ, JR. against Defendants DOE OFFICERS**

55.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56.     ANTHONY NUÑEZ, JR. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner

as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his father, DECEDENT.

57.    ROSA NUÑEZ had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

58.    As a result of the excessive force by Defendant DOE OFFICERS, DECEDENT died. Plaintiffs were thereby deprived of their constitutional right of familiar relationship with DECEDENT.

59.    Defendant DOE OFFICERS, acting under color of state law, thus violated the Fourteenth Amendment rights of Plaintiffs to be free from unwarranted infference with their familial relationship with DECEDENT.

60.    The aforementioned actions of DOE OFFICERS, along with the undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of the DECEDENT and Plaintiffs with purpose to harm unrelated to any legitimate law enforcement objective.

61.    Defendants DOE OFFICERS, acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT and Plaintiffs.

62.    As a direct and proximate cause of the actions of DOE OFFICERS, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs have also been deprived of the life-long love, companishionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs also claiming funeral and burial expenses and loss of financial support.

63.    As a result of the conduct of DOE OFFICERS, they are liable for DECEDENT'S injuries because they were integral participants in the denial of due process.

**COMPLAINT FOR DAMAGES**

64.    The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

65.    Plaintiffs bring this claim as successors-in-interests to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

66.    Plaintiffs also seek attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

**Muncipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**By Plaintiffs ROSA NUÑEZ and ANTHONY NUÑEZ, JR. against Defendants**

**COUNTY, CITY, and DOE SUPERVISORS**

67.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 66 of this Complaint with the same force and effect as if fully set forth herein.

68.    On information and belief, the COUNTY and CITY made a formal decision that the shooting of Decedent was found to be "within policy" of the COUNTY's Sheriff's Department and the CITY's Police Department protocols, notwithstanding that DECEDENT was not an imminent threat to DOE OFFICERS at the moment he was shot by DOE OFFICERS. This manifests a deliberate indifference to the civil rights of the residents of the COUNTY and CITY.

69.    Defendants COUNTY, CITY, DOE SUPERVISORS, and COUNTY and CITY executives, ratified, acquiesced, and condoned the shooting of DECEDENT by DOE OFFICERS.

71.    On information and belief, DOE OFFICERS, were not disciplined, and were not given additional training, after the shooting of DECEDENT, which evidences ratification and acquiescence in the shooting of DECEDENT by DOE OFFICERS.

**COMPLAINT FOR DAMAGES**

72.    On and for some time prior to March 29, 2022, and continuing to the present date, Defendants COUNTY, CITY, and DOE SUPERVISORS, deprived DECEDENT of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, because said Defendants and their supervising and managerial employees, acted with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and comparable position in particularly, knowingly maintained, enforced, and applied an official recognized custom, policy, and practice of:

a. Employing and retaining as sheriff's deputies, police officers, and other personnel, including DOE OFFICERS, whom Defendants COUNTY, CITY, and DOE SUPERVISORS, at all times material herein knew or reasonably should have known had dangerous propensities of abusing their authority and for mistreating citizens by failing to follow written COUNTY Sheriff's Department policies and CITY Police Department policies.

b. Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY's sheriff's deputies and CITY's police officers, and other personnel, who Defendants COUNTY, CITY, and DOE SUPERVISORS knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits.

c. By failing to adequately train deputies and officers, including DOE OFFICERS, and failing to institute appropriate policies, regarding the use of excessive force, including deadly force;

d. By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, including deadly force, which is also demonstrated by inadequate training regarding these subjects. The policies, custom, and practices of COUNTY, CITY, and DOE SUPERVISORS were done with a deliberate indifference to the individuals' safety and rights; and

e. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining the

intentional misconduct of Defendant COUNTY sheriff's deputies and/or CITY police officers, such as DOE OFFICERS;

f. By failing to discipline Defendant COUNTY sheriff's deputies and/or CITY police officers, such as DOE OFFICERS, for conduct such as unlawful detention and excessive use of deadly force;

g. By ratifying the misconduct of Defendant COUNTY sheriff's deputies and/or CITY police officers, such as DOE OFFICERS, for conduct such as excessive use of deadly force;

h. By failing to properly investigate incidents of excessive use of deadly force by Defendant COUNTY sheriff's deputies and/or CITY police officers, such as DOE OFFICERS; and,

i. By failing to remove "problem" deputies and officers from patrol duties.

