Christopher P. Wesierski [Bar No. 086736]
  cwesierski@wzllp.com
Michelle R. Prescott [Bar No. 262638]
  mprescott@wzllp.com
Brett A. Smith [Bar No. 322707]
  bsmith@wzllp.com
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendants, COUNTY OF
SAN BERNARDINO, CITY OF
HESPERIA MICHAEL MARTINEZ,
SABRINA CERVANTES and JEREMY
DEBERG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROSA NUNEZ, individually and as successor-in-interest to Decedent, Anthony Nunez; ANTHONY NUNEZ, JR., individually and as successor-in-interest to Decedent, Anthony Nunez; and, ANDREW NUNEZ, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; CITY OF HESPERIA; MICHAEL MARTINEZ; SABRINA CERVANTES; JEREMY DEBERG; JONATHAN CAMPOS; and DOES 5 through 15, inclusive,<br><br>Defendants. | Case No. 5:22-cv-1934-SSS(SPx)<br><br>**DEFENDANTS' COUNTY OF SAN BERNARDINO, CITY OF HESPERIA, DEPUTY MICHAEL MARTINEZ, DEPUTY JEREMY DEBERG, AND DEPUTY SABRINA CERVANTES' SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>*[Filed Concurrently with Motion for Summary Judgment; Declarations of Michelle R. Prescott, Edward Flosi, Corey Lefever, Jeremey Deberg, Michael Martinez; (Proposed) Order]*<br><br>Date:        May 31, 2024<br>Time;       2:00 p.m.<br>Courtroom: 2<br><br>Trial Date:        09/23/2024 |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1

I2106610-1 SBD-0015

Defendants COUNTY OF SAN BERNARDINO, a public entity; CITY OF HESPERIA, a public entity; San Bernardino County Sheriff's Deputy MICHAEL MARTINEZ; San Bernardino County Sheriff's Deputy SABRINA CERVANTES; and San Bernardino County Sheriff's Deputy JEREMY DEBERG (collectively, "Defendants") hereby submit their Statement of Undisputed Facts and Conclusions of Law in support of their Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment.

**STATEMENT OF UNDISPUTED FACTS AND**

**EVIDENTIARY SUPPORT**

Pursuant to Rule 56-1, Local Rules of Central District of California, **for purposes of this Motion only,** Defendants hereby submit the following Separate Statement of Facts in support of its Motion for Summary Judgment or, in the Alternative, Motion for Partial Summary Judgment.

Because multiple parties share the same last name, parties will be referred to by either their full names or first names as appropriate. Defendants intend no disrespect but simply wish to avoid confusion between the parties.

| Def's SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 1. | On March 29, 2022 San Bernardino County Sheriffs' Deputies arrived at 8990 9th Avenue in the City of Hesperia, California after receiving a call from Noelia Benitez ("Benitez") wife of Andrew Nunez. | Plaintiffs' Second Amended Complaint ("SAC") ¶ 26-27. |

I2106610-1 SBD-0015

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| 2. | Ms. Benitez called 911 of her own accord after seeing Decedent Anthony Nunez ("Decedent") get into a physical altercation with his brother, Plaintiff Andrew Nunez. | Deposition of Noelia Benitez ("Benitez Depo") 81:9-14, Deposition of Andrew Nunez ("Andrew Depo") Andrew Depo 59:14-60:15 |
| --- | --- | --- |
| 3. | Ms. Benitez called 911 because she thought 911 would be the fastest to respond. | Benitez Depo 82:1-6 |
| 4. | Ms. Benitez believed the confrontation between Andrew Nunez and Decedent was an emergency | Benitez Depo 82:16-22 |
| 5. | Decedent was telling Ms. Benitez and Andrew Nunez "that he was God" at the time of his altercation with Andrew Nunez. | Benitez Depo 82:24-83:16 |
| 6. | Ms. Benitez reported to 911 dispatchers that Decedent was on drugs because his eyes looked glossy. | Benitez Depo 90:5-11. |
| 7. | Ms. Benitez told 911 dispatchers that there were firearms in the home when | Benitez Depo 90:12-17 |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

