# EXHIBIT G

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:  (818) 347-3333
Facsimile:  (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROSA NUÑEZ,** individually; **ANTHONY NUÑEZ, JR.,** individually and as successor-in-interest to Decedent, Anthony Nuñez; and, **ANDREW NUÑEZ,** individually,<br><br>Plaintiffs,<br><br>v.<br><br>**COUNTY OF SAN BERNARDINO; CITY OF HESPERIA; MICHAEL MARTINEZ; SABRINA CERVANTES; JEREMY DEBERG; JONATHAN CAMPOS;** and **DOES 5 through 15,** inclusive,<br><br>Defendants. | Case No.: 5:22-cv-01934-SSS-SPx<br>*District Judge Sunshine Suzanne Sykes*<br>*Magistrate Judge Sheri Pym*<br><br>**PLAINTIFFS' SUPPLEMENTAL EXPERT DISCLOSURE PURSUANT TO FRCP 26** |

1   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2       Plaintiffs ROSA NUÑEZ; ANTHONY NUÑEZ, JR.; and ANDREW NUÑEZ,

3   hereby identify their retained expert witness, who was previously disclosed in

4   Plaintiffs' Initial Expert Disclosure Pursuant to FRCP 26, who now provides a report

5   supplementing his initial report pursuant to Rule 26(e)(2). Plaintiffs reserve their right

6   to amend and/or supplement this disclosure.

7   **RETAINED EXPERT**

8       **Scott A. DeFoe**
        P.O. Box 4456
9       Huntington Beach, CA 92605-4456
        Tel: (714) 655-4280
10
11      Mr. DeFoe's Rule 26 supplemental report, curriculum vitae, fee schedule, and

12  list of prior sworn testimony are collectively attached hereto as "Exhibit 1."

13

14  DATED: March 29, 2024        LAW OFFICES OF DALE K. GALIPO

15

16                          By:   */s/ Benjamin S. Levine*

17                                Dale K. Galipo
                                  Benjamin S. Levine
18                                Attorneys for Plaintiffs

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1

**On-Scene Consulting**

March 29, 2024

Mr. Dale K. Galipo, Esq.
The Law Offices of Dale K. Galipo
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367

### Federal Rules of Civil Procedure 26 (a) (2) (B) Supplemental Report

**ROSA NUNEZ, individually; ANTHONY NUNEZ, JR., individually and as successor-in-interest to Decedent, Anthony Nunez; and, ANDREW NUNEZ, individually, Plaintiffs,**
**vs.**
**COUNTY OF SAN BERNARDINO, CITY OF HESPERIA; MICHAEL MARTINEZ; SABRINA CERVANTES; JEREMY DEBERG; JONATHAN CAMPOS; and DOES 5-15, inclusive,**
**Case No. 5:22-CV-01934-SSS-SPx.**

Dear Mr. Galipo,

Thank you for retaining me to analyze and render opinions regarding the March 29, 2022, Deputy-Involved Shooting incident at 8990 Ninth Avenue, Hesperia, California 92345, that involved San Bernardino County Sheriff's Department, Deputy Sheriff Michael Martinez, Employee No. F6915, that resulted in the death of Anthony Nunez. Pursuant to the requirements of Rule 26, I have reviewed documents, photographs, San Bernardino County Sheriff's Department documents, Transcriptions of Digitally Recorded Depositions, and other material (as listed under Materials Reviewed) provided to me thus far regarding this case. Please be advised that if additional documents related to this matter are provided, it may be necessary to write a supplemental report in order to refine or express additional opinions.

Scott A. DeFoe
Principal
On-Scene Consulting, LLC

On-Scene Consulting

**Materials Reviewed:**

1. Second Amended Complaint for Damages, Case No. 5:22-CV-01934-SSS-SPx.

2. Photographs of Chain, (NUNEZ/SBD 001647-001656).

3. Deposition Transcript and Exhibits of Corey LaFever taken on February 12, 2024.

4. Deposition Transcript and Exhibits of Jeremy Deberg taken on February 21, 2024.

5. Deposition Transcript and Exhibits of Sabrina Cervantes taken on February 22, 2024.

6. Deposition Transcript and Exhibits of Michael Martinez taken on February 12, 2024.

7. San Bernardino County Sheriff Department Deputy Sheriff Michael Martinez, Audio Belt Recording, (1:34:29).

8. Transcribed Audio Belt Recording for San Bernardino County Sheriff Department Deputy Sheriff Michael Martinez, (NUNEZ/SBD 000204-000384).

9. Scene Photographs, (NUNEZ/SBD 001081-001631).

10. San Bernardino County Sheriff's Department Training Materials, (NUNEZ/SBD 001853-002036).

11. San Bernardino County Sheriff's Department Manual, (NUNEZ/SBD 002038-002091).

12. Transcribed Interview with Deputy Michael Martinez, DR No. 1922022324, (NUNEZ/SBD 000386-000482).

13. Rough Deposition Transcript of Lucy Ramos taken on February 27, 2024.


**California POST Basic Learning Domains as Follows:**
  1. #1: "Leadership, Professionalism and Ethics."
  2. #2: "Criminal Justice System."
  3. #3: "Policing in the Community."

On-Scene Consulting

4. #20: "Use of Force."
5. #21: "Patrol Techniques."
6. #23: "Crimes in Progress."
7. #33: "Arrest and Control."
8. #34: "First Aid, CPR, and AED."
9. #35: "Firearms/Chemical Agents."
10. #37: "People with Disabilities."


**Additional Materials Reviewed**

1. Rough Deposition Transcript of Jonathan Campos taken on March 18, 2024.

2. Rough Deposition Transcript of Luz Elena Ramos taken on February 27, 2024.

**Summary**

The following statement summaries represent documents/statements that were used in part during my review but are in no way meant to be exhaustive. The documents listed in the <u>Materials Reviewed Section</u> of this report represent the full library of documents reviewed thus far and used as a basis for my opinions.

**Factual Summary**

On March 29, 2022, deputies for the San Bernardino County Sheriff's Department responded to a call at 8990 Ninth Avenue in Hesperia, California. Dispatch advised that the caller reported the suspect male had pushed the suspect's brother, may be under the influence, and had not slept in multiple days, and that there possibly was a gun in the residence.

Deputies Jonathan Campos and Michael Martinez arrived at the residence at the same time. They approached the house and contacted a male, Andrew Nuñez, who was in a bedroom inside the residence. When the deputies knocked on the front door (<u>on the east side of the residence</u>), they heard something knock on the door from the inside, and heard a man speaking, possibly to himself. They then went back to the bedroom window to ask Andrew to open the front door for them, which he did before returning to his bedroom.

Through the open front door, the deputies saw Anthony Nuñez standing several feet inside. Anthony was wearing black pants with no shirt and was holding a chain dog leash, just over 7 feet in length, in his right hand, wrapped around his hand multiple times. Deputy Campos drew his taser and held it at low-ready. Deputies Martinez and Campos

## On-Scene Consulting

began speaking with Anthony and directing him to drop the chain and come outside so that they could talk. Campos agreed he would holster his taser if Anthony dropped the chain, and Anthony dropped the chain onto his foot. When Campos did not holster his taser, Anthony picked the chain up again. Martinez radioed a request that the next available deputy respond with a less-lethal beanbag shotgun.

The deputies spoke with Anthony, with Anthony standing inside the doorway and the deputies standing at the front porch, for approximately an hour. Anthony's mood rose and fell over the course of the conversation, and he spoke at length to the deputies about various subjects including religion, how he was a king and needed to be obeyed, and his plan to run for and be elected President, as well as how he loved and respected the deputies.

During this time, Deputy Zane and Sergeant Corey LaFever arrived at the house. These deputies remained on the north side of the residence, out of Anthony's view. Deputies Jeremy Deberg and Sabrina Cervantes also arrived and armed themselves with a 40 millimeter round launcher and a beanbag shotgun, respectively, before taking positions near the front door of the house out of Anthony's view. LaFever joined Campos and Martinez by the front door for a short time to speak to Anthony, who soon became irritated with LaFever, who returned to the north side of the property.

Concerned about Anthony and a possible gun in the house, LaFever called for additional deputies and directed deputies to evacuate Anthony's family members from two bedrooms in the house through the bedroom windows. LaFever then established a command post at a nearby intersection and directed deputies to establish a perimeter, evacuate neighbors, and close off the block. The fire department was also summoned to stage nearby. LaFever briefly interviewed Andrew at the command post, during which time Andrew spoke via telephone to Rosa Nuñez (his and Anthony's mother), who was the owner of the reported firearm. Rosa lived at the house but was away for the day. Rosa advised Andrew and LaFever that days earlier, she had moved the gun out of the house and into a vehicle that was parked outside and locked, for which only she had the key. This information was relayed to the deputies.

As Martinez and Campos continued to speak to Anthony, Anthony eventually became aware that his family members were no longer inside the house. Anthony began asking the deputies for his family and quickly became more agitated. Anthony demanded that his family be returned. According to deputies, Anthony soon stepped out of the house and walked toward the south end of the yard, away from the deputies, and began swinging the chain leash over his head like a lasso. Two sedan vehicles were parked parallel to each other in front of the front porch at an angle, facing southwest toward the house. Deputies

## On-Scene Consulting

Deberg and Cervantes stepped out from near the front of the house and joined Campos and Martinez, who moved behind (*i.e.*, to the east of) the two parked cars.

Deputies ordered Anthony to drop the chain and get on the ground. According to deputies, while standing in the southern or southeastern portion of the yard and swinging the chain, Anthony turned to face the deputies. Anthony was at least 20-25 feet away from the deputies at this time, likely further. Cervantes called out "less lethal" and attempted to fire her beanbag launcher, but it did not fire; she testified it jammed. Deberg fired his 40-millimeter launcher at Anthony four times while Anthony was still in the southern portion of the yard, walking around that portion of the yard but not approaching deputies. According to the deputies, these 40-millimeter rounds struck Anthony. Campos then fired his taser.

Anthony then walked back north/northwest, toward the front porch, closer to the deputies but not in their direction (they remained near the rear of the parked cars). The deputies' accounts are somewhat inconsistent, but some claimed Anthony continued to swing the chain over his head during this time and/or flick it forward in a whipping motion. According to Cervantes, Cervantes then fired a beanbag round at Anthony while he was near the porch, and Anthony then began approaching the deputies through the gap in the two parked cars. According to Deberg, Anthony had already begun approaching the deputies when the taser and beanbag round were fired. Some deputies called out "less lethal, less lethal" to one another before firing, and Deberg said "40, 40," but no deputy issued a warning to Anthony that less-lethal force would be used against him if he did not comply.

The belt recording of the incident makes clear that immediately after Cervantes fired the beanbag round, Martinez fired 3 shots at Anthony from his handgun over a span of approximately 2 seconds. The 3 shots were evenly spaced. According to the deputies, Anthony was approximately 15-20 feet away from Martinez when Martinez began firing and continued to advance a short distance closer to Martinez during the shots. During his deposition, Martinez testified that at the time of all three shots, Anthony was holding the chain in his right hand with his right hand raised by his ear but was not swinging or moving the chain and was not pulling his arm back or winding up as if to swing the chain forward. Martinez further testified that Anthony's torso and shoulders were facing and squared toward Martinez at the time of the shots (other deputies similarly testified), and that Martinez took a few steps backward during the shots. Martinez did not issue any verbal warning he would shoot. In his interview, Martinez stated that he reassessed the claimed threat between shots, but during his deposition stated he did not have time to do so. Martinez claims he fired because he believed Anthony posed an immediate threat of

## On-Scene Consulting

death or serious bodily injury to Martinez or the other officers by virtue of the chain leash Anthony held.

The deposition of a next-door neighbor and witness, Lucy Ramos, was taken on Feb. 27, and Ramos contradicts much of the deputies' testimony regarding Anthony's conduct immediately before and during the shooting. Ramos testified that she was sitting in a parked car on her property watching Anthony and the deputies up until the time of the use of lethal force. She testified that immediately before and at the time of the shooting, Anthony held the chain at about stomach-level, and that she had at times seen him gesturing forward with it when deputies approached him, as though to warn them not to approach, but she never saw him attempt to strike any deputy with it, swing or spin it over his head, or swing it forward. She further testified that she never saw Anthony run toward, walk quickly toward, or walk at all toward at any deputy immediately prior to the use of lethal force. She further testified that Anthony never appeared to be attempting to injure any deputy and it never appeared that any deputy was about to be killed or seriously injured by him.

According to Martinez, at the time of the shots, Martinez was standing between the areas behind the rear ends of the two parked vehicles. During his deposition, Martinez acknowledged that he had room to maneuver either to the left (around the rear of the left car) or to the right (around the rear of the right car) to gain cover and distance from Anthony but did not do either.

Anthony fell to the ground somewhere between the two parked vehicles and Martinez kicked the chain away. Campos handcuffed Anthony. When the paramedics arrived, they dragged Anthony's body several feet to the east, out of the space in between the two cars and into the open, so that they would have more room to work on him.


**Opinions:**

Note: None of my opinions are intended to usurp the province of the jury and are not stated as ultimate issues. I hold the opinions below a reasonable degree of professional certainty. The basis and reasons for my opinions are premised upon my education, training and experience in law enforcement, my knowledge of law enforcement standards, analysis and study; my familiarity with generally accepted police practices and the professional and academic literature in the field; my review of relevant actions, policies and procedures; and my understanding of the facts of this case based on my review of the comprehensive materials listed on Page 2 of this report. My opinions and testimony regarding police procedure are relevant topics concerning issues of which lay

## On-Scene Consulting

jurors are unaware or frequently have misconceptions.  My testimony on these topics is relevant and would assist a jury in understanding the evidence presented to them.

### Opinion Number 1

It is my opinion based on my review of the facts and testimony in this matter, a reasonable Deputy Sheriff would have initially determined Mr. Anthony Nunez was mentally ill or experiencing a mental crisis.  It is my opinion the Defendants, <u>failed</u> to initially determine Mr. Anthony Nunez was mentally ill, experiencing a mental crisis, and/or potentially under the influence of a controlled substance.

Throughout the United States and in California, law enforcement agencies have recognized and trained their officers in multiple ways to safely interact with subjects such as Mr. Anthony Nunez who are suffering from a mental illness or experiencing a mental crisis.  The objective is to avoid unnecessary injury and or death.  The underlying principle is reverence for human life.  These correct and reasonable methods are recognizing cues and other indicators in order to make appropriate decisions regarding intervention strategies; time to assess the situation; calm the situation; request additional resources and equipment; provide reassurance that the Deputies officers are there to help; give the person time to calm down; move slowly; eliminate emergency lights and reduce environmental distractions.  These correct and reasonable methods are well known and proven effective for the safety and welfare of both Peace Officers and the public.

In addition, law enforcement officers are taught that they should attempt to de-escalate and utilize proper defusing techniques throughout an incident.  <u>There was no rush</u>. Mr. Anthony Nunez was outside of his residence and all family members had been relocated by the San Bernardino County Sheriff's Office.  There was <u>no crime in progress</u> and Mr. Anthony Nunez was only potentially in violation on <u>242 PC-Misdemeanor Battery</u> for allegedly "pushing" his brother Andrew Nunez, who was not injured as a result of the alleged pushing incident.

In addition, I base my opinion on <u>California Police Officer Standards and Training (POST), Learning Domain No. 20-Chapter 2: Force Options, Communication, 2-11</u>: Effective communication may enable a peace officer to gain cooperation and voluntary compliance in stressful situations.

The vast majority of law enforcement responsibilities involve effective communication. Communication involves both command presence and words resulting in improved safety.  <u>Effective communication can</u>:

## On-Scene Consulting

- Provide skills that reduce the likelihood of physical confrontation.
- Result in a reduction of injuries.
- Render more effective public service and improves community relations.
- Decrease public complaints and internal affairs investigations.
- Decrease civil liability.
- Lessen personal and professional stress.

In addition, the Defendants failed to comply with San Bernardino County Sheriff's Department, 3.606.10 De-Escalation, (NUNEZ/SBD-002052-2053): Gaining voluntary compliance enhances officer and public safety, helps officers to defuse a situation, mitigates unintended consequences, and establishes law enforcement legitimacy and community trust. Safety members shall use de-escalation techniques, crisis intervention tactics and other alternatives to force, as per their training, when feasible. Alternatives to force are not required by a member when the member reasonably believes that immediate action must be taken to prevent injury to themselves, another member or the public.

It is necessary for members to utilize crisis intervention tactics when applicable to a situation. If a member, based on their training and experience, determines a subject might be experiencing a crisis, the member shall consider crisis intervention tactics as an available means of de-escalation.

De-escalation Techniques may include:

1. Creating distance and a buffer zone between the officer and the subject.

2. Establishing an effective line of communication with the subject, considering factors such as mental illness, possible intoxication, and potential medical or physical conditions.

3. Considering other available resources, including specialized units, psychiatric emergency response team clinicians and negotiators.

In addition, I base my opinion on my twenty-eight years of law enforcement experience where I responded to thousands of calls for service and have effectively utilized defusing techniques, de-escalation techniques, verbal strategies, and active listening skills to reduce the potential for violence and bring the emotional level of the incident to a manageable level.

In addition, I base my opinion on my twenty-eight-year law enforcement career and specifically during my assignment as a Sergeant II+1 at Los Angeles Police Department Special Weapons and Tactics (SWAT) where I supervised hundreds of SWAT incidents that involved the use of the SWAT's Crisis Negotiation Team.

## On-Scene Consulting

Lastly, I base my opinion on my twenty-eight- year law enforcement career where, as a Supervisor, I have investigated over 100 Use of Force Incidents as well as being personally involved in the use of lethal and less than lethal force incidents.

### **Opinion Number 2**

It is my opinion the Defendants <u>failed</u> to request the San Bernardino County Sheriff's Department Mental Health Crisis Intervention Team, (CIT) to respond and aid the involved Defendants with the incident involving Mr. Anthony Nunez.   In addition, it is my opinion, the San Bernardino County Sheriff's Department failed to properly train the involved Defendants in Crisis Intervention Techniques.   Crisis Intervention Team (CIT) Officers are specially trained to respond to incidents involving individuals who are mentally ill, experiencing a mental crisis an or under the influence of a controlled substance.

Many law enforcement agencies throughout the United States that have provided Crisis Intervention Training (CIT) to their police officers and or have formed a Crisis Intervention Team(s) that typically <u>follow the below listed recommended guidelines</u>:

- Whenever possible, a uniformed CIT Officer(s) should respond to any call involving a mentally ill individual that pose a danger to self or others.
- Upon receiving a call involving a mentally ill person, who poses a danger to themselves or others, Communications (<u>Dispatch</u>) will follow the standard dispatch protocol and request a CIT Officer(s) to respond.

Crisis Intervention curriculum teaches officers skills such as de-escalation, (e.g., <u>talking slowly, having more patience, asking subject questions, recognizing the signs and symptoms of mental illness</u>), how to provide mental health referrals/resources, and about the voluntary treatment options.  By increasing understanding by officers of mental illness and improving the response to mental health calls will reduce the need for the use of force, decrease injuries and deaths to officers and people in a mental health crisis, reduce the stigma of mental illness and increase access and engagement in services for people with mental illness.

In addition, the Defendants <u>failed</u> to comply with <u>San Bernardino County Sheriff's Department, 3.180 Mental Health Crisis Intervention Team, (NUNEZ/SBD-002046-2047</u>): The Department has established the Crisis Intervention Team, (CIT) program to ensure that mental health-related calls for service are handled safely and effectively, with compassion and understanding.  Members who have completed CIT training are a useful resource to supplement traditional law enforcement response to mental health crisis: identifying alternate resources that may be used, suggesting effective options to booking

## On-Scene Consulting

at a jail facility, and assisting in the attempt to restore the person to a pre-crisis level. CIT-trained personnel have specific training to deal with persons experiencing mental health crisis, and therefore their expertise should be utilized when available. Patrol Divisions should work toward the goal of having at least one deputy trained in mental health intervention on duty at all times.

In addition, I base my opinion on my law enforcement experience with the Los Angeles Police Department (LAPD) while assigned to: Patrol, Vice, Special Problems Unit, Detectives, and Special Weapons and Tactics (SWAT) to include being the Supervisor-in-Charge of LAPD SWAT's Crisis Negotiation Team. In addition, the utilization of a mental health professional at the onset of an incident such as this incident can be an invaluable tool. The Los Angeles Police Department Mental Evaluation Unit (MEU) responds to thousands of similar incidents on an annual basis and supports uniformed personnel by providing valuable insight and information. I also base my opinion on my twenty-eight-year law enforcement career where I have utilized the services of LAPD's Mental Evaluation Unit on hundreds of incidents to effectively resolve situations involving mentally ill subjects.

Lastly, I base my opinion on my twenty-eight- year law enforcement career whereas a Supervisor, I have investigated over 100 Use of Force Incidents as well as being personally involved in the use of lethal and less than lethal force incidents.

### **Opinion Number 3**

It is my opinion, based on my review of the videos, facts and testimony, the Defendants failed to formulate a safe tactical plan and failed to discuss and implement reasonable tactical contingencies to include tactically retreating to create Time and Distance until the arrival of San Bernardino County Sheriff's Department Mental Health Crisis Intervention Team.

There was not a crime in progress. There was no rush. Deputy Sheriffs are taught, or should be taught, Time and Distance.

In addition, the Defendants should have been aware that Mr. Anthony Nunez was mentally ill, experiencing a mental crisis, and/or potentially under the influence of a controlled substance.

Deputy Sheriffs must approach every contact with officer safety in mind. Complacency, overconfidence, poor planning, or inappropriate positioning can leave Deputy Sheriffs vulnerable to attack.

## On-Scene Consulting

The tactical plan that should have outlined verbal skills (defusing and de-escalation techniques) and Less Lethal Force options such as: empty hands, physical strength and compliance techniques, soft or hard hand techniques, the Taser Conducted Energy Weapon, (CEW), with an effective range of 7-15 feet and maximum range of 21-25 feet, Ballistic Shield, K9, Pepper Ball Launcher with a maximum effective range of 60 feet, 40mm with a maximum effective range of approximately 100 feet, ASP/ baton, Oleoresin Capsicum "OC" spray with an effective range of 2-15 feet, Chemical Munitions, Baton or the deployment of the 870 Remington 12-Gauge Shotgun with a Drag Stabilized 12-Gauge Bean Bag Round. The Drag Stabilized 12-Gauge Round is a translucent 12 Gauge shell loaded with a 40-Gram tear shaped bag made from a cotton and ballistic material blend and filled with #9 shot. The design utilizes four stabilizing tails and smokeless powder as the propellant. The round has a velocity of 270 feet per second (FPS) with a maximum effective range of 75 feet.

The Taser is a Conducted Energy Weapon, (CEW), as defined by the manufacturer, Axon. It is a handheld, battery operated tool which uses controlled electrical current designed to disrupt a person's sensory and motor nervous system by means of deploying electrical energy sufficient to cause temporary uncontrolled muscle contractions, or Neuro Muscular Incapacitation, ("NMI"). As a result, the electrical energy can override the person's voluntary motor responses for a brief duration. The use of Taser CEW deployment resulting in NMI may provide a brief opportunity during which physical restraint procedures can be initiated whenever practical.

In addition, I base my opinion on California Police Officer Standards and Training (POST), Learning Domain No. 21-Chapter 1: Basic Concepts of Law Enforcement Patrol, 1-21:

**Inappropriate Attitude:**
- Careless or complacent.
- Overconfident.
- Too aggressive.

**Poor or No Planning:**
- Rushing into the situation without any plan of action.
- Failure to establish plan of action prior to engaging the suspect.
- Not considering alternative actions.

## On-Scene Consulting

In addition, the <u>Defendants failed to comply with San Bernardino Sheriff's Department Training</u>, "<u>What is a Tactical Plan</u>? (<u>NUNEZ/SBD-001860</u>): A plan is an intention or decision about what one is going to do. Tactical plans must cover what deputies need to achieve as a team during a call for service or event. A plan needs to be made based on the situation and environment. Each deputy has the responsibility for the implementation of the tactical plan.

As set forth in <u>POST Learning Domain 22</u>, "Officers are trained to work together and function as a team. In order to ensure officer safety and to ensure an appropriate outcome, the primary officers and cover officers must effectively communicate with one another. Appropriate communication involves advising the primary officer of any critical occurrences or safety issues."

In addition, I base my opinion on <u>California Commission on Peace Officers Standards and Training, Student Materials, Learning Domain, No. 21-Chapter 1: Basic Concepts of Law Enforcement Patrol,1-22:</u> The element of officer safety refers to the practical application of tactically sound procedures to perform law enforcement activities in a safe and effective manner to include the utilization of available resources. Some of the available resources in this situation can include calling for backup officers, waiting for and deploying backup officers; remaining in a position of advantage, cover, and concealment; issuing commands and verbalization from a position of cover; using less-than-lethal and other tactics that officers are trained to use in these situations.

<u>In addition, I base my opinion on the following facts and testimony in this matter</u>:

- According to Deputy Sheriff Michael Martinez, Sergeant LaFever was in charge of creating a tactical plan and he never communicated a tactical plan to Martinez, (<u>Deposition Transcript of Michael Martinez, Pages 79-80</u>).
- According to Deputy John Campos, there was no discussion what to do if Mr. Anthony Nunez came out of the house and does not recall if Sergeant LaFever said what to do if Mr. Nunez came out of the house with a chain in his hand, (<u>Deposition Transcript of John Campos, Pages 110-111</u>).
- According to Deputy John Campos, he believes a ballistic shield could block a chain being swung and supposes the use of deadly force could have been averted had Deputy Martinez or if a different Deputy had been holding a ballistic shield, (<u>Deposition Transcript of John Campos, Page 117</u>).

## On-Scene Consulting

- According to Deputy John Campos, he believes Sergeant LaFever's vehicle contained a ballistic shield and he did not hear Sergeant LaFever request a Deputy to get the ballistic shield, (Deposition Transcript of John Campos, Pages 119-120).

In addition, I base my opinion on my twenty-eight years of law enforcement experience where I responded to thousands of calls for service and have effectively utilized defusing techniques, de-escalation techniques, verbal strategies, and active listening skills to reduce the potential for violence and bring the emotional level of the incident to a manageable level.

In addition, I base my opinion on I base my opinion on my twenty-eight-year law enforcement career and specifically during my assignment as a Sergeant II+1 at Los Angeles Police Department Special Weapons and Tactics (SWAT) where I supervised hundreds of SWAT incidents that involved the use of the SWAT's Crisis Negotiation Team.

In addition, I base my opinion as a former Long Range Impact Device Instructor, (40MM/37MM/Remington 870 Bean Bag Shotgun), during my tenure as a Los Angeles Police Department Sergeant II+1 at Metropolitan Division K9 Platoon and as a Sergeant II+1 assigned to Metropolitan Division Special Weapons and Tactics, (SWAT).

