UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:22-cv-01934-SSS-SPx | Date | June 5, 2024 |
| Title | Rosa Nunez, et al. v. County of San Bernardino, et al. | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Dkt. 63]**

Before the Court is the motion for summary judgment filed by Defendants County of San Bernardino, City of Hesperia, Michael Martinez, Sabrina Cervantes, and Jeremy Deberg. [Dkt. 63].

Local Rule 7-3 demands that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. R. 7-3. The conference must occur at least 7 days before the filing of the motion. *Id.* If the parties cannot reach a resolution, counsel for the moving party must include a statement in the notice of motion articulating that the parties met and conferred on a certain date. *Id.* Further, the Civil Standing Order issued to the parties in this case instructs the parties that their Rule 7-3 attestation must include the "names of the counselor's present at the conference, **how long the conference lasted**, and the manner in which the conference was held." [Dkt. 19].

Defendants' motion fails to comply with the meet-and-confer requirements under Local Rule 7-3 and the Civil Standing Order cited above. Defendants state only that the "Motion is made following the conference of counsel for Defendants,

Plaintiffs, and Defendant Jonathan Campos pursuant to L.R. 7-3, which took place via a telephone conference on March 22, 2024." They have not, however, specified the duration of the conference. As such, this Court is unable to determine whether the parties made more than a brief and cursory effort to resolve their dispute without resort to motion practice.

Accordingly, Defendants' motion for summary judgment is **DENIED WITHOUT PREJUDICE**. [Dkt. 63].

This Court's Civil Standing Order also provides that "[n]o party may file more than one (1) motion pursuant to Federal Rule of Civil Procedure 56… without leave of the Court." Defendants are therefore advised that, should they wish to re-file their motion for summary judgment, they will be required to secure leave of Court to do so.

**IT IS SO ORDERED.**