Christopher P. Wesierski [Bar No. 086736]
  cwesierski@wzllp.com
Michelle R. Prescott [Bar No. 262638]
  mprescott@wzllp.com
Brett A. Smith [Bar No. 322707]
  bsmith@wzllp.com
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CITY OF HESPERIA MICHAEL MARTINEZ, SABRINA CERVANTES and JEREMY DEBERG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROSA NUNEZ, individually and as successor-in-interest to Decedent, Anthony Nunez; ANTHONY NUNEZ, JR., individually and as successor-in-interest to Decedent, Anthony Nunez; and, ANDREW NUNEZ, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; CITY OF HESPERIA; MICHAEL MARTINEZ; SABRINA CERVANTES; JEREMY DEBERG; JONATHAN CAMPOS; and DOES 5 through 15, inclusive,<br><br>Defendants. | Case No. 5:22-cv-1934-SSS(SPx)<br><br>**MOTION FOR LEAVE TO REFILE MOTION FOR SUMMARY JUDGMENT**<br><br>Trial Date:        09/23/2024<br><br>Meet and Confer Conferences Held Pursuant to LR 7-3 on June 7, 2024 and June 12, 2024 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 19, at 2:00 p.m., or as soon thereafter as counsel may be heard in Courtroom 2 of the United States District Court, Central District, located at 3470 Twelfth Street, Riverside, California 92501, Defendants

1

COUNTY OF SAN BERNARDINO, CITY OF HESPERIA, DEPUTY MICHAEL MARTINEZ, DEPUTY JEREMY DEBERG, and DEPUTY SABRINA CERVANTES ("Defendants"), will and hereby do move this Court, pursuant to Federal Rules of Civil Procedure, Rule 56, for an order granting Defendants leave to refile their previous Motion for Summary Judgment [Dkt. Nos. 63] and allowing the Court to rule on the papers previously submitted in Opposition [Dkt. Nos. 72] and in Reply [Dkt. Nos. 73] without requiring the parties to refile their previous Moving, Opposition and Reply papers.

This Motion is made on the grounds that:

1. This Court has the authority to permit the re-filing of Defendants' Motion for Summary Judgment ("MSJ") pursuant to F.R.C.P. 56 (*Hoffman v. Tonnemacher* (9th Cir. 2010) 593 F.3d 908, 911.)

2. Defendants complied with this Court's meet and confer requirements by having a telephonic meet and confer conference on March, 22, 2024 but inadvertently failed to comply with Court's Civil Standing Order Section VII(A) Meet and Confer Requirement by failing to include the (1) names of the counselor's present at the conference, (3) how long the conference lasted, (5) what issues were discussed and (6) what issues the parties were unable to resolve in their Meet and Confer Statement in the previous MSJ;

3. As outlined in the accompanying Declaration of Joshua A. Nuzzo, the parties complied with the requirements as listed and met and conferred telephonically for approximately 25-30 minutes and discussed all the claims at issue in this matter in detail;

4. As outlined in the accompanying Declaration of Joshua A. Nuzzo and exhibits thereto, the parties were unable to reach an agreement at the meet and confer conference concerning any of Plaintiffs' claims and Defendants thereafter filed their MSJ;

5. No parties will be prejudiced by the Court allowing Defendants to re-file

1 their MSJ because the MSJ has been fully briefed by the parties.

2     This Motion will be made and will be based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration Joshua A. Nuzzo, and upon such oral and documentary evidence as may be presented at the hearing of this Motion.

    This Motion is made following the conference of counsel for Defendants and for Plaintiffs. Pursuant to L.R. 7-3 and this Court's Civil Standing Order: (1) Benjamin S. Levine attended on behalf of Plaintiffs, Joshua A. Nuzzo attended on behalf of Defendants; (2) the conference was held on June 7, 2024; (3) the conference lasted approximately five minutes; (4) the conference was held telephonically; (5) the parties discussed the issue of Defendants seeking leave to re-file their MSJ and seeking leave to deem the MSJ fully briefed by the parties and heard on the merits without requiring additional briefing or the noticing of a new regular motion date; and (6) the parties were unable to reach an agreement so Defendants now file the instant Motion.

    Pursuant to L.R. 7-3 and this Court's Civil Standing Order the parties held a subsequent meet and confer conference: (1) Benjamin S. Levine attended on behalf of Plaintiffs, Joshua A. Nuzzo attended on behalf of Defendants; (2) a second conference was held on June 12, 2024; (3) the conference lasted approximately ten (10) minutes; (5) the parties discussed the issues raised by Defendant at the previous meet and confer conference and Plaintiffs explained that they would not consent to the papers being considered as originally filed and they would be challenging the validity and sufficiency of the March 22, 2024 meet and confer conference; (6) the parties were unable to reach an agreement.

