Christopher P. Wesierski [Bar No. 086736]
  cwesierski@wzllp.com
Michelle R. Prescott [Bar No. 262638]
  mprescott@wzllp.com
Brett A. Smith [Bar No. 322707]
  bsmith@wzllp.com
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CITY OF HESPERIA MICHAEL MARTINEZ, SABRINA CERVANTES and JEREMY DEBERG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROSA NUNEZ, individually and as successor-in-interest to Decedent, Anthony Nunez; ANTHONY NUNEZ, JR., individually and as successor-in-interest to Decedent, Anthony Nunez; and, ANDREW NUNEZ, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SAN BERNARDINO; CITY OF HESPERIA; MICHAEL MARTINEZ; SABRINA CERVANTES; JEREMY DEBERG; JONATHAN CAMPOS; and DOES 5 through 15, inclusive, <br><br> Defendants. | Case No. 5:22-cv-1934-SSS(SPx) <br><br> **DECLARATION OF JOSHUA A. NUZZO IN SUPPORT OF MOTION FOR LEAVE TO FILE SUCCESSIVE MOTION FOR SUMMARY JUDGMENT** <br><br> Trial Date: 09/23/2024 <br><br> Meet and Confer Conferences Held Pursuant to LR 7-3 on June 7, 2024 and June 12, 2024 |

## DECLARATION OF JOSHUA A. NUZZO

1. I am an attorney at law licensed to practice before all the courts of the State of California and am an associate with Wesierski & Zurek, LLP, counsel of record for Defendants COUNTY OF SAN BERNARDINO, CITY OF HESPERIA, DEPUTY MICHAEL MARTINEZ, DEPUTY JEREMY DEBERG, and DEPUTY SABRINA CERVANTES.

2. The following facts are within my own personal knowledge. If called as a witness, I could and would competently testify to these facts.

3. This Declaration is made in support of Defendants' Motion for Leave to File Successive Motion for Summary Judgment ("MSJ".)

4. In connection with this action, I telephonically met and conferred with counsel pursuant to Local Rule 7-3 and this Court's Civil Standing Order. Pursuant to the Civil Standing Order: (1) Benjamin S. Levine appeared for Plaintiffs, Joshua A. Nuzzo, appeared for Defendants and Mahadhi Corzano appeared for Defendant Jonathan Campos (Mr. Campos has since been dismissed from this action); (2) the conference was held on March 22, 2024 prior to the filing of Defendants' first MSJ; (3) the conference lasted between 25 and 30 minutes; (4) the conference was held telephonically on a conference line to allow the participation of counsel for all parties; (5) the parties discussed each of Plaintiff's claims individually and Defendants explained that they believed that there were no triable issues of material fact and that Defendants had not violated Plaintiffs' rights and even if Defendants had allegedly violated said rights Defendants were entitled to qualified immunity; (6) the parties were unable to reach an agreement at the meet and confer conference concerning any of Plaintiffs' claims and Defendants thereafter filed their MSJ.

5. While drafting Defendants' first Motion for Summary Judgment, I inadvertently failed to include all of the discrete subparts of the meet and confer statement required by this Court's Civil Standing Order Section VII(A) Meet and Confer Requirements. I did not intend to fail to comply with this provision in the

standing order, and I did not comply with the provision as a result of an inadvertent clerical error.

6. Defendants respectfully request that this Court (1) grant leave for Defendants to file their MSJ previously filed as Dkt Nos. 63 in its entirety without any changes; (2) the Court grant leave for the parties previous Opposition previously filed as Dkt Nos. 72 and Reply previously filed as Dkt. Nos. 73 to be deemed re-filed without any changes; (3) the Court hear the MSJ on its merits at the soonest date that is convenient for this Court in order to allow the MSJ to be heard on the merits without disturbing the current September 23, 2024 trial date and related deadlines.

7. No party will be prejudiced by granting the relief requested because: (1) the parties already had an opportunity to fully brief the MSJ, Opposition, and Reply on the merits (2) the denial of the MSJ without leave to amend in light of Defendants inadvertent failure to include a compliant meet and confer statement does not create any factual or legal disputes that were not fully briefed by the parties.

8. Defendants will be severely prejudiced if the requested relief is not granted because Defendants will be denied the ability to have their MSJ considered on the merits as a result of their counsel's inadvertent failure to include a meet and confer statement that complied with this Court's Civil Standing Order. Forcing Defendants to expend substantial time and resources to prepare for trial without an opportunity to have their MSJ considered on the merits would cause Defendants irreparable injury.

9. Pursuant to L.R. 7-3 and this Court's Civil Standing Order: (1) Benjamin S. Levine attended on behalf of Plaintiffs, Joshua A. Nuzzo attended on behalf of Defendants; (2) the conference was held on June 7, 2024; (3) the conference lasted approximately five minutes; (4) the conference was held telephonically; (5) the parties discussed the issue of Defendants seeking leave to re-

I2139693-1 SBD-0015                                                    DECLARATION OF JOSHUA A. NUZZO

file their MSJ and seeking leave to deem the MSJ fully briefed by the parties and heard on the merits without requiring additional briefing or the noticing of a new regular motion date; and (6) the parties were unable to reach an agreement leaving Defendants no choice but to file the instant motion.

Pursuant to L.R. 7-3 and this Court's Civil Standing Order the parties held a subsequent meet and confer conference: (1) Benjamin S. Levine attended on behalf of Plaintiffs, Joshua A. Nuzzo attended on behalf of Defendants; (2) a second conference was held on June 12, 2024; (3) the conference lasted approximately ten (10) minutes; (5) the parties discussed the issues raised by Defendant at the previous meet and confer conference and Plaintiffs explained that they would not consent to the papers being considered as originally filed and they would be challenging the validity and sufficiency of the March 22, 2024 meet and confer conference; (6) the parties were unable to reach an agreement.

10. Attached hereto as **Exhibit A** is a true and correct copy of a Declaration from Mahadhi Corzano, counsel for dismissed defendant Jonathan Campos, evidencing that the parties met and conferred on March 22, 2024.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 14, 2024, at Lake Forest, California.

_____
Joshua A. Nuzzo

4

DECLARATION OF JOSHUA A. NUZZO