**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Tel: (818) 347-3333 / Fax: (818) 347-4118

LUIS A. CARRILLO (SBN 70398)
MICHAEL S. CARRILLO (SBN 258878)
DOMINIQUE L. BOUBION (SBN 336915)
**CARRILLO LAW FIRM, LLP**
1499 Huntington Drive, Suite 402
South Pasadena, California 91030
Tel: (626) 799-9375/ Fax: (626) 799-9380

Attorneys for Plaintiffs
ROSA NUÑEZ, ANTHONY NUÑEZ, JR., and ANDREW NUÑEZ

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ROSA NUÑEZ, individually; ANTHONY NUÑEZ, JR., individually and as successor-in-interest to Decedent, Anthony Nuñez; and ANDREW NUÑEZ, individually,

Plaintiffs,

v.

COUNTY OF SAN BERNARDINO; CITY OF HESPERIA; MICHAEL MARTINEZ; SABRINA CERVANTES; JEREMY DEBERG; JONATHAN CAMPOS; and DOES 5 through 15, inclusive,

Defendants.

Case No. 5:22-cv-01934-SSS-SP

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO REFILE MOTION FOR SUMMARY JUDGMENT; MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT**

*[Filed concurrently with Declaration of Benjamin S. Levine; Declaration of Dominique L. Boubion]*

Date: July 19, 2024
Time: 2:00 p.m.
Courtroom: 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants' motion should be denied for several independent reasons. First, the motion is not timely. The Court's deadline to hear motions has passed, and the motion both is noticed for a hearing approximately one month after that deadline and requests a separate summary judgment hearing that would also necessarily fall after that deadline; however, Defendants have not sought a continuance of that deadline. Second, there is no good cause to grant Defendants leave to file a second summary judgment motion. It was Defendants' own admitted error that led to the denial of their original summary judgment motion, and Plaintiffs would be unfairly prejudiced if their motion were granted. Further, given that the basis of the Court's denial was Defendants' failure to show that they had adequately met and conferred regarding their summary judgment motion before filing, good cause for leave to file a second motion is absent because Defendants in fact did not adequately meet and confer before filing their original motion. Finally, Defendants' request that the Court also deem all of the parties' original summary judgment briefing "re-filed" is improper. For each of these reasons, Defendants' motion should be denied.

## II. PROCEDURAL BACKGROUND

Plaintiffs filed this action on November 1, 2022. (Dkt. 1.) On December 19, 2022, the Court issued a Civil Standing Order. (Dkt. 19.) That Order noted, among other requirements, Local Rule 7-3's requirement that "counsel contemplating filing of any motion" must "first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution"; a requirement that "[c]ounsel . . . discuss the issues sufficiently such that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court"; and a requirement that any notice of motion include details regarding that discussion, including the names of the counselors present, how long the conference lasted, and the manner in which the conference was held. (*Id.*)

On August 16, 2023, the Court issued a Civil Trial Order containing a schedule of pretrial and trial dates. (Dkt. 39 at 4.) These dates included a "Last Date to Hear Motions" of June 21, 2024; deadlines for the briefing of motions *in limine* in July and August 2024; deadlines for pretrial filings in August 2024; a Final Pretrial Conference on September 6, 2024, at 1:00 p.m.; and a jury trial to begin on September 23, 2024, at 9:00 a.m. (*Id.*)

Plaintiffs filed their operative Second Amended Complaint on September 15, 2023. (Dkt. 45.) Defendants filed a Motion for Summary Judgment on April 9, 2024. (Dkt. 63.) On June 5, 2024, the Court issued an Order denying Defendants' motion without prejudice for failure to include required information regarding the pre-filing conference between counsel. (Dkt. 78.) On June 18, 2024, Defendants filed the instant motion. (Dkt. 79.)

