LUIS A. CARRILLO (SBN 70398)
MICHAEL S. CARRILLO (SBN 258878)
DOMINIQUE L. BOUBION (SBN 336915)
**CARRILLO LAW FIRM, LLP**
1499 Huntington Drive, Suite 402
South Pasadena, California 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA NUÑEZ, individually; ANTHONY NUÑEZ, JR., individually and as successor-in-interest to Decedent, Anthony Nuñez; and ANDREW NUÑEZ, individually, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN BERNARDINO; CITY OF HESPERIA; MICHAEL MARTINEZ; SABRINA CERVANTES; JEREMY DEBERG; JONATHAN CAMPOS; and DOES 5 through 15, inclusive, <br><br> Defendants. | Case No. 5:22-cv-01934-SSS-SP <br><br> **DECLARATION OF BENJAMIN S. LEVINE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO REFILE MOTION FOR SUMMARY JUDGMENT** <br><br> *[Filed concurrently with Plaintiffs' Memorandum of Points and Authorities in Opposition; and Declaration of Dominique L. Boubion]* <br><br> Date:       July 19, 2024 <br> Time:       2:00 p.m. <br> Courtroom: 2 |

## DECLARATION OF BENJAMIN S. LEVINE

I, Benjamin S. Levine, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, and the Central District of California. I make this declaration in support of Plaintiffs' Opposition to Defendants' Motion for Leave to Refile Motion for Summary Judgment. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2. On March 18, 2024, I received correspondence via email from counsel for Defendants County of San Bernardino, City of Hesperia, Michael Martinez, Sabrina Cervantes, and Jeremy Deberg ("County Defendants") requesting to meet and confer via prior to County Defendants' anticipated filing of a Motion for Summary Judgment. This correspondence did not identify grounds for the anticipated Motion but rather requested a telephonic meeting. Counsel for all parties, including then-Defendant Jonathan Campos ("Mr. Campos"), arranged a telephonic conference for March 22, 2024.

3. A telephonic conference was held on March 22, 2024, attended by me and Dominique L. Boubion, counsel for Plaintiffs; Joshua A. Nuzzo, counsel for County Defendants; and Mahadhi Corzano, counsel for Mr. Campos.

4. I began the call by inviting counsel for County Defendants to begin, given that the call was regarding County Defendants' anticipated motion. Mr. Nuzzo responded by stating, in broad terms, that County Defendants did not believe Plaintiffs' claims had merit and so County Defendants would be seeking summary judgment as to all of Plaintiffs' claims. Mr. Nuzzo did not discuss any of Plaintiffs' claims in detail.

5. I then asked whether County Defendants would be open to any potential compromise under which Plaintiffs would agree to voluntarily dismiss certain claims in exchange for County Defendants agreeing not to file a motion for summary judgment. Mr. Nuzzo responded that County Defendants were unlikely to agree to

such a compromise but that if a written proposal was provided then he would present it to his client. Mr. Nuzzo did not elaborate on any of Plaintiffs' claims, and his only reference to any particular claims or defenses was a passing reference to Plaintiffs' Bane Act claim and qualified immunity in stating that a compromise was unlikely. This concluded the portion of the call between me and Mr. Nuzzo.

6. I then spoke with Mr. Corzano regarding an anticipated motion for summary judgment by Mr. Campos. Mr. Corzano raised several substantive points regarding liability as to Mr. Campos. These points included the view that there was no evidence to support liability as against Mr. Campos, who had fired a taser once during the subject incident involving the decedent in this case, Anthony Nuñez. Mr. Corzano stated that the evidence showed that one of the two taser probes had missed Mr. Nuñez and the other probe had struck Mr. Nuñez's pant leg but had not punctured his skin. Mr. Corzano contended that based on this evidence, Plaintiffs could not show that Mr. Campos had seized Mr. Nuñez within the meaning of the Fourth Amendment, and Mr. Corzano cited a Ninth Circuit opinion that he contended supported this argument. Mr. Corzano also contended that Plaintiff Andrew Nuñez would be unable to prove his claim for Negligent Infliction of Emotional Distress as against Mr. Campos.

7. Although I did not record the total duration of the conference call, a significant majority of the overall time spent on the call was devoted to my discussion with Mr. Corzano regarding Mr. Campos's anticipated motion for summary judgment. This call was the only conference between counsel regarding the anticipated motions for summary judgment before Defendants filed their motion for summary judgment.

/ / /

1  I declare under penalty of perjury of the laws of the United States of
2  America, that the foregoing is true and correct.  Executed on June 28, 2024, at Los
3  Angeles, California.

         /s/ *Benjamin S. Levine*
         Benjamin S. Levine

-3-   Case No. 5:22-cv-01934-SSS-SP
DECLARATION OF BENJAMIN S. LEVINE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT