Christopher P. Wesierski [Bar No. 086736]
 *cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
 *mprescott@wzllp.com*
Brett A. Smith [Bar No. 322707]
 *bsmith@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CITY OF HESPERIA MICHAEL MARTINEZ, SABRINA CERVANTES and JEREMY DEBERG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROSA NUNEZ, individually and as successor-in-interest to Decedent, Anthony Nunez; ANTHONY NUNEZ, JR., individually and as successor-in-interest to Decedent, Anthony Nunez; and, ANDREW NUNEZ, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; CITY OF HESPERIA; MICHAEL MARTINEZ; SABRINA CERVANTES; JEREMY DEBERG; JONATHAN CAMPOS; and DOES 5 through 15, inclusive,<br><br>Defendants. | Case No. 5:22-cv-1934-SSS(SPx)<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO REFILE MOTION FOR SUMMARY JUDGMENT**<br><br>[*Filed concurrently with Declaration of Joshua A. Nuzzo*]<br><br>Date: July 19, 2024<br>Time: 2:00 p.m.<br>Courtroom: 2 |

Defendants, COUNTY OF SAN BERNARDINO, CITY OF HESPERIA, MICHAEL MARTINEZ, SABRINA CERVANTES, AND JEREMY DEBERG ("Defendants") (Defendant Campos has been dismissed by Plaintiff as a result of an agreement between Plaintiff and Mr. Campos) hereby submit their Reply to Plaintiffs

1

ROSA NUNEZ, ANTHONY NUNEZ, JR. and ANDREW NUNEZ ("Plaintiffs") Opposition to Defendants' Motion for Leave to Re-File Their Motion for Summary Judgment.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.    INTRODUCTION**

Plaintiffs Opposition argues that: (1) Defendants' Motion for Leave (the "Motion") was untimely, (2) there is no good cause to grant leave for Defendants Motion for Summary Judgment ("MSJ") to be heard, (3) the previous meet and confer (which was apparently sufficient enough for Plaintiffs to fully oppose the MSJ and not raise the alleged inadequacy of the meet and confer until doing so in their Opposition) was not adequate and (4) the request to deem all of the previous briefing as refiled is improper. The reality could not be further from the truth.

In actuality, (1) Defendants' original MSJ was timely filed and Defendants thereafter filed their Motion for Leave as instructed by the Court in its June 5, 2024 order, (2) there is substantial good cause as supported by case law cited by Plaintiffs in their own Opposition to have the MSJ considered on the merits because it will conserve judicial resources and potentially dispose of some or all of this action prior to the time of trial, (3) the adequacy of the previous meet and confer (which Defendants believe was adequate as will be discussed below) was not the grounds for the Court's denial because the Court denied the MSJ on an inadvertent failure to specifically list each element of the meet and confer as outlined in the standing order, and (4) Defendants requested the previous MSJ be deemed "re-filed" as suggested by the Court in the June 5, 2024 order and because the MSJ has been fully briefed and no new factual issues have arisen since the parties briefed the MSJ. Accordingly, Defendants respectfully request this Court grant the Motion and deem the MSJ re-filed.

### **II.   THE COURT HAS DISCRETION TO CONTROL ITS CALENDAR INCLUDING ALLOWING THE MOTION AND THE MSJ TO BE**

## HEARD AFTER THE HEARING CUTOFF IN THE SCHEDULING ORDER

Plaintiffs assert that because the Motion for Leave is not scheduled for hearing until July 19, 2024 the Motion should be denied because it is set for hearing after the current June 21, 2024 motion hearing cutoff. Preliminarily, Defendants timely filed their underlying MSJ on April 9, 2024 and had it set for hearing on May 31, 2024 well in advance of the June 21, 2024 motion hearing cutoff. (Declaration of Joshua A. Nuzzo ("Nuzzo Decl.") ¶ 4.) Thereafter, the Court denied the MSJ without prejudice on June 5, 2024. Defendants are informed and believe based on the denial without prejudice and the instructions in the June 5, 2024 order to seek leave of Court to re-file the MSJ that the Court anticipated and was essentially instructing Defendants to seek leave even though such motion would not be able to be heard before the June 21, 2024 motion hearing cutoff.

Plaintiffs Opposition includes the following quotation that directly supports the Court's ability to *sua sponte* modify its own scheduling order to further the interests of justice: "The district court is given broad discretion in supervising the pretrial phase of litigation . . ." *Zivkovic c. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002). Here, the Court has the discretion to decide whether it should modify its scheduling order to allow the MSJ to be considered on the merits and it appears the Court is in favor of the same as evidenced by its denial of the MSJ ***without prejudice*** in the June 5, 2024 order. Had the Court wished to preclude the hearing of the MSJ based on the inadvertent failure to fully outline the meet and confer process in the MSJ, it could have done so by denying the MSJ with prejudice. Instead, the Court rightfully and thoughtfully provided Defendants the opportunity to seek the relief requested herein.