73. It is the policy, custom, and practice of Defendants COUNTY and CITY to not objectively investigate complaints of previous incidents of wrongful shootings, excessive use of deadly force, illegal arrests, falsification of police reports, and instead, to officially claim that such incidents are justified and proper.

74. The policies, customs, and practices of Defendants COUNTY and CITY do in fact encourage COUNTY sheriff's deputies and CITY police officers such as DOE OFFICERS, to believe that wrongful shootings, excessive use of deadly force against residents, illegal arrests, fabrication of police reports, is permissible and will be permitted by Defendants COUNTY and CITY. Defendants DOE OFFICERS were aware of the policies, customs, and practices of Defendants COUNTY and CITY and DOE DEPUTIES used excessive deadly force against DECEDENT. These policies and customs of the COUNTY and CITY was the driving force that caused DOE DEPUTIES to shoot DECEDENT.

75. Other systemic deficiencies, policies, customs, and practices which indicated, and continue to indicate, a deliberate indifference to the violations of the civil rights by the COUNTY sheriff's deputies and CITY police officers, such DOE

OFFICERS, that Defendants COUNTY and CITY were aware of, and has condoned and ratified include:

   a.   Preparation of investigative reports designed to vindicate the use of excessive use of force, regardless of whether such force was justified;

   b.   Preparation of investigative reports which uncritically rely solely on the word of sheriff's deputies and police officers involved in the assault, battery, excessive use of force incidents and which systematically fail to credit testimony by non-police witnesses;

   c.   Preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved;

   d.   Issuance of public statements exonerating officers involved in such incidents prior to the completion of investigations of the excessive use of force;

   e.   Failure to objectively and independently review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence of the wrongful shooting, assault, excessive use of deadly force, or which contradict such evidence.

76.   By reason of the aforementioned policies and practices of Defendants COUNTY, CITY, and DOE SUPERVISORS, DECEDENT was severely injured and subjected to pain and suffering and lost his life.

77.   Defendants COUNTY, CITY, and DOE SUPERVISORS, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, and other individuals similarly situated.

78.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY, CITY, and DOE SUPERVISORS, acted with an intentional, reckless, and callous disregard for the rights for the life of DECEDENT, and DECEDENT's and Plaintiffs' constitutional rights. Defendants COUNTY, CITY, and DOE SUPERVISORS, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

79.   Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants COUNTY, CITY, and DOE SUPERVISORS were affirmatively linked to and were significantly influential force behind the injuries of DECEDENT and Plaintiffs.

80.   By reason of the aforementioned acts and omissions of Defendants COUNTY, CITY, and DOE SUPERVISORS, Plaintiffs were caused to incur funeral and related burial expenses, and loss of financial support.

81.   By reason of the aforementioned acts and omissions of Defendants COUNTY, CITY, and DOE SUPERVISORS, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

82.   Accordingly, Defendants COUNTY, CITY, and DOE SUPERVISORS each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983)

83.    Plaintiffs seek wrongful death and survival damages under this claim.

84.   Plaintiffs also seek statutory attorney fees under this claim.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

### By Plaintiffs ROSA NUÑEZ and ANTHONY NUÑEZ, JR. against Defendants COUNTY, CITY, DOE SUPERVISORS

85.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 84 of this Complaint with the same force and effect as if fully set forth herein.

86.     Defendants DOE OFFICERS acted under color of law. The acts of said Defendants deprived DECEDENT and Plaintiff of their particular rights under the United States Constitution.

87.     The training policies of Defendants COUNTY, CITY, and DOE SUPERVISORS were not adequate to train its sheriff's deputies and/or police officers to handle the usual and recurring situations with which they must deal.

88.     Defendants COUNTY, CITY, and DOE SUPERVISORS were deliberately indifferent to the obvious consequences of its failure to train its deputies and officers adequately.

89.     The negligent and unjustified use of force by the said Defendants DOE OFFICERS was a result of the negligent training by the Defendants COUNTY, CITY, and DOE SUPERVISORS, who failed to train COUNTY and CITY deputies and officers as to proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. The Defendants COUNTY, CITY, and DOE SUPERVISORS were responsible for the training of COUNTY and CITY deputies and officers to ensure that the actions, procedures, and practices of said Defendants complied with Peace Officer Standards and Training (POST) training standards regarding proper police tactics, and proper use of deadly force.