3

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT

| | | |
|---|---|---|
| | she called regarding Decedent. | |
| 8. | Ms. Benitez told 911 dispatchers that Decedent had not slept for several days because of the way he was acting when she made the 911 call. | Benitez Depo 91:24-92:10 |
| 9. | Ms. Benitez remained on the line with 911 dispatchers rather than hanging up in case Decedent and Andrew Nunez got into another altercation | Benitez Depo 93:10-94:6 |
| 10. | Decedent had a hallucination on the date of the incident immediately prior to engaging in a physical altercation with Andrew Nunez. | Andrew Depo 98:24-99:9; Andrew Depo 105:17-24 |
| 11. | During the physical altercation between Andrew Nunez and Decedent, Decedent threatened Andrew Nunez with a metal chain and Decedent was holding the metal chain while he pushed Andrew Nunez. | Andrew Depo 60:22-25; Benitez Depo 79:9-20; Deposition of Deputy Sabrina Cervantes ("Cervantes Depo") 25:24-26:2 |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4

| | | |
|---|---|---|
| 12. | Prior to arriving on scene, Deputies Michael Martinez, Jeremy Deberg, and Sabrina Cervantes, (the "Deputies") and Sergeant Corey LaFever ("LaFever") were informed of the presence of firearms at the premises. | Cervantes Depo 24:6-14, Deposition of Michael Martinez ("Martinez Depo") 80:13-20; Deposition of Corey LaFever ("LaFever Depo") 13:16-14:1 |
| 13. | Prior to arriving on scene, Deputy Martinez and Deputy Cervantes were aware that Decedent was possibly the influence of a controlled substance. | Cervantes Depo 25:14-23; Martinez Depo 80:17-20 |
| 14. | Deberg believed Decedent was under the influence of a controlled substance at the time of the incident | Deposition of Jeremy Deberg ("Deberg Depo") 106:21-107:17 |
| 15. | When Deputy Martinez arrived on scene, he began attempting to de-escalate with Decedent. | Declaration of Michael Martinez ("Martinez Decl." ¶ 9, Exh. A |
| 16. | Deputies Deberg and Cervantes arrived on scene shortly after Deputy Martinez and Deputy Campos. | Cervantes Depo 26:3-27:1; Deberg Depo 23:7-24:8 |

I2106610-1 SBD-0015

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

| 17. | While attempting to de-escalate, the Deputies attempted to get Decedent to exit the home and come outside in order to separate him from the firearms that were on the property. | Martinez Decl. ¶ 9-10, Exh. A; Cervantes Depo 33:11-22; LaFever Depo 24:4-22 |
|---|---|---|
| 18. | The deputies were unable to confirm that the gun was not accessible until after the incident had concluded | LaFever Depo 33:7-15 |
| 19. | Upon arrival, Deputy Cervantes retrieved her less-lethal shotgun from her vehicle and took cover behind a short wall approximately five feet away from Deputies Martinez and Campos in order to allow Martinez and Campos to continue to attempt to de-escalate with Decedent | Cervantes Depo 27:2-10, 33:16-22 35:1-12 |
| 20. | Upon arrival, Deputy Deberg retrieved the 40-millimiter ("40mm") launcher at the direction of Sergeant La Fever from Sergeant La | Deberg Depo 27:3-10; 31:5-9 |

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

6

| | | Fever's trunk | |
|---|---|---|---|
| | 21. | While on scene, Deputy Deberg broadcast a statement to the deputies that Decedent told Deputies Martinez and Campos that they would need to kill Decedent so everyone on scene was aware of Decedent's possible intentions | Deberg Depo 48:4-15 |
| | 22. | Shortly after arriving, Sergeant LaFever encountered Andrew Nunez and Noelia Benitez and made initial contact with them. | LaFever Decl. ¶ 10 |
| | 23. | During this contact, Andrew Nunez informed LaFever that Decedent was likely under the influence of narcotics. | LaFever Decl. ¶ 10 |
| | 24. | While Decedent was speaking with Deputy Martinez he made repeated threats to harm Deputy Martinez and told Martinez he wanted to commit "suicide by cop" | Martinez Decl. ¶ 10, 13-14, Exh. A |
| | 25. | After over an hour of communication with Decedent, Deputy Martinez | Martinez Decl. ¶ 12 |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I2106610-1 SBD-0015