Lastly, I base my opinion on my twenty-eight- year law enforcement career where, as a Supervisor, I have investigated over 100 Use of Force Incidents as well as being personally involved in the use of lethal and less than lethal force incidents.

### Opinion Number 4

It is my opinion, based on my review of the videos, facts and testimony, the Defendants failed to designate a Contact and Cover Officers, (Deputies) and failed to utilize available cover prior to deployment of both Less Lethal and Lethal Force that resulted in the unnecessary death of Mr. Anthony Nunez. There was no rush. There was no crime in progress and the Nunez residence located at 8990 Ninth Avenue, Hesperia, California 92345, had been evacuated and the neighboring residences were evacuated.

In addition, based on my review of the transcribed Audio Belt Recording for San Bernardino County Sheriff Department Deputy Sheriff Michael Martinez, (NUNEZ/SBD 000204-000384), there were numerous Deputies that were engaged in dialogue during the incident, which is contrary to training especially if a subject is mentally ill, experiencing a mental crisis an or under the influence of a controlled substance.

## On-Scene Consulting

In addition, I base my opinion on <u>California Police Officer Standards and Training (POST), Learning Domain No. 23-Crimes in Progress, Chapter 2: Basic Tactical Considerations, Tactical Approach</u>: Peace officers should always be aware of surrounding objects or areas that may be utilized for cover or concealment.

<u>Cover</u>:
- Anything that may stop or deflect an opponent's bullets.
- Should be used when involved in an armed encounter if possible.
- The type of cover will depend on the type of weapon.

<u>Examples of Cover</u>:
- Cement block or brick walls.
- Buildings.
- Portion of the vehicle with the engine block.
- Trees.

According to Deputy Sheriff Michael Martinez, just before he first shot, he could have maneuvered to the south or north, which would have put either of the two parked vehicles between him and Mr. Nunez, at least one of which would have increased the distance between them, but he did not do so, (<u>Deposition Transcript of Michael Martinez, Page 139-140</u>).

As set forth in <u>POST Learning Domain 22</u>, "Officers are trained to work together and function as a team.  In order to ensure officer safety and to ensure an appropriate outcome, the primary officers and cover officers must effectively communicate with one another.  Appropriate communication involves advising the primary officer of any critical occurrences or safety issues."

In addition, I base my opinion on <u>California Commission on Peace Officers Standards and Training, Student Materials, Learning Domain, No. 21-Chapter 1: Basic Concepts of Law Enforcement Patrol,1-22</u>:  The element of officer safety refers to the practical application of tactically sound procedures to perform law enforcement activities in a safe and effective manner to include the utilization of available resources.  Some of the available resources in this situation can include calling for backup officers, waiting for and deploying backup officers; remaining in a position of advantage, cover, and concealment; issuing commands and verbalization from a position of cover; using less-than-lethal and other tactics that officers are trained to use in these situations.

## On-Scene Consulting

In addition, I base my opinion on my twenty-eight years of law enforcement experience where I responded to thousands of calls for service and have effectively utilized defusing techniques, de-escalation techniques, verbal strategies, and active listening skills to reduce the potential for violence and bring the emotional level of the incident to a manageable level.

In addition, I base my opinion on I base my opinion on my twenty-eight-year law enforcement career and specifically during my assignment as a Sergeant II+1 at Los Angeles Police Department Special Weapons and Tactics (SWAT) where I supervised hundreds of SWAT incidents that involved the use of the SWAT's Crisis Negotiation Team.

In addition, I base my opinion as a former Long Range Impact Device Instructor, (40MM/37MM/Remington 870 Bean Bag Shotgun), during my tenure as a Los Angeles Police Department Sergeant II+1 at Metropolitan Division K9 Platoon and as a Sergeant II+1 assigned to Metropolitan Division Special Weapons and Tactics, (SWAT).

Lastly, I base my opinion on my twenty-eight- year law enforcement career where, as a Supervisor, I have investigated over 100 Use of Force Incidents as well as being personally involved in the use of lethal and less than lethal force incidents.

### Opinion Number 5

It is my opinion based on my review of the facts and testimony in this matter, San Bernardino County Sheriff's Department Deputy Sheriff Jeremy DeBerg, failed to provide Mr. Anthony Nunez with a verbal warning and a reasonable opportunity to comply prior to deploying his 40 MM Tactical Launcher and striking Mr. Anthony Nunez in the chest/torso with Blunt Impact Projectile(s), (BIP's).

In addition, Deputy Sheriff Jeremy DeBerg failed to comply with San Bernardino County Sheriff's Department, 3.628.10, Less Lethal Weapons Systems: Preparation for Use, (NUNEZ/SBD-002072-002073): Generally, a verbal announcement of the intended use of the less lethal shotgun or less lethal launcher shall be given prior to discharge. This announcement serves to provide other safety members and individuals with the warning that a less lethal shotgun or less lethal launcher may be deployed.

In addition, I base my opinion on my twenty-eight years of law enforcement experience where I responded to thousands of calls for service and have effectively utilized defusing techniques, de-escalation techniques, verbal strategies, and active listening skills to reduce the potential for violence and bring the emotional level of the incident to a manageable level.

## On-Scene Consulting

In addition, I base my opinion on I base my opinion on my twenty-eight-year law enforcement career and specifically during my assignment as a Sergeant II+1 at Los Angeles Police Department Special Weapons and Tactics (SWAT) where I supervised hundreds of SWAT incidents that involved the use of the SWAT's Crisis Negotiation Team.  In In addition, I base my opinion as a former Long Range Impact Device Instructor, (40MM/37MM/Remington 870 Bean Bage Shotgun), during my tenure as a Los Angeles Police Department Sergeant II+1 at Metropolitan Division K9 Platoon and as a Sergeant II+1 assigned to Metropolitan Division Special Weapons and Tactics, (SWAT).

Lastly, I base my opinion on my twenty-eight- year law enforcement career where, as a Supervisor, I have investigated over 100 Use of Force Incidents as well as being personally involved in the use of lethal and less than lethal force incidents.

### **Opinion Number 6**

It is my opinion based on my review of the facts and testimony in this matter, San Bernardino County Sheriff's Department Deputy Sheriff Sabrina Cervantes, failed to provide Mr. Anthony Nunez with a verbal warning and a reasonable opportunity to comply prior to deploying her Remington 870 Bean Bag Shotgun at Mr. Anthony Nunez.

In addition, Deputy Sheriff Sabrina Cervantes failed to comply with San Bernardino County Sheriff's Department, 3.628.10, Less Lethal Weapons Systems: Preparation for Use, (NUNEZ/SBD-002072-002073): Generally, a verbal announcement of the intended use of the less lethal shotgun or less lethal launcher shall be given prior to discharge. This announcement serves to provide other safety members and individuals with the warning that a less lethal shotgun or less lethal launcher may be deployed.

In addition, I base my opinion on my twenty-eight years of law enforcement experience where I responded to thousands of calls for service and have effectively utilized defusing techniques, de-escalation techniques, verbal strategies, and active listening skills to reduce the potential for violence and bring the emotional level of the incident to a manageable level.

In addition, I base my opinion on I base my opinion on my twenty-eight-year law enforcement career and specifically during my assignment as a Sergeant II+1 at Los Angeles Police Department Special Weapons and Tactics (SWAT) where I supervised hundreds of SWAT incidents that involved the use of the SWAT's Crisis Negotiation Team.  In In addition, I base my opinion as a former Long Range Impact Device Instructor, (40MM/37MM/Remington 870 Bean Bage Shotgun), during my tenure as a Los Angeles Police Department Sergeant II+1 at Metropolitan Division K9 Platoon and

## On-Scene Consulting

as a Sergeant II+1 assigned to Metropolitan Division Special Weapons and Tactics, (SWAT).

Lastly, I base my opinion on my twenty-eight- year law enforcement career where, as a Supervisor, I have investigated over 100 Use of Force Incidents as well as being personally involved in the use of lethal and less than lethal force incidents.

### Opinion Number 7

It is my opinion based on my review of the facts and testimony in this matter, San Bernardino County Sheriff's Department Deputy Sheriff Jonathan Campos, failed to provide Mr. Anthony Nunez with a verbal warning and a reasonable opportunity to comply prior to deploying his Taser, Electronic Control Device, (ECD) at Mr. Anthony Nunez.

In addition, Deputy Sheriff Jonathan Campos failed to comply with San Bernardino County Sheriff's Department, 3.630.25, Taser: Verbal Warning, (NUNEZ/SBD-002078): Generally, a verbal announcement of the intended use of the Taser shall be given prior to the application of the Taser.  This announcement serves to:

- Provide the individual with a reasonable opportunity to comply with the deputy's direction.
- Provide other safety members and individuals with a warning that a Taser may be deployed.

In addition, I base my opinion on the following facts and testimony:

- According to Deputy Jonathan Campos, he did not give Mr. Anthony Nunez a warning that he was going to fire his Taser, (Deposition Transcript of Jonathan Campos, Page 82).

In addition, I base my opinion on my twenty-eight years of law enforcement experience where I responded to thousands of calls for service and have effectively utilized defusing techniques, de-escalation techniques, verbal strategies, and active listening skills to reduce the potential for violence and bring the emotional level of the incident to a manageable level.

In addition, I base my opinion on I base my opinion on my twenty-eight-year law enforcement career and specifically during my assignment as a Sergeant II+1 at Los Angeles Police Department Special Weapons and Tactics (SWAT) where I supervised hundreds of SWAT incidents that involved the use of the SWAT's Crisis Negotiation Team.  In In addition, I base my opinion as a former Long Range Impact Device

## On-Scene Consulting

Instructor, (40MM/37MM/Remington 870 Bean Bage Shotgun), during my tenure as a Los Angeles Police Department Sergeant II+1 at Metropolitan Division K9 Platoon and as a Sergeant II+1 assigned to Metropolitan Division Special Weapons and Tactics, (SWAT).

Lastly, I base my opinion on my twenty-eight- year law enforcement career where, as a Supervisor, I have investigated over 100 Use of Force Incidents as well as being personally involved in the use of lethal and less than lethal force incidents.

### **Opinion Number 8**

It is my opinion that a reasonable Deputy Sheriff acting consistent with standard police practices and outlined in the California Commission on Peace Officers Standards and Training, Student Materials, Learning Domain, No. 20, Use of Force, Version 3.3, Pages 3-4, would have given a verbal warning to Mr. Anthony Nunez that he was going to fire his service weapon. The Supreme Court applied the reasonableness test set forth in the Fourth Amendment (Tennessee v. Garner), "*some warning be given prior to the use of deadly force where feasible…*" Based upon my review of the facts in this matter, San Bernardino County Sheriff's Department Deputy Sheriff Michael Martinez, Employee No. F6915, did not give a verbal warning to Mr. Athony Nunez and give Mr. Anthony Nunez a reasonable opportunity to comply prior to firing his Glock, Model 21, .45 caliber, semi-automatic pistol three times unnecessarily killing Mr. Anthony Nunez.

In addition, I base my opinion on the following facts and testimony in this matter:

- The Audio Belt Recording of San Bernardino County Sheriff Department Deputy Sheriff Michael Martinez does not capture any verbal warning to Mr. Anthony Nunez that Lethal Force would be used, (San Bernardino County Sheriff Department Deputy Sheriff Michael Martinez, Audio Belt Recording).
- According to SBSD Sergeant Corey LaFever, he doesn't recall if he heard Deputy Martinez give a verbal warning to Anthony that he would shoot before he shot, (Deposition Transcript of Corey LaFever, Page 52).
- According to Deputy Sheriff Jeremy Deberg, he doesn't recall if Deputy Martinez gave a verbal warning at all prior to firing his three shots, (Deposition Transcript of Jeremy Deberg, Page 87).
- According to Deputy Sheriff Michael Martinez, he did not give a verbal warning that deadly force was going to be used, (Deposition Transcript of Michael Martinez, Page 17).

## On-Scene Consulting

- According to Deputy Jonathan Camos, he did not hear Deputy Michael Martinez give a warning before firing his semi-automatic pistol, (Deposition Transcript of Jonathan Campos, Page 95).

In addition, I base my opinion on my twenty-eight years of law enforcement experience where I responded to thousands of calls for service and have effectively utilized defusing techniques, de-escalation techniques, verbal strategies, and active listening skills to reduce the potential for violence and bring the emotional level of the incident to a manageable level.

In addition, I base my opinion on I base my opinion on my twenty-eight-year law enforcement career and specifically during my assignment as a Sergeant II+1 at Los Angeles Police Department Special Weapons and Tactics (SWAT) where I supervised hundreds of SWAT incidents that involved the use of the SWAT's Crisis Negotiation Team.

Lastly, I base my opinion on my twenty-eight- year law enforcement career where, as a Supervisor, I have investigated over 100 Use of Force Incidents as well as being personally involved in the use of lethal and less than lethal force incidents.

### Opinion Number 9

It is my opinion based on my review of the facts and testimony in this matter, a reasonable Deputy Sheriff acting consistent with standard police practices would not have used lethal force in this situation. It is my opinion based on my review of the facts and testimony in this matter, the use of lethal force by Department Deputy Sheriff Michael Martinez, Employee No. F6915, was unreasonable, inappropriate and unnecessary, when he fired his Glock, Model 21, .45 caliber, semi-automatic pistol three times, unnecessarily killing Mr. Anthony Nunez.

### Considerations Regarding the Use of Deadly Force

The use of deadly force is the most serious decision a peace officer may ever have to make. Such a decision should be guided by *the reverence for human life* and used only when other means of control are unreasonable or have been exhausted. Reverence for life is the foundation on which deadly force rests. Deadly force is always the last resort used in the direst of circumstances. The authority to use deadly force is an awesome responsibility given to police officers by the people who expect them to exercise that authority judiciously. In the law enforcement/community partnership, peace officers are

## On-Scene Consulting

expected to be self-disciplined, accountable, and in turn, the community is expected to support its peace officers.

Officers are trained at the POST Basic academy that the use of force must meet an "*Objectively Reasonable"* standard. The following quote from POST typifies the training (emphasis added):*"A reasonable officer* is defined as an officer with similar training, experience, and background in a similar set of circumstances, who will react in a similar manner."(Learning Domain #20; "Introduction to the Use of Force, " pages 1-4).

Further, POST teaches in the basic curriculum regarding the legislative and community expectations regarding their powers of arrest and use of force by POST certified police officers:

"The criminal justice system gives law enforcement two extraordinary powers:"
1. The power of arrest and
2. The power to use deadly force.
"The authority to do so does not come from the rule of an authoritarian dictator. Rather it comes from the will and consent of the people who *put their trust in law enforcement to use that power with the utmost care and restraint.* This is why it is important to emphasize that peace officers do with the utmost care and restraint, *not confer "police powers" on themselves.* These powers come to the criminal justice system from the people they serve. (Learning Domain #2: "Criminal Justice System," page s 1-4, Emphasis added).

Additionally, an entire chapter in POST Learning Domain #20 is devoted to the "Consequences of Unreasonable Force."

**"Unreasonable force** occurs when the type, degree and duration of force employed was not necessary or appropriate." Also, POST specifies that there are a number of key factors that can affect which force option is approved and appropriate under the concept of the "totality of the circumstances." (Learning Domain #20 "Use of Force," Chapter 2).

POST training specifies that the use of force under the "totality of the circumstances" be only justified on the basis of an "objectively reasonable" standard. In other words, per the POST requirements, officers are not justified in any use of force based upon "subjective" fear. The requirements are taught in detail throughout the POST Basic Curriculum (as required by law).

## On-Scene Consulting

The POST standard of "Reasonable Fear" is defined as: *A controlled and legitimate fear or mechanism that is necessary for officer safety based on actually perceived circumstances.* POST defines "Unreasonable Fear" as: *Generated in the officer's mind with no direct correlation to facts and situations.* (Learning Domain #20, Chapter 5, Emphasis added). Officers are also taught that POST requires that any use of deadly force must be based on an "objective" rather than "subjective" "reasonable necessity" of action to "imminent danger." (Learning Domain #20, Chapter 3).

A great deal of emphasis is placed on tried and proved tactics at the POST Basic Academy with the strong message in almost every germane training domain that incompetent tactics will invariably lead to unnecessary injury and/or death.

In addition, it is my opinion that Deputy Sheriff Michael Martinez violated San Bernardino County Sheriff's Department Policy 3.6.08, The Use of Lethal Force:

The use of lethal force is justified in the following circumstances:
- A safety member may use lethal force to protect himself or others from what he reasonably believes to be an immediate threat of death or serious bodily injury, **(Does not apply to the facts in this matter).**
- A safety member may us lethal force to accomplish the arrest or prevent escape of a suspected felon, when the member has probable cause to believe that the suspect poses a significant threat of death or serious bodily injury to the deputy or others, **(Does not apply to the facts in this matter. Mr. Anthony Nunez was suspected of allegedly committing a misdemeanor, 242 PC-Battery,).**

In addition, I base my opinion on the following facts and testimony in this matter:

- According to SBSD Sergeant Corey LaFever, at some point while he was at the Command Post, he learned that Andrew had received a phone call from his mother who was the owner of the handgun and advised that the handgun at some point prior to the date of this incident was moved from the residence into a vehicle on the premises out front. LaFever stated that he learned that nobody had access to that vehicle, (Deposition Transcript of Corey LaFever, Page 32).
- According to SBSD Sergeant Corey LaFever, Deputies Campos and Martinez were updated that the gun was possibly moved, (Deposition Transcript of Corey LaFever, Page 33).

## On-Scene Consulting

- According to Deputy Sheriff Jeremy Deberg, he doesn't recall if he heard that Anthony had hurt anyone before Deputy Martinez fired his weapon, (Deposition Transcript of Jeremy Deberg, Page 87).
- According to Deputy Sheriff Michael Martinez, he doesn't recall if he heard any of the officers say, "Get down on the ground, stop moving," (Deposition Transcript of Michael Martinez, Page 19).
- According to Deputy Sheriff Michael Martinez, after he fired his first shot, Mr. Nunez still had the chain wrapped in his right hand while clenching a fist but *was not swinging the chain up in the air,* (Deposition Transcript of Michael Martinez, Page 17).
- According to Deputy Sheriff Michael Martinez, at the time he used deadly force, there were no civilians in immediate danger of death or serious bodily injury, (Deposition Transcript of Michael Martinez, Page 17).
- According to Deputy Sheriff Michael Martinez, Mr. Nunez **was not** swinging the chain at the time he first shot, (Deposition Transcript of Michael Martinez, Page 22-23, 43).
- According to Deputy Sheriff Michael Martinez, at the time he first shot, Mr. Nunez was holding the chain at ear level, with the chain dangling down, (Deposition Transcript of Michael Martinez, Page 24).
- According to Deputy Sheriff Michael Martinez, he confirms that he used deadly force because Less Lethal force was ineffective to gain compliance, (Deposition Transcript of Michael Martinez, Page 42).
- According to Deputy Sheriff Michael Martinez, he could not recall Mr. Nunez winding his right arm back as if to swing the chain forward just before he first shot, and he did not base his decision to shoot on any winding back motion by Mr. Nunez, (Deposition Transcript of Michael Martinez, Page 57-59).
- According to Deputy Sheriff Michael Martinez, he never saw Mr. Nunez near any guns at any point during the incident, (Deposition Transcript of Michael Martinez, Page 81).
- According to Deputy Sheriff Michael Martinez, he never saw Mr. Nunez ever try to punch or kick a Deputy, (Deposition Transcript of Michael Martinez, Page 85).
- According to Deputy Sheriff Michael Martinez, prior to this incident, he never responded to the Nunez residence for any calls for service, (Deposition Transcript of Michael Martinez, Page 90).
- According to Deputy Sheriff Michael Martinez, he has been trained in tactical repositioning and when the space is available, they should maneuver to gain distance instead of using deadly force, (Deposition Transcript of Michael Martinez, Page 97).

## On-Scene Consulting

- According to Deputy Sheriff Michael Martinez, just before he first shot, he could have maneuvered to the south or north, which would have put either of the two parked vehicles between him and Mr. Nunez, at least one of which would have increased the distance between them, but he did not do so, (Deposition Transcript of Michael Martinez, Page 139-140).
- According to witness Lucy Ramos, Ramos never saw Mr. Nunez swing the chain around him, or over his head, (Deposition Transcript (Rough) of Lucy Ramos, Page 59, 88).
- According to witness Lucy Ramos, Ramos never saw Mr. Nunez attempt to strike deputies with the chain, (Deposition Transcript (Rough) of Lucy Ramos, Page 59, 89).
- According to witness Lucy Ramos, immediately before the use of deadly force, Ramos did not see Mr. Nunez walk toward, walk quickly toward, or run toward deputies, (Deposition Transcript (Rough) of Lucy Ramos, Page 88).
- According to Deputy Jonathan Campos, he did not know if Mr. Anthony Nunez had been convicted of crimes in the past, (Deposition Transcript of Jonathan Campos, Page 27).
- According to Deputy Jonathan Campos, upon arrival at the incident, he heard from the Nunez' family that nobody was injured prior to his arrival, (Deposition Transcript of Jonathan Campos, Page 34).
- According to Deputy Jonathan Campos, Mr. Anthony Nunez wasn't holding a gun in his hand and didn't observe any kind of bulge in his waistband that made him believe that he had a gun in his waistband. Campos searched Mr. Nunez after the incident and he didn't have a gun on him, (Deposition Transcript of Jonathan Campos, Pages 38-39).
- According to Deputy Jonathan Campos, he never believed that Mr. Anthony Nunez had a gun and he never saw Mr. Nunez arm himself with a firearm, (Deposition Transcript of Jonathan Campos, Page 43).
- According to Deputy Jonathan Campos, he did not witness Mr. Anthony Nunez strike anyone and did not witness any injuries to anybody, (Deposition Transcript of Jonathan Campos, Page 66).
- According to Deputy Jonathan Campos, Mr. Anthony Nunez' arm came down after the first shot by Deputy Martinez and his arm was not raised at the time of the second shot and by the third shot by Deputy Martinez, Mr. Nunez was holding the chain all the way down by his thigh, (Deposition Transcript of Jonathan Campos, Pages 97-101).

## On-Scene Consulting

In addition, I base my opinion on my twenty-eight years of law enforcement experience where I responded to thousands of calls for service and have effectively utilized defusing techniques, de-escalation techniques, verbal strategies, and active listening skills to reduce the potential for violence and bring the emotional level of the incident to a manageable level.

In addition, I base my opinion on I base my opinion on my twenty-eight-year law enforcement career and specifically during my assignment as a Sergeant II+1 at Los Angeles Police Department Special Weapons and Tactics (SWAT) where I supervised hundreds of SWAT incidents that involved the use of the SWAT's Crisis Negotiation Team.

Lastly, I base my opinion on my twenty-eight- year law enforcement career where, as a Supervisor, I have investigated over 100 Use of Force Incidents as well as being personally involved in the use of lethal and less than lethal force incidents.

### Opinion Number 10

It is my opinion that there was a gross lack of situational awareness and fundamental tactical errors in this incident, as outlined in Opinions 1-9 in this Report.  It is also my opinion that there was a failure by the San Bernardino County Sheriff's Department to properly train the Defendant Deputy Sheriff's on following subject matters: Proper Response and Interaction with the Mentally Ill, Working as a Team, Verbal Strategies, Active Listening Skills, Crisis Intervention Training, Defusing and De-Escalation Techniques, Tactical Plan, Command and Control, Use of Cover and Contact Officers, Use of Cover and Concealment, Situational Awareness, the use of Less Lethal Force and the use of Lethal/Deadly Force.

It is my opinion the San Bernardino County Sheriff's Department failed to determine through their investigation and review process that there was a failure to effectively de-escalate the situation and that the Less Lethal Force and the Lethal Force used in this matter was inappropriate, unnecessary, and unreasonable, based on the totality of the circumstances.

It is also my opinion that there was a departure of from POST Standards, Use of Force and Use of Deadly Force Training. In addition, I base my opinion on the California Supreme Court opinion in Hayes v. County of San Diego, 2013 Cal LEXIS 6652.  In Hayes, the California Supreme Court found that, under California negligence law, an officer's pre-shooting conduct leading up to a deadly use of force may affect whether a

## On-Scene Consulting

use of force is ultimately reasonable and therefore may be considered in the analysis of any use of deadly force.

Lastly, I base my opinion on my twenty-eight- year law enforcement career whereas a Supervisor, I have investigated over 100 Use of Force Incidents as well as being personally involved in the use of lethal and less than lethal force incidents.

### Opinion Number 11

It is my opinion It is my opinion San Bernardino County Sheriff's Department Deputy Sheriff Michael Martinez, Employee No. F6915, use of lethal force violated Peace Officer Standards and Training and caused the unnecessary death of Mr. Anthony Nunez, including but not limited to for the following reasons:

- Deputy Sheriffs are trained that deadly force is the highest level of force a Police Officer can use.
- This was not an immediate Defense of Life situation.
- Deputy Sheriffs are trained that deadly force can only be used as a last resort.
- Deputy Sheriffs are trained that deadly force can only be used in the direst of circumstances.
- Deputy Sheriffs are trained that deadly force is likely to cause great bodily injury or death.
- Deputy Sheriffs are trained that they must show a reverence for human life.
- There were other reasonable measures available.
- All other reasonable measures were not exhausted.
- A verbal warning should be given, when feasible, that deadly force will be used. Here, no warning was given, even though it would have been feasible to do so.
- Deputy Sheriffs are trained that they are responsible for justifying every shot.
- Subjective Fear is insufficient to justify using deadly force.
- Deputy Sheriffs are trained that an overreaction in using deadly force is excessive force.

I base my opinion on my twenty-eight- year law enforcement career whereas a Supervisor, I have investigated over 100 Use of Force Incidents as well as being personally involved in the use of lethal and less than lethal force incidents.

### My Qualifications for Reviewing this Case:

My opinions are based on my education, training, and experience. Upon my graduation in June 1988 from Northeastern University in Boston with a Bachelor's Degree in

## On-Scene Consulting

Criminal Justice, I was hired as Criminal Investigator/Special Agent, GS-1811.  Upon completion of Criminal Investigator/Basic Agent School at the Federal Law Enforcement Training Center (FLETC), 6-Month academy, I was assigned to the Organized Crime Drug Task Force where I functioned as an agent and undercover operative. The investigations focused on targeting criminal organizations that were involved in large scale drug smuggling and money laundering operations.

I was assigned to the Office of the Special Agent In-Charge, in San Francisco from August 1988 until I joined the Los Angeles Police Department in November of 1989. While in the academy, I was selected by the staff to be my Recruit Class Leader.  Upon my graduation from the LAPD Academy, I was assigned to 77th Division.  In addition to being assigned to 77th Division, I was assigned to Northeast Division (Patrol), Northeast Division (Special Projects Unit-SPU), Northeast Division C.R.A.S.H (Gang Detail).  I was selected to be transferred to Operations Central Bureau C.R.A.S.H., where I was assigned to a plain clothes detail targeting specific gangs throughout Operations Central Bureau.