/ / /
/ / /
/ / /
/ / /

| | | |
|---|---|---|
| DATED: June 18, 2024 | | WESIERSKI & ZUREK LLP |
| | By: | _[signature: Michelle Prescott]_ |
| | | MICHELLE R. PRESCOTT |
| | | Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CITY OF HESPERIA MICHAEL MARTINEZ, SABRINA CERVANTES and JEREMY DEBERG |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION AND STATEMENT OF FACTS**

Defendants wish to apologize to the Court for their inadvertent failure to comply with this Court's Civil Standing Order Section VII(A) Meet and Confer Requirement by failing to include the (1) names of the counselor's present at the conference, (3) how long the conference lasted, (5) what issues were discussed and (6) what issues the parties were unable to resolve in their Meet and Confer Statement in Defendants' previous Motion for Summary Judgment ("MSJ").

Defendants did engage in a substantial meet and confer conference with counsel for Plaintiffs and counsel for Defendant Campos. Pursuant to the Civil Standing Order: (1) Benjamin S. Levine appeared for Plaintiffs, Joshua A. Nuzzo, appeared for Defendants and Mahadhi Corzano appeared for Defendant Jonathan Campos (Mr. Campos has since been dismissed from this action); (2) the conference was held on March 22, 2024 prior to the filing of Defendants' first MSJ; (3) the conference lasted between 25 and 30 minutes; (4) the conference was held telephonically on a conference line to allow the participation of counsel for all parties; (5) the parties discussed each of Plaintiff's claims individually and Defendants explained that they believed that there were no triable issues of material fact and that Defendants had not violated Plaintiffs' rights and even if Defendants had allegedly violated said rights Defendants were entitled to qualified immunity; (6) the parties were unable to reach an agreement at the meet and confer conference concerning any of Plaintiffs' claims and Defendants thereafter filed their MSJ. (Declaration of Joshua A. Nuzzo ("Nuzzo Decl.") ¶¶ 4, 10, Exh. A.)

Defendants inadvertently failed to include the above in their meet and confer statement embodied in their first MSJ and did not intend to fail to comply with this Court's local rules and Civil Standing Order. (Nuzzo Decl. ¶ 5.)

Due to the nature of the claims and the amount of discovery already conducted there is no remaining discovery required by the parties, Defendants

respectfully this Court grant Defendants leave to re-file their MSJ and allow the Opposition and Reply already previously filed by the parties to be refiled in order to hear the MSJ on the merits on an expedited basis. No party will be prejudiced by the requested relief because: (1) the parties already had an opportunity to fully brief the MSJ, Opposition, and Reply on the merits (2) the denial of the MSJ without leave to amend in light of Defendants inadvertent failure to include a compliant meet and confer statement does not create any factual or legal disputes that were not fully briefed by the parties. (Nuzzo Decl. ¶ 7.) Defendants will be severely prejudiced if the requested relief is not granted because Defendants will be denied the ability to have their MSJ considered on the merits as a result of their counsel's inadvertent failure to include a meet and confer statement that complied with this Court's Civil Standing Order. Forcing Defendants to expend substantial time and resources to prepare for trial without an opportunity to have their MSJ considered on the merits would cause Defendants irreparable injury. (Nuzzo Decl. ¶ 8.)

Accordingly, Defendants respectfully request that this Court (1) grant leave for Defendants to file their MSJ previously filed as Dkt Nos. 63 in its entirety without any changes; (2) the Court grant leave for the parties previous Opposition previously filed as Dkt Nos. 72 and Reply previously filed as Dkt. Nos. 73 to be deemed re-filed without any changes; (3) the Court hear the MSJ on its merits at the soonest date that is convenient for this Court in order to allow the MSJ to be heard on the merits without disturbing the current September 23, 2024 trial date and related deadlines. (Nuzzo Decl. ¶ 6.)

## II. THE COURT HAS THE AUTHORITY TO PERMIT DEFENDANTS TO RE-FILE THEIR MSJ AND WILL PREVENT IRREPARABLE HARM TO DEFENDANTS BY ALLOWING THEM TO RE-FILE THEIR MOTION

### A. The Court May Allow the Filing of Multiple Motions for Summary Judgment in a Single Action.

Pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 56 the Court has the authority to govern the timing of filing Motions for Summary Judgment. (F.R.C.P. 56(b). The United States Court of Appeals for the Ninth Circuit examined the issue of parties seeking leave to file subsequent Motions for Summary Judgment in *Hoffman v. Tonnemacher* (9th Cir. 2010) 593 F.3d 908. Therein the Court held: "Joining those circuits, we now hold explicitly that district courts have discretion to entertain successive motions for summary judgment, independent of whether the motions involve qualified immunity." (*Hoffman v. Tonnemacher* (9th Cir. 2010) 593 F.3d 908, 911.) Here, there is even stronger presumption in favor of granting Defendants leave to re-file their MSJ because cases prior to *Hoffman* found that there was a specific right to file successive Motions for Summary Judgment in cases involving qualified immunity. (*See Knox v. SW Airlines* (9th Cir. 1997) 124 F.3d 1103 – allowing defendants to file successive Motions for Summary Judgment on the basis of qualified immunity.) Qualified immunity is directly relevant and at issue in this matter as discussed more fully in Defendants' MSJ.