## III. DEFENDANTS' MOTION IS UNTIMELY

Defendants' motion should be denied as untimely. In its August 16, 2023, Civil Trial Order, the Court set a deadline of June 21, 2024, "to Hear Motions." (Dkt. 39 at 4.) That deadline refers to "Rule 56 Motions" as well as "all other motions," indicating that all motions are subject to this hearing deadline, save for Motions to Amend Pleadings or Add Parties and Motions in Limine, for which separate hearing dates and deadlines are listed. (*Id.*) The June 21, 2024, deadline therefore applies to the instant motion. (*See id.*) Because this deadline has passed, Defendants' motion, which is noticed for a hearing on July 19, 2024, is untimely.

"The district court is given broad discretion in supervising the pretrial phase of litigation . . . ." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Accordingly, a district court's "scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the

cavalier." *Id.*; *see Martin Family Tr. v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999) ("Calendars are simply too crowded for parties to treat scheduling orders as optional") (citation omitted). Demonstrative of the significance of scheduling orders and the requirements contained therein, the Federal Rules of Civil Procedure authorize issuance of sanctions for failure to obey scheduling orders' requirements. *See* Fed. R. Civ. P. 16(f)(1)(C).

Defendants could have endeavored to comply with the scheduling order by seeking an order shortening time on their motion so that it could be heard prior to the motion hearing deadline, or could have sought an order continuing that deadline to allow their motion to be timely heard,[1] but they have done neither. *See U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (district courts may deny as untimely motions filed after scheduling order cut-off date where no request to modify order has been made), *superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996). That the timing of Defendants' motion for summary judgment and the Court's subsequent denial thereof resulted in insufficient time for the instant motion to be heard before the deadline to hear motions is a result of Defendants' own acts and omissions, meriting denial. *See Bernstein v. Virgin Am., Inc.*, 2017 WL 7156361, at *1 (N.D. Cal. Dec. 29, 2017) ("Because the timing of [Defendant's] motion was totally in [Defendant's] hands, whatever limitations went along with that timing were of [Defendant's] own making.").

Because Defendants' motion is untimely and thus violates the Court's scheduling order, it should be denied. *See Netlist Inc. v. Samsung Elecs. Co. Ltd.*, No. 8:20-cv-993-MCS-ADS, 2021 WL 6103542, at *1 (C.D. Cal. Oct. 27, 2021)

---

[1] In any event, Defendants would not be entitled to a modification of the scheduling order, as there is not good cause, *see, e.g.*, *Johnson*, 975 F.2d at 609, and, as addressed below, Plaintiffs would be significantly prejudiced.


(denying motion for reconsideration of summary judgment order as untimely because it was noticed for hearing date that fell after motion hearing deadline); *AGA & Titan Inc. v. United Specialty Ins. Co.*, No. 2:20-cv-2698-MCS-AS, 2021 WL 5263867, at *1 (C.D. Cal. Aug. 31, 2021) (same, as to motion to exclude expert report and opinions); *Gonzalez v. Ford Motor Co.*, No. CV 19-652 PA (ASx), 2019 WL 9042544, at *2 (C.D. Cal. Aug. 12, 2019) (same, as to motion for reconsideration of dismissal order); *Irise v. Axure Software Sols., Inc.*, No. CV 08-3601 SJO (JWJx), 2009 WL 3615973, at *2 (C.D. Cal. July 30, 2009) (same, as to motion for leave to amend answer and counterclaims); *Zivkovic*, 302 F.3d at 1087; *Johnson*, 975 F.2d at 610; *Martin Family Tr.*, 186 F.R.D. at 603.

In addition to Defendants' motion itself being untimely, through their motion Defendants also seek relief that is improper under the Court's scheduling order. Defendants ask that, should their requests for leave be granted, "the Court hear the MSJ on its merits at the soonest date that is convenient for the Court." (Mot. at 6.) Because the Court's June 21, 2024, deadline to hear motions has already passed, any future hearing date on a second motion for summary judgment would necessarily be untimely, and Defendants' motion should be denied for this reason as well.

## IV. LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED

### A. Defendants' Error Does Not Supply Good Cause

Defendants' request for leave to file a second motion for summary judgment should be denied for lack of good cause. Although second motions for summary judgment "are not categorically barred, they are generally disfavored in federal court." *Peasley v. Spearman*, 2017 WL 5451709, at *3 (N.D. Cal. Nov. 14, 2017); *see Bernstein*, 2017 WL 7156361, at *1 ("When the Court must spend more time on one case, the inevitable cost is having less time to spend on another. Limiting the parties' ability to seek the same relief successively is one way of ensuring that the Court can devote adequate attention to each of the matters before it.").