Plaintiffs also attempt to argue that Defendants "disobeyed" the scheduling order by seeking leave to re-file their MSJ and that this should support a denial of the Motion. As discussed above, Defendants' MSJ was timely filed and was denied solely as a result of an inadvertent clerical error. Defendants thereafter sought leave as

instructed by the court in the June 5, 2024 order. Even in the light most charitable to Plaintiffs, the sole time Defendants "disobeyed" the scheduling order was to seek relief which included a modification of the scheduling order to allow the MSJ to be heard. Defendants also needed to meet and confer with Plaintiffs prior to the filing of the Motion which added additional delay to the filing of the Motion. The underlying MSJ fully complied with the scheduling order and allowing a modification of the scheduling order for the limited purpose of granting leave and deeming the previously filed and fully briefed is well within this Court's inherent authority. As such, Defendants respectfully request the Court grant leave and deem the previously filed MSJ and related papers re-filed.

## III. THE MSJ SHOULD BE HEARD ON THE MERITS BECAUSE DOING SO WILL CONSERVE JUDICIAL RESOURCES AND IS IN THE INTEREST OF JUDICIAL ECONOMY

Plaintiffs argue in their opposition that the MSJ should not be heard on the merits because doing so would require the Court to spend more time on this case which would prejudice the other cases before the Court. (See Plaintiffs' Opposition at Section IV generally). In reality, this could not be further from the truth of the matter. Hearing the MSJ, which has already been fully briefed by the parties, on the merits would allow the Court to potentially dispose of some or all of the causes of action at issue which would conserve substantial judicial resources at the time of trial. Good cause exists to allow the MSJ to potentially dispose of these causes of action on the merits by being heard because a granting of a partial or total summary judgment would ensure the parties are only forced to spend time preparing for and opposing meritorious causes of action. Should the parties be forced to prepare for trial without the benefit of the MSJ being considered on the merits, they will necessarily be expending resources that otherwise could have been conserved. Defendants previous MSJ was never given the opportunity to be considered on the merits due to the inadvertent clerical error by Defendants' counsel, and this error should not now be

1  used to subject Defendants to preparing for trial without the MSJ being heard.

## IV. THE PREVIOUS MEET AND CONFER WAS ADEQUATE BECAUSE DEFENDANTS EXPLAINED THAT THEY BELIEVED ALL OF THE CAUSES OF ACTION WERE BARRED BY THE DOCTRINE OF QUALIFIED IMMUNITY

Plaintiffs claims that Defendants failed to adequately meet and confer are belied by their previous acknowledgment in the form of not raising this issue in their previous Opposition. Plaintiffs now at the eleventh hour claim that the prior meet and confer was inadequate by misrepresenting the scope of the discussion between the parties. Defendants informed Plaintiffs that they would be relying on the doctrine of qualified immunity to challenge all of Plaintiffs' causes of action, not just the Bane Act cause of action. (Nuzzo Decl. ¶ 5). Defendants thereafter did the same in the MSJ and relied heavily on the doctrine of qualified immunity in their moving papers. Defendants are not required to outline every detail of the MSJ in a telephonic meet and confer conference, and it was clear to Defendants that the parties would not reach an agreement as soon as the doctrine of qualified immunity was mentioned. (Nuzzo Decl. ¶ 5). Rather than beat a dead horse and lay out the same argument for each cause of action, Defendants expressed their intent to generally rely on the doctrine of qualified immunity. (Nuzzo Decl. ¶ 5). This is supported by the Declaration of Mahadhi Corzano filed concurrently with the Motion for Leave which states "I do recall that Mr. Nuzzo presented his reasons to Mr. Levine as to why his clients should be dismissed from the case. I also recalled Mr. Levine disagreeing with Mr. Nuzzo's reasoning" (Corzano Decl. ¶ 4). Once the disagreement became clear, there was no additional grounds on which to meet and confer. Accordingly, the parties met and conferred as required and Defendants should be granted leave to have the previously briefed MSJ deemed re-filed and considered on the merits.

## V. DEFENDANTS' REQUEST FOR THE PREVIOUS BRIEFING TO BE DEEMED RE-FILED WAS MADE BASED ON THE COURT'S JUNE

**5, 2024 ORDER AND THE FACT THAT NO NEW FACTS HAVE BEEN REVEALED SINCE THE ORIGINAL BRIEFING**

Defendants made their request to have the MSJ deemed re-filed because (1) the Court seemed to consider the same based on the language of the June 5, 2024 order, (2) there have been no new factual developments since the filing of the MSJ and opposing papers because the events at issue took place years before the MSJ was filed and (3) because that would be the least disruptive method of balancing the strong public policy supporting the hearing of MSJs on the merits with the minimal amount of disruption to the briefing schedule put in place by the Court. (Nuzzo Decl. ¶ 6.) Should Plaintiffs instead prefer the parties have the opportunity to modify the MSJ and opposition papers as indicated in their Opposition, Defendants would be more than amenable to the same. (Nuzzo Decl. ¶ 6.) Essentially, Defendants simply wish to have the MSJ considered on the merits and are willing to comply with any modifications to the scheduling order or conditions imposed by the Court concerning the MSJ in order to allow it to be heard.

///
///
///
///
///
///
///
///
///

## VI. CONCLUSION

For the reasons set forth above, Defendants respectfully request this Court grant the Motion and deem the MSJ re-filed or in the alternative allow the MSJ to be heard on the merits after the parties are afforded additional time to revise their papers.

| | |
|---|---|
| DATED:  July 5, 2024 | WESIERSKI & ZUREK LLP |
| | By: _____<br>MICHELLE R. PRESCOTT<br>Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CITY OF HESPERIA MICHAEL MARTINEZ, SABRINA CERVANTES and JEREMY DEBERG |