90.     The Defendants COUNTY, CITY, and DOE SUPERVISORS negligently failed to train COUNTY and CITY deputies and officers to comply with POST training standards regarding proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. POST was established by the California Legislature in 1959 to set minimum training standards for California police officers. The training policies of COUNTY and CITY were not adequate to train its police officers to handle the usual and recurring situations with residents that said Defendants have contact with.

91.     The training policies of the COUNTY and CITY were deficient in the following ways:

**COMPLAINT FOR DAMAGES**

a.  The COUNTY and CITY failed to properly train COUNTY sheriff's deputies and CITY police officers, so that deputies and officers do not *escalate* their interactions with residents and do not overreact and resort to use of deadly force when the use of force was not necessary.

b.  The COUNTY and CITY failed to properly train COUNTY sheriff's deputies and CITY police officers, so that Defendants do not permit fear to reach the point of becoming unreasonable fear, and not objectively reasonable, which would result in the use of force to cause that would cause the death of residents, such as DECEDENT. This was a part of the COUNTY and CITY's negligent failure to train said Defendants to properly and ***adequately assess*** the need to use force against DECEDENT.

c.  The COUNTY and CITY failed to properly train COUNTY and CITY failed to properly train COUNTY sheriff's deputies and CITY police officers, such as said Defendants, in ***proper police tactics***, such as situational awareness so that sheriff's deputies and police officers do not utilize negligent tactics, such as said Defendants herein. Because of this lack of proper training by the COUNTY and CITY, the Defendants DOE OFFICERS, did not use proper police tactics in handling of the contact with DECEDENT, and instead used defective police tactics, including the lack of a ***situational awareness*** by the said Defendants. These defective tactics resulted in the death of DECEDENT.

d.  The COUNTY and CITY failed to properly train COUNTY sheriff's deputies and CITY police officers, such as Defendants herein, would be trained in the importance of ***effective communication*** prior to using force.

e.  Because of the lack of proper training by the COUNTY and CITY, said Defendants did not use effective communication prior to and during the use of force against DECEDENT. The ineffective communication of information by said Defendants prior to, and during the incident, resulted in the death of DECEDENT.

92.  The failure of Defendants COUNTY and CITY to provide adequate training caused the deprivation of DECEDENT's and Plaintiffs' rights by said

Defendants; that is, Defendant COUNTY and CITY's failure to train is so closely related to the deprivation of the DECEDENT's and Plaintiffs' rights as to be the moving force that caused the ultimate injury.

93.     By failing to provide adequate training to COUNTY sheriff's deputies and CITY police officers, including DOE OFFICERS, DOE SUPERVISORS, acted with an intentional, reckless, and callous disregard for the life of DECEDENT's and DECEDENT's and Plaintiffs' constitutional rights. Defendants DOES 11-15, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

94.     By reason of the aforementioned acts and omissions of Defendants, Plaintiffs were caused to incur funeral and related burial expenses, and loss of financial support.

95.     By reason of the aforementioned acts and omissions, the Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and moral support of DECEDENT.

96.     Accordingly, Defendants COUNTY, CITY, and DOE SUPERVISORS, each are liable to the Plaintiff for compensatory damages under 42 U.S.C. § 1983.

97.     Plaintiffs seek wrongful death and survival damages under this claim.

98.     Plaintiffs also seek statutory attorney fees under this claim.

### SIXTH CLAIM FOR RELIEF

**Battery (Cal. Govt. Code § 820 and California Common Law)**

**(Wrongful Death)**

**By Plaintiffs ROSA NUÑEZ and ANTHONY NUÑEZ, JR. against all Defendants**

99.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 98 of this Complaint with the same force and effect as if fully set forth herein.

100.   Defendants DOE OFFICERS, while working as police officers and/or sheriff's deputies for the COUNTY Sheriff's Department and/or CITY Police Department, and acting within the course and scope of their duties, intentionally shot DECEDENT several times. Defendants DOE OFFICERS had no legal justification for using deadly force against DECEDENT, and said Defendants' use of force while carrying out their police officer duties was an unreasonable use of force, especially since DECEDENT was not an imminent threat to DOE OFFICERS, or anyone else. Further, DECEDENT was unarmed at the time of the shooting. The use of deadly force was also unreasonable because there were clearly less lethal options available. As a result of the actions of DOE OFFICERS, DECEDENT suffered severe mental and physical pain and suffering, loss of enjoyment of life and ultimately died from his injuries and lost learning capacity.