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT

| | | was able to get Decedent to leave the home. | |
|---|---|---|---|
| 26. | | The Deputies continued attempting to de-escalate with Decedent prior to the incident, including making multiple requests that Decedent drop the chain he was holding. | Martinez Decl. ¶ 10, 12, Exh. A, |
| 27. | | Decedent remained aggressive the entire time the Deputies were trying to verbally de-escalate with him. | Cervantes Depo 44:8-20 |
| 28. | | In the ten seconds prior to firing at Decedent, Deputy Martinez and the other deputies continued to order Decedent to drop the chain. | Martinez Depo 17:19-25 |
| 29. | | Immediately prior to the lethal force encounter Deputy Cervantes fired two less lethal rounds from her less lethal shotgun at the direction of Deputy Martinez. | Cervantes Depo 60:12-15, 20-25 |
| 30. | | Prior to firing the first less-lethal shotgun round, Deputy Cervantes called out "less- | Cervantes Depo 64:4-8 |

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

8

| | | | |
|---|---|---|---|
| | | lethal, less-lethal" as required by Department policy | |
| 31. | | One less lethal shotgun round struck Decedent in the chest area | Cervantes Depo 60:16. |
| 32. | | At the time Deputy Cervantes fired her first less-lethal round Decedent was standing five or six feet away from her | Cervantes Depo 64:22-25 |
| 33. | | Deputy Cervantes observed Decedent swing the metal chain and striking with the chain in her direction approximately five or six feet away from her. | Cervantes Depo 59:10-60:11 |
| 34. | | After firing her first less-lethal round, Cervantes' shotgun had a malfunction and she was required to clear the malfunction. | Cervantes Depo 61:1-6 |
| 35. | | The second less lethal shotgun round fired by Cervantes struck Decedent in the torso area | Cervantes Depo 77:2-9 |
| 36. | | Cervantes was in essentially the same position when she fired both less lethal rounds | Cervantes Depo 77:19-25 |

I2106610-1 SBD-0015

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 37. | At the time Deputy Cervantes fired her second less-lethal round Decedent was still five to six feet from her | Cervantes Depo 78:10-13 |
| 38. | At the time Deputy Cervantes fired her first less-lethal round, she believed Decedent was close enough to strike her or the other deputies with the chain and cause death or serious bodily harm. | Cervantes Depo 78:19-79:22 |
| 39. | At the time Deputy Cervantes fired her second less-lethal round she believed Decedent was posing an immediate threat of death or serious bodily harm because he was still swinging the chain and was close enough to strike her | Cervantes Depo 81:15-82:8 |
| 40. | Prior to the lethal force encounter, Deberg used the 40mm launcher and fired four 40mm rounds at Decedent | Deberg Decl. ¶ 14. |
| 41. | Prior to firing the 40mm launcher Deberg verbally called "40, 40" to indicate to Decedent and the Deputies | Deberg Depo 66:24-67:4 |

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

10

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | | |
|---|---|---|---|
| | | that the 40mm launcher was being deployed as required by Department policy | |
| | 42. | When Deputy Deberg fired on Decedent, he was still armed with the chain and was charging directly at Deputies Martinez and Cervantes | Deberg Decl. ¶ 18 |
| | 43. | Decedent did not react to the first 40mm round striking him | Deberg Depo 64:3-11 |
| | 44. | Decedent did not stop swinging the chain while being shot with the four 40mm rounds and he did not react to any of the shots hitting him | Deberg Depo 66:2-7 |
| | 45. | Within moments of being struck with the fourth 40mm round, Decedent sprinted north along the front of the house and in between that area between the dark sedan and the red sedan parked on the driveway while swinging the chain over his head | Deberg Depo 74:1-16 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT

| 46. | Deputy Martinez used lethal force on Decedent after less-lethal force was ineffective to stop the threat of Decedent who was still armed with the chain and could have possibly harmed Deputy Martinez or the other Deputies. | Martinez Depo 35:1-13 |
|---|---|---|
| 47. | Deputy Martinez believed the chain was approximately ten (10) feet in length at the time of the lethal force encounter. | Martinez Depo 48:17-48:1 |
| 48. | Deputy Martinez fired three shots at Decedent during the lethal force encounter. | Martinez Depo 11:25-12:1 |
| 49. | Decedent was proceeding toward Deputy Martinez at the time all three shots were fired. | Martinez Depo 15:23-16:7 |
| 50. | Deputy Martinez did not believe he could take cover behind the vehicles on the driveway because of the length of chain in Decedent's hands and Decedent previously swinging the chains at the vehicles. | Martinez Depo 105:20-106:10 |