I was selected to be a Police Officer III at Wilshire Area Vice where I functioned as an undercover operative targeting prostitution, gambling, bookmaking, and other Vice related offenses. While working Wilshire Vice, I was ambushed and received two gunshot wounds.  I received the Purple Heart in 2010.  Upon return from my injuries, I attended mandated Field Training Officer School and was assigned as a Field Training Officer (FTO) at Wilshire Division.  I trained recruits upon their graduation from the Los Angeles Police Academy in tactics, use of force, report writing, vehicle stops, calls for service, court testimony, emergency procedures, pursuit policy, accident investigations, perimeters, Department policies and procedures, and effective communication skills. While assigned as a Field Training Officer, I was involved in an In-Policy Lethal Use of Force incident.

I was promoted to the rank of Detective and attended the LAPD Detective School.  Upon completion of LAPD Detective School, I was assigned to Wilshire Area Narcotics, Field Enforcement Section, where I functioned in an undercover capacity.

I was promoted to the rank of Sergeant I and assigned to Hollenbeck Division.  Prior to my assignment, I attended the mandated LAPD Supervisor School.  In conjunction with LAPD Supervisor School, I was selected to attend the West Point Leadership Academy Supervisor Training.  The training focused on team building, leadership, and decision making.  While assigned to Hollenbeck Division, I conducted roll call training on a daily

## On-Scene Consulting

basis on numerous subject matters to include Use of Force Options (Non-Lethal and Lethal), Tactics, Calls for Service, Calls for Service involving the Mentally Ill, Vehicle Pursuit Policy, LAPD Policies and Procedures, Use of Force Policy, Updated Legal Bulletins, Training Directives, and other Standardized Roll Call Training.  I directly supervised Police Officers and provided supervisory oversight during calls for service, tactical situations, perimeter tactics, containment and control issues and use of force incidents.  I conducted audits, personnel investigations, Standard Based Assessments (Ratings/Evaluations), Use of Force Investigations, Administrative Projects, and prepared commendations for Police Officer's field performance.  While assigned to Hollenbeck Division, I was selected as the Officer-In-Charge of Hollenbeck Division's Special Enforcement Group, (SEG).  I directly supervised (14) Police Officers and Detectives assigned to the Unit.  SEG worked in conjunction with Hollenbeck Detectives and specifically targeted career criminals in Hollenbeck Division.  I provided ongoing mandated Department Training as well tactical, firearms, less than lethal force, lethal force and search warrant tactics training to Police Officers and Detectives.  SEG prepared and served numerous search warrants.  I provided search warrant tactical briefing and de-briefing of each warrant at the conclusion of the of the search warrant service.  I completed audits, administrative projects, Use of Force Investigations, personnel complaints, and other administrative duties as deemed necessary by the Area Commanding Officer.

During this time, I was assigned to Internal Affairs Division (IAD), Headquarters Section.  I investigated personnel complaints that exceeded the scope for a geographical Division.  At the conclusion of my assignment to IAD, I was selected to Management Services Division, Special Projects, Office of the Chief of Police.  I completed numerous in-depth staff projects for review by the Chief of Police.  In addition, I conducted research and edited the 2000 LAPD Department Manual.

Also, during this time, I earned my Master's Degree in Public Administration from California State University, Long Beach.

I was selected as a Sergeant II at 77th Division Vice.  I directly supervised (10) undercover Vice Officers and four uniformed Police Officers.  I provided all facets of training to the Police Officers assigned to Vice to include Use of Force Policy, Legal Updates, Department Directives, Training Bulletins, Standardized Roll Call Training, Tactics Training, Undercover Operations Training, Surveillance Training, and any other training deemed necessary by the Area Commanding Officer.  I conducted audits,

## On-Scene Consulting

personnel investigations, administrative projects, Use of Force Investigations, and special projects.

During this time, I was selected by the Chief of Police to be loaned to the Rampart Corruption Task Force. I conducted Use of Force audits and Internal Affairs Audits on Specialized Units in Central Bureau and South Bureau.

In 2000, I was selected to Metropolitan Division K9 Platoon as a Sergeant II+1. I directly supervised (16) K9 Handlers. Metropolitan Division K9 conducted K9 searches for the entire Department covering all Patrol Divisions and Specialized Units. I provided all facets of training to the K9 Officers to include K9 Operations, tactics, search warrant services, Mobile Field Force Options, Less than Lethal Force Options, Lethal Force Options, Department Directives, Training Bulletins, and other training dictated by the Officer-in-Charge and Commanding Officer. In addition, I taught K9 Operations at LAPD In-Service Training, Watch Commander School, Sergeant School, Field Training Officer (FTO) School and Detective School.  While assigned to K9, I investigated and completed K9 contacts (bite investigations), personnel complaints, and Use of Force Investigations. In addition, I directed and was directly involved in Use of Force incidents. I received the LAPD Medal of Valor and LAPD Police Star for two lethal use of force incidents while assigned to K9.

In 2005, I was selected as a Sergeant II+1 in Special Weapons and Tactics (SWAT). I directly supervised (60) SWAT Officers. I conducted and facilitated all facets of SWAT training to include Weapons Training (.45 caliber, MP-5, M-4, Benelli Shotgun, Remington 870 Bean Bag Shotgun, .40mm, 37mm, X-26 Taser) on a monthly basis. In addition, I facilitated and conducted training in the following training Cadres: Breacher (Explosive), Crisis Negotiation-Mental Health, MEU, SMART, Suicide Prevention, Counter-Terrorism Cadre, Climbing, Hostage Rescue, Sniper Training, Air Support Training (Fast Rope, Aerial Platform Shooting). I directly supervised SWAT missions and High-Risk Search Warrant Services to include all facets (preparation, briefing, deployment, de-briefing). I was the Supervisor-in-Charge of the Crisis Negotiation Team, (CNT). I provided on-going Crisis Negotiation Training, mental health training, Tactical de-briefs of SWAT incidents, 40-hour POST Certified CNT School, and suicide prevention training. I worked in conjunction with the mental health community to provide and facilitate training with LAPD SMART, LAPD Mental Evaluation Unit (MEU), Behavioral Science Services Section (BSS), and Didi Hirsch Suicide Prevention Training. In addition, I assisted the West Point Military Academy with the development of their crisis negotiation curriculum.

## On-Scene Consulting

During this time, I was selected as the LAPD SWAT representative to respond to Mumbai India with LAPD Counterterrorism and Las Vegas Metropolitan Division Police Department Counterterrorism following the terrorist attack in November 2008. I taught use of force, tactics, and SWAT deployment to 250 Mumbai Special Tactical Police Officers. Upon my return, I assisted with the development of Multi-Assault, Counter-Terrorism Action Capabilities, (MACTAC).

In June 2010, I retired from the Los Angeles Police Department with over 20 years of service to pursue an opportunity in the private sector. I held supervisory positions for the last 14 years of my career. During my tenure with the LAPD, I received over 100 Commendations including: The Medal of Valor, Purple Heart, and the Police Star.

From June 2010 through April 2013, I was the Vice President of Security Operations at Caruso Affiliated in Los Angeles, CA. My responsibilities included identifying and conducting Risk and Vulnerability Assessments for all Caruso Affiliated Developments, projected developments/investments, and residences. I utilized strategic-level analysis from the intelligence community, law enforcement and the private sector. I identified and monitored potential or actual incidents among critical infrastructure domains and all personal and professional interests of Caruso Affiliated. I mitigated expected threats. I utilized preplanned, coordinated actions in response to infrastructure warnings or incidents. I responded to hostilities. I identified and eliminated the cause, or source, of an infrastructure event by the utilization of emergency response measures to include on-site security personnel, local law enforcement, medical and fire rescue, and relevant investigative agencies. I conducted all facets of security training for the company and employees. I formulated Business Continuity and CEO Succession Plans for the company and all affiliated business interests. I conducted ongoing audits and internal investigations.

From June 2013 to June 2014, I was hired as a Deputy Sheriff at the Riverside Sheriff's Department where I conducted all facets of patrol service to include calls for service, self-initiated field activity, arrests, citations, and court testimony. In addition, during my tenure with the Riverside County Sheriff's Department, I was assigned to Robert Presley Detention Center (RPDC). I processed and monitored inmate population from initial intake, housing, court, transportation, and release. I conducted searches of inmate population as well as the facility on an ongoing basis. I utilized my experience as a gang officer, Detective and Sergeant with LAPD to conduct interviews and interrogations of prisoners regarding a myriad of investigations. I provided information to Gang Detail. I functioned as a mentor

## On-Scene Consulting

to newly appointed Deputy Sheriffs as well as Supervisors. I attended and certified in RSO Supplemental Jail Operations Core Course prior to deployment at RPDC. I attended on-going training to include Use of Force (Lethal and Non-Lethal), Crisis Negotiation Training, Active Listening Skills Training, Report Writing, Response and Deployment to Critical Incidents and Proper Protocols and Procedures when responding to a medical incident or suicide.

From June 2014 to March 2016, I was the Director of Security at Universal Protection Service where I supervised 84 Security Professionals at the City National Plaza. I conducted and facilitated all Bureau of Security and Investigative Services (BSIS) training to Security Professionals. I ensured all Security Professionals were compliant with BSIS security training and licensing. I conducted the following training to Security Professionals and Tenants on an ongoing basis: Fire Life Safety, Evacuation Drills, Active Shooter, Workplace Violence, Security Procedures and Protocols, Responding to Incidents Involving the Mentally Ill, Hazardous Materials and Internal Theft. I conducted ongoing Risk and Vulnerability Assessments of the City National Plaza to include security staffing and deployment, Closed Circuit Television (CCTV), Crime Prevention through Environmental Design (CPTED) and protocols to respond and mitigate threats. I developed Security and Fire Life Safety Manuals for Security Professionals and Tenants. I coordinated all security efforts to ensure safety at Special Events. I conducted internal investigations and worked in conjunction with the Los Angeles Police Department (LAPD) and the Los Angeles Fire Department (LAFD) on an ongoing basis.

From March 2016 to September 2017, I was the Director of Security at L&R Group of Companies. I conducted Risk and Vulnerability (RAV) Assessments for all L&R Group of Companies developments and projected developments throughout the United States. I conducted and/or facilitated all Bureau of Security and Investigative Services (BSIS) training to Security Professionals. I ensured all Security Professionals were compliant with BSIS security training and licensing. I conducted the following training to Security Professionals and Tenants on an ongoing basis: Fire Life Safety, Evacuation Drills, Active Shooter, Workplace Violence, Security Procedures and Protocols, Responding to Incidents Involving the Mentally Ill, Hazardous Materials and Internal Theft. I conducted ongoing Risk and Vulnerability Assessments to include security staffing and deployment, Closed Circuit Television (CCTV), Crime Prevention through Environmental Design (CPTED), and protocols to respond and mitigate threats. I developed Security and Fire Life Safety Manuals for Security Professionals and Tenants. I coordinated all security efforts to ensure safety at Special Events. I conducted internal investigations and worked

## On-Scene Consulting

in conjunction with the Los Angeles Police Department (LAPD) and the Los Angeles Fire Department (LAFD) on an ongoing basis as well as respective law enforcement agencies throughout the United States on security matters.

In 2020, I received my Master of Legal Studies from Pepperdine Caruso School of Law.

Attached are my curriculum vitae, listing of testimony and fee schedule.

Scott A. DeFoe

*Curriculum Vitae*

# Scott A. DeFoe

P.O. Box 4456, Huntington Beach, CA 92605-4456
Cell: 714-655-4280
sdefoe313@msn.com

**Executive Profile**

**Expert Witness / Consultant Specialties Include:**

| | |
|---|---|
| Police Procedures / Tactics | Use of Force (Lethal and Less Lethal) |
| SWAT | K9 |
| Narcotics | Jail Operations |
| Informants | Police Corruption / Internal Investigation |
| Vehicle Pursuits | Vice |
| Surveillance-Marine | Evidence Analysis & Preservation |
| Security | Premise Liability / Forseeability |

**Awards and Commendations**

**Purple Heart** (LAPD),
**Medal of Valor** (LAPD)
**Police Star** (LAPD) and over 100 Los Angeles Police Department and citizen commendations.

**Professional Experience**

**Consultant / Expert Witness**
April 2013 to Present
**On-Scene Consulting Group, LLC.** - Los Angeles, CA
Provide comprehensive service which includes in-depth analysis and investigations with detailed reporting of all findings. Testified as an Expert Witness in pre-trial depositions and in various courts throughout the United States.

**Director of Security**
March 2016 to September 2017
**L&R Group of Companies** - Los Angeles, CA
Identified and conducted Risk and Vulnerability Assessments for all L&R Group of Companies developments, and projected developments throughout the United States. Conducted all facets of security training to ensure compliance with the Bureau of Security and Investigative Services (BSIS). Ensured compliance with appropriate safety and sustainability regulations for all of the developments in coordination with Human Resources, Legal, and law enforcement to ensure the safety and security of protection of our staff, executives, tenants, and guests.

- Utilized strategic-level analysis from the intelligence community, law enforcement and the private sector. Ensured a coordinated ability to identify and monitor potential or actual incidents among critical infrastructure domains.
- Mitigated expected threats. Utilized preplanned coordinated actions in response to infrastructure warnings or incidents.
- Conducted internal investigations and audits.
- Directed the day-to-day management of site security operations for major sites through subordinates to ensure timely delivery of required services and appropriate response to incidents.
- Designed and implemented appropriate security, measures for existing and projected developments.
- Coordinated all security efforts with current practices and procedures.
- Researched and deployed appropriate technology solutions, innovative security management techniques, and other procedures to ensure physical safety of employees, tenants and guests.

**Scott A. DeFoe**                                                                                 Page 2

**Director of Security**
June 2014 to March 2016
**Universal Protection Service** - Los Angeles, CA
Directed supervision of 84 Security Professionals at the City National Plaza. Conducted and or facilitated all Bureau of Security Investigative Services (BSIS) training to Security Professionals. Ensured all Security Professionals were compliant with BSIS security training and licensing. Conducted the following training to Security Professionals and Tenants on an ongoing basis.

- Trained others on Fire Life Safety, Evacuation Drills, Active Shooter, Workplace Violence, Security Procedures and Protocols, Responding to Incidents Involving the Mentally Ill, Hazardous Materials and Internal Theft.
- Conducted ongoing risk and vulnerability assessments of the City National Plaza to include security staffing and deployment, closed circuit television (CCTV), Crime Prevention through Environmental Design (CPTED), and protocols to respond and mitigate threats.
- Developed Security and Fire Life Safety Manuals for Security Professionals and Tenants.
- Coordinated all security efforts to ensure safety at special events. Conducted internal investigations and worked in conjunction with the Los Angeles Police Department (LAPD), Los Angeles Fire Department (LAFD) on an ongoing basis.

**Riverside County Sheriff's Department - Deputy Sheriff (Lateral)** - June 2013 to June 2014
April 2014 to June 2014
Assigned to Jurupa Valley Station Field Deputy Training Program. Conducted all facets of patrol service to include: calls for service, self-initiated field activity, arrests, citations, booking of evidence, and court testimony.

June 2013 to April 2014
Assigned to Robert Presley Detention Center (RPDC). Processed and monitored inmate population from initial intake, housing, court, transportation and release. Conducted searches of inmate population as well as the facility on an ongoing basis. Utilized experience as a Gang Officer, Detective and Sergeant with LAPD to conduct interviews and interrogations of prisoners regarding a myriad of investigations.

- Provided information to gang detail.
- Functioned as a mentor to newly appointed Deputy Sheriffs as well as Supervisors.
- Attended and certified in RSO Supplemental Jail Operations Core Course and Title XV training prior to deployment at RPDC. Received on-going training to include: Use of Force (Lethal and Non-Lethal), Crisis Negotiation Training, Active Listening Skills Training, Report Writing, Response and Deployment to Critical Incidents, and Proper Protocols and Procedures when responding to a medical incident or suicide.

**Vice President of Security Operations**
June 2010 to April 2013
**Caruso Affiliated** - Los Angeles, CA
Identified and conducted risk and vulnerability assessments for all Caruso Affiliated Developments, projected developments/investments, and residences. Utilized strategic-level analysis from the intelligence community, law enforcement and the private sector. Ensured a coordinated ability to identify and monitor potential or actual incidents among critical infrastructure domains and all personal and professional interests of Caruso Affiliated. Mitigated expected threats. Utilized preplanned, coordinated actions in response to infrastructure warnings or incidents.

- Responded to hostilities and identified and eliminated the cause, or source, of an infrastructure event by the utilization of emergency response measures to include: on-site security personnel, local law enforcement, medical and fire rescue and relevant investigative agencies.
- Conducted all facets of security training for the company and employees.
- Formulated Business Continuity and CEO Succession Plans for the company and all affiliated business interests. Conducted ongoing audits and internal investigations.

## Scott A. DeFoe

**Level I Reserve Police Officer**
June 2010 to March 2016
**Los Angeles Police Department** - Los Angeles, California

Initially assigned to Counter Terrorism from June 2010 through April 2012. Completed staff projects for the Deputy Chief.

Assigned to the Wilshire Division from April 2012 through March 2016. Assisted with tactical and shooting training days as an Adjunct Instructor. Assigned to patrol functions including: responding to calls for service, conducting follow-up investigations, conducting self-initiated law enforcement activities including arrests, booking of arrestees, completing reports and booking of evidence.

- Worked in conjunction with citizens and local businesses in developing crime fighting strategies.
- Provided active shooter training to local businesses.
- Worked in conjunction with Wilshire Detectives and Wilshire Crime Analysis Detail (CAD) to reduce crime.

**Sergeant II+1 Special Weapons and Tactics (SWAT) Supervisor**
August 2005 to June 2010
**Los Angeles Police Department** - Los Angeles, California

Supervised the response and tactical intervention during barricaded subject incidents. Supervised the coordination and facilitation of high risk warrant services. Supervised the Crisis Negotiation Team (CNT) during barricaded and suicidal subject incidents. Developed SWAT's Counter-Terrorism and Training Cadre to include the preparation and submission of federal and state grants for the acquisition of equipment.

- Performed and facilitated all aspects of tactical and crisis negotiation training to federal, state and local law enforcement agencies.
- Responded and trained Mumbai local and state police officers following the 2008 terrorist attack in Mumbai, India.
- Assisted with the development of multi-assault counter-terrorism action capabilities training.
- Completed audits, employee performance reviews, investigative reports and internal investigations.
- Conducted use of force investigations on SWAT incidents and submitted reports to the Officer-in-Charge for his review and approval.
- Testified in court and at administrative hearings.

**Sergeant II+1 Metropolitan Division K9 Platoon**
April 2000 to September 2005
**Los Angeles Police Department** - Los Angeles, California

Supervised and facilitated all facets of K9 training. Ensured that all K9 deployments conformed to the K9 deployment criteria, through training of personnel and supervision of K9 searches. Functioned as a member on a K9 Search Team when necessary. Provided on-scene command during critical incidents at Command Posts.

- Completed use of force investigations and K9 contacts. Submitted all reports to Officer-in-Charge for his review and approval.
- Completed all requisite administrative reports to include audits.
- Testified in court, and at administrative hearings. Wrote 2002 LAPD Metropolitan Division K9 Platoon Manual.

## Scott A. DeFoe

**Sergeant II-77th Division Vice, Officer-in-Charge**
February 1999 to March 2000
**Los Angeles Police Department** - Los Angeles, California
Supervised investigations involving pimping, pandering, prostitution, bookmaking, gaming, gambling and other vice related activities. Conducted audits and administrative reports. Prepared and served search warrants for the above-mentioned crimes. Supervised twelve undercover officers and six uniformed officers on a daily basis. Worked in conjunction with other Department entities on sensitive investigations.

- Completed rating reports for subordinates assigned to the Unit.
- Conducted use of force investigations, audits, personnel complaints and other administrative tasks.
- Submitted all reports to the Officer-in-Charge for his review and approval.
- Testified in court and at administrative hearings.

**Management Services Division Supervisor-Sergeant**
November 1997 to March 1999
**Los Angeles Police Department** - Los Angeles, California
Conducted research projects, directives and correspondence at the direction of the Chief of Police. Reviewed staff work by subordinates. Conducted follow-up investigations as required to ensure that policies and procedures were adhered to by all organizational units within the Department. Conducted large scale audits and investigations.

- Served a six-month loan on the Rampart Corruption Task Force investigating and auditing use of force reports.
- Served a six-month loan at Internal Affairs Division, Headquarters Section. Investigated personnel complaints beyond the scope of geographical patrol divisions.
- Staff writer for the 2000 Los Angeles Police Department Manual.

**Hollenbeck Division Special Enforcement Group Officer-in-Charge**
November 1996 to November 1997
**Los Angeles Police Department** - Los Angeles, California
Provided supervisory oversight of eighteen police officers and detectives during gang investigations, crime suppression and the service of search warrants. Provided all aspects of tactical training to the group. Completed audits, employee ratings and administrative duties.

- Monitored and reviewed gang and narcotic investigations to ensure compliance with Department policy. Conducted use of force investigations.
- Submitted all investigative and administrative reports to the Commanding Officer for his review and approval. Testified in court and at administrative hearings.

**Detective, Wilshire Division**
March 1995 to November 1996
**Los Angeles Police Department** - Los Angeles, California
Assigned to various areas including: Robbery, Burglary, Auto Theft, Major Assault Crimes (Assaults with Domestic Violence), Homicide and the West Bureau Narcotics Group Field Enforcement Section. Conducted preliminary investigations and follow-up investigations. Interviewed victims and witnesses of crimes and interrogated individuals suspected of committing crimes. Conducted surveillances.

- Filed criminal investigations with the Los Angeles City Attorney's Office and the Los Angeles District Attorney's Office.
- Worked in conjunction with other law enforcement agencies and entities within the Los Angeles Police Department.
- Wrote and served search warrants. Booked evidence related to investigations.
- Trained local businesses and community groups in the areas of safety and security.

**Scott A. DeFoe**                                                                    Page 5

**Police Officer**
November 1989 to March 1995
**Los Angeles Police Department** - Los Angeles, California
>Functioned in numerous roles as a Police Officer I, II, and III to include: Patrol, Field Training Officer (FTO), Detective Trainee, Vice, Special Enforcement Group, Divisional CRASH (gangs) and Operation Central Bureau CRASH (gangs).

- Selected to Specialized Units based on high performance and ability to work well in small cohesive units throughout the Department.
- Testified in court on a multitude of matters. Certified in court as a narcotic, gang, and vice expert.

**Special Agent-Organized Crime Drug Task Force (OCDETF)**
June 1988 to October 1989
>**Department of Treasury, United States Customs Service** - San Francisco, California. Special Agent assigned to a multi-agency narcotics task force. Investigated major suppliers of narcotics and dangerous drugs who were engaged in illegal activities on an organized and commercial basis in an undercover capacity.

- Prepared and served search warrants. Worked in conjunction with the Assistant United States Attorney in San Francisco. Testified in Federal Court and at Asset Forfeiture Hearings.

**United States Army Reserve**
June 1983 to June 1989
Honorable Discharge as E-4. Military Occupational Skill (MOS)-72E-Combat Infantry Communications

**Training (Received and Provided Training):**
Weapons Training/Qualification on Monthly Basis-M-4, MP-5, Benelli Shotgun, Kimber/.45/1911, Remington 870 Shotgun, Glock, Force Option Simulator (Quarterly). Quarterly mandatory weapons certification from November 1989 to June 2010.

**Additional Training/Certification(s):** (11/1989-06/2010)

**Supervisor Training:**
Incident Command System 100-800
Sexual Harassment Training for Supervisors
Career Development for Supervisors
Standards Based Assessments for Supervisors
Supervisors Consent Decree Training
Vehicle Pursuit Policy Supervisor Training
Watch Commander School Retaliation Training
RMIS TEAMS II (Non-Categorical Use of Force Supervisor Training)
Ethics in Law Enforcement
Career Survival Workshops
Problem Oriented Policing and the SARA Model
Cultural Diversity Tools for Tolerance
Instructor Development Course (IDC)
Officer Involved Shootings Administrative Investigations Training
Prop 115-Hearsay Evidence Training
Managing Workplace Conflict CLETS-NCIC
Racial Profiling
West Point Leadership School for Supervisors
Basic Supervisor School

**HAZMAT Training:**
Advanced Chemical and Biological Integrated Response, LAFD Hazardous Materials Technical Specialist (A-D)-Certified HAZMAT Technician, Technical Emergency Response Training, Law Enforcement Protective Measures.

**Scott A. DeFoe**                                                                 Page 6

**Crisis Negotiations/Mental Health Training:**
Hostage Negotiations - Advanced, Behavioral Sciences Services Section
Officer-Involved Shooting/Barricaded Subject Services Debriefs
Crisis Negotiation Training and Curriculum Development for West Point Military Academy
Didi Hirsch Suicide Prevention Training (Volunteered and Supervised on an ongoing basis)
Mood Disorders/Post Traumatic Stress Disorder Training, Communicating with People with Disabilities
Mental Health Introduction MEU-SMART Orientation
Mental Illness Update
Drug Recognition Expert Training and Certification
Under the Influence-11550 Health and Safety Code Training
Institute for the Prevention of In-Custody Deaths Training on Recognizing Agonal & Other Breathing Problems (2015). Attended and facilitated LAPD CNT 40-Hour Course
Attended FBI Basic Crisis Negotiation Course

**Tactical Training:**
Crowd Management Control, Search and Arrest Warrant Tactics
Less than Lethal Use of Force Training and Certification TASER MX-26, X-26 Train the Trainer (Trainer/Instructor Certification)
Excited Delirium & Agitated Chaotic Events, Train the Trainer.
End of Pursuit Tactics Overview
Communication-Keeping Your Edge
Crowd Management and Control
Immediate Action Rapid Deployment
Arrest and Control Trainer Certification
Los Angeles County Sheriff's Department Explosive Breaching Course
Mobile Field Force Supervisor Train the Trainer
Officer Survival-Shooting
Personal Protective Equipment (PPE)
Pursuit Intervention Techniques for Supervisors
Baton/Impact Weapon
Advanced Canine Supervisor Course
Basic Metro School
Collapsible Baton
Officer Safety Field Tactics
Mobile Field Force Training
Narcotics/Tactical Entry Update
Field Training Officer Update
Standard Emergency Management System (SEMS)
CPR-First Aid Recertification
Basic Arrest and Control Techniques
Driver Awareness Training
Range Safety Officer and Supervisor Training
Interrogation Techniques
VICE School
37mm Baton Round Training
Civil Unrest Response Training
Hobble Training
Advanced Field Officer Course, Oleoresin Capsicum (OC) Gas Training
Search Warrant Counter Measures
Riverside Sheriff's Department Jail Operations Course to include Title XV

**Scott A. DeFoe**                                                              Page 7

**Detective Training:**

Basic Detective School
Juvenile Procedures School
Association of Threat Assessments Professionals (ATAP) Training
Workplace Investigative Training
LAPD Narcotics School
POST Investigative and Interrogation Course
POST Cognitive & Statement Analysis Training Course
Special Investigative Section Surveillance Training

**California Peace Officer Standards and Training (P.O.S.T.) Commission: Basic, Intermediate, Advanced and Supervisory Certificates.**

**Outside Training**:

Dale Carnegie 12-week Public Speaking School
Americans for Effective Law Enforcement (AELE) Certified Litigation Expert Courses
Use of Force By The Numbers: 4, 8, 14 (Institute for the Prevention of In-Custody Deaths-IPICD)
California Specialized Training Unit Hazardous Materials First Responder Operations Weapons of Mass
Destruction Law Enforcement Field Support Course
Louisiana State University Screening of Persons by Observational Techniques (SPOT)
Subconscious Communication for Detecting Danger by International Academy for Linguistics and Kinesics
Department of Homeland Security WMD Radiological/Nuclear Course of Hazardous Materials Technicians
UNLV WMD Radiological/Nuclear Awareness Train The Trainer Course, FEMA Advanced Chemical and
Biological Integrated Response Course Mobile Training Event
FEMA WMD Law Enforcement Threat
Hazard Recognition, and Emergency Actions Training
CSTI Technician/Specialist 1A-D, DHS WMD Tactical Commander Management and Planning
Licensed California Private Investigator (License No. 29151)
Certified California Criminal Defense Investigator.