The court in *Hoffman* further explained:

' Furthermore, we have held that, in effect, the possibility of summary judgment remains on the table even after a district court has denied a summary judgment motion because that order is "subject to reconsideration by the court at any time." *Dessar v. Bank of Am. Nat'l Trust & Sav. Ass'n,* 353 F.2d 468, 470 (9th Cir.1965). Thus, the denial of summary judgment does not preclude a contrary later grant of summary judgment. Consequently, allowing a party to file a second motion for summary judgment is logical, and it fosters the "just, speedy, and inexpensive" resolution of suits. Fed.R.Civ.P. 1. Nevertheless, we are conscious of the potential for abuse of the procedure and reiterate here that district courts retain discretion to "weed out frivolous or simply repetitive motions." *Knox,* 124 F.3d at 1106. ' (*Hoffman v. Tonnemacher* (9th Cir. 2010) 593 F.3d 908, 911.)

Here, Defendants are not attempting to file a "frivolous or simply repetitive motion" as contemplated by the Courts in *Knox* and *Hoffman*. Instead, Defendants

are simply seeking to cure their inadvertent failure to properly comply with this Court's civil standing order and avail themselves of the opportunity to have their previously filed MSJ considered on the merits. (Nuzzo Decl. ¶¶ 5-8.)

**B. Good Cause Exists to Grant the Requested Relief Because Defendants will be Irreparably Harmed if Leave to Re-File the MSJ and Having it Heard on the Merits is Denied and No Parties Will be Prejudiced if the Relief is Granted.**

The Court in *Hoffman* also considered the prejudice that may be suffered by the party seeking leave to file a successive Motion for Summary Judgment is denied leave to do so. The Court explained:

> ' If the district court concluded that summary judgment might be appropriate, the court could properly find that it would be a manifest injustice to require a party to defend itself in a second trial without the opportunity to move first for summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (noting "due regard ... for the rights of persons ... to demonstrate in the manner provided by [Rule 56], prior to trial, that the claims and defenses have no factual basis"). ' (*Hoffman v. Tonnemacher* (9th Cir. 2010) 593 F.3d 908, 913.)

Here, Defendants seek leave to exercise their rights to demonstrate that the claims and defenses in this action have no factual basis, and Defendants right to do so should not be denied in its entirety for an inadvertent failure to include all the discrete subparts of its meet and confer statement as required by this Court's Civil Standing Order. (Nuzzo Decl. ¶ 5.) As outlined in the Nuzzo Declaration, Defendants complied with the spirit of the Civil Standing Order and engaged in a detailed and substantive meet and confer conference but were unable to reach an agreement concerning any of Plaintiffs' claims. (Nuzzo Decl. ¶ 4.) As discussed above, no parties will be prejudiced by the granting of the requested relief (Nuzzo Decl. ¶ 7) but Defendants will be irreparably harmed if the requested relief is denied. (Nuzzo Decl. ¶ 8.)

Defendants simply wish to avoid the "manifest injustice" contemplated by the

Court in *Hoffman* and request this Court: (1) grant leave for Defendants to file their MSJ previously filed as Dkt Nos. 63 in its entirety without any changes; (2) the Court grant leave for the parties previous Opposition previously filed as Dkt Nos. 72 and Reply previously filed as Dkt. Nos. 73 to be deemed re-filed without any changes; (3) the Court hear the MSJ on its merits at the soonest date that is convenient for this Court in order to allow the MSJ to be heard on the merits without disturbing the current September 23, 2024 trial date and related deadlines.

### III. PLAINTIFFS HAVE ALREADY ADMITTED THE PARTIES MET AND CONFERRED BY FAILING TO RAISE ANY ALLEGED DEFECTS IN THEIR OPPOSITION TO THE MSJ

As discussed at length in this Motion, the parties substantively met and conferred as required and the sole basis for not complying with the Court's Meet and Confer requirements was a typographical oversight by Defendants' counsel. (Nuzzo Decl. ¶¶ 4, 5, 10, Exh. A.) Plaintiffs have essentially admitted this fact by failing to raise any issues with Defendants' meet and confer efforts or inadvertent failure to comply with this Court's meet and confer requirement in their Opposition to the MSJ. (*See generally* Dkt. No. 72.) Plaintiffs should not now be allowed to challenge the substance of the prior meet and confer conference in an attempt to manufacture an issue and take advantage of the typographical oversight inadvertently made by Defendants' counsel. (Nuzzo Decl. ¶ 5.) Accordingly, Defendants respectfully request this Court grant the relief requested herein.

### IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court (1) grant leave for Defendants to file their MSJ previously filed as Dkt Nos. 63 in its entirety without any changes; (2) the Court grant leave for the parties previous Opposition previously filed as Dkt Nos. 72 and Reply previously filed as Dkt. Nos. 73 to be deemed re-filed without any changes; (3) the Court hear the MSJ on its merits at the soonest date that is convenient for this Court in order to allow the

MSJ to be heard on the merits without disturbing the current September 23, 2024 trial date and related deadlines.

DATED:  June 18, 2024          WESIERSKI & ZUREK LLP

By: _____
MICHELLE R. PRESCOTT
Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CITY OF HESPERIA MICHAEL MARTINEZ, SABRINA CERVANTES and JEREMY DEBERG