Here, there is no good cause to grant leave to file a second motion for summary judgment because, as Defendants admit, Defendants' first motion was denied due to their "failure to properly comply with this Court's civil standing order." (Mot. at 8; Nuzzo Decl. ¶ 5.) This failure was despite Defendants' presumed awareness of that Order's requirements, given that the Order was issued in December of 2022, more than a year before Defendants filed their motion for summary judgment. (*See* Dkt. 19.) As the Ninth Circuit has observed in a related context: "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

That logic applies with particular force here where, if leave were granted, Plaintiffs would be significantly prejudiced. The September 2024 trial that has been set in this action for nearly a year is fast approaching, with numerous pretrial filings due during the intervening period, including a July 26, 2024, deadline to file motions *in limine*—a mere week after the noticed hearing date on the instant motion. The Court will likely require time to rule on the instant motion after the hearing, and a hearing on any second motion for summary judgment would necessarily come even later. This would result in the parties being required to file and oppose motions *in limine*, as well as prepare and exchange documents including proposed jury instructions, memoranda of contentions of fact and law, and proposed verdict forms, without confirmation of which claims will be tried in September.

Such a circumstance is likely to result in the waste of the parties' and the Court's resources, such that Defendants' request that their proposed second motion for summary judgment be "heard on the merits without disturbing the current . . . trial date and related deadlines" (Mot. at 6) is impractical. Plaintiffs also strongly oppose any potential continuance of the trial date, given that Plaintiffs have been anticipating a September 2024 trial for nearly a year and, given the heavy trial calendar of Plaintiffs' lead trial counsel for the remainder of 2024 and well into 2025, Plaintiffs' counsel would likely be unavailable for a new trial date for many

months after September 2024. Accordingly, because Defendants' current circumstance is one of their own making, *see Bernstein*, 2017 WL 7156361, at *1, granting Defendants leave to file a second motion for summary judgment—and especially the continuance of the current dates and deadlines that would likely be necessary to accommodate Defendants' second motion—would unfairly prejudice Plaintiffs and the Court.

### B. Defendants Did Not Properly Meet-and-Confer Prior to Filing Their Original Motion for Summary Judgment

Defendants' effort to cure the deficient meet-and-confer compliance statement included in their original notice of motion also does not create good cause for leave to file a second summary judgment motion because Defendants' meet-and-confer efforts before filing the original motion were cursory and inadequate. Local Rule 7-3 provides that before filing any motion, counsel for the moving party "must first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." L.R. 7-3; *see Fox v. J.P. Morgan Chase Bank*, CV 16-193 DMG (JEMx), 2016 WL 7444974, at *1 n.1 (C.D. Cal. Mar. 17, 2016) ("The Court admonishes all parties to abide by Rule 7-3's admonition to *thoroughly* discuss the substance of a motion before filing it."). The Court's December 19, 2022, Civil Standing Order noted the same and admonished the parties that "[t]he Court may strike or deny a motion . . . if counsel fails to meet and confer in good faith." (Dkt. 19; *see Hooks v. Target Corp.*, No. 5:22-cv-52-SSS-SPx, 2023 WL 5505016, at *1 (C.D. Cal. July 25, 2023) (stating that "[t]he Court will decline to consider a motion for failure to comply with Local Rule 7-3," and declining to consider motion for failure to comply) (citing L.R. 7-4); *Vijaraghavan v. Riverside Cnty. Dist. Attorney's Office*, No. 5:23-cv-683-SSS-KKx, 2024 WL 661196, at *1 (C.D. Cal. Jan. 5, 2024) (denying motion based on "fail[ure] to properly meet and confer under Local Rule 7-3 and the Civil Standing Order").)