101.   COUNTY and CITY is vicariously liable for the wrongful acts of DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

102.   The conduct of DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages.

103.   Plaintiffs bring this claim both individually and as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages.

///

///

///

///

**COMPLAINT FOR DAMAGES**

**SEVENTH CLAIM FOR RELIEF**

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

**(Wrongful Death)**

**By Plaintiffs against all Defendants**

104.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 103 of this Complaint with the same force and effect as if fully set forth herein.

105.   The actions and inactions of the Defendants were negligent, including but not limited to:

a.   The failure to properly and adequately train employees including DOE OFFICERS with regard to the use of force, including deadly force;

b.   The failure to properly and adequately assess the need to detain, arrest, and use force, including deadly force against DECEDENT;

c.   The negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

d.   The negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

e.   The failure to provide and or summons prompt medical care to DECEDENT;

f.   Shooting an unarmed individual;

g.   The failure to give a verbal warning or any kind of command prior to shooting;

h.   And failure to properly train and supervise employees, both professional and non-professional, including DOE OFFICERS.

106.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused suffer extreme mental and physical pain and suffering and ultimately died and lost earning capacity. Also as a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs have also been deprived of the life-long love,

companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs also claiming funeral and burial expenses and loss of financial support.

107.   COUNTY and CITY is vicariously liable for the wrongful acts of DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

108.   Plaintiffs bring this claim individually and as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages.

## EIGTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress

### (Cal. Govt. Code § 820 and California Common Law)

### By Plaintiff ANDREW NUÑEZ against all Defendants

109.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 108 of this Complaint with the same force and effect as if fully set forth herein.

110.   Defendants DOE OFFICERS negligent caused physical injury and death to DECEDENT when DOE OFFICERS discharged their firearms at DECEDENT, striking him and eventually killing him. The use of deadly force by DOE OFFICERS was excessive, unreasonable and DOE OFFICERS were negligent in discharging their firearms at DECEDENT, including pre-shooting negligent conduct, actions, inactions and tactics.

111.   ANDREW NUÑEZ was present at the scene, which is his residence, when DOE OFFICERS fatally discharged their firearms multiple times at DECEDENT and ANDREW NUÑEZ was aware that DECEDENT was being injured.

112.   As a result of being present at the scene and perceiving his brother, DECEDENT, being fatally shot by DOE OFFICERS, ANDREW NUÑEZ suffered serious emotional distress, including but not limited to suffering anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

113.   On information and belief, an ordinary reasonable person would be unable to cope with seeing his brother fatally shot multiple times by the police, especially at their own residence.

114.   COUNTY and CITY is vicariously liable for the wrongful acts of DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

115.   Plaintiff ANDREW NUÑEZ bring this claim individually and seek damages under this claim as an aindividual.

### NINTH CLAIM FOR RELIEF

**Violation of Bane Act (Cal. Civil Code § 52.1)**

**By Plaintiffs ROSA NUÑEZ and ANTHONY NUÑEZ, JR. against all Defendants**

116.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 115 of this Complaint with the same force and effect as if fully set forth herein.

117.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion (or by the use of unconstitutionally excessive force).

118.   Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state, has been interfered with, as described in subdivision (a), may institute and prosecute in his name and on his own behalf a civil

**COMPLAINT FOR DAMAGES**

action for damages, including but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

The Bane Act, the California Constitution and California common law prohibit the use of excessive force by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims. See *Bay Area Rapid Transit Dist. v. Superior Court*, 38 Cal.App.4th 141, 144 (1995). "[A] successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." *Chaudhry v. City of South Gate,* 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir.2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); *Bender v. Cnty. of L.A.*, 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by unnecessary, deliberate and excessive force—is [] within the protection of the Bane Act"). DEFENDANT DOES 1-10 violated DECEDENT's constitutional rights by using excessive force, whose acts of unreasonable force were done intentionally, and with a reckless disregard for his constitutional rights and for his life. *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1044-1045 (9th Cir. 2018)