12

I2106610-1 SBD-0015

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| 51. | Because Decedent was rapidly approaching Deputy Martinez while armed with a chain at the time of the lethal force encounter Deputy Martinez was unable to measure the exact distance between himself and Decedent at the time of the lethal force encounter. | Martinez Decl. ¶ 19 |
|---|---|---|
| 52. | At the time of the lethal force encounter, Deputy Martinez believed the distance between himself and Decedent was no more than 15-20 feet and that Decedent closed to within 5-6 feet of him before Decedent fell to the ground. | Martinez Decl. ¶ 19 |
| 53. | At the time of Deputy Martinez's first shot, Decedent was holding the chain wrapped around his right hand and at approximately ear level with the remainder of the chain dangling | Martinez Depo 22:10-19, 23:2-8, 24:5-9, 25:15-17 |

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I2106610-1 SBD-0015

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT

| 54. | Deputy Martinez believed Decedent was going to try and strike him with the chain at the time of his first shot. | Martinez Depo 43:5-15 |
|---|---|---|
| 55. | At the time of Deputy Martinez's second shot Decedent was holding the chain in the same manner as during the first shot. | Martinez Depo 24:18-25 |
| 56. | At the time of Deputy Martinez's third shot Decedent was holding the chain in the same manner as during the prior shots. | Martinez Depo 25:20-22 |
| 57. | Deputy Martinez was concerned that Decedent could use the chain to inflict great bodily injury to himself or his partners at the time of the lethal force encounter. | Martinez Depo 46:4-12 |
| 58 | After Deputy Martinez finished firing, Decedent then took a few more steps forward before falling to the ground. | Martinez Depo 16:8-12. |

14

I2106610-1 SBD-0015

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT

| | | |
|---|---|---|
| 59. | After Decedent fell to the ground, the deputies on scene began rendering aid to Decedent. | LaFever Decl. ¶ 13 |
| 60. | Once the lethal force encounter had concluded and there was no imminent danger to medical personnel, San Bernardino Fire medical personnel already staged near the incident scene responded and continued to render aid to Decedent | LaFever Decl. ¶ 14 |
| 61. | Medical personnel had been staged outside the danger zone at the scene at the direction of LaFever prior to the lethal force encounter in light of the presence of civilians inside the home and Decedent's refusal to vacate the home or drop the chain. | LaFever Decl. ¶ 11-12 |
| 62. | Special Enforcement Division ("SED") officers were staged just outside the danger zone at the scene at the direction of | LaFever Decl. ¶ 11-12 |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I2106610-1 SBD-0015

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| | | | |
|---|---|---|---|
| | | LaFever prior to the lethal force encounter in light of the presence of civilians inside the home and Decedent's refusal to vacate the home or drop the chain. | |
| 63. | | At the time of the lethal force encounter, Andrew Nunez was three houses away from the incident area. | Andrew Depo 202:6-22 |
| 64. | | The houses are on large properties that are estimated to be acres in size. | Benitez Depo 108:16-25 |
| 65. | | In his expert report, Plaintiff's expert Scott DeFoe admits "The belt recording of the incident makes clear that immediately after Cervantes fired the beanbag round, Martinez fired 3 shots at Anthony from his handgun over a span of approximately 2 seconds." | DeFoe Rebuttal Report at Page 5 of 31 |
| 66. | | The deputies on scene had a legitimate law enforcement purpose and reasonable suspicion to contact and | Declaration of Edward T. Flosi ("Flosi Decl.") ¶ 15 |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