**Associations**

California Association of Licensed Investigators
Peace Officers Association of Los Angeles County (POALAC)
Americans for Effective Law Enforcement (AELE)
California Crime Prevention Officers Association
International Association in Crime Prevention Partners
California Peace Officers Association

**Education**

**Master of Legal Studies**, 2020
**Pepperdine Law School** - Malibu, California, United States

**Master of Arts**: **Public Administration**, 1998
**California State University** - Long Beach, California, United States

**Bachelor of Science**: **Criminal Justice**, 1988
**Northeastern University** - Boston, Massachusetts, United States

# Scott A. DeFoe
# On-Scene Consulting Group, LLC
### P.O. Box 4456
### Huntington Beach, California 92605-4456
### (714) 655-4280 (Cell)
### Email: sdefoe313@msn.com

## RECORD OF TRIAL TESTIMONY & DEPOSITIONS

1. **Deposition:** April 15, 2010, Dorman, et al. vs. State of California (CHP) Cause No. INC058224, Superior Court of California, County of San Bernadino.

2. **Deposition:** August 28, 2014, L.H. (Henning) vs. County of Los Angeles, et al., Cause No. CV13-1156-GW (JCGx), Superior Court of California, County of Los Angeles.

3. **Deposition:** September 15, 2014, A.D., et al. vs. City of Los Angeles, et al., Cause No. CV13-6510-JFW (Asx), United States District Court for the Central District of California.

4. **Deposition:** October 28, 2014, Goodlow vs. City of El Cajon, Cause No. 3:13-cv-01542, United States District Court for the Southern District of California.

5. **Deposition**: February 3, 2015, Castro vs. County of Los Angeles, et al., Cause No. 2:13-cv-06631, United States District Court for the Central District of California.

6. **Deposition:** April 10, 2015, James Gallegos vs. Havana House, Gilardo Lopez, Donald Bernard, Joseph Escandon and DOES 1-100, Cause No. BC508561, Superior Court of California, County of Los Angeles.

7. **Trial Federal Court:** April 29, 2015, Goodlow vs. City of El Cajon, Cause No. 3:13-cv-01542, United States District Court for the Southern District of California.

8. **Deposition**: May 14, 2015, Eloy Jacobo vs. City of Palm Springs, a Government Agency, DOES 1 through 50, inclusive, Cause No. INC 1302171, Superior Court of California, County of Riverside.

**9.   Deposition**: August 14, 2015, Valine Gonzalez (Santibanez Matter) vs. City of Visalia; Tim Haener; and DOES 2-10, inclusive, Cause No:1:13-cv-01697, United States District Court for the Eastern District of California.

**10.   Trial State Court:** August 18, 2015, James Gallegos, Plaintiff vs. Havana House; Gilardo Lopez; Donald Bernard; Jose Escandon and DOES 1-100, inclusive, Defendants. Cause No. BC 508561, Superior Court of California, County of Los Angeles.

**11.   Deposition**: September 1, 2015 (Part 1) and September 4, 2015 (Part 2), Frederick Ronald Thomas; JR., individually and as successor-in-interest of Kelly James Thomas, deceased, Plaintiff, vs. City of Fullerton, et al. Cause No. 30-2012-00581299, Superior Court of California, Court of Orange.

**12.   Deposition:**   September 15, 2015, Anthony Del Real, individually and as successor-in-interest to John Del Real, Jr; Brittany Del Real Davis, individually and as successor-in-interest to John Del Real Jr.; and Shirley Lowery, Plaintiff vs. City of Long Beach; et al., Defendants, Cause No. CV-14-02831-PLA, United States District Court for the Central District of California.

**13.   Deposition**:   September 23, 2015, R.A., a minor, by and Through his guardian ad Litem Adrianne Penrose, Individually and as successor in interest of John Armes, deceased, and Adrianne Penrose, individually, Plaintiffs vs. County of Riverside, Et al., Defendants, Cause No. ED CV14-00077, United States District Court for the Central District of California.

**14.   Deposition**:   October 19, 2015. Tara Garlick, individually; M.L.S., C.J.S., C.R.S., and E.Z.S., minors, by and through their guardian ad litem, Judy Silva, in each cause individually and as successors in interest to David Silva, deceased; J.S., individually and as successor in interest to David Silva, by and through her guardian ad litem Adriane Dominguez; Merri Silva, individually; and Salvador Silva, individually, vs. County of Kern, Et al., Defendants, Lead Cause No. 1:13-CV-01051, United States District Court for the Eastern District of California.

**15.   Deposition**:   November 20, 2015, Gonzalo Martinez, Plaintiff vs. County of Los Angeles; Cuauhtemoc Gonzalez and Does 1 through 10, inclusive. Defendants, Cause No. 2:2014-cv-05456, United States District Court for the Central District of California.

16. **Deposition**: December 1, 2015, Mindy Losee, individually and as successor in interest to Breanne Sharpe, deceased, Plaintiff vs. City of Chico, Scott Zuschin, Damon Selland, Nick Vega, Jared Cumber, David Quigley; and DOES 1-10, inclusive. Defendants, Cause No. 2:14-CV-02199, United States District Court for the Eastern District of California.

17. **Deposition:** December 17, 2015, Stanley Jordan, an individual, Plaintiff vs. City of Hawthorne, Officer Matthew Manley, and DOES 1-10, inclusive, Cause no. 2:2014-CV-07554; United States District Court for the Central District of California.

18. **Deposition:** February 10, 2016, Bridget Wiseman, individually and as successor-in-interest of Dean Gochenour, deceased, Plaintiff vs. City of Fullerton, Vincent Mater, Carlos Medina and DOES 1 to 50, inclusive; Cause No. 8:2013-CV-01278, United States District Court for the Central District of California.

19. **Deposition:** April 1, 2016, N.W., a minor by through his guardian ad litem Tkeyah Boyd, individually and as successor-in-interest to Tyler Damon Woods, Plaintiffs vs. City of Long Beach, Officer John B. Fagan; Officer Daniel A. Martinez, and DOES 1-10, inclusive, Defendants. Cause No. 5:14-CV-01569, United States District Court for the Central District of California.

20. **Deposition:** April 7, 2016, R.D.C., a Minor, by and through his Guardian ad Litem, Maria Teresa Penaloza, Plaintiffs vs. County of Los Angeles, a public entity; Jerry Powers, Booker Waugh, Les Smith, and DOES 1 through 10, individually and in their official capacity as Probation Officers for the County of Los Angeles, Defendants, Cause No. 2:14-CV-06014, United States District Court for the Central District of California.

21. **Trial State Court:** April 20, 2016, Eloy Jacobo vs. City of Palm Springs, A Government Agency and DOES 1-50, inclusive, Cause No. INC 1302171, Superior Court of California, County of Riverside.

22. **Deposition:** April 28, 2016, Ledesma vs. Kern County, Cause No. 1:14-CV-01634, United States District Court for the Central District of California.

23. **Deposition:** May 16, 2016, Dennis Dean Sr., Susannah Hardesty, and Amy Dean, Plaintiff's vs. Sacramento County, Salvador Robles; Daryl Meadows; Randy Moya and DOES 4-25, Cause No. 2:13-cv-00730, United States District Court for the Eastern District of California.

Page **4** of **51**

**24.** **Trial Federal Court:** June 16, 2016, N.W., a minor by through his guardian ad litem Tkeyah Boyd, individually and as successor-in-interest to Tyler Damon Woods, Plaintiffs vs. City of Long Beach, Officer John B. Fagan; Officer Daniel A. Martinez, and DOES 1-10, inclusive, Defendants. Cause No. 5:14-CV-01569, United States District Court for the Central District of California.

**25.** **Deposition:** June 22, 2016, May 11, 2017, Marian Amaya, individually and as successor -in-interest of Emiliano Amaya, deceased; G.A., a Minor by and through his Guardian ad Litem Belinda Krawiec, individually and as successor-in-interest of Emiliano Amaya, deceased; Gloria Amaya, individually, Plaintiffs, vs. County of Los Angeles; Sheriff Lee Baca, and Does 1 to 50, Inclusive, Defendants. Cause No. VC062384, Superior Court of California, County of Norwalk.

**26.** **Deposition:** June 27, 2016, Robert J. Zambrano JR., Kathleen Zambrano, and Jillian Zambrano, a Minor and through her Guardian ad Litem, Robert J. Zambrano JR., Plaintiffs vs. Andrew Drobot, Redondo Beach Police Department, City of Redondo Beach, and DOES 1 to 50, Inclusive, Defendants. Cause No. BC566142, Superior Court of California, County of Los Angeles.

**27.** **Deposition:** July 5, 2016, NONA OPSITNICK AND LINDA STERETT, Plaintiffs vs. CITY OF LONG BEACH; ERIC BARICH, SALVADOR ALATORRE, ABRAM YAP, and DOES 4-10, inclusive Defendants. Cause No. 2:14-CV-09370, United States District Court for the Central District of California.

**28.** **Deposition:** July 7, 2016, Leslie Laray Crawford, individually and as Successor in Interest to Michael Laray Dozer, deceased, Plaintiff, vs. City of Bakersfield, a municipal entity, Officer Aaron Stringer, an individual, Michael Eugene Dozer (as a nominal defendant) and DOES 1 through 10, inclusive, Defendants, Cause No. 1:14-CV-01735, United States District Court for the Eastern District of California.

**29.** **Trial Federal Court:** August 19, 2016, Anthony Del Real, individually and as successor-in-interest to John Del Real, Jr; Brittany Del Real Davis, individually and as successor-in-interest to John Del Real Jr.; and Shirley Lowery, Plaintiff vs. City of Long Beach; et al., Defendants. Cause No. 2:14-CV-02831, United States District Court for the Central District of California.

**30.** **Deposition:** September 19, 2016, D.G., a minor, by and through his guardian ad litem, Denise Bonilla, individually and as successor-in-interest to David Garcia, deceased; D.E.G., a minor, by and through her guardian ad litem, Denise Bonilla, individually and as successor-interest to David Garcia, deceased; G.D., a minor, by and through her guardian ad litem, Denise Bonilla, individually and as successor-in-interest to David Garcia, deceased; RAMONA RAMIREZ NUNEZ, individually; Plaintiffs, vs. COUNTY OF KERN; ROBERT REED; DOES 2 THROUGH 10; Defendants. Cause No. 1:15-CV-00760, United States District Court for the Eastern District of California.

**31.** **Deposition**: October 4, 2016, J.M., a minor by and through his guardian ad litem Celine Lopez, individually and as successor-in-interest to Hans Kevin Arellano, Plaintiff vs. CITY OF SANTA ANA, OFFICER JESSICA GUIDRY; OFFICER STEPHEN CHAVEZ; and Does 1-10, inclusive, Defendants. Cause No. 8:15-cv-00432, United States District Court for the Central District of California.

**32.** **Trial Federal Court**: October 20, 2016, Leslie Laray Crawford, individually and as Successor in Interest to Michael Laray Dozer, deceased, Plaintiff, vs. City of Bakersfield, a municipal entity, Officer Aaron Stringer, an individual, Michael Eugene Dozer (as a nominal defendant) and DOES 1 through 10, inclusive, Defendants, Cause No. 1:14-CV-01735, United States District Court for the Eastern District of California.

**33.** **Deposition**: November 30, 2016, Brian Bunnak, Plaintiff, vs. KION JAMES MOSBAT, an individual, and DOES 1 through 10, inclusive, Defendants. Cause No. BC571975, Superior Court of California, County of Los Angeles.

**34.** **Deposition:** February 13, 2017, Abraham Valentin, Alejandro Francisco Peralta, Michael Dominguez, Frank Margarito Escobedo, Plaintiffs vs. ROBERT JACKSON, and DOES 1-50, Inclusive, Defendants. Cause No. 2:15-CV-09011, United States District Court for the Central District of California.

**35.** **Deposition:** March 3, 2017, ARTURO GONZALEZ, Plaintiff, vs. CITY OF BAKERSFIELD, GARY CARRUESCO, DOUG BARRIER, KASEY KNOTT, JUAN OROZCO, and DOES 5-10, Defendants. Cause No. 1:16-CV-00107, United States District Court for the Eastern District of California.

Page 6 of 51

**36.** **Trial Federal Court:** March 9, 2017, LUIS ARIAS, an individual, Plaintiff, vs. COUNTY OF LOS ANGELES, a municipal entity; DEPUTY KENNETH FITCH, an individual and DOES 1 through 10, inclusive, Defendants. Cause No. 2:15-CV-02170, United States District Court for the Central District of California.

**37.** **Deposition:** March 10, 2017, FREDRICK THOMAS and ANNALESA THOMAS, as Co-Administrators of the Estate Leonard Thomas, and its statutory beneficiaries, Plaintiffs, vs. BRIAN MARKERT; MICHAEL WILEY; NATHAN VANCE; MICHAEL ZARO; SCOTT GREEN; JEFF RACKLEY; CITY OF FIFE; CITY OF LAKEWOOD; PIERCE COUNTY METRO SWAT TEAM; and JOHN DOES 1 through 10, Defendants. Cause No. 3:16-cv-05392, United States District Court for the Western District of Washington.

**38.** **Deposition:** March 16, 2017, DENNIS BLOCH, an individual and JENNIFER BLOCH, an individual, Plaintiff vs. STANFORD HOTELS CORPORATION, HARBOR VIEW HOLDINGS, Inc., A CALIFORNIA CORPORATION, MARRIOT INTERNATIONAL INC; A DELAWARE CORPORATION, SAN DIEGO HOTEL COMPANY, LLC; PORTER GREER, and DOES 1 through 25, Defendants. Cause No. 37-2015-000028814-CV-PO-CTL, Superior Court of California, County of San Diego.

**39.** **Deposition:** March 22, 2017, CINDY MICHELLE HAHN; AND BRANDON HAHN, Plaintiffs vs. CITY OF CARLSBAD; OFFICER J. KNISLEY; OFFICER KENYATTE VALENTINE; OFFICER KARCHES; CORPORAL GALANOS; OFFICER SEAPKER; AND DOES 1 THROUGH 50, Defendants. Cause No. 3:15-cv-02007, United States District Court for the Southern District of California.

**40.** **Deposition:** April 26, 2017, DEMETRICE SIGHTLER, Plaintiff, vs. CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT ASSISTANT CHIEF DAVID NISLEIT AND DOES 1-30, Defendants, Cause No. 3:15-CV-02235, United States District Court for the Southern District of California.

**41.** **Trial State Court:** May 11, 2017, Marian Amaya, individually and as successor -in-interest of Emiliano Amaya, deceased; G.A., a Minor by and through his Guardian ad Litem Belinda Krawiec, individually and as successor-in-interest of Emiliano Amaya, deceased; Gloria Amaya, individually, Plaintiffs, vs. County of Los Angeles; Sheriff Lee Baca, and Does 1 to 50, Inclusive, Defendants, Cause No. VC062384, Superior Court of California, County of Norwalk.

**42.   Deposition:** June 6, 2017, HECTOR MEJIA, an individual, NORA SANTILLAN, an individual, Plaintiffs, vs. ADIEB TIESSAN, an individual, LEWIS ANTHONY GEORGE, an individual; and LEWIS JOBY ANTHONY, an individual; FAHMY MUSHMEL, an individual; SALAM MUSHMEL, an individual; THE FAHMY MUSHMEL AND SALAM MUSHMEL LIVING TRUST; and DOES 1 through 20, Inclusive, Defendants. Cause No. BC594095, Superior Court of California, County of Los Angeles.

**43.   Deposition:** June 8, 2017, Nathaniel Smith vs. City of Stockton, et al. Cause No. 5:15-CV-01603-JGB-(DTBx), Superior Court of California, County of Sacramento.

**44.   Trial Federal Court:** June 21, 2017, Abraham Valentin, Alejandro Francisco Peralta, Michael Dominguez, Frank Margarito Escobedo, Plaintiffs vs. ROBERT JACKSON, and DOES 1-50, Inclusive, Defendants. Cause No. CV 2:15-CV-09011, United States District Court for the Central District of California.

**45.   Trial Federal Court:** June 26-27, 2017, FREDRICK THOMAS and ANNALESA THOMAS, as Co-Administrators of the Estate Leonard Thomas, and its statutory beneficiaries, Plaintiffs, vs. BRIAN MARKERT; MICHAEL WILEY; NATHAN VANCE; MICHAEL ZARO; SCOTT GREEN; JEFF RACKLEY; CITY OF FIFE; CITY OF LAKEWOOD; PIERCE COUNTY METRO SWAT TEAM; and JOHN DOES 1 through 10, Defendants. Cause No. 3:16-cv-05392, United States District Court for the Western District of Washington.

**46.   Deposition:** June 30, 2017, K.J.P., a minor, and K.P.P., a minor, individually, by and through their mother, LOAN THI MINH NGUYEN, who also sues individually and as successor in interest to her now deceased husband, Lucky Phounsy, and KIMBERLY NANG CHANTHAPHANH, individually, Plaintiffs vs. COUNTY OF SAN DIEGO; et al., Defendants. Cause No. 15-cv-02692, United States District Court for the Southern District of California.

**47.   Deposition:** July 10, 2017, REBECKA JACKSON-MOESER, Plaintiffs, vs. DAVILA and DOES 1 through 10, inclusive, individually and in their official capacity as CALIFORNIA HIGHWAY PATROL OFFICERS, Defendants. Cause No. 2:16-CV-08733, United States District Court for the Central District of California.

Page **8** of **51**

**48.** **Deposition:** July 12, 2017, A.E.R., a Minor, by and through his Guardian ad Litem, STEPHANIE YANEZ, both Individually and as Successor in Interest on behalf of Plaintiff's Decedent EDUARDO EDWIN RODRIGUEZ, ESTELA RODRIGUEZ, and ABEL RODRIGUEZ, for themselves as parents of the Decedent, Plaintiffs, vs. COUNTY OF LOS ANGELES, a Public Entity, ANDREW ALATORRE, SANDY GALDAMEZ, and DOES 1 through 10, inclusive, individually and in their official capacity as Los Angeles County Sheriff's Department Deputies, Defendants. Cause No. 2:16-CV-04895, United States District Court for the Central District of California.

**49.** **Deposition:** July 14, 2017, JONATHAN A. GARCIA, an individual, Plaintiff, vs. UNITED STATES OF AMERICA, DRUG ENFORCEMENT ADMINISTRATION SPECIAL AGENT CHARLES VALENTINE, AND DOES 1-10, inclusive, Defendants. Cause No. 2:16-CV-01664, United States District Court for the Central District of California.

**50.** **Trial Federal Court:** August 2, 2017, CINDY MICHELLE HAHN; AND BRANDON HAHN, Plaintiffs vs. CITY OF CARLSBAD; OFFICER J. KNISLEY; OFFICER KENYATTE VALENTINE; OFFICER KARCHES; CORPORAL GALANOS; OFFICER SEAPKER; AND DOES 1 THROUGH 50, Defendants. Cause No. 3:15-cv-02007, United States District Court for the Southern District of California.

**51.** **Deposition:** August 4, 2017, Arnulfo Hernandez vs. United States of America, Cause No. 5:16-CV-00727, United States District Court for the Central District of California.

**52.** **Deposition:** August 9, 2017, PAMELA MOTLEY, ESTATE OF CINDY RAYGOZA, through its legal representative and administrator, YVETTE CALDERA; VALERIE CALDERA; DANNY RICE, Plaintiffs, vs. JOSEPH SMITH; BRIAN LITTLE; DERRICK JOHNSON; MICHAEL COUTO; BERNARD FINLEY; BYRON URTON; RYAN ENGUM; UNKNOWN POLICE OFFICERS; THE CITY OF FRESNO CALIFORNIA, Defendants. Cause No. 1:15-CV-00905, United States District Court for the Eastern District of California.

**53.** **Deposition:** August 14, 2017, Desiree Martinez, Plaintiff vs. KYLE PENNINGTON; KIM PENNINGTON; CONNIE PENNINGTON; KRISTINA HERSHBERGER; JESUS SANTILLAN; CHANNON HIGH; THE CITY OF CLOVIS; ANGELA YAMBUPAH; RALPH SALAZAR; FRED SANDERS; THE CITY OF SANGER; DOES 1-20, Defendants. Cause No. 1:15-cv-00683, United States District Court for the Eastern District of California.

**54.** **Trial Federal Court:** August 23, 2017, TREVOR WYMAN, Plaintiff vs. COUNTY OF ORANGE, ZACHARY VARELA and DOES 1 through 10, inclusive Defendants. Cause No. 8:15-CV-01523, United States District Court for the Central District of California.

**55.** **Deposition:** September 6, 2017, JUSTIN KAUFMAN, ESQ., as Personal Representative of the Estate of HANNAH E. BRUCH, Plaintiff, vs. EXPO NEW MEXICO, et al. Defendants. Cause No. D-101-CV-2015-01792, First Judicial District of the County of Santa Fe, State of New Mexico.

**56.** **Deposition:** September 8, 2017, KHANLY SAYCON, JR., and ANNA LUZ SAYCON, individually and as surviving heirs and successors in interest of MHARLOUN SAYCON (deceased), Plaintiffs vs. CITY OF LONG BEACH, ROBERT LUNA, VUONG NGUYEN, and DOES 1-20, Inclusive, Defendants. Cause No. 2:16-CV-05614, United States District Court for the Central District of California.

**57.** **Deposition:** October 17, 2017, JOSE PATINO, an individual, Plaintiff, vs. LIVE NATION ENTERTAINMENT INC., a Delaware Corporation; 4FINI, Inc., a California Corporation; ROCKSTAR BEVERAGE CORPORATION, a Nevada Corporation; and DOES 1 through 100, inclusive Defendants., Cause No. CIVDS1515083, Superior Court of California, County of San Bernardino.

**58.** **Deposition:** October 24, 2017, NICHOLAS MONTGOMERY, Plaintiff, vs. The WHISKEY BARREL, Hesperia, LLC, and DOES 1 through 20, inclusive, Defendants. Cause No. CIVDS1518148, Superior Court of California, County of San Bernardino.

**59.** **Deposition:** October 30, 2017, ESTATE OF FERAS MORAD, AMAL ALKABRA, and AMR MORAD Plaintiffs vs. CITY OF LONG BEACH, MATTHEW HERNANDEZ, ROBERT LUNA, Defendants, Cause No. 2:16-CV-06785, United States District Court for the Central District of California.

Page **10** of **51**

**60.**   **Deposition:** November 3, 2017, ARMANDO AYALA, Plaintiff, vs. STATER BROS. MARKETS, and DOES 1 TO 50, INCLUSIVE, Defendants, <u>Cause No. BC546436</u>, Superior Court of California, County of Los Angeles.

**61.**   **Deposition:** November 7, 2017, PRESTON vs. BOYER, et al., <u>Cause No. 2:16-CV-01106</u>, United States District Court for the Western District of Washington.

**62.**   **Deposition:**   November 8, 2017, TRINA KOISTRA; and LARRY FORD, Plaintiffs, vs. COUNTY OF SAN DIEGO; PLUTARCO VAIL; and DOES 1 through 50, inclusive, Defendants, <u>Cause No. 3:16-CV-02539</u>, United States District Court for the Southern District of California.

**63.**   **Deposition:**   December 5, 2017, JAMES GOOD, an individual, Plaintiff, vs. COUNTY OF LOS ANGELES; LEROY DAVID "LEE" BACA, as Former Sheriff in his individual and official capacity; JIM MCDONNELL, as Sheriff in his individual and official capacity; DEPUTY PETER NICHOLAS; DEPUTY JASON WILL, Defendants. <u>Cause No. 2:15-CV-04290</u>, United States District Court for the Central District of California.

**64.**   **Deposition:** January 8, 2018, BRYAN JOSEPH FISHER, Plaintiff, vs. COUNTY OF ORANGE; TODD CARPENTER; ROXANA ENRIQUEZ, JAVIER MARQUEZ, et al., Defendants. <u>Cause No. 8:16-CV-01866</u>, United States District Court for the Central District of California.

**65.**   **Deposition:** January 10, 2018, MICHAEL GEGENY, Plaintiff, vs. CITY OF LONG BEACH, CHIEF JIM MCDONNELL, OFFICER JOSE MANUEL RODRIGUEZ, #10153; OFFICER JUSTIN S. KRUEGER, #6152 and DOES 1 to 50, Inclusive, Defendants, <u>Cause No. BC 553047</u>, Superior Court of California, County of Los Angeles.

**66.**   **Trial Federal Court:**   January 23, 2018, JONATHAN A. GARCIA, an individual, Plaintiff, vs. UNITED STATES OF AMERICA, DRUG ENFORCEMENT ADMINISTRATION SPECIAL AGENT CHARLES VALENTINE, AND DOES 1-10, inclusive, Defendants. <u>Cause No. 2:16-cv-01664</u>, United States District Court for the Central District of California.

**67.** **Deposition:** February 8, 2018, DOMINIC ARCHIBALD, and NATHANAEL PICKETT I, AS SUCCESSORS IN INTEREST TO NATHANAEL PICKETT II, DECEASED, Plaintiff, vs. COUNTY OF SAN BERNARDINO, KYLE WOODS, WILLIAM KELSEY and DOES 2-10, INCLUSIVE, Defendants, <u>Cause No. 5:16-cv-01128,</u> United States District Court for the Central District of California.

**68.** **Deposition:** February 13, 2018, THE ESTATE OF JOHNNY MARTINEZ; PLAINTIFF, VS. COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF JIM MCDONNELL, AND DOES 1 THROUGH 50, DEFENDANTS. <u>CAUSE NO. BC 579140,</u> Superior Court of California, County of Los Angeles.

**69.** **Deposition:** February 21, 2018, TIMOTHY McKIBBEN, an individual, Plaintiff, vs. OFFICER WILLIAM KNUTH, an individual; RAYMOND COTA, in his official capacity, CITY OF SEDONA, an Arizona municipal corporation; JOHN and JANE DOES I-X, Defendants, <u>Cause No. 3:17-CV-08009,</u> United States District Court for the District of Arizona.

**70.** **Deposition:** February 23, 2018, TIFFANIE HUPP and RILEY HUPP, a minor, by and through his next friend, Tiffanie Hupp, and CLIFFORD MYERS, Plaintiffs, vs. STATE TROOPER SETH COOK and COLONEL C.R. "JAY" SMITHERS, Defendants, <u>Cause No. 2:17-CV-00926,</u> United States District Court for the Southern District of West Virginia.

**71.** **Trial Federal Court:** March 7-8, 2018, DOMINIC ARCHIBALD, and NATHANAEL PICKETT I, AS SUCCESSORS IN INTEREST TO NATHANAEL PICKETT II, DECEASED, Plaintiff, vs. COUNTY OF SAN BERNARDINO, KYLE WOODS, WILLIAM KELSEY and DOES 2-10, INCLUSIVE, Defendants, <u>Cause No. 5:16-cv-01128,</u> United States District Court for the Central District of California.

**72.** **Deposition:** April 9, 2018, ROBERT PALMER, Plaintiff, vs. CALIFORNIA HIGHWAY PATROL OFFICER IOSEFA, et al., Defendants. <u>Cause No. 1:16-CV-00787,</u> United States District Court for the Eastern District of California.

**73.** **Deposition:** April 13, 2018, JEFFREY SIHTO, Plaintiff, vs. HYATT CORPORATION; JOSE CEBALLOS; and DOES 1 through 50, Inclusive, DEFENDANTS. <u>Cause No. BC 594206,</u> Superior Court of California, County of Ventura.

Page **12** of **51**

**74.** **Deposition:** April 18, 2018, ROSWITHA M. SAENZ, Individually and on behalf of THE ESTATE OF DANIEL SAENZ, Deceased, Plaintiff, vs. G4S SECURE SOLUTIONS (USA) INC., OFFICER JOSE FLORES AND ALEJANDRO ROMERO, Defendants. Cause No. 3:14-CV-00244, United States District Court for the Western District of Texas.

**75.** **Deposition:** April 19, 2018, MILDRED MAE MENDOZA as successor-in-interest of FRANK MENDOZA, SR., et al, Plaintiffs, vs. COUNTY OF LOS ANGELES, et al, Defendants. Cause No. BC 594206, Superior Court of California, Los Angeles County.

**76.** **Trial Federal Court:** April 25, 2018, LOUIS SANCHEZ, an individual, Plaintiff, vs. DEPUTY JOSHUA RICARD, an individual, and DOES 1 through 10, inclusive, Defendants. Cause No. 5:17-CV-00339, United States District Court for the Central District of California.

**77.** **Deposition:** May 1, 2018, DOUGLAS KEVIN VEALE, individually, and as the Personal Representative for the Estate of KATHRYN JEANETTE NEW, deceased, and on behalf of the beneficiaries of the Estate including AARON JAMES NEW, KENT ROBERT MCMAHON, HEATHER JANDICE BRIGETTE NEW, PATRICK JORDAN WILLIAM NEW, and DUSTY CODY SCOGGINS, Plaintiffs, vs. WASHINGTON FUGITIVE INVESTIGATIONS, a foreign limited liability company; TWO JINN, INC., d/b/a ALADDIN BAIL BONDS, a for-profit corporation, and MARIO D. CAREY, a Washington resident, Defendants. Cause No. 17-2-08870-1, Pierce County (Washington) Superior Court.

**78.** **Deposition:** May 7, 2018, ESTATE OF JAVIER GARCIA GAONA, JR., et al., Plaintiffs, vs. CITY OF SANTA MARIA, et al., Defendants, Cause No. 2:17-CV-01983, United States District Court for the Central District of California.

**79.** **Trial State Court**: June 4, 2018, NICHOLAS MONTGOMERY, Plaintiff, vs. The WHISKEY BARREL, Hesperia, LLC, and DOES 1 through 20, inclusive, Defendants. Cause No. CIVDS1518148, Superior Court of California, County of San Bernardino.

Page 13 of 51

**80. Deposition:** June 14, 2018, C. V.; R. V., a minor, by and through his Guardian Ad Litem MIGUEL VILLEGAS; D. V., a minor, by and through his Guardian Ad Litem MIGUEL VILLEGAS; JOCELYN CASTILLO VILLEGAS and ESTATE OF BERNIE CERVANTES VILLEGAS, Plaintiffs. VS. CITY OF ANAHEIM, a California municipal entity; JOHN WELTER; NICHOLAS BENNALLACK; BRETT HEITMANN; KEVIN VOORHIS; MATTHEW ELLIS; and Does 1-10, inclusive. Cause No: 30-2017-00897184-CU-PO-CJC, Superior Court of California, County of Orange.

**81. Trial Federal Court:** July 6. 2018, ESTATE OF FERAS MORAD, AMAL ALKABRA, and AMR MORAD Plaintiffs vs. CITY OF LONG BEACH, MATTHEW HERNANDEZ, ROBERT LUNA, Defendants, Cause No. 2:16-CV-06785, United States District Court for the Central District of California.

**82. Deposition:** July 16, 2018, SHAWN EDWARD RUMENAPP, an individual; and ERICA RUMENAPP, an individual, Plaintiffs, vs. PANERA BREAD COMPANY, a Delaware corporation; PANERA, LLC, a Delaware limited liability company; SARA JAMAL ZEITOUN, an individual; JAMAL ZEITOUN, an individual; and DOES 1 through 50, inclusive, Defendants, Cause No: CIVDS 1700576, Superior Court of California, County of San Bernardino.

**83. Deposition:** July 17, 2018, Fralisa McFall, on behalf of the ESTATE OF JESSICA ANN MARIE ORTEGA, a deceased person, and her statutory beneficiaries I.S. and D.S., two minor children, Plaintiff, vs. PIERCE COUNTY, a subdivision of the State of Washington, Defendant, Cause No. 17-2-11836-8, Pierce County (Washington) Superior Court.

**84. Trial State Court**: July 20, 2018, ARMANDO AYALA, Plaintiff, vs. STATER BROS. MARKETS, and DOES 1 TO 50, INCLUSIVE, Defendants, Cause No. BC546436, Superior Court of California, County of Los Angeles.

**85. Deposition:** July 31, 2018, TOMMIE HARRIS, Individually; DERRICK EUGENE COKER, Individually; SHYWINA DIANE COLE, Individually; STEPHANIE LORRAINE WILLIAMS, Individually; JEMICA SHANDRA SPEARS, Individually, Plaintiffs, vs. GNL, CORP. d/b/a GOLD DIGGERS, a Domestic Corporation; Individually; DOE EMPLOYEES; DOES I through X; and ROE CORPORATIONS I through X, inclusive, Defendants. Cause No. A-16-741693-C, District Court, Clark County, Nevada.

Page **14** of **51**

**86.** **Deposition:** August 14, 2018, DAVID JESSEN and GRETCHEN JESSEN, Plaintiffs vs. COUNTY OF FRESNO, CITY OF CLOVIS, and DOES 1 to 100, inclusive, Defendants, Cause No. 1:17-CV-00524, United States District Court for the Eastern District of California.

**87.** **Deposition:** August 15, 2018, ARMANDO VILLANUEVA, and HORTENCIA SAINZ, INDIVIDUALLY and as successor in interest to Pedro Villanueva, deceased, and FRANCISCO OROZCO, individually, Plaintiffs vs. STATE OF CALIFORNIA; JOHN CLEVELAND; RICH HENDERSON; and DOES 1-10, inclusive, Defendants. Cause No. 8:17-CV-01302, United States District Court for the Central District of California.

**88.** **Deposition:** August 17, 2018, BRIAN O'NEAL PICKETT III, A MINOR, AND MICAH OMARI PICKETT, A MINOR, BY AND THROUGH THEIR GUARDIAN AD LITEM TAMIA GILBERT, Plaintiffs, vs. COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, AND DOES 1 THROUGH 50, INCLUSIVE, Defendants. CAUSE NO. TC028173 (Consolidated with TC028210), Superior Court of California, County of Los Angeles.

**89.** **Deposition:** August 21, 2018, ESTATE OF TASHI S. FARMER a/k/a TASHII BROWN, by and through its Special Administrator, Elia Del Carmen Solano-Patricio; TAMARA BAYLEE KUUMEALI' FARMER DUARTE, a minor, individually and as Successor-in-Interest, by and through her legal guardian, Stevandra Lk Kuanoni; ELIAS BAY KAIMIPONO DUARTE, a minor, individually and as Successor-in-Interest, by and through his legal guardian, Stevandra Kuanoni, Plaintiffs, vs. LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; OFFICER KENNETH LOPERA, INDIVIDUALLY and in his Official Capacity; and Does 1 through 50, inclusive, Defendants, Cause No. 2:17-CV-01946, United States District Court for the District of Nevada.

**90.** **Deposition:** August 24, 2018, TEAIRA SMALLWOOD, et al, Plaintiffs, vs. OFFICER JOSEPH KAMBERGER, JR., et al, Defendants, Civil Cause No. 24-C-16-005543, Circuit Court for Batimore City, Maryland.

**91.** **Deposition:** August 27, 2018, DANIEL MANRIQUEZ, Plaintiff, vs. J. VANGILDER, et al., Cause No. 16-cv-01320, United States District Court for the Northern District of California.

Page **15** of **51**

**92.** **Deposition:** September 14, 2018, ERIKA SEPULVEDA, FOR HERSELF AND ON BEHALF OF HER MINOR CHILDREN MELODY PATRICIO AND ERNESTO PATRICIO, AND MARIA CARMEN SARATE ANGELES, Plaintiffs vs. CITY OF WHITTIER, OFFICER HAUSE, OFFICER CABRAL, OFFICER MEDINA, MONETARY MANAGEMENT OF CALIFORNIA, INC. dba MONEY MART, DOLLAR FINANCIAL GROUP, INC., DFC GLOBAL CORP. fdba DOLLAR FINANCIAL U.S. INC., JOSE LOPEZ, DON MORTON, and DOES 2-10, inclusive, Defendants, Cause No. 2:17-CV-04457, United States District Court for the Central District of California.

**93.** **Deposition:** September 20, 2018, DAPHNE SMITH, an individual, Plaintiff, vs. GGP, INC., a California Corporation Dba EASTRIDGE; EASTRIDGE, a business organization, form unknown; GENERAL GROWTH PROPERTIES, INC, a Delaware Corporation dba EASTRIDGE; and DOES 1-50, inclusive, Defendants. Cause No. 2015-1-CV-283003. ABM ONSITE SERVICES-WEST, INC., Cross-Complainants, vs. ALLIED BARTON SECURITY SERVICES, LP; AND DOES 1-20, Cross-Defendants, Superior Court of California, County of Santa Clara.

**94.** **Deposition:** September 24, 2018, TIMOTHY GRISMORE, an individual; XAVIER HINES, an individual, Plaintiffs, vs. CITY OF BAKERSFIELD, a municipality; OFFICER MELENDEZ, an individual; OFFICER LUEVANO, an individual; OFFICER POTEETE, an individual; OFFICER CLARK, an individual; OFFICER McINTYRE, an individual; OFFICER VASQUEZ, an individual; OFFICER BARAJAS, an individual; SERGEANT McAFEE, an individual; and DOES 1-10, inclusive, Defendants. Cause No. 1:17-CV-00413, United States District Court for the Eastern District of California.

**95.** **Deposition:** September 25, 2018, CAROLYN GIUMMO and ANTHONY S. HILL, SR., Individually and as Surviving Parents and as Personal Representatives of the Estate of ANTHONY H. HILL, Plaintiffs, vs. ROBERT OLSEN, individually and in his official capacity as a law enforcement officer for DeKalb County Police Department; and the COUNTY OF DEKALB, GEORGIA, a municipal corporation, Defendants. Cause No. 1:15-CV-03928, United States District Court for the Northern District of Georgia.

**96.** **Deposition:**   September 26, 2018, MARIA ADAME, in her individual capacity; CLARISA ABARCA, as a parent of minor child; C.A., in her individual capacity, and the ESTATE OF DEREK ADAME, as statutory beneficiaries of the claim for wrongful death of Derek Adame, deceased, Plaintiffs, vs. CITY OF SURPRISE, SURPRISE POLICE DEPARTMENT, OFFICER JOSEPH GRUVER and OFFICER SHAUN MCGONIGLE, Defendants. Cause No. 2:17-CV-03200, United States District Court for the District of Arizona.

**97.** **Deposition:** October 17, 2018, BRIAN A. RAMIREZ, Plaintiff, vs. COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, OFFICER RYAN N. VICE, and DOES 1 through 10, Inclusive, Defendants. Cause No. 2:17-CV-01868, United States District Court for the Eastern District of California.

**98.** **Deposition:**   October 18, 2018, RONEY COFFMAN, Plaintiff, vs. LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; COUNTY OF LOS ANGELES; FRAY MARTIN LUPIAN, DOES 1 TO 20, Defendants, Cause No. BC653479, Superior Court of California, County of Los Angeles.

**99.** **Deposition:** October 23, 2018, ROBERT PROVOST, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ERIC PROVOST, PLAINTIFF, vs. CITY OF ORLANDO, A FLORIDA MUNICIPAL CORPORATION, POLICE OFFICER SONJA SAUNDERS AND POLICE OFFICER TINO CRUZ IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES, DEFENDANTS. Cause No. 6:17-CV-02133, United States District Court for the Middle District of Florida.

**100.** **Deposition:**   October 24, 2018, ANGELA AINLEY, individually and as successor-in-interest for KRIS JACKSON, deceased; PATRICK JACKSON, individually and as successor-in-interest for KRIS JACKSON, Deceased, Plaintiff, vs. CITY OF SOUTH LAKE TAHOE, a public entity; JOSHUA KLINGE, individually and as a police officer for the City of South Lake Tahoe; City of South Lake Tahoe Chief of Police BRIAN UHLER, individually; and DOES 2 through 10, Jointly and Severally, Defendants. Cause No. 2:16-CV-00049, United States District Court for the Eastern District of California.

**101.** **Trial Federal Court**:   October 29, 2018, ROBERT PALMER, Plaintiff, vs. CALIFORNIA HIGHWAY PATROL OFFICER IOSEFA, et al., Defendants. Cause No. 1:16-CV-00787, United States District Court for the Eastern District of California.

**102.** **Deposition:** November 9, 2018, KIMBERLY J. ZION, individually and as successor in interest to CONNOR ZION, Plaintiff, vs. COUNTY OF ORANGE, MICHAEL HIGGINS and DOES 1 through 10, inclusive, Defendants. Cause No. 8:14-cv-01134, United States District Court for the Central District of California.

**103.** **Deposition**: November 11, 2018, DONNA HUFF, Plaintiff, vs. THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; THE COUNTY OF LOS ANGELES; DEPUTY GREG WHALEN (EMPLOYEE NO. 476475), OFFICER MICHAEL REYNOLDS (EMPLOYEE NO. 519952) and DOES 1 through 10, Inclusive, Defendants. Cause No. 2:16-CV-01733, United States District Court for the Central District of California.

**104.** **Deposition:** November 15, 2018, MERLIN OFFSHORE INTERNATIONAL, a California Corporation, et al., Plaintiffs, vs. ADVANCED RESERVATIONS SYSTEMS, INC., a California corporation, et al., Defendants.   Cause No. SC12580, Superior Court of California, County of Los Angeles.

**105.**   **Trial State Court:**   December 5, 2018, C. V.; R. V., a minor, by and through his Guardian Ad Litem MIGUEL VILLEGAS; D. V., a minor, by and through his Guardian Ad Litem MIGUEL VILLEGAS; JOCELYN CASTILLO VILLEGAS and ESTATE OF BERNIE CERVANTES VILLEGAS, Plaintiffs. VS. CITY OF ANAHEIM, a California municipal entity; JOHN WELTER; NICHOLAS BENNALLACK; BRETT HEITMANN; KEVIN VOORHIS; MATTHEW ELLIS; and Does 1-10, inclusive. CAUSE No: 30-2017-00897184-CU-PO-CJC, Superior Court of California, County of Orange.

**106.**   **Deposition:**   December 19, 2018, VICTOR GARCIA, Plaintiff vs. REAL HOSPITALITY, INC., dba MARTINI'S FEEL GOOD LOUNGE; DYLAN OXFORD, and DOES 1-100, Inclusive, Defendants. Cause No. BCV-16-102039, Superior Court of California, County of Kern.

**107.**   **Trial Federal Court**:   January 15, 2019, KIMBERLY J. ZION, individually and as successor in interest to CONNOR ZION, Plaintiff, vs. COUNTY OF ORANGE, MICHAEL HIGGINS and DOES 1 through 10, inclusive, Defendants. Cause No. 8:14-cv-01134, United States District Court for the Central District of California.

**108.**   **Deposition:**   January 18, 2019, DYLAN KINNEY, individually and on behalf of the ESTATE OF REGINA ANNAS, a deceased person; RACHEL HOLLAND, individually, Plaintiffs, vs. PIERCE COUNTY, a subdivision of the State of Washington, Defendant, Cause No. 18-2-07321-4, Pierce County (Washington) Superior Court.

**109.**   **Deposition:**   January 22, 2019, GWENDOLYN WOODS, individually and as Successor in Interest to Decedent MARIO WOODS, PLAINTIFF, vs. CITY AND COUNTY OF SAN FRANCISCO; a municipal corporation, et al, DEFENDANTS. Cause No. 3:15-CV-05666, United States District Court for the Northern District of California.

**110.**   **Deposition:**   January 24, 2019, JANICE SLY, individually and as Successor in Interest to ISAAC JERMAINE KELLY, deceased, and CHARLES ROY, individually and as Successor in Interest to ISAAC JERMAINE KELLY, deceased, Plaintiffs, vs. LMV II AFFORDABLE, L.P., a California Limited Partnership doing business as MEADOWVIEW II APARTMENTS; FWC REALTY SERVICES CORPORATION, a Delaware Corporation; CBR PROPERTY MANAGEMENT LLC, a California Corporation; STEVEN RAY DILLICK JR., an individual; and DOES 1 through 50, inclusive, Defendants. Cause No. RIC1601732, Superior Court of California, County of Riverside.

**111.**   **Trial Federal Court:**   January 29, 2019, TRINA KOISTRA; and LARRY FORD, Plaintiffs, vs. COUNTY OF SAN DIEGO; PLUTARCO VAIL; and DOES 1 through 50, inclusive, Defendants, Cause No. 3:16-CV-02539, United States District Court for the Southern District of California.

**112.**   **Deposition:**   February 7, 2019, ANTHONY ECONOMUS, Plaintiff, vs. CITY AND COUNTY OF SAN FRANCISCO; a municipal corporation, et al, City of San Francisco Police Officer; DOES 1-50 INCLUSIVE, Defendants, Cause No. 4:18-CV-01071, United States District Court for the Northern District of California.

**113.**   **Deposition:**   February 11, 2019, GABRIEL LAKATOSH, on behalf of himself and all others similarly situated, Plaintiff, vs. TECHTRONIC INDUSTRIES COMPANY, LTD; MILWAUKEE ELECTRIC TOOL CORPORATION; THE HOME DEPOT, INC.; and DOES 1-10, inclusive, Defendants, Cause No. BC712875, Superior Court of California, County of Los Angeles.

Page **19** of **51**

**114. Deposition:** February 13, 2019. JOSE VILLEGAS, an individual; MARIA VILLEGAS, an individual; ALDO VILLEGAS, a minor, by and through his guardian ad litem, Plaintiffs, vs. COUNTY OF SAN BERNARDINO, a governmental entity; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, a governmental entity; RYAN CONNER, an individual; PAUL KOWALSKI, an individual; and DOES 1-100, inclusive, Defendants. Cause No. CIVDS1606504, Superior Court of California, County of San Bernardino.

**115. Deposition:** February 14, 2019, S.A.C A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, KAREN NUNEZ VELASQUEZ, INDIVIDUALLY AND AS SUCCESSOR INTEREST TO JONATHON CORONEL, AND MARIA B. CORONEL, AN INDIVIDUAL, PLAINTIFFS, vs. COUNTY OF SAN DIEGO, AN ENTITY; CHRISTOPHER VILLANUEVA AN INDIVIDUAL; AND DOES 1 THROUGH 10, INCLUSIVE, DEFENDANTS. Cause No. 17CV1459-WQH-AGS, United States District Court for the Southern District of California.

**116. Deposition:** February 28, 2018, FERMIN VINCENT VALENZUELA, Plaintiff, vs. CITY OF ANAHEIM, et al., Defendants, Cause No. 8:17-CV-00278, United States District Court for the Central District of California.

**117. Deposition:** March 7, 2019, K.C., a minor, by and through her guardian ad litem Carolina Navarro; A.S., a minor, by and through her guardian ad litem Araceli Saenz; K.C., by and through her guardian ad litem Amber Neubert; JACQUELINE LAWRENCE; KEITH CHILDRESS, SR., in each cause individually and as successor in interest to Keith Childress, Jr., deceased; and JACQUELINE LAWRENCE as administrator of the ESTATE OF KEITH CHILDRESS, JR., Plaintiffs, vs. LAS VEGAS METROPOLITAN POLICE DEPARTMENT; UNITED STATES OF AMERICA DEPARTMENT OF JUSTICE; ROBERT BOHANON; BLAKE WALFORD; JAMES LEDOGAR; BRIAN MONTANA; and DOES 2-10, inclusive, Defendants. Cause No. 2:16-CV-03039, United States District Court for the District of Nevada.

Page **20** of **51**

**118.** **Deposition:** March 13, 2019, BAO XUYEN LE, INDIVIDUALLY, and as the Court appointed PERSONAL REPRESENTATIVE OF THE ESTATE OF TOMMY LE, HOAI "SUNNY" LE, Tommy Le's Father, DIEU HO, Tommy Le's Mother, UYEN LE and BAO XUYEN, Tommy Le's Aunts, KIM TUYET LE, Tommy Le's Grandmother, and QUOC NGUYEN, TAM NGUYEN, DUNG NGUYEN, JULIA NGUYEN AND JEFFERSON NGUYEN, Tommy Le's Siblings, Plaintiffs, vs. MARTIN LUTHER KING JR. COUNTY as sub-division of the STATE OF WASHINGTON, and KING COUNTY DEPUTY SHERIFF CESAR MOLINA. Defendants. Cause No. 2:18-CV-00055, United States District Court for the Western District of Washington.

**119.** **Deposition:** March 19, 2019, MICHAEL WILLIAM FONG, M.D., an individual, Plaintiffs, vs. COUNTY OF LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; VIRIDIANA PEREZ; AND DOES 1 THROUGH 20, Inclusive, Defendants. Cause No. BC630745, Superior Court of California, County of Los Angeles.

**120.** **Deposition:** March 27, 2019, KATHY CRAIG, and GARY WITT, individually and as successor-in-interest to BRANDON LEE WITT, deceased, Plaintiffs, vs. COUNTY OF ORANGE, and NICHOLAS PETROPULOS, an individual, and DOES 1-10, inclusive, Defendants. Cause No. 8: 17-CV-00491, United States District Court for the Central District of California.

**121.** **Deposition:** April 4, 2019, PATRICK J. CAVANAUGH, Plaintiff, vs. DONNY YOUNGBLOOD, Kern County Sheriff; BRIAN HULL, Classifications/Gang Unit Sergeant; JOSH JENNINGS, Lerdo Pre-Trial Facility Classification/Gang Unit Deputy; OSCAR FUENTEZ, Lerdo Pre-Trial Facility Classification/Gang Unit Deputy; DAVID K. FENNELL, M.D., Medical Director, Atascadero State Hospital; DAVID LANDRUM, Chief, Office of protective Services, Atascadero State Hospital; CHRISTOPHER GUZMAN; Classification/Gang Unit Officer, Atascadero State Hospital; DILLON MORGAN, Classification/Gang Unit Officer, Atascadero State Hospital, Defendants. Cause No. 1:17-CV-00832, United States District Court for the Eastern District of California.

**122.** **Deposition:** April 12, 2019, TATYANA HARGROVE, Plaintiff, vs. CITY OF BAKERSFIELD, BAKERSFIELD POLICE DEPARTMENT OFFICER CHRISTOPHER MOORE, BAKERSFIELD POLICE DEPARTMENT SENIOR OFFICER GEORGE VASQUEZ, and DOES 1-10, inclusive, Defendants. Cause No. 1:17-CV-01743, United States District Court for the Eastern District of California.

Page **21** of **51**

**123. Trial Federal Court:** April 25, 2019, KATHY CRAIG, and GARY WITT, individually and as successor-in-interest to BRANDON LEE WITT, deceased, Plaintiffs, vs. COUNTY OF ORANGE, and NICHOLAS PETROPULOS, an individual, and DOES 1-10, inclusive, Defendants. Cause No. 8:17-CV-00491, United States District Court for the Central District of California.

**124. Deposition:** May 21, 2019, DEMETRIC FAVORS, Plaintiff, vs. CITY OF ATLANTA, a municipal corporation of the State of Georgia, Defendant. Cause No. 1:17-CV-03996, United States District Court for the Northern District of Georgia.

**125. Deposition:** May 28, 2019, JESSE MONTELONGO, an individual; VICTORIA MONTELONGO, an individual; THERESA LOZANO an individual; J.M., a minor, by and through his Guardian Ad Litem, RUBY MORALES; E.M., a Minor, by and through his Guardian Ad Litem RUBY MORALES; ALE. M., a minor by and through her Guardian Ad Litem, ADOLFO GONZALEZ; ALI. M., a minor by and through her Guardian Ad Litem, ADOLFO GONZALEZ; ALA. M., a minor by and through her Guardian Ad Litem, ADOLFO GONZALEZ, Plaintiffs, vs. THE CITY OF MODESTO, a municipal corporation; DAVE WALLACE, individually and in his capacity as an officer for the CITY OF MODESTO Police Department; and DOES 1-25, DEFENDANTS. Cause No. 1:15-CV-01605, United States District Court for the Eastern District of California.

**126. Deposition:** May 30, 2019, STAN SEVERI and MYRANDA SEVERI, Plaintiffs, vs. COUNTY OF KERN; KERN COUNTY SHERIFF DONNY YOUNGBLOOD, in his individual capacity; DEPUTY GABRIEL ROMO, in his individual capacity; AND DOES 1 to 10, inclusive, in their individual capacities, Defendants. Cause No. 1:17-CV-00931, United States District Court for the Eastern District of California.

**127. Deposition:** June 12, 2019, ANDRE THOMPSON, a single man; and BRYSON CHAPLIN, a single man, Plaintiffs, vs. CITY OF OLYMPIA, a municipal corporation and local government entity; and RYAN DONALD AND "JANE DOE" DONALD, individually and the marital community comprised thereof, Defendants. Cause No. 3:18-cv-05267, United States District Court for the Western District of Washington.

**128. Deposition:** June 14, 2019, PRESTON vs. BOYER, et al., Cause No. 2:16-CV-01106, United States District Court for the Western District of Washington.

**129. Trial Federal Court:** June 20, 2019, DANIEL MANRIQUEZ, Plaintiff, vs. J. VANGILDER, et al., Cause No. 16-cv-01320 HSG (PR), United States District Court for the Northern District of California.

**130. Deposition:** June 25, 2019, LISA G. FINCH, Individually, as Co-Administrator of the Estate of Andrew Thomas Finch, deceased, and as Next Friend of her minor granddaughter, AF; DOMINICA C. FINCH, as Co-Administrator of the Estate of Andrew Thomas Finch, deceased; and ALI ABDELHADI, Plaintiffs, vs. CITY OF WICHITA, KANSAS; JOHN DOE POLICE OFFICERS 1-10, Defendants. Cause No. 18-CV-01018, United States District Court for the District of Kansas.

**131. Deposition:** June 28, 2019, PAMELA ANDERSON, Individually and as Independent Administrator of the Estate of JAMES ANDERSON, deceased, Plaintiff, vs. CITY OF CHICAGO, a Municipal Corporation, and OFFICER CHRISTOPHER RAMEY, individually and as agent, servant and employee of the CITY OF CHICAGO, Defendants, (Cause No. 16 L 003346), Circuit Court of Cook County, Illinois.

**132. Deposition:** July 2, 2019, BRIDGET BRYDEN, Plaintiff, vs. CITY OF SANTA BARBARA; and DOES 1 to 50, Cause No. 17CV01529, Superior Court of California, County of Santa Barbara.

**133. Trial State Court:** July 3, 2019, JANICE SLY, individually and as Successor in Interest to ISAAC JERMAINE KELLY, deceased, and CHARLES ROY, individually and as Successor in Interest to ISAAC JERMAINE KELLY, deceased, Plaintiffs, vs. LMV II AFFORDABLE, L.P., a California Limited Partnership doing business as MEADOWVIEW II APARTMENTS; FWC REALTY SERVICES CORPORATION, a Delaware Corporation; CBR PROPERTY MANAGEMENT LLC, a California Corporation; STEVEN RAY DILLICK JR., an individual; and DOES 1 through 50, inclusive, Defendants. Cause No. RIC1601732, Superior Court of California, County of Riverside.

**134. Deposition:** July 8, 2019, WENDY LAGUNA, individually and as The Successor in Interest of the ROBERT CAMACHO Estate, Deceased, Plaintiff, vs. COMMUNITY PROTECTIVE SERVICES, Aa California Corporation; AUSTIN HOUSIGN PATROL, a California Business entity of unknown form; WHEELER STEFFEN PROPERTY MANAGEMENT, a California business entity of unknown form; and DOES 1 through 100, inclusive, Defendants. Cause No. CIVDS1516654, Superior Court of California, County of San Bernardino.

**135.** <u>**Deposition:**</u>   July 17, 2019, DAVID STEININGER, an individual, Plaintiff, vs. MARIPOSA GRILL AND CANTINA, INC., an FTB Suspended California Corporation; and DOES 1-50, Defendants. <u>Cause No. BC 689374</u>, Superior Court of California, County of Los Angeles.

**136.**   <u>**Trial State Court:**</u>   July 29, 2019, WENDY LAGUNA, individually and as The Successor in Interest of the ROBERT CAMACHO Estate, Deceased, Plaintiff, vs. COMMUNITY PROTECTIVE SERVICES, Aa California Corporation; AUSTIN HOUSIGN PATROL, a California Business entity of unknown form; WHEELER STEFFEN PROPERTY MANAGEMENT, a California business entity of unknown form; and DOES 1 through 100, inclusive, Defendants. <u>Cause No. CIVDS1516654</u>, Superior Court of California, County of San Bernadino.

**137.**   <u>**Deposition:**</u>   August 13, 2019, LISA G. FINCH, Individually, as Co-Administrator of the Estate of Andrew Thomas Finch, deceased, and as Next Friend of her minor granddaughter, AF; DOMINICA C. FINCH, as Co-Administrator of the Estate of Andrew Thomas Finch, deceased; and ALI ABDELHADI, Plaintiffs, vs. CITY OF WICHITA, KANSAS; JOHN DOE POLICE OFFICERS 1-10, Defendants. <u>Cause No. 18-CV-01018</u>, United States District Court for the District of Kansas.

**138.**   <u>**Trial State Court:**</u>   September 6, 2019, PAMELA ANDERSON, Individually and as Independent Administrator of the Estate of JAMES ANDERSON, deceased, Plaintiff, vs. CITY OF CHICAGO, a Municipal Corporation, and OFFICER CHRISTOPHER RAMEY, individually and as agent, servant and employee of the CITY OF CHICAGO, Defendants, <u>Cause No. 16 L 003346,</u> Circuit Court of Cook County, Illinois.

**139.**   <u>**Trial Federal Court:**</u> September 25, 2019, ANDRE THOMPSON, a single man; and BRYSON CHAPLIN, a single man, Plaintiffs, vs. CITY OF OLYMPIA, a municipal corporation and local government entity; and RYAN DONALD AND "JANE DOE" DONALD, individually and the marital community comprised thereof, Defendants. <u>Cause No. 3:18-cv-05267,</u> United States District Court for the Western District of Washington.

**140.**   <u>**Deposition:**</u>   October 1, 2019, RUSSELL MANNING, Plaintiff, vs. CITY OF PALM SPRINGS, PALM SPRINGS POLICE DEPARTMENT, COUNTY OF RIVERSIDE, OFFICER MATT OLSON, DOES 1 to 100, inclusive, Defendants. <u>Cause No. PSC 1704634,</u> Superior Court of California, County of Riverside.

**141. Deposition:** October 10, 2019, ESTATE OF TYLER S. RUSHING, et al., Plaintiffs, vs.AG PRIVATE PROTECTION, INC., et al., Defendants. Cause No. 2:18-CV-01692, United States District Court for the Eastern District of California.

**142. Trial Federal Court:** October 17, 2019, TATYANA HARGROVE, Plaintiff, vs. CITY OF BAKERSFIELD, BAKERSFIELD POLICE DEPARTMENT OFFICER CHRISTOPHER MOORE, BAKERSFIELD POLICE DEPARTMENT SENIOR OFFICER GEORGE VASQUEZ, and DOES 1-10, inclusive, Defendants. Cause No. 1:17-CV-01743, United States District Court for the Eastern District of California.

**143. Trial State Court:** October 22, 2019, RUSSELL MANNING, Plaintiff, vs. CITY OF PALM SPRINGS, PALM SPRINGS POLICE DEPARTMENT, COUNTY OF RIVERSIDE, OFFICER MATT OLSON, DOES 1 to 100, inclusive, Defendants. Cause No. PSC 1704634. Superior Court of California, County of Riverside.

**144. Trial State Court:** October 29, 2019, BRIDGET BRYDEN, Plaintiff, vs. CITY OF SANTA BARBARA; and DOES 1 to 50, Cause No. 17CV01529, Superior Court of California, County of Santa Barbara.

**145. Deposition:** November 1, 2019, ROGER KIRSCHENBAUM, as Administrator of the Estate of GUADALUPE OSORNIO HURTADO, deceased, and ROGER KIRSCHENBAUM, as Next Friend and Conservator for ALEXANDER OSORNIO RESENDEZ, a minor, Plaintiffs, vs. COBB COUNTY, a political Subdivision of the State of Georgia, Defendant. CIVIL ACTION FILE NO.: 18-A-963, State Court of Cobb County, Georgia.

**146. Trial Federal Court:** November 13, 2019, FERMIN VINCENT VALENZUELA, Plaintiff, vs. CITY OF ANAHEIM, et al., Defendants, Cause No. 8:17-CV-00278, United States District Court for the Central District of California.

**147. Deposition:** November 14, 2019, ABRAM AND COURTNEY CLAY, Plaintiffs, vs. SUNFLOWER DEVELOPMENT, LLC, ET AL., Defendants. Cause No. 1716-CV-22823, Circuit Court of Jackson County, Missouri.

**148.** **Deposition:** December 5, 2019, FRANK GALLARDO, PLAINTIFF, vs. BEVERLY HOSPITAL, MICHAEL JOSEPH GAXIOLA; and DOES 1 through 20, inclusive, Defendants., Cause No. BC678192, Superior Court of California, County of Los Angeles.

**149.** **Deposition:** December 18, 2019, GEORGE FAULKNER, APRIL FAULKNER, Plaintiffs, vs. BRIAN LINDERMAN, STEVEN JOYCE, JEREMY MYERS, DOES 1 TO 20, Defendants, Cause No. 37-2019-00000497-CU-PO-CTL, Superior Court of California, County of San Diego.

**150.** **Deposition:** January 6, 2020, DAVID COLEMAN, an individual, Plaintiff, vs. ESTATE OF JEROME TENHUNDFELD, DECEASED; AND DOES 1 TO 10, Defendants. Cause No. MCC 1800683, Superior Court of California, County of Riverside.

**151.** **Trial State Court:** January 16, 2020, GEORGE FAULKNER, APRIL FAULKNER, Plaintiffs, vs. BRIAN LINDERMAN, STEVEN JOYCE, JEREMY MYERS, DOES 1 TO 20, Defendants, Cause No. 37-2019-00000497-CU-PO-CTL, Superior Court of California, County of San Diego.

**152.** **Deposition:** February 13, 2020, MITCHELL LOWREY; GREGORY PERRY; NICHOLE PERRY; CYNTHIA RILEY; and LORENA RASCON, Plaintiffs, vs. NATIVIDAD MEDICAL CENTER; GARLAND GILL, R.N., MICHAEL MOELLER, M.D.; EUGENE RODRIGUEZ as a nominal defendant; DAVID WILLIAMS as a nominal defendant; COUNTY OF MONTEREY; STATE OF CALIFORNIA; FIRST ALARM SECURITY AND PATROL INC., and DOES 1-50, Inclusive, Defendants. Cause No. M129305, Superior Court of California, County of Monterey.

**153.** **Deposition:** February 19, 2020, RUDY GONZALEZ, Plaintiff, vs. STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, RAYMOND CHAVEZ, BRADLEY KEMP, Does 1 to 20, Defendant(s). Cause No. RIC1804244, Superior Court of California, County of Riverside.

**154.** **Deposition:** February 24, 2020, BRIAN O'NEAL PICKETT III, A MINOR, AND MICAH OMARI PICKETT, A MINOR, BY AND THROUGH THEIR GUARDIAN AD LITEM TAMIA GILBERT, Plaintiffs, vs. COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, AND DOES 1 THROUGH 50, INCLUSIVE, Defendants. CAUSE NO. TC028173, Consolidated with TC028210, Superior Court of California, County of Los Angeles.

Page **26** of **51**

**155.  Deposition:** February 28, 2020, ODILA PENALOZA, INDIVIDUALLY AND AS SUCESSOR IN INTEREST TO ERICK AGUIRRE; AND SAMANTHA GOODE, AN INDIVIDUAL, PLAINTIFFS, vs. CITY OF RIALTO; JARROD ZIRKLE; MATTHEW LOPEZ AND DOES 1-10, INCLUSIVE, DEFENDANTS. Cause No. 5:19-CV-01642, United States District Court for the Central District of California.

**156.   Trial Federal Court:**   March 5, 2020, ODILA PENALOZA, INDIVIDUALLY AND AS SUCESSOR IN INTEREST TO ERICK AGUIRRE; AND SAMANTHA GOODE, AN INDIVIDUAL, PLAINTIFFS, vs. CITY OF RIALTO; JARROD ZIRKLE; MATTHEW LOPEZ AND DOES 1-10, INCLUSIVE, DEFENDANTS. Cause No. 5:19-CV-01642, United States District Court for the Central District of California.

**157.  Deposition:**   March 12, 2020, MARLON JOHNSON, an individual, Plaintiff, vs. COUNTY OF SAN BERNARDINO; SAN BERNARDINO SHERIFF'S DEPARTMENT; SHERIFF JOHN MCMAHON; DEPUTY ALEJANDRO RAMOS; DEPUTY MATTHEW BALTIERRA; DEPUTIES Does 1 through 5; and DOES 6 through 10, Inclusive, Defendants. Cause No. 5:18-CV-02523, United States District Court for the Central District of California.

**158.  Deposition:**   April 27, 2020, EDWARD BRIAN BOOKER, Plaintiff, vs. POLICE OFFICER ANTHONY WONG SHUE, POLICE OFFICER LUIS MATEO and POLICE SERGEANT WILLIAM C., in their individual capacities, Defendants. Cause No. 6:19-CV-00773, United States District Court for the Middle District of Florida.

**159.  Deposition:**   May 1, 2020, RACHEL FEAR; SARAH FEAR; STEVEN FEAR; BETTY LONG; AND LORI CHEVOYA, DEFENDANTS, vs. ALEX GEIGER; CITY OF EXETER POLICE DEPARTMENT, CITY OF GROVER BEACH; CITY OF GROVER BEACH POLICE DEPARTMENT; CHRISTOPHER BELAVIC; MONICA BELAVIC; AND DOES 1 THROUGH 100, INCLUSIVE, DEFENDANTS.  Cause No. 17CV-0529, Superior Court of California, County of San Luis Obispo.

**160.  Deposition:** May 21, 2020, JOHN BOWLES, individually, Plaintiff, vs. CITY OF SAN JOSE; TODD AH YO; WILLIAM WOLFE; ERICK ENDERLE, and DOES 1-10, inclusive, Defendants. Cause No. 5:19-CV-01027, United States District Court for the Northern District of California.

**161.** **Deposition:** July 6, 2020, JEAN HENDERSON, as next friend, and guardian of and for CHRISTOPHER DEVONTE HENDERSON, Plaintiff, vs. HARRIS COUNTY, TEXAS; and ARTHUR SIMON GARDUNO, Defendants. Cause No. 4:18-CV-02052, United States District Court for the Southern District of Texas.

**162.** **Deposition:** July 10, 2020, ANGEL JOSE VELASCO, Plaintiff, vs. CITY OF EL MONTE, CITY OF BALDWIN PARK; CORPORAL DANNY TATE; OFFICER ERNEST BARRIOS; and DOES 1 to 10, Inclusive, Defendants. Cause No. 2:19-CV-07956, United States District Court for the Central District of California.

**163.** **Deposition**: August 25, 2020, RHONDA HAGOOD, Plaintiff, vs. KERN COUNTY, a California municipal entity; NICK EVANS, an individual; TODD NEWELL, an individual; and DOES 1 THROUGH 10, Inclusive, Defendants. Cause No. 1:18-CV-01092, United States District Court for the Eastern District of California.

**164.** **Deposition:** August 31, 2020, S.S.L., A MINOR, by and through his Guardian Ad Litem MARISSA J. LOPEZ AVILA as an individual and heir-at-law; S.S.L., A Minor, by and through his Guardian Ad Litem MARISSA J. LOPEZ AVILA as Successor in Interest to SERGIO SILVA-CARVAJAL, aka SERGIO SILVA, Plaintiffs, vs. COUNTY OF LOS ANGELES; JOHN APOSOTOL, an individual; and DOES 1 through 10, Inclusive, Defendants.  Case No. 2-17-CV-05544-TJH-AGR, United States District Court for the Central District of California.

**165.** **Deposition:** October 09, 2020, M.H. C., a minor, by and through his guardian ad litem, ANNA CANO, Plaintiffs, vs. COUNTY OF LOS ANGELES; LOS ANGELES COUNTY PROBATION CHIEF TERRI MCDONALD, in her individual and official capacity; and DOES 1 through 20, inclusive, Defendants. Case No. 2:18-cv-08305-MWF-AFM, United States District Court for the Central District of California.

**166.** **Deposition:** October 20, 2020, ANTHONY THOMAS, Plaintiff, vs. CITY OF CONCORD; OFFICER DAVID SAVAGE (Badge No. 360); OFFICER DANIEL WALKER; CORPORAL CHRISTOPHER BLAKELY (Badge No. 491); SERGEANT TODD STROUD; and DOES 1-50, Defendants.  Case No. 3:18-cv-07484-EDL, United States District Court for the Northern District of California.

**167. Deposition:** October 23, 2020, Mussalina Muhaymin, as Personal Representative of the Estate of Muhammad Abdul Muhaymin Jr., Plaintiff. vs. City of Phoenix, an Arizona Municipal Corporation; Antonio Tarango; Officer Oswald Grenier; Officer Kevin McGowan; Officer Jason Hobel; Officer Ronaldo Canilao; Officer David Head; Officer Susan Heimbigner; Officer James Clark; Officer Dennis Leroux; Officer Ryan Nielsen; Officer Steven Wong; and Does Supervisors 1-5, Defendants, Case No. 17-cv-04565-PHX-SMB, United States District Court for the District of Arizona.

**168. Deposition:** November 18, 2020, JOSEPH FOSHEE, Plaintiff, vs. CITY OF GILROY; ROBERT ZUNIGA; and DOES 1-10, inclusive, Defendants. Case No. 5:20-cv-00132, United States District Court for the Northern District of California.

**169. Deposition:** November 30, 2020, DEBRA BRAVO and FRED BRAVO, Plaintiffs, vs. DEFENSE LOGISTICS SPECIALIST CORPORATION, a California corporation, NICK CARTER, an individual, and Does One through Twenty, inclusive, Defendants. Case No. CIV MSC16-00194, Superior Court of California, Contra Costa County.

**170. Deposition:** December 16, 2020, LISA VARGAS, Plaintiff, vs. COUNTY OF LOS ANGELES, NIKOLIS PEREZ, JONATHAN ROJAS, and DOES 1 through 10, inclusive, Defendants. Case No. 2:19-cv-03279-PSG-AS, Unites States District Court, Central District of California.

**171. Deposition:** January 6, 2021, ESTATE OF ALEJANDRO SANCHEZ and BERTHA SANCHEZ, Plaintiffs. vs. COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, ADAM CHRISTENSEN, SHANE ROHN, BRETT BABBITT, EUGENE DAY, JUSTIN CAMARA, JOSEPH KNITTEL, ZEBEDEE POUST, HECTOR LONGORIA, and DOES 8 to 50, Defendants, (Case No. 1:18-cv-00977-DAD-BAM), United States District Court for the Eastern District of California.

**172. Deposition:** January 8, 2021, KATRINA EISINGER, an individual; GREGORY J. EISINGER, an individual, Plaintiffs, vs. CITY OF ANAHEIM, Police Chief JORGE CISNEROS, in his Individual and OFFICIAL capacity, DOES 1-100, Inclusive, Defendants, (Case No. 30-02018-01035259-CU-PA-CJC), superior Court of California, Orange County.

Page **29** of **51**

**173.   Deposition:** January 13, 2021, ANGELA JANELL BURROWS, individually and as independent administrator of, and on behalf of, the ESTATE OF STEPHANIE GONZALES and STEPHANIE GONZALES' heirs-at-law, Plaintiff, vs. MIDLAND COUNTY, TEXAS; GEORGE DARRELL RHEA; MATTHEW FRANCIS GROESSEL; MONICA MARIE ALLEN; CITY OF MIDLAND, TEXAS; and BLAKE ALLEN BLANSCETT, Defendants. CIVIL ACTION NO. 7:20-CV-00062-DC, United States District Court for the Western District of Texas.

**174.   Deposition:** January 18, 2021, REYNA ANGELITA AMEZCUA, an individual, Plaintiff, vs. MCDONALD'S CORPORATION; MCDONALD'S STORE #640; MCRU INCORPORATED; TOP WATCH SECURITY; HASHEM MOHAMMAD; and DOES 1through 30, inclusive, Defendants.   Case Number BC724108, Superior Court of the State of California for the County of Los Angeles-Long Beach.

**175.   Deposition:** February 3, 2021, ISMAEL RAMIREZ, an individual, Plaintiff, vs. NELSON RESTAURANT GROUP, INC., A California corporation; JULIAN NELSON, an individual; and DOES 1 through 20, Defendants. Case No. MCC18800814, Superior Court of the State of California, for the County of Riverside-Southwest District.

**176.   Deposition:** February 11, 2021, ESTATE OF EDWARD LOWELL HILLS; JOSHUA HILLS, individually and as the Personal Representative of the ESTATE OF EDWARD LOWELL HILLS, Plaintiff, vs. MICHAEL J. GENTRY, et al., Defendants, Case No. 3:19-cv-05634-RBL, Western District of Washington at Tacoma.

**177.   Deposition:** February 22, 2021, OMAR GOMEZ, individually, Plaintiff, vs. CITY OF SANTA CLARA; JORDAN FACHKO; and DOES 1-10, inclusive, Defendants, Case No. 5:19-cv-05266-LHK, Northern District of California.

**178.   Deposition:** February 25, 2021, Noel Hall and Christina Hall, Plaintiffs, vs. City of Atlanta, a municipal corporation of the State of Georgia; GEORGE N. TURNER, in his individual capacity as former Chief of Police of the City of Atlanta Police Department and MATHIEU CADEAU, in his individual capacity as former Police Officer of the City of Atlanta Police Department, Defendants. Civil Action File No. 1:18-cv-4710, Northern District of Georgia, Atlanta Division.

Page **30** of **51**

179.  **Deposition:**   March 5, 2021, STEVEN RICHARD ALLGOEWER, Plaintiff, vs. CITY OR TRACY; TRACY POLICE DEPARTMENT; TRACY POLICE CHIEF DAVID KRAUSS; TRACY POLICE DEPARTMENT OFFICER N. MEJIA, ID NO. 1233; TRACY POLICE DEPARTMENT OFFICER T. FREITAS, ID NO. 1250; and DOES 1 THROUGH 20, INCLUSIVE, Defendants. Case No. STK-CV-UCE-2008-0011184, Superior Court of California, County of San Joaquin.

180.  **Deposition:**   March 9, 2021, AMANDA SOMMERS; and RICHARD SOMMERS, Plaintiffs, vs. CITY OF SANTA CLARA; COLIN STEWART; and DOES 1-25, Defendants, Case No. 5:17-cv-04469 BLF, United States District Court, Northern District of California.

181.  **Deposition**: March 12, 2021, KYRA BERNHARDT, in her individual capacity as a Personal Representative of THE ESTATE OF GENE BERNHARDT aka MERVYN GENE BERNHARDT, Plaintiff, vs. COUNTY OF HAWAI, STANLEY KAINA, in his individual capacity and as a Police Officer of the Hawaii Police Department, JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE UNINCORPORATED ORGANIZATIONS 1-10. Case No. CV19-00209 DKW-KJM, Unites States District Court, District of Hawaii.

182.  **Deposition:** March 17, 2021, CINDY M. ALEJANDRE; and DAVID GONZALEZ II as Co-Successors-in-Interest to Decedent David Gonzalez III, Plaintiffs, vs. COUNTY OF SAN JOAQUIN, a municipal corporation, et. al., Defendants. Case Number: 2:19-cv-00233-WBS-KJN, United States District Court, Eastern District of California.

183.  **Deposition:** March 26, 2021, TYLER GRIFFIN, Plaintiff, vs. CITY OF ATLANTA, DONALD VICKERS, MATTHEW ABAD, and JOHN DOE's #1-5, Defendants. Civil Action File No. 1:20-cv-02514-TWT, Northern District of Georgia, Atlanta Division.

**184.  Deposition:**  March 29, 2021, CLIFTON PLEASANT, JR., an individual and successor-in-interest of CLIFTON PLEASANT, SR., deceased, Plaintiff, vs. HUMBERTO MIRANDA, an individual; TARRON BROADWAY, an individual; UNIDENTIFIED DEPUTIES, individuals; CITY OF VICTORVILLE, a public entity; COUNTY OF SAN BERNARDINO, a public entity; MILES KOWALSKI, an individual, Defendants, Case No. 5:20-cv-00675-JGB-SHK, United States District Court, Central District of California.

**185.  Trial State Court:** April 6-7, 2021, KATRINA EISINGER, an individual; GREGORY J. EISINGER, an individual, Plaintiffs, vs. CITY OF ANAHEIM, Police Chief JORGE CISNEROS, in his Individual and OFFICIAL capacity, DOES 1-100, Inclusive, Defendants. (Case No. 30-2018-0101-35259-CU-PA-CJC), Superior Court of California, County of Orange.

**186.  Deposition:** April 22, 2021, Darrell Allen, Sr. and Mary V. Jennings, Plaintiffs, vs. County of San Bernardino, San Bernardino County Sheriff-Coroner John McMahon, Kyle Schuler, Jared Rodgers, inclusive, Defendants. Case Number: 5:20-cv-00283-JFW (SHKx), United States District Court, Central District of California.

**187.  Deposition:** May 10, 2021, FRANCES EARLINE SIMS, INDIVIDUALLY AND AS DEPENDENT ADMINISTRATOR OF THE ESTATE OF STEVEN MITCHELL QUALLS; Plaintiff, vs. CITY OF JASPER TEXAS, TODERICK D. GRIFFIN, STERLING RAMON LINEBAUGH, HEATHER RENEE O'DELL, JOSHUA HADNOT, DEFENDANTS, CIVIL ACTION NO. 1:20-CV-00124, United States District Court for the Eastern District of Texas.

**188.  Deposition:** May 11, 2021, MICHAEL DAVIS, Plaintiff, vs. CITY OF RICHMOND; POLICE CHIEF BISA FRENCH; SERGEANT KRISTOPHER TONG; OFFICER SAVANNAH STEWART; and DOES 1-50; Defendants. Case No. 4:20-cv-02774-SBA.   United States District Court, Northern District of California.

**189.  Deposition:** May 18, 2021, MELANIE GILLILAND, an individual, Plaintiff, vs. CITY OF PLEASANTON, a governmental entity; ELIJAH NATHANIEL HENRY, an individual; and DOES 1-50, inclusive, Defendants. Case No. RG18924833.   Superior Court of the State of California, County of Alameda.

**190.** <u>Federal Trial</u>:   May 28, 2021, MILES PARISH, an unmarried man, Plaintiff, vs. CITY OF TUSCON, an Arizona municipality; John and Jane Does 1-100, Defendants, <u>Case No. C20165714</u>.   United States District Court of Arizona.

**191.** <u>Deposition</u>: June 7, 2021, MARY SMITH, and GEORGE SMITH, Individually, and MARY SMITH, as Administrator of the ESTATE OF MARCUS DEON SMITH, deceased, Plaintiffs. vs. CITY OF GREENSBORO, GUILFORD COUNTY, Greensboro Police Officers JUSTIN PAYNE, ROBERT DUNCAN, MICHAEL MONTALVO, ALFRED LEWIS, CHRISTOPHER BRADSHAW, LEE ANDREWS, DOUGLAS STRADER, and JORDAN BAILEY, and Guilford EMS Paramedics ASHLEY ABBOTT and DYLAN ALLING, Defendants, United States District Court, Middle District of North Carolina, (<u>Civil Action No. 1:19-cv-386</u>).

**192.** <u>Deposition</u>:   June 8, 2021, Patricia Lopez as Personal Representative for the ESTATE OF ANTHONY LOPEZ; and PATRICIA LOPEZ and CAESAR LOPEZ, surviving parents of ANTHONY LOPEZ, deceased, Plaintiffs, vs. CITY OF MESA, HEATH CARROLL; and DOES 1-10, inclusive, Defendants. For the District of Arizona. <u>Case No. CV-19-04764-PHX-DLR</u>.

**193.** <u>Federal Trial</u>: June 10-11, 2021, JOSEPH FOSHEE, Plaintiff, vs. CITY OF GILROY; ROBERT ZUNIGA; and DOES 1-10, inclusive, Defendants. United States District Court, Northern District of California. <u>Case No. 5:20-cv-00132</u>

**194.** <u>Deposition</u>: June 22, 2021, BRAD M. KLIPPER, Plaintiff, vs. CITY OF LONG BEACH; JOSE RIOS AND 1 THROUGH 20, INCLUSIVE, Defendants.   <u>Superior Court of California for the County of Los Angeles.</u> <u>Case No. BC651553</u>.

**195.** <u>Federal Trial</u>: June 25, 2021, JOHN BOWLES, individually, Plaintiff, vs. CITY OF SAN JOSE; TODD AH YO; WILLIAM WOLFE; ERICK ENDERLE, and DOES 1-10, inclusive, Defendants. <u>Cause No. 5:19-CV-01027</u>, United States District Court for the Northern District of California.

**196.** **Deposition:** June 28, 2021, RACHEL FEAR; SARAH FEAR; STEVEN FEAR; BETTY LONG; AND LORI CHEVOYA, DEFENDANTS, vs. ALEX GEIGER; CITY OF EXETER POLICE DEPARTMENT, CITY OF GROVER BEACH; CITY OF GROVER BEACH POLICE DEPARTMENT; CHRISTOPHER BELAVIC; MONICA BELAVIC; AND DOES 1 THROUGH 100, INCLUSIVE, DEFENDANTS.  Cause No. 17CV-0529, Superior Court of California, County of San Luis Obispo.

**197.** **Deposition:** June 29, 2021, A.I.P., A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, ROSA MARIA MONTES, INDIVIDUALLY AND AS HEIR-AT-LAW AND SUCCESSOR IN INTEREST TO ARTURO PADILLA, JR.; ARACELY PADILLA; AND ARTURO PADILLA, PLAINTIFFS, vs.  CITY OF SANTA ANA; CHRISTOPHER SHYNN; DAVID VALENTIN; AND DOES 1-10, INCLUSIVE, DEFENDANTS. Case No. 8:19-cv-02212-FLA-JDE, Superior Court of the State of California, County of Orange.

**198.** **Deposition:** July 9, 2021, TYLER HOLTE, Plaintiff, vs. THE CITY OF EAU CLAIRE and HUNTER BRAATZ, (in his individual capacity), Defendants. Case No. 20 CV 131, United States District Court, Western District of Wisconsin.

**199.** **Deposition:** July 16, 2021, JESSICA DOMINGUEZ, INDIVIDUALLY AND JESSICA DOMINGUEZ AS GUARDIAN AD LITEM FOR JAD (1), JAD (2), AND JAD (3), Plaintiffs, vs.  CITY OF SAN JOSE, SAN JOSE POLICE DEPARTMENT, MICHAEL PINA, AND DOE POLICE OFFICERS 2 through 5, Defendants. Case No. 5:18-CV-04826.

**200.** **Trial State Court:** July 19, 2021, RACHEL FEAR; SARAH FEAR; STEVEN FEAR; BETTY LONG; AND LORI CHEVOYA, DEFENDANTS, vs. ALEX GEIGER; CITY OF EXETER POLICE DEPARTMENT, CITY OF GROVER BEACH; CITY OF GROVER BEACH POLICE DEPARTMENT; CHRISTOPHER BELAVIC; MONICA BELAVIC; AND DOES 1 THROUGH 100, INCLUSIVE, DEFENDANTS.  Cause No. 17CV-0529, Superior Court of California, County of San Luis Obispo.

**201.** **Deposition:** July 26, 2021, ANGELA EVANS, individually, Plaintiff, vs. NYE COUNTY SHERIFF'S OFFICE, a political subdivision of the State of Nevada; DAVID BORUCHOWITZ, individually, Defendants. Case No. 2:20-cv-00986-RFB-VCF, Consolidated with:2:20-cv-01919-APG-DJA, United States District Court, District of Nevada.

Page **34** of **51**

**202.** **Deposition:** July 28, 2021, AASYLEI LOGGERVALE; AASYLEI HARDGE-LOGGERVALE, AAOTTAE LOGGERVALE, Plaintiffs vs. COUNTY OF ALAMEDA; STEVEN HOLLAND; MONICA POPE; KEITH LEEPER; ANTHONY DESOUSA; and DOES 1 to 50, inclusive, Defendants. Case No. C20-4679-WHA.

**203.** **Deposition:** August 6, 2021, ANTHONY PEREZ, individually, CECILIA PEREZ, individually, TERRALEE PEREZ, individually, and as Successor in Interest to Joseph Perez, JOSEPH PEREZ, JR., individually and as Successor in Interest to Joseph Perez, and X.P., a minor, by and through his Guardian Ad Litem, MICHELLE PEREZ, individually and as Successor in Interest to Joseph Perez, Plaintiffs, vs. CITY OF FRESNO, COUNTY OF FRESNO, AMERICAN AMBULANCE, JAMES ROSSETTI, an individual, SEAN CALVERT, an individual, CHRIS MARTINEZ, an individual, BRAITHAN STOLTENBERG, an individual, ROBERT MCEWEN, an individual, KARLSON MANASAN, an individual, JIMMY ROBNETT, an individual, MORGAN ANDERSON, and DOES 1-10, inclusive, Defendants.(Case No. 1:18-cv-00127-AWI (EPG), United States District Court, Eastern District of California.

**204.** **Deposition:** August 13, 2021, ADROA ANDERSON, Plaintiff, vs. TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY; San Jose State Police Officer JOHN DOE; and DOES 1-50, Defendants. Case No. 19-cv-06997 VKD.   United States District Court, Northern District of California.

**204.** **Federal Trial:** August 26, 2021-August 27, 2021, K.J.P., a minor, and K.P.P., a minor, individually, by and through their mother, LOAN THI MINH NGUYEN, who also sues individually and as successor in interest to her now deceased husband, Lucky Phounsy, and KIMBERLY NANG CHANTHAPHANH, individually, Plaintiffs, vs. COUNTY OF SAN DIEGO; et al., Defendants. (Case No. 15-cv-02692-H-MDD), United States District Court, Southern District of California.

**206.** **Deposition:** September 15, 2021, ZACHARY CHITWOOD, Plaintiff, vs. OCEAN PARK RESTAURANT CORPORATION, d.b.a., THE VICTORIAN, a California corporation; SANTA MONICA R/RESTAURANTS ASSOCIATES, INC., d.b.a., THE VICTORIAN, a California Corporation; JACOB TANDY, an individual; GARRETT DUNN, an individual; and DOES 1-10, inclusive, Defendants. Case No. BC710131. Superior Court of the State of California, County of Los Angeles, Santa Monica Court.

**207.** **Deposition:** September 20, 2021, Marketa Thomas on behalf of the Estate of Danny Ray Thomas; Donald Woods, Individually; Adenike Thomas, Individually; Naisha Bell, as Next Friend of M.K. Thomas, Individually; Diane Turner, as Next Friend of B.D. Turner, Individually; Necole West, as Next Friend of D.R. Thomas, (12), Individually; Denise Mathews, as Next Friend of D.R. Thomas, (3), Individually; Ronshell Hampton, as Next Friend of L.N. Hampton, Individually, Plaintiffs, vs. Harris County, Texas; Cameron Brewer, Defendants. C.A. No. 4:18-CV-1152.   In the United States District Court of the Southern District of Texas, Houston Division.

**208.** **Deposition:**   October 19, 2021, ROSE DIAZ; and DIMAS DIAZ, individually; EDITY DIAZ, JESSE DIAZ; DAVID CHASE DIAZ and D.A.D., a minor by and through her guardian ad litem Alexis Marie Olivarez, individually and as co-successors-in-interest to Decedent DIMAS DIAZ JR., Plaintiffs, vs. for the COUNTY OFVENTURA, a municipal corporation; NOEL JUAREZ, individually and in his official capacity as a Sheriff's Deputy for the Ventura County Sheriff's Department and DOES 1-50, inclusive, individually and in their official capacities as agents for the Ventura County Sheriff's Department; and BRIAN GREEN, individually and in his official capacity, Defendants. Case No. 2:19-cv-04695, United States District Court, Central District of California.

**209.** **Deposition:** October 25, 2021, TRAVIS SCOTT KING by and through his Guardian Ad Litem Breanna Raymundo and BREANNA RAYMUNDO, Plaintiffs, v.  RONALD DAVIS and DOES 1-25, inclusive, Defendants. Case No. 3:19:cv-07722-VC.   United States District Court, Northern District of California.

**210.** **Deposition:** November 8, 2021, ZACHARY JOHNSON, Plaintiff, vs. COUNTY OF KERN; KERN COUNTY SHERIFF DONNY YOUNGBLOOD, in his individual capacity, and DOES 1 to 100, inclusive, in their individual capacities, Defendants. (Case No. 1:20-cv-01062-NONE-JLT), Superior Court of California, County of Kern.

**211.** **Deposition:** November 9, 2021, IVAN J. FIELD, Plaintiff vs. COUNTY OF LOS ANGELES; DEPUTY MAYER, DEPUTY MAYER, DEPUTY JOHN DOE, DEPUTY WEALER, GABRIEL REED, DIANA REED, DOES 1-10 INCLUSIVE, Defendants. Case No. BC684848. Superior Court of California, County of Los Angeles, Central District.

**212.   Deposition:** November 12, 2021, DEANNA SULLIVAN, Plaintiff, vs.   CITY OF BUENA PARK, et al., Defendants. Case No. 8:20-cv-01732 CJC ADS.   United States District Court, Central District of California-Southern Division.

**213.   Deposition:** November 15, 2021, RICHARD RAUGUST, Plaintiff, vs. WAYNE ABBEY, Individually, Defendant. Case No. CV 20-9-H-DWM. United States District Court for the District of Montana, Helena Division.

**214.   State Criminal Trial:** November 24, 2021, The People of the State of California, Plaintiff, v. DARYOUSH SAMEYAH, Defendant.   Case No. 9CJ04260. In the Superior Court of the State of California for the County of Los Angeles-CCB Branch.

**215.   Federal Trial:**   November 30, 2021, OMAR GOMEZ, individually, Plaintiff, vs. CITY OF SANTA CLARA; JORDAN FACHKO; and DOES 1-10, inclusive, Defendants. Case No. 5:19-cv-05266-LHK. United States District Court, Northern District of California.

**216.   Deposition:** December 14, 2021, PATRICIA NARCISO, INDIVIDUALLY AND THROUGH HER CONSERVATORS MARCELINA LUNA AND TRACYNARCISO, Plaintiffs, vs. COUNTY OF SAN DIEGO, SHERIFF WILLIAM GORE, DEPUTIES DONALD FRANK AND DARSHAUN DOUGLAS, AND DOES 1 TO 10, (Case No. 20-CV-00116-L-MSB).

**217.   Deposition:** January 6, 2022, Peter B. Komis and DORINDA HOPPER-KOMIS, Plaintiffs, vs. FARMERS INSURANCE COMPANY, Defendant, Case No. D-101-CV-2017-02777, State of New Mexico, County of Santa Fe, First Judicial District.

**218.   Deposition:** January 7, 2022, PHIL NOSRAT and GRANT NEAG, Plaintiffs, vs. GARNET OMG, LLC, dba BACKYARD KITCHEN AND TAP; and DOES 1 to 20, Defendants. Case No. 2019-34682.   Superior Court for the State of California, County of San Diego, Central Division.

**219.   Deposition:** January 18, 2022, LONDON WALLACE, a minor, by and through his Guardian ad Litem, LOIS ROBINSON, Plaintiff, vs. CITY OF FRESNO; FRESNO POLICE DEPARTMENT; OFFICER CHRISTOPHER MARTINEZ; and DOES 1 to 25, inclusive, Defendants. Case No. 1:19-CV-01199-AWI-SAB, United States District, Eastern District of California.

**220.   Deposition:** January 27, 2022, D.W., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, JESSICA MARTINEZ, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO SERGIO WEICK; L.W. AND E.W., MINORS BY AND THROUGH THEIR GUARDIAN AD LITEM MAGDALENA LUGO, INDIVIDUALLY AND AS SUCCESSORS IN INTEREST TO SERGIO WEICK; CRUZ WEICK, AN INDIVIDUAL; AND STEVEN NEIL WEICK, AN INDIVIDUAL, PLAINTIFFS, vs. COUNTY OF SAN DIEGO, AN ENTITY; PETER MEYERS, AN INDIVIDUAL; CHRISTOPHER VILLANUEVA AN INDIVIDUAL; AND DOES 1 THROUGH 10, INCLUSIVE, DEFENDANTS. Case No. 17CV1459-WQH-AGS.   Superior Court of the State of California, County of San Diego, North County Regional Center.

**221.   Deposition:** January 28, 2022, JACK EMMITT WILLIAMS, Plaintiff, vs. LAWRENCE, et al., Defendants. Case No. 19-cv-01369-CRB (PR), United States District Court, Northern District of California, San Francisco Division.

**222.   Deposition:** February 1, 2022, JAMES MCFARLIN, Plaintiff, vs. BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ROOSEVELT, Defendant. Case No. 19-CV-01106-JAP-GJF.   In the United States District Court for the District of New Mexico.

**223.   Deposition:** February 14, 2022, ADAM HARARI, Plaintiff, vs. MICHAEL RAY NGUYEN-STEVENSON, aka MICHAEL RAY STEVENSON, aka TYGA; AND DOES 1-20, Inclusive, Defendants. Case No. BC693665.   Superior Court of the State of California, for the County of Los Angeles, Spring Street Courthouse.

**224.   Deposition:** February 16, 2021, JAMES WEAVER, JR., et al., Plaintiffs, vs. CITY OF STOCKTON, et al., Defendants. Case No. 2:20-CV-00990-JAM-JDP, United States District Court, Eastern District of California.

**225.** **Deposition:** February 18, 2022, AMBER CELANI, an individual; AMBER CELANI as the successor interest of JAMES V. CELANI, JR; MARCELLA CELANI, an individual; KADE STEWART, an individual; ABBEY STEWART, an individual; and SEAN RAFFERTY, an individual, Plaintiffs, v. WESTFIELD CORPORATION, dba WESTFIELD HORTON PLAZA; ALLIED UNIVERSAL SECURITY; THE MAD HOUSE COMEDY CLUB, LLC; ARROW MORRIS, an individual; and DOES 1-100, inclusive, Defendants.   Case No. 37-2018-00013965-CU-PO-CTL.   Superior Court of the State of California for the County of San Diego.

**226.** **Federal Trial:** March 7, 2022-March 8, 2022, K.J.P., a minor, and K.P.P., a minor, individually, by and through their mother, LOAN THI MINH NGUYEN, who also sues individually and as successor in interest to her now deceased husband, Lucky Phounsy, and KIMBERLY NANG CHANTHAPHANH, individually, Plaintiffs, vs. COUNTY OF SAN DIEGO; et al., Defendants. (Case No. 15-cv-02692-H-MDD), United States District Court, Southern District of California.

**227.** **Deposition:** March 29, 2022, CYNTHIA LAKEY AND DOUGLAS LAKEY, as co-Special Administrators for the Estate of Jared Lakey, Plaintiff, vs. CITY OF WILSON; JOSHUA TAYLOR, in his official and individual capacities; BRANDON DINGMAN, in his individual capacity; CHRIS BRYANT, in his official and individual capacity as Sheriff of Carter County; DAVID DUGGAN, in his individual capacity; LONE GROVE; TERRY MILLER, in his individual capacity; and KEVIN COOLEY, in his official and individual capacity, Defendants, (Case No. 20-cv-152-RAW).   United States District Court for the Eastern District of Oklahoma.

**228.** **Deposition:** April 12, 2022, V.R., a minor, by and through her guardian ad litem Ariana Toscano, individually and as successor in interest to Juan Ramon Ramos, deceased; and RAMONA TERRAZAS, individually, Plaintiffs, vs. CITY OF SAN BERNARDINO; GARY WHEELER; THUN HOUN; JASON CALVERT; and DOES 4-10, inclusive, Defendants., Case No. 5:19-CV-01023-JGB-SP, United States District Court, Central District of California.

**229.    Federal Trial:** April 14, 2022, R., a minor, by and through her guardian ad litem Ariana Toscano, individually and as successor in interest to Juan Ramon Ramos, deceased; and RAMONA TERRAZAS, individually, Plaintiffs, vs. CITY OF SAN BERNARDINO; GARY WHEELER; THUN HOUN; JASON CALVERT; and DOES 4-10, inclusive, Defendants., Case No. 5:19-CV-01023-JGB-SP, United States District Court, Central District of California.

**230.    Deposition:** April 18, 2022, Matthew C. Poulin, Plaintiff, vs. Keith Bush, individually, as a police officer for the City of North Port, Florida, Chad Walker, individually, as a police officer for the City of North Port, Florida, Matthew Lagarce, individually, as a police officer for the City of North Port Florida, John Mike Hetteberg, individually, as a police officer for the City of North Port Florida, Stephen Cambria, individually, as a police officer for the City of North Port Florida, John Contorno, individually, as a police officer for the City of North Port, Florida, and the City of North Port, a municipal corporation of the State of Florida, Defendant(s), Case No. 8:21-CV-1516.   United States District Court, Middle District of Florida, Tampa Division.

**231.    Federal Trial:**   April 19-20, 2022, DEANNA SULLIVAN, Plaintiff, vs. CITY OF BUENA PARK, et al., Defendants. Case No. 8:20-cv-01732 CJC ADS. United States District Court, Central District of California, South Division.

**232.    Deposition:** April 20, 2022, ANN ROSALIA and ERIC ROSALIA, J.R., as successor-in-interest to Decedent ERIC ROSALIA; and MARIA MARTINEZ, ELIAS JIMENEZ, and A.R., a minor, by and through her Guardian Ad Litem, Yvonne Deguair, individually Plaintiffs, vs. CITY OF HAYWARD, a municipal entity; NESAR NAIK, individually and in his official capacity as a police officer for the City of Hayward Police Department; and DOES 1-50, inclusive, individually and in their official capacities as police officers for the City of Hayward Police Department, Defendants. Case No. 3:21-cv-00380-VC, United States District Court, Northern District of California.

**233.    State Trial:**   April 25, 2022, PHIL NOSRAT and GRANT NEAG, Plaintiffs, vs. GARNET OMG, LLC, dba BACKYARD KITCHEN AND TAP; and DOES 1 to 20, Defendants. Case No. 2019-34682.   Superior Court for the State of California, County of San Diego, Central Division.

**234.    Deposition:** April 28, 2022, ESTATE OF RANDY ASHLAND, Plaintiff, vs. CITY OF WAUKESHA, et. al., Defendants. Case No. 2:20-CV-01640-PP. United States District Court, Eastern District of Wisconsin.

**235.** <u>Deposition</u>: May 4, 2022, JERRY GALLEGOS, Plaintiff, vs. BREWSKI'S ON HISTORIC 25TH STREET; HARWOOD PROPERTIES, LLC; ONE COMMERCE STREET, LLC and DOES I-V, Defendants. <u>Civil No. 200902686</u>. In the Second Judicial District Court of Weber County, State of Utah, Ogden Department.

**236.** <u>State Trial</u>: May 5, 2022, ADAM HARARI, Plaintiff, vs. MICHAEL RAY NGUYEN-STEVENSON, aka MICHAEL RAY STEVENSON, aka TYGA; AND DOES 1-20, Inclusive, Defendants. <u>Case No. BC693665</u>.   Los Angeles County Superior Court, Van Nuys.

**237.** <u>Deposition</u>: May 16, 2022, LINDSEY LAIRD & ANDRE ROBERTS, FAREED ALSTON, JONATHAN ZIEGLER, DEMETRIUS THOMAS, KEITH ROSE, and CHRISTOPER ROBERTSON, Plaintiffs, vs. CITY OF ST. LOUIS, et al., Defendants. <u>Case No. 4:18-CV-1567 (LINDSEY LAIRD & ANDRE ROBERTS), Case No. 4:18-CV-01569 (FAREED ALSTON), Case No. 4:18-CV-1577 (JONATHAN ZIEGLER), Case No. 4:18-cv-01566 (DEMETRIUS THOMAS), Case No. 4:18-cv-01568 (KEITH ROSE), 4:18-cv-01570, (CHRISTOPHER ROBERTSON)</u>.   In the United States District Court, Eastern District of Missouri, Eastern Division.

**238.** <u>Deposition</u>: June 9, 2022, VERONICA ORDAZ GONZALEZ, et al., Plaintiffs, vs. COUNTY OF FRESNO, Defendants. <u>Case No. 1:18-cv-01558-DAD-BAM</u>. Superior Court of California, County of Fresno.

**239.** <u>Deposition</u>: June 10, 2022, FRANCISCO HURTADO, an individual, Plaintiff, vs. STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ AKA EDGARDO LOPEZ AND DOES 1 THROUGH 100, INCLUSIVE, and DOES 1-10, inclusive, Defendants. <u>Case No. 2:19-CV-02343-TLN-AC</u>. In the United States District Court for the Eastern District of California.

**240.** <u>Deposition</u>: June 16, 2022, JENNIFER ROOT BANNON, as the Special Personal Representative of the Estate of Juston Root, Plaintiff, vs. BOSTON POLICE OFFICERS DAVID GODIN, JOSEPH MCMENAMY, LEROY FENANDES, BRENDA FIGUEROA, and COREY THOMAS; MASSACHUSETTS STATE TROOPER PAUL CONNEELY; and THE CITY OF BOSTON, MASSACHUSETTS, Defendants. <u>Civil Action Number 1:20-cv-11501-RGS</u>. United States District Court, District of Massachusetts.

Page **41** of **51**

**241.** **Deposition:** June 29, 2022, DEBRA M. NOVAK, mother of DAVID NOVAK, deceased, individually and as Personal Representative of the Estate of DAVID NOVAK, deceased, and CRYSTAL JENKINS, sister of DAVID NOVAK, individually, Plaintiffs, MICHAEL NOVAK, in his individual capacity, Plaintiff/Joiner, vs. CITY OF SPOKANE, Defendant. Case No. 21-2-00037-32. In the Superior Court of the State of Washington in and for the County of Spokane.

**242.** **Deposition:** July 14, 2022, SUSAN LYNN CLOPP and PARIS FRIDGE as Co-Administrators of the ESTATE OF MICIAH WILLIAM LEE, Plaintiffs, vs. CITY OF SPARKS; ERIC DEJESUS; RYAN PATTERSON; JAMES HAMMERSTONE; JAMES AHDUNKO; and DOES 1-10, inclusive, Defendants. Case No. 3:20-cv-00465-MMD-WGC.   United States District Court, District of Nevada.

**243.** **Deposition:**   July 29, 2022, KEVIN HART JR., an individual, Plaintiff, vs. SAN JOAQUIN COUNTY SHERIFF'S OFFICE, a government entity; KENGIE YANG, an individual; and DOES 1 through 25, inclusive, Defendants. Case No. STK-CV-UNPI-2020-0003813, C/W Case No. STK-CV-UNPI-2020-4361. Superior Court of California, County of San Joaquin.

**244.** **Federal Trial**:   August 12, 2022, ERIKA SEPULVEDA, FOR HERSELF AND ON BEHALF OF HER MINOR CHILDREN MELODY PATRICIO AND ERNESTO PATRICIO, AND MARIA CARMEN SARATE ANGELES, Plaintiffs v. CITY OF WHITTIER, OFFICER HAUSE, OFFICER CABRAL, OFFICER MEDINA, MONETARY MANAGEMENT OF CALIFORNIA, INC. dba MONEY MART, DOLLAR FINANCIAL GROUP, INC., DFC GLOBAL CORP. fdba DOLLAR FINANCIAL U.S. INC., JOSE LOPEZ, DON MORTON, and DOES 2-10, inclusive, Defendants. Case No. 2:17-cv-4457-JAK (KSx). United District Court, Central District of California.

**245**. **Federal Trial**:   August 23, 2023, JESSICA DOMINGUEZ, INDIVIDUALLY AND JESSICA DOMINGUEZ AS GUARDIAN AD LITEM FOR JAD (1), JAD (2), AND JAD (3), Plaintiffs, vs. CITY OF SAN JOSE, SAN JOSE POLICE DEPARTMENT, MICHAEL PINA, AND DOE POLICE OFFICERS 2 through 5, Defendants.   Case No. 5:18-CV-04826.   United States District Court, Northern District of California, San Jose Division.

**246.** **Deposition:** August 30, 2022, MICHAEL J. HORTON, Plaintiff v. PARSONS, et. al. Case No. 3:17-cv-01915-WHA.   United States District Court, Northern District of California.

**247.** **Deposition:** September 6, 2022, ELEAQIA MCCRAE, Plaintiff, vs. CITY OF SALEM; MAYOR CHUCK BENNETT; CITY MANAGER STEVE POWERS; POLICE CHIEF JERRY MOORE; OFFICER RAMIREZ; OFFICERS JANE OR JOHN DOES 1-21, all in their official or individual capacities, Defendants. Case No. 6:20-cv-1489-MC.   United States District Court, District of Oregon, Eugene Division.

**248.** **Federal Trial:** September 28, 2022, ELEAQIA MCCRAE, Plaintiff, vs. CITY OF SALEM; MAYOR CHUCK BENNETT; CITY MANAGER STEVE POWERS; POLICE CHIEF JERRY MOORE; OFFICER RAMIREZ; OFFICERS JANE OR JOHN DOES 1-21, all in their official or individual capacities, Defendants. Case No. 6:20-cv-1489-MC.   United States District Court, District of Oregon, Eugene Division.

**249.** **Deposition:**   October 4, 2022, ANTHONY SUNG CHO, Plaintiff, vs. CITY OF SAN JOSE, MATTHEW RODRIGUEZ, TYLER MORAN, STEVEN GAONA, ZACHARY DAVID PREUSS, and DOES 1-10, inclusive, Defendants. Case No. 5:21-cv-05503-VKD, United States District Court, Northern District of California, San Jose Division.

**250.** **Deposition:** October 6, 2022, ARTHUR Y. WADA, Plaintiff, vs. TRI-PACIFIC TERMITE COMPANY; JOHN Mc CAULEY, individually and doing business as TRI-PACIFIC TERMITE COMPANY; CARLO COVINO, and DOES 1 to 100, Defendants. Case No. BC654510.   Superior Court of the State of California, County of Los Angeles-Spring Street Courthouse.

**251.** **Deposition:** November 11, 2022, VERONICA BAXTER, as Personal Representative of the ESTATE OF ANGELO J. CROOMS, Deceased, AL-QUAN PIERCE as Personal Representative of the ESTATE OF SINCERE PIERCE, Deceased, Plaintiffs, vs. JAFET SANTIAGO-MIRANDA, et al., Defendants. Case No. 6:21-cv-718-CEM-LRH.   United States District Court, Middle District of Florida, Orlando Division.

Page **43** of **51**

**252.   State Trial:** November 14, 2022, D.W., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, JESSICA MARTINEZ, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO SERGIO WEICK; L.W. AND E.W., MINORS BY AND THROUGH THEIR GUARDIAN AD LITEM MAGDALENA LUGO, INDIVIDUALLY AND AS SUCCESSORS IN INTEREST TO SERGIO WEICK; CRUZ WEICK, AN INDIVIDUAL; AND STEVEN NEIL WEICK, AN INDIVIDUAL, PLAINTIFFS, vs. COUNTY OF SAN DIEGO, AN ENTITY; PETER MEYERS, AN INDIVIDUAL; CHRISTOPHER VILLANUEVA AN INDIVIDUAL; AND DOES 1 THROUGH 10, INCLUSIVE, DEFENDANTS. Case No. 17CV1459-WQH-AGS.   Superior Court of the State of California, County of San Diego, North County Regional Center.

**253.   Deposition:** December 7, 2022, ESTATE OF ROBERT JOSEPH MILLER, by and through IAN MILLER, a personal representative of the Estate, Plaintiff, vs. SEAN ROYCROFT and SPENCER JACKSON, in their capacities, and the TOWN OF BARSTABLE, MASSACHUSETTS, Defendants. (Civil Action No. 21-10738-AK), United States District Court, District of Massachusetts.

**254.   Deposition:** December 16, 2022, J.A., a minor, by and through his Guardian ad Litem Cindy Plascencia, Plaintiffs, vs. COUNTY OF SAN BERNARDINO; DEPUTY ED FAKHOURY, an Individual; DEPUTY BRANDON BECKER, an Individual and Does 3-10, Inclusive, Defendants. United States District Court, Central District of California, Western Division. Case No. 5:20-cv-02468-MEMF-KK.

**255.   State Trial:** December 21, 2022, Peter B. Komis and DORINDA HOPPER-KOMIS, Plaintiffs, vs. FARMERS INSURANCE COMPANY, Defendant, Case No. D-101-CV-2017-02777, State of New Mexico, County of Santa Fe, First Judicial District.

**256.   Deposition:** January 4, 2023, Mickel Erich Lewis, Jr., individually and as successor-in-interest; and Briona Lewis, individually and as successor-in-interest, Plaintiffs vs. Kern County, Deputy Jason Ayala, and DOES 1-2, inclusive, Defendants. Case No. 1:21-CV-00378-DAD-SKO.   United States District Court, Eastern District of California.

**257.   Deposition:**  January 5, 2023, LATOYA REINHOLD, individually and as successor-in-interest to Kurt Reinhold; S.R. and J.R., minors, by and through their

guardian ad litem Latoya Reinhold, individually and as successors-in-interest to
Kurt Reinhold; JUDY REINHOLD-TUCKER, Plaintiffs, vs. CITY OF ORANGE,
a public entity; JONATHAN ISRAEL, an individual; EDUARDO DURAN, an
individual, and DOES 3-20, inclusive, Defendants. Case No. 8:20-cv-02369 JLS
(DFMx). United States District Court, Central District of California.

**258.** **Deposition:**   January 6, 2023, RAYMOND RICHARD WHITALL,
Plaintiff v. GUTIERREZ, et. al. Case No. 3:18-cv-01376-CRB. In the United
States, District Court, Northern District of California, San Francisco Division.

**259.** **Federal Court:**   January 11, 2023, PATRICIA NARCISO,
INDIVIDUALLY AND THROUGH HER CONSERVATORS MARCELINA
LUNA AND TRACYNARCISO, Plaintiffs, vs. COUNTY OF SAN DIEGO,
SHERIFF WILLIAM GORE, DEPUTIES DONALD FRANK AND DARSHAUN
DOUGLAS, AND DOES 1 TO 10, (Case No. 20-CV-00116-L-MSB).

**260.** **Deposition**: January 12, 2023, JENNIFER SHEPARD, Plaintiff, vs.
ASM GLOBAL, and DOES 1 through 10, Defendants. Case No. 21STCV28363.
Superior Court of the State of California, Los Angeles County.

**261.** **Deposition:** January 19, 2023, SHANITA D. SWANSON, Plaintiff, vs.
FULTON COUNTY, GA, et al., Defendants.   (Civil Action Number 1:21-CV-
00996-AT). United States District Court, Northern District of Georgia, Atlanta
Division.

**262.** **Deposition:** February 2, 2024, January 5, 2023, LATOYA REINHOLD,
individually and as successor-in-interest to Kurt Reinhold; S.R. and J.R., minors,
by and through their guardian ad litem Latoya Reinhold, individually and as
successors-in-interest to Kurt Reinhold; JUDY REINHOLD-TUCKER, Plaintiffs,
vs. CITY OF ORANGE, a public entity; JONATHAN ISRAEL, an individual;
EDUARDO DURAN, an individual, and DOES 3-20, inclusive, Defendants. Case
No. 8:20-cv-02369 JLS (DFMx). United States District Court, Central District of
California.

**263.** <u>Deposition:</u> February 6, 2023, NANCY HOOKS, Plaintiff, vs. CITY OF WARREN, a Municipal corporation; dba CITY OF WARREN POLICE DEPARTMENT, and POLICE OFFICERS: OFFICER LUCAS DOE; OFFICER BRYAN MUNAFO; OFFICER ANDREW KOERNER; OFFICER ANTHONY GIANNOLA; OFFICER MARCHELLOE DELOS BROWN; each in their individual and official capacity jointly and severally; Defendants. <u>Case No. 2:21-cv-10743</u>.   United States District Court, Easter District of Michigan, Southern Division.

**264.** <u>Deposition:</u>   February 9, 2023, MARCIA WELLS and TEENA ACREE, Individually and as Co-Special Administrators of the Estate of BYRON LEE WILLIAMS, Deceased, et al., Plaintiffs, vs. LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., Defendants. <u>Case No. 2:21-cv-01346</u>.

**265.** <u>Federal Trial:</u> February 14, 2023, AASYLEI LOGGERVALE; AASYLEI HARDGE-LOGGERVALE, AAOTTAE LOGGERVALE, Plaintiffs, vs. COUNTY OF ALAMEDA; STEVEN HOLLAND; MONICA POPE; KEITH LEEPER; ANTHONY DESOUSA; and DOES 1 to 50, inclusive, Defendants. <u>Case No. C20-4679-WHA</u>.

**266.** <u>Deposition</u>: March 3, 2023, JOHN KRUEGER, individually and as Co-Administrator of the Estate of Jeffery Krueger and PAMELA KRUEGER, individually and as Co-Administrator of the Estate of Jeffery Krueger, Plaintiffs, vs. BOARD OF COUNTY COMMISSIONERS FOR WAGONER COUNTY, OKLAHOMA, A/K/A WAGONER COUNTY, OKLAHOMA; WAGONER COUNTY SHERIFF'S DEPARTMENT; WAGONER EMERGENCY SERVICES IN., A/K/A WAGONER EMS; et al., Defendants. <u>Case No. 21-CV-044-RAW</u>.

**267.** <u>State Trial:</u> March 9, 2023, VERONICA ORDAZ GONZALEZ, et al., Plaintiffs, vs. COUNTY OF FRESNO, Defendants. Case No. 1:18-cv-01558-DAD-BAM. Superior Court of California, County of Fresno.

**268.** <u>Deposition:</u> March 30, 2023, AGUSTIN MARTINEZ, Plaintiff, vs. CITY OF ONTARIO; and DOES 1-10, inclusive, Defendants. <u>Case No. CV21-01099 JGB</u> (<u>SP</u>).

**269.** **Deposition:** March 31, 2023, MATILDA CLAH as Personal Representative of the ESTATE OF SHAWN MARVIN THOMAS, Deceased, Plaintiff, vs. SAN JUAN COUNTY DEPUTY JON GONZALES, Defendant, Civil Number 22-10 SMV/SCY.

**270.** **Federal Trial:** April 12, 2023, LISA VARGAS, Plaintiff, vs. COUNTY OF LOS ANGELES, NIKOLIS PEREZ, JONATHAN ROJAS, and DOES 1 through 10, inclusive, Defendants. Case No. 2:19-cv-03279-PSG-AS, Unites States District Court, Central District of California.

**271.** **Deposition:** April 14, 2023, Charles H. Cooper, Jr., as Administrator of the Estate of Joseph E. Haynes, deceased, Plaintiff, vs. Deputy Richard Scarborough, Franklin County Sheriff's Department, et al., Defendants, Case No. 2:19-CV-04470.

**272.** **Deposition**: May 2, 2023, JAMES MICHAEL BOOTH, JR., Plaintiff, vs. WALMART INC., DESHEAN ANTWAN WAGES, and DOES 1 to 20, Defendants, CIVDS 1805223.

**273.** **Deposition:** May 22, 2023, LUTHER D. GONZALES-HALL, Plaintiff, vs. CITY OF DEARBORN, a Municipal Corporation; dba CITY OF DEARBORN POLICE DEPARTMENT, and Police Officers: MARVIN SANDERS, AARON NAJOR, PETER HOYE, STEVEN VERT, ADAM WALKER and JOHN DOE #1, JOHN DOE #2, and JANE DOE #3, COLLECTIVELY ("assisting and supervising officers"), Each in their individual and official capacity jointly and severally; Defendants. Case No. 5:18-cv-02523-GW.

**274.** **Deposition:** May 25, 2023, LIONEL S. DORSEY, et al., Plaintiffs, vs. MICHAEL SOKOLOFF, et al., Defendants, (Case No. 8:18-cv-00829-PJM).

**275.** **Deposition:** May 31, 2023, JAMES A. BURK, JR., et al., Plaintiff, vs. CITY OF COLUMBUS, et al., Defendants. Case No. 2:20-cv-6256.

**276.** **State Trial:** June 6, 2023, LUTHER D. GONZALES-HALL, Plaintiff, vs. CITY OF DEARBORN, a Municipal Corporation; dba CITY OF DEARBORN POLICE DEPARTMENT, and Police Officers: MARVIN SANDERS, AARON NAJOR, PETER HOYE, STEVEN VERT, ADAM WALKER and JOHN DOE #1, JOHN DOE #2, and JANE DOE #3, COLLECTIVELY ("assisting and supervising officers"), Each in their individual and official capacity jointly and severally; Defendants. Case No. 5:18-cv-02523-GW.

277. **Deposition:** June 9, 2023, C.R., and D.R., by and through their Guardian ad Litem, JESSICA MENDOZA; UR., by and through her Guardian ad Litem, FELIZ GOMEZ, Individually, and as Successors in Interest to DANIEL DAVID REYES; and ANN CADENA, individually, Plaintiffs, vs. COUNTY OF KERN, a legal subdivision of the State of California; PHILIPPE TAMPINCO, an individual; and DOES 1 through 10, inclusive, Defendant. Case No. 1:21-CV-01593-ADA-CDB.

278. **Deposition:** June 20, 2023, GLORIA S. ZAPATA, as special administrator for the estate of JONATHAN BLACKSTONE, deceased, and MITCHELL BLACKSTONE, individually and as heir to the Estate of JONATHAN BLACKSTONE, Plaintiffs. vs. U.S. SECURITY ASSOCIATES, INC., a foreign business entity conducting business entity conducting business in Nevada; DOE AGENTS/EMPLOYEES 1-10 for U.S. SECURITY ASSOCIATES, INC., individuals, et al. Defendants, Case No. A-19-799464-C.

279. **Deposition:** July 11, 2023, KEVIN MAY, an individual; ALBERT CARLOS, an individual; MIGUEL LOZANO, an individual; ANTHONY DIGIORGIO, an individual; GREG LEIBSCHER, an individual, Plaintiffs, vs. CITY OF LOS ANGELES, a California City; LOS ANGELES WORLD AIRPORTS POLICE DEPARTMENT; and DOES 1-30 INCLUSIVE, Defendants. Case No. YC072952.

280. **Deposition:** July 13, 2023, TYLER BRANDON, an individual, Plaintiff, vs.  COUNTY OF SAN BERNARDINO, a public entity; STATE OF CALIFORNIA, DEPARTMENT OF TRANSPORTATION, a public entity; and DOES 1-50, inclusive, Defendants. Case No. CIVDS1924226.

281. **Deposition:** July 21, 2023, RICARDO TORRES; Plaintiff, vs. SYUFY ENTERPRISES dba WEST WIND FLEA MARKET; RESOLUTE SECURITY GROUP, INC.; FAIRMONT HOSPIAL; and DOES 1 to 50, inclusive. Defendants. Case No: RG18925918.

**282.** **Deposition:** July 26, 2023, OMRI BEN-ARI, an individual; Plaintiff, vs. BASIC SAN DIEGO LLC dba BASIC URBAN KITCHEN & BAR, a business entity form unknown; JON MANGINI GROUP, INC., a corporation; and DOES 1 through 50, inclusive, Defendants. Case No. 37-2021-00036638-CU-PO-CTL.

**283.** **Deposition:** August 15, 2023, GAYSHA GLOVER and COURTNEY GRIFFIN, individually and on behalf of the ESTATE OF D'ETTRICK GRIFFIN, Plaintiffs, vs. CITY OF ATLANTA; ERIKA SHIELDS; OLIVER SIMMONDS and DOES 1-5, Defendants, CIVIL ACTION FILE NO. 1:20-cv-04302-VMC.

**284.** **Deposition:**   August 24, 2023, DEBORAH MOLLER, an individual and successor-in-interest of BRET BREUNIG, deceased, Plaintiff, vs. COUNTY OF SAN BERNARDINO, a public entity; UNIDENTIFIED DEPUTIES, individuals; CITY OF REDLANDS, a public entity; UNIDENTIFED OFFICERS, individuals; LOMA LINDA UNIVERSITY MEDICAL CENTER; a non-profit corporation; UNIDENTIFIED HEALTH CARE PROFESSIONALS, individuals; and KENNETH BREUNIG, a nominal defendant, Defendants. Case No. 5:22-cv-01306-DSF.

**285.** **Deposition:** September 11, 2023, ALEXIS MENDOZA, as Special Administrator of the Estate of MAX GARCIA; ALEXIS MENDOZA on behalf of her minor child; RIPLEY GARCIA, as heir to the Estate of MAX GARCIA, Plaintiffs, vs. PALM DELUXE GROUP, LLC, a foreign limited liability company; SOS SECURITY, LLC, Delaware of limited liability company; BRIAN WILLIAM LOVE, an individual; DOES I-X, inclusive and ROE CORPORATIONS I-X, inclusive, Defendants, Case No. A-20-809943.

**286.** **Deposition:** September 22, 2023, EMILY GARCIA, et al., Plaintiffs, vs. CITY OF TUSTIN, Defendants, Case No. 8:22-CV-00131-DOC-KES.

**287.** **Deposition:** October 11, 2023, LUIS A. GALVAN, Plaintiff, vs. STANISLAUS COUNTY, DEPUTY JUSTIN WALL, DEPUTY JOSHUA SANDOVAL, DEPUTY EARL GAARDE, and DOES 1-25, inclusive, Defendants, Case No. 1:21-cv-01641-DAD-BAM.

**288.   Deposition:** October 27, 2023, Michelin D. McKee, as Personal Representative of the Estate of SALAYTHIS MELVIN, the deceased, Plaintiff, vs. Deputy James Montiel, Orange County Sheriff's Office, et. al., Defendants. Case No. 6:21-cv-01085-CEM-EJK

**289.   Deposition:** November 1, 2023, OMID RAHIMI, an individual, Plaintiff, vs. IRVINE POLICE DEPARTMENT, CITY OR IRVINE, NICHOLAS GIOVANO SOEWONO, and DOES 1 to 10, Inclusive, Defendants. Case No. 30-2020-01149747-CU-PA-CJC.

**290.   Deposition:** November 7, 2023, HEATHER CAMARENA, an individual; HELENA FUIMAONO, an Individual, Plaintiffs, vs. PHARMERICA MOUNTAIN, LLC; ROLAND WERNER; HENRY INDUSTRIES, INC., BPP PAC IND NV NON-REIT; CHRISTOPHER MILLER; VANNEAL REDDICK; AAROWHEAD SECURITY, INC; CBRE, INC; LBA INC.; DOES I-X; and ROE BUSINESS ENTITIES XI-XX, inclusive, Defendants, Case No. A-20-819565-C.

**291.   Deposition:** November 21, 2023, H.L., a minor, by and through his guardian ad litem, MARIA SIGALA, an individual; Plaintiff,
vs.  CITY OF McFARLAND, a governmental entity; DEPUTY CHIEF TYLER HELTON, an individual, OFFICER MATTHEW DEWAR, an individual; OFFICER COLIN NEWHOUSE, an individual; OFFICER KARISSA ALBERTO, an individual; OFFICER CHRISTOPHER RIVERA, an individual; OFFICER FREDDY HERNANDEZ, an individual; and DOES 1-10, Inclusive, Defendants. Case No. 1:22-cv-00106-DAD-BAK.

**292.   Deposition:** November 30, 2023, SHI BIAO HU, Plaintiff, vs. JORGE OCHOA and DOES ONE through 20, Defendants. Case No. 20STCV24052.

**293.   Deposition:** December 21, 2023, TAWAYNE HOLLOWAY v. Plaintiff, vs. City of Fort Worth, Texas; and Mitchell J. Miller, Defendants. Civil Action No. 4:23-cv-0087

**294.   Deposition:** January 8, 2024, DAVID BACA, Plaintiff, vs. JONATHAN ANDERSON, MICHAEL JOSEPH SIMONINI, BRETT MICHAEL WEIDNER, ZACHARY DAVID PREUSS, and DOES 1-150, Defendants. Case No. 3:22-CV-02461 WHO.

Page **50** of **51**

**295.** **Deposition**: January 9, 2024, MAURICIO ALANIZ, Plaintiff, vs. YARD HOUSE USA, INC., et al., Defendants, Case No. 19STCV09739

**296.** **Deposition**: January 12, 2024, MARSHA VAUGHN, on behalf of the ESTATE OF NICHOLAS W. LEE, et al., Plaintiffs, vs. GIANT FOOD, LLC, et al., Defendants. Case Number: 24-C-23-001010 MT

**297.** **Deposition**: January 15, 2024, RICARDO TORRES; Plaintiff, vs. SYUFY ENTERPRISES dba WEST WIND FLEA MARKET; RESOLUTE SECURITY GROUP, INC.; FAIRMONT HOSPIAL; and DOES 1 to 50, inclusive. Defendants. Case No: RG18925918.

**298.** **Deposition**: January 24, 2024, INOCENCIO RIVERA, JR., an individual; and MIDORI RIVERA, an individual, Plaintiffs, vs. VICTOR VARVEL, as Trustee of the Varvel Family Trust, dated November 3, 1993; RICHARD CONKLIN, an individual; JONNELLE SMITH-CONKLIN, an individual; and DOES 1 through 10, inclusive, Defendants, Case No. 37-2021-00023432-CU-OR-NC.

**299.** **State Trial:** January 31, 2024, Re: JAMES MICHAEL BOOTH, JR., Plaintiff, vs. WALMART INC., DESHEAN ANTWAN WAGES, and DOES 1 to 20, Defendants. CIVDS 1805223

**300.** **Deposition:** February 20, 2024, LASHA JOHNSON, individually and as successor-in-interest to Gerald Johnson; ZANA VALENZUELA, individually and as successor-in-interest to Gerald Johnson; GERALD JOHNSON, JR. and ZAMORAH JOHNSON, minors, by and through their guardian *ad litem*, Zenobia O' Keith, individually and as successor-in-interest to Gerald Johnson, WILLIE JOHNSON, individually, Plaintiffs, v. CITY OF FRESNO, a public entity; DOES 1-20, inclusive, Defendants, Case No. 21CECG00057

**301.** **Federal Trial:** February 28, 2024, RUBY JOHNSON, Plaintiff, vs. GARY STAAB, an officer of the Denver Police Department, in his individual capacity, and GREGORY BUSCHY, an officer of the Denver Police Department, in his individual capacity, Defendants. Case No. 2022CV33434.

**302.** **Deposition:** March 1, 2024, JAVONTE VALENTINE, Plaintiff v. TORRES-QUEZADA, et. al. Case No. 4:22-cv-101520-JSW.

**303.** **Deposition:** March 11, 2024, MARQUETTA WILLIAMS, Plaintiff, vs. CITY OF CANTON, et al., Defendants. Case No. 5:23-CV-00655.

**304.** **State Court:** March 12, 2024, People v. Catsouras, Case No. 20HF1281.

**305.** **Federal Court:** March 13, 2024, FRANCISCO HURTADO, an individual, Plaintiff, vs. STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ AKA EDGARDO LOPEZ AND DOES 1 THROUGH 100, INCLUSIVE, and DOES 1-10, inclusive, Defendants.   Case No. 2:19-CV-02343-TLN-AC.

**306.** **Deposition:** March 18, 2024, MARGARITO T. LOPEZ, SONIA TORRES, KENI LOPEZ, ROSY LOPEZ, Plaintiffs, vs. CITY OF LOS ANGELES, JOSE ZAVALA, JULIO QUINTANILLA, AND DOES 1 THROUGH 10, INCLUSIVE, Case No. 2:22-CV-07534-FLA-MAA.

**307.** **Deposition**: March 25, 2024, A.J.P. and A.M.P., minors, by and through their guardian ad litem CYNTHIA NUNEZ, individually and as successor in interest to ALBERT PEREZ, deceased, and PATRICIA RUIZ, individually, Plaintiffs, vs. COUNTY OF SAN BERNARDINO, DAVID MOORE, CHRISTINA OLIVAS, CORY MCCARTHY, ANDREW POLLICK, individuals, and DOES 5-10, inclusive, Case No. 5:22-CV-01291-SSS-SHK.
**Depositions**: 244
**Trial Testimony**: 63

## On-Scene Consulting Group, LLC

## Scott A. DeFoe

## 2024 Fee Schedule

**Retainer Fee:**                                                    **$4000.00**

Consulting time, including but not limited to, case reviews, report reviews, deposition reviews, analysis of criminal investigations, research, interviews, consultation time, meetings, site inspections, deposition preparation, deposition support, interpretation of police documents, interpretation of investigative files, report preparation, preparation for negotiation or any miscellaneous tasks as assigned by the client attorney or opposing attorney (client approved). **$450.00 per hour.**

Consulting time for the following professional services: deposition testimony, trial testimony and any other legal testimony. **$550.00 per hour.**

Fees for all depositions shall be paid prior to the start of the deposition based upon the anticipated length of the deposition with a 3-hour minimum fee of **$1650.00.**

All out of state travel time:                                    **$100.00 per hour.**

Fees for consulting time remain the same as in-state assignments. Travel and actual expenses reasonably and necessarily incurred (meals, lodging, ground transportation, rental car, etc.) will be billed to the client at cost and copies of expenses will be provided when available. On-Scene Consulting Group LLC may request a travel retainer of $1000.00 specific to this travel prior to the travel date. Actual out of pocket expenses will be charged against the travel retainer until such time as it is exhausted. Any balance remaining will be applied to professional services outstanding balances.

1 | PROOF OF SERVICE

2 | STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3 | I, Benjamin Levine, am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action.

4 | My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

5 | On March 29, 2024, I served the foregoing document described as

6 | **PLAINTIFF'S REBUTTAL EXPERT DISCLOSURE PURSUANT TO FRCP 26** on all interested parties, through their respective attorneys of record in this action

7 | by placing a true copy thereof enclosed in a sealed envelope addressed as indicated on the attached service list.

8 | METHOD OF SERVICE

9 | ☒ (BY MAIL) I enclosed the documents in a sealed envelope or package and addressed to the parties at the addresses as indicated on the attached service

10 | list.

11 | ☐ I deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid thereon.

12 |

13 | ☒ I placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of this office for the collection, processing and

14 | mailing of documents. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of

15 | business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

16 |

17 | ☒ (BY ELECTRONIC SERVICE) I caused the foregoing document(s) to be sent via electronic transmittal to the notification addresses listed below as registered with this court's case management/electronic court filing system.

18 |

19 | ☐ (BY FEDERAL EXPRESS) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses as indicated on the attached service list. I placed the

20 | envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

21 |

22 | I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

23 | Executed on March 29, 2024, at Woodland Hills, California.

24 |

25 |

26 | _____

Santiago G. Laurel

27 |

28 |

-2-

1

<u>SERVICE LIST</u>

2

3   Christopher P. Wesierski
Michelle R. Prescott
WESIERSKI & ZUREK LLP
4   29 Orchard Road
Lake Forest, California 92630
5   Facsimile: (949) 756-0517

6   Email: cwesierski@wzllp.com; mprescott@wzllp.com; canderson@wzllp.com;
jmorales@wzllp.com; mprescott@WZLLP.COM; LSotelo@wzllp.com;
7   SFrazier@wzllp.com

8   *Attorneys for Defendants County of San Bernardino and City of Hesperia*

9

10   John Fujii, Esq.
Mahahdi Corzano, Esq.
11   FUJII LAW GROUP LLP,
2 Park Plz Ste 450
12   Irvine, CA 92614

13

14   *Email: JFujii@FujiiLawGroup.com; mcorzano@fujiilawgroup.com;
joconnor@fujiilawgroup.com*

15

16   *Attorneys for Defendant JONATHAN CAMPOS*

17   Luis A. Carrillo
Michael S. Carrillo
18   Dominique L. Boubion
CARRILLO LAW FIRM, LLP
19   1499 Huntington Drive, Suite 402
South Pasadena, California 91030
20   Fax: (626) 799-9380

21   *Email: mc@carrillofirm.com; lac4justice@gmail.com; hr@carrillofirm.com;
pc@carrillofirm.com; db@carrillofirm.com;*
22   *ac@carrillofirm.com;pz@carrillofirm.com; ah@carrillofirm.com*

23

24

25

26

27

28

PLAINTIFFS' SUPPLEMENTAL EXPERT DISCLOSURE PURSUANT TO FRCP 26