On March 22, 2024, after Defendants[2] had advised of their intention to seek summary judgment in this case, counsel for Defendants, for then-defendant Jonathan Campos, and for Plaintiffs held a teleconference regarding the anticipated motion. (Declaration of Benjamin S. Levine ("Levine Decl.") at ¶¶ 2-3; Declaration of Dominique L. Boubion ("Boubion Decl.") at ¶¶ 4-5.) Shortly after the call began, counsel for Defendants stated, in broad terms, that Defendants did not believe Plaintiffs' claims had merit and so Defendants would be seeking summary judgment as to all of Plaintiffs' claims. (Levine Decl. ¶ 4; Boubion Decl. ¶ 6a.) Counsel for Defendants did not discuss any of Plaintiffs' claims in detail. (Levine Decl. ¶ 4; Boubion Decl. ¶ 6a.)

Plaintiffs' counsel asked whether Defendants would be open to a compromise involving Plaintiffs' voluntary dismissal of certain claims if Defendants agreed not to move for summary judgment. (Levine Decl. ¶ 5; Boubion Decl. ¶ 6b.) Defendants' counsel stated that Defendants were unlikely to agree but that if a written proposal were provided it would be presented to Defendants. (Levine Decl. ¶ 5; Boubion Decl. ¶ 6b.) Defendants' counsel's only reference to any particular claims or defenses during this conversation was a passing reference to Plaintiffs' Bane Act claim and qualified immunity, in stating that a compromise was unlikely. (Levine Decl. ¶ 5.) This concluded the portion of the call between Plaintiffs' and Defendants' counsel. (Levine Decl. ¶ 5.)

Plaintiffs' counsel and counsel for former defendant Jonathan Campos then discussed Mr. Campos's anticipated motion for summary judgment as to the claims against him. (Levine Decl. ¶ 6; Boubion Decl. ¶ 6c.) Mr. Campos's counsel raised several substantive points regarding liability as to Mr. Campos, including the view

---

[2] As used herein, "Defendants" refers to Defendants County of San Bernardino, City of Hesperia, Michael Martinez, Sabrina Cervantes, and Jeremy Deberg. It does not refer to former defendant Jonathan Campos, who has been dismissed from this action and is instead referred to herein as "Jonathan Campos" or "Mr. Campos."

that there was no evidence to support liability as against him, who had fired a taser once during the subject incident involving the decedent in this case, Anthony Nuñez. (Levine Decl. ¶ 6; Boubion Decl. ¶ 6c.) Mr. Campos's counsel stated the evidence showed that one of the two taser probes had missed Mr. Nuñez and the other probe had struck Mr. Nuñez's pant leg but had not punctured his skin. (Levine Decl. ¶ 6.) Mr. Campos's counsel contended that based on this evidence, Plaintiffs could not show that Mr. Campos had seized Mr. Nuñez within the meaning of the Fourth Amendment, and he cited a Ninth Circuit opinion that he contended supported this argument. (Levine Decl. ¶ 6.) Mr. Campos's counsel also contended that Plaintiff Andrew Nuñez would be unable to prove his claim for Negligent Infliction of Emotional Distress as against Mr. Campos. (Levine Decl. ¶ 6; Boubion Decl. ¶ 6c.)

This call with counsel for Defendants and for Mr. Campos lasted approximately twenty-two minutes in total, a significant majority of which was devoted to the discussion between Plaintiffs' counsel and Mr. Campos's counsel regarding Mr. Campos's anticipated motion for summary judgment. (Levine Decl. ¶¶ 6, 7; Boubion Decl. ¶¶ 6, 6c.) This call was the only conference between counsel regarding the anticipated motions for summary judgment before Defendants filed their motion for summary judgment. (Levine Decl. ¶ 7; Boubion Decl. ¶ 7.)

As the foregoing shows, Defendants' meet-and-confer fell short of what Local Rule 7-3 and the Court's Civil Standing Order require. Although a phone call between counsel occurred, Defendants' counsel did not "discuss thoroughly . . . the substance of the contemplated motion," L.R. 7-3, despite Plaintiffs' counsel's request for additional detail during the call. (*See* Boubion Decl. ¶ 6a.) The lack of any meaningful discussion of the bases for Defendants' anticipated motion for summary judgment during the call indicates a "fail[ure] to meet and confer in good faith," (Dkt. 19), or to "ma[k]e more than a brief and cursory effort to resolve the[ ] dispute without resort to motion practice," (Dkt. 78). For these additional reasons, Defendants lack good cause to receive leave to file a second motion for summary

judgment, and the instant motion should be denied. (*See id.*; *Taraska v. Swedelson*, No. 2:21-cv-2206-MCS-JEM, 2021 WL 4734872, at *2 (C.D. Cal. Aug. 24, 2021) (denying motion on basis that "the Parties failed to comply with Local Rule 7-3's requirement to 'thoroughly' discuss [the] Motion"); *Oh v. BMW of N. Am., LLC*, No. CV 20-611 PSG (SKx), 2020 WL 5092831, at *3-4 (C.D. Cal. June 22, 2020) (denying motion after stating: "[T]he parties' emails indicate they did not actually discuss 'thoroughly' the bases of the issues in detail. . . . . It is clear from the parties' papers that they did not comply with [the meet-and-confer] requirements, and this Court generally does not excuse noncompliance with Rule 7-3.")

Because Defendants lack good cause to receive leave to file a second motion for summary judgment—including due to their failure to adequately meet and confer before filing it—and because Plaintiffs would be unfairly prejudiced were leave to be granted, leave to file a second motion should be denied.

## V. DEFENDANTS' REQUEST FOR THE PREVIOUS BRIEFING "TO BE DEEMED RE-FILED" SHOULD BE DENIED

Even if Defendants had shown good cause to receive leave to file a second motion for summary judgment, which they have not, Defendants' separate request—that the Court also "grant leave for the parties['] previous Opposition previously filed as Dkt Nos. 72 and Reply previously filed as Dkt. Nos. 73 to be deemed re-filed without any changes" (Mot. at 6)—is also improper and should be denied. In its Order denying summary judgment, the Court noted its Civil Standing Order's provision that "[n]o party may file more than one (1) motion pursuant to Federal Rule of Civil Procedure 56 . . . without leave of the Court" and advised Defendants that leave would be required "should they wish to re-file their motion for summary judgment." (Dkt. 78.) Together, these statements clearly appear to contemplate the new and separate filing of a summary judgment motion, even if it is identical to Defendants' original motion (but for the inclusion of a proper Rule 7-3 compliance statement). Plaintiffs respectfully submit that, because Defendants' original motion

for summary judgment—and, by association, the briefing thereon—has already been ruled upon, it is not subject to being ruled upon again.[3] Plaintiffs also object to Defendants' request that the opposition brief Plaintiffs filed in response to the original summary judgment motion being "deemed re-filed without any changes"; assuming good cause for Defendants to receive leave to file a second motion had been shown (it has not), Plaintiffs should be allowed the opportunity to revisit their previous opposition, including to identify any new precedent that has issued since the filing of their previous opposition in April. (*See* Dkt. 72.)

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion in its entirety.

DATED: June 28, 2024

LAW OFFICES OF DALE K. GALIPO

By *\/s/ Benjamin S. Levine*
Dale K. Galipo
Benjamin S. Levine
Attorneys for Plaintiffs

---

[3] The only exception of which Plaintiffs are aware would apply if Defendants had moved the Court for reconsideration of its Order denying summary judgment without prejudice. (See L.R. 7-18.) However, Defendants have not moved for reconsideration of that Order, and even if they had, they would not be entitled to reconsideration. (*See id.* (listing permitted bases for reconsideration in response to motion, none of which apply here).)

**CERTIFICATION OF COMPLIANCE WITH WORD LIMIT (L.R. 11-6.1)**

Pursuant to L.R. 11-6.2, the undersigned, counsel of record for Plaintiffs Rosa Nuñez, Anthony Nuñez, Jr., and Andrew Nuñez, certifies that this brief contains **3,301** words, which complies with the word limit of L.R. 11-6.1.

DATED: June 28, 2024

LAW OFFICES OF DALE K. GALIPO

By *s/ Benjamin S. Levine*
Dale K. Galipo
Benjamin S. Levine
Attorneys for Plaintiffs