119. Defendant DOE OFFICERS' use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT was unarmed when he was fatally shot. Further, the involved deputies and officers did not give a verbal warning or any commands prior to fatally shooting DECEDENT, despite being feasible to do so. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment. The conduct of Defendant

1  DOE OFFICERS was a substantial factor in causing the harm, losses, injuries, and
2  damages of Plaintiff.

3      120.  Defendant DOE OFFICERS intentionally violated DECEDENT's
4  rights under § 1983 by using excessive deadly force against DECEDENT, including
5  but not limited to, shooting the unarmed DECEDENT without warning, several
6  times. Further, these acts by DOE OFFICERS demonstrate that they had a reckless
7  disregard for DECEDENT's constitutional rights.

8      121.  At the time of the shooting DECEDENT did not pose an immediate
9  threat of death or serious bodily injury and DECEDENT never verbally threatened
10  anyone prior to the shooting. There is direct and circumstantial evidence that DOE
11  OFFICERS intentionally violated DECEDENT's rights under § 1983 by unlawfully
12  detaining him, by attempting to unlawfully arrest him and by fatally shooting
13  DECEDENT multiple times.

14      122.  Defendant DOE OFFICERS, while working as deputy sheriffs and/or
15  police oficers for the COUNTY Sheriff's Department and CITY Police Department,
16  and acting within the course and cope of their duties, interfered with or attempted to
17  interfere with the rights of DECEDENT to be free from unreasonable searches and
18  seizures, to equal protection of the laws, to access to the courts, and to be free from
19  state actions that shock the conscience, by threatning or committing acts involving
20  violence, threats, coercsion, or intimidation.

21      123.   DECEDENT was caused to suffer extreme mental and physical pain
22  and suffering and ultimately died and lost earning capacity. Plaintiffs have also been
23  deprived of the life-long love, companionship, comfort, support, society, care, and
24  sustenance of DECEDENT, and will continue to be so deprived for the remainder of
25  their natural lives. Plaintiffs also claim funeral and burial expenses and loss of
26  financial support.

27      124.  The conduct of DOES 1-15 was a substantial factor in causing the
28  harms, losses, injuries and damages of DECEDENT and Plaintiffs.

**COMPLAINT FOR DAMAGES**

125.   Defendants COUNTY and CITY are vicariously liable for the wrongful acts of DOES 1-15 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

126.   The conduct of DOES 1-15 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT entitling Plaintiff to an award of exemplary and punitive damages.

127.   Plaintiffs bring this claim as successors-in-interest to the DECEDENT, and seek survival damages for the violation of DECEDENT's rights.

128.   Plaintiffs also seek costs and attorney fees under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants COUNTY, CITY, and DOES 1-15, inclusive, as follows:

A.   For compensatory damages, including both survival and wrongful death damages under federal and state law,  in the amount to be proven at trial;

B.   For other general damages in an amount according to proof at trial;

C.   For other non-economic damages in an amount according to proof at trial;

D.   For other special damages in an amount according to proof at trial;

E.   For punitive damages against the individual defendants in an amount to be proven at trial;

F.   Attorney's fees pursuant to 42 U.S.C. § 1988;

G.   Attorney's fees and costs pursuant to Cal. Civ. Code § 52.1(h)

H.   For interest;

I.   For reasonable costs of this suit; and

**COMPLAINT FOR DAMAGES**

1    J. For such further other relief as the Court may deem just, proper,
2    and appropriate.
3
4    DATED: November 1, 2022  **CARRLLO LAW FIRM, LLP**
5
6              By:
7                LUIS A. CARILLO
8                MICHAEL S. CARRILLO
9                DOMINIQUE L. BOUBION
            Attorneys for Plaintiffs
10
11
12           **<u>DEMAND FOR JURY TRIAL</u>**
13      The Plaintiffs named herein hereby demand a trial by jury.
14
15    DATED: November 1, 2022  **CARRLLO LAW FIRM, LLP**
16
17              By:
18                LUIS A. CARILLO
            MICHAEL S. CARRILLO
19                DOMINIQUE L. BOUBION
20                Attorneys for Plaintiffs
21
22
23
24
25
26
27
28

**COMPLAINT FOR DAMAGES**