16

I2106610-1 SBD-0015

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| | detain Decedent | |
| 67. | The deputies on scene used pre-force tactics that were appropriate and consistent with current law enforcement training and practices | Flosi Decl. ¶ 15 |
| 68. | The deputies on scene did not have independent or object evidence to support a belief that Decedent's actions were caused by a mental health issue | Flosi Decl. ¶ 15 |
| 69. | The deputies on scene had a legitimate law enforcement purpose to arrest Decedent | Flosi Decl. ¶ 15 |
| 70. | The deputies on scene properly attempted to de-escalate the incident prior to responding with deadly force | Flosi Decl. ¶ 15 |
| 71. | The deputies on scene used less-lethal intermediate force responses that were reasonable to overcome the resistance of Nunez, to effect the arrest of Nunez, and to prevent an immediate and credible threat | Flosi Decl. ¶ 15 |

17

I2106610-1 SBD-0015

| | | |
|---|---|---|
| 72. | The deputies on scene used an appropriate deadly force to prevent a perceived imminent and credible threat of serious bodily injury or death when non-deadly intermediate force responses were not successful. | Flosi Decl. ¶ 15 |
| 73. | The deadly force response by Deputy Martinez was appropriate and reasonable to prevent a perceived imminent and credible threat of serious bodily injury or death | Flosi Decl. ¶ 20 |
| 74. | The deadly force response was appropriate and consistent with current law enforcement training standards in consideration of the "totality of circumstances" presented to Deputy Martinez at the moment force was used. | Flosi Decl. ¶ 20 |
| 75. | The San Bernardino Sheriff's Department is a POST certified law enforcement agency. | Flosi Decl. ¶ 10 |

18

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | |
|---|---|---|
| 76. | The Department's training records are audited by POST to ensure that minimum training standards are met. | Flosi Decl. ¶ 11 |
| 77. | The training programs of the San Bernardino County Sheriff's Department are appropriate and consistent with POST training. | Flosi Decl. ¶ 12-13 |
| 78. | Deputy Martinez was trained that lethal force may be used if there are no other options to gain compliance of an armed suspect who presents a threat of harming the deputies or civilians that may be in the area | Martinez Depo 34:16-35:13 |
| 79. | Deputy Martinez was trained that he can use deadly force only if the subject presents an immediate threat of death or serious bodily injury. | Martinez Depo 54:24-55:3 |
| 80. | Deputy Martinez believed Decedent posed an imminent threat of severe bodily injury or death when he was within 20 feet of Deputy Martinez | Martinez Depo 64:15-17, 65:11-17, |

I2106610-1 SBD-0015

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

| | | | |
|---|---|---|---|
| | | and began advancing toward Deputy Martinez | |
| | 81. | Deputy Martinez based his belief on prior training he received regarding armed suspects closing distance with officers known as the *Tueller* drill. | Martinez Depo 65:23-66:6 |
| | 82. | Deputy Martinez participated in the *Tueller* drill over 100 times. | Martinez Depo 66:25-67:4 |
| | 83. | Deputy Cervantes was trained that deadly force should only be used to defend against an imminent threat or immediate threat of death or serious bodily injury. | Cervantes Depo 93:21-25 |
| | 84. | Deputy Cervantes was trained on the use of the less-lethal shotgun and understood that its effect was to stop threats faced by the deputies. | Cervantes Depo 94:11-23 |
| | 85. | Deputy Deberg was trained that deadly force can only be used to defend against an imminent threat or immediate threat of death or serious | Deberg Depo 95:9-17 |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

20

| | | |
|---|---|---|
| | bodily injury. | |
| 86. | Deputy Deberg was trained on the use of less-lethal force including the 40mm launcher and was trained that it is appropriate to deploy it when there is a threat of bodily injury or active resistance | Deberg Depo 99:10-12; 100:11-15 |

DATED:  April 9, 2024          WESIERSKI & ZUREK LLP


By: _____
CHRISTOPHER P. WESIERSKI
Attorneys for Defendants, COUNTY OF SAN
BERNARDINO, CITY OF HESPERIA
MICHAEL MARTINEZ, SABRINA
CERVANTES and JEREMY DEBERG

I2106610-1 SBD-0015

DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT