1 | Christopher P. Wesierski [Bar No. 086736]
    *cwesierski@wzllp.com*
2 | Michelle R. Prescott [Bar No. 262638]
    *mprescott@wzllp.com*
3 | Brett A. Smith [Bar No. 322707]
    *bsmith@wzllp.com*
4 | WESIERSKI & ZUREK LLP
   | 29 Orchard Road
5 | Lake Forest, California 92630
   | Telephone: (949) 975-1000
6 | Facsimile: (949) 756-0517

7

8 | Attorneys for Defendants, COUNTY OF
   | SAN BERNARDINO, CITY OF
   | HESPERIA MICHAEL MARTINEZ,
9 | SABRINA CERVANTES and JEREMY
   | DEBERG
10

11 | UNITED STATES DISTRICT COURT

12 | CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

13

14 | ROSA NUNEZ, individually and as
   | successor-in-interest to Decedent,
15 | Anthony Nunez; ANTHONY NUNEZ,
   | JR., individually and as successor-in-
16 | interest to Decedent, Anthony Nunez;
   | and, ANDREW NUNEZ, individually,
17

18 |              Plaintiffs,

19 |         vs.

20 | COUNTY OF SAN BERNARDINO;
   | CITY OF HESPERIA; MICHAEL
21 | MARTINEZ; SABRINA
   | CERVANTES; JEREMY DEBERG;
22 | JONATHAN CAMPOS; and DOES 5
   | through 15, inclusive,

23

24 |              Defendants.

Case No. 5:22-cv-1934-SSS(SPx)

**REPLY TO PLAINTIFFS'
OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO REFILE
MOTION FOR SUMMARY
JUDGMENT**

[*Filed concurrently with Declaration of
Joshua A. Nuzzo*]

Date: July 19, 2024
Time: 2:00 p.m.
Courtroom: 2

25 | Defendants, COUNTY OF SAN BERNARDINO, CITY OF HESPERIA,

26 | MICHAEL MARTINEZ, SABRINA CERVANTES, AND JEREMY DEBERG

27 | ("Defendants") (Defendant Campos has been dismissed by Plaintiff as a result of an

28 | agreement between Plaintiff and Mr. Campos) hereby submit their Reply to Plaintiffs

*Left margin vertical text:* WESIERSKI & ZUREK LLP / LAWYERS / 29 ORCHARD ROAD / LAKE FOREST, CALIFORNIA 92630 / (949) 975-1000

1  ROSA NUNEZ, ANTHONY NUNEZ, JR. and ANDREW NUNEZ ("Plaintiffs")

2  Opposition to Defendants' Motion for Leave to Re-File Their Motion for Summary

3  Judgment.

4  <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

5  **I.     INTRODUCTION**

6        Plaintiffs Opposition argues that: (1) Defendants' Motion for Leave (the

7  "Motion") was untimely, (2) there is no good cause to grant leave for Defendants

8  Motion for Summary Judgment ("MSJ") to be heard, (3) the previous meet and confer

9  (which was apparently sufficient enough for Plaintiffs to fully oppose the MSJ and

10 not raise the alleged inadequacy of the meet and confer until doing so in their

11 Opposition) was not adequate and (4) the request to deem all of the previous briefing

12 as refiled is improper. The reality could not be further from the truth.

13        In actuality, (1) Defendants' original MSJ was timely filed and Defendants

14 thereafter filed their Motion for Leave as instructed by the Court in its June 5, 2024

15 order, (2) there is substantial good cause as supported by case law cited by Plaintiffs

16 in their own Opposition to have the MSJ considered on the merits because it will

17 conserve judicial resources and potentially dispose of some or all of this action prior

18 to the time of trial, (3) the adequacy of the previous meet and confer (which

19 Defendants believe was adequate as will be discussed below) was not the grounds for

20 the Court's denial because the Court denied the MSJ on an inadvertent failure to

21 specifically list each element of the meet and confer as outlined in the standing order,

22 and (4) Defendants requested the previous MSJ be deemed "re-filed" as suggested by

23 the Court in the June 5, 2024 order and because the MSJ has been fully briefed and

24 no new factual issues have arisen since the parties briefed the MSJ. Accordingly,

25 Defendants respectfully request this Court grant the Motion and deem the MSJ re-

26 filed.

27 **II.     <u>THE COURT HAS DISCRETION TO CONTROL ITS CALENDAR</u>**

28        **<u>INCLUDING ALLOWING THE MOTION AND THE MSJ TO BE</u>**

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

2

**HEARD AFTER THE HEARING CUTOFF IN THE SCHEDULING ORDER**

Plaintiffs assert that because the Motion for Leave is not scheduled for hearing until July 19, 2024 the Motion should be denied because it is set for hearing after the current June 21, 2024 motion hearing cutoff. Preliminarily, Defendants timely filed their underlying MSJ on April 9, 2024 and had it set for hearing on May 31, 2024 well in advance of the June 21, 2024 motion hearing cutoff. (Declaration of Joshua A. Nuzzo ("Nuzzo Decl.") ¶ 4.) Thereafter, the Court denied the MSJ without prejudice on June 5, 2024. Defendants are informed and believe based on the denial without prejudice and the instructions in the June 5, 2024 order to seek leave of Court to re-file the MSJ that the Court anticipated and was essentially instructing Defendants to seek leave even though such motion would not be able to be heard before the June 21, 2024 motion hearing cutoff.

Plaintiffs Opposition includes the following quotation that directly supports the Court's ability to *sua sponte* modify its own scheduling order to further the interests of justice: "The district court is given broad discretion in supervising the pretrial phase of litigation . . ." *Zivkovic c. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002). Here, the Court has the discretion to decide whether it should modify its scheduling order to allow the MSJ to be considered on the merits and it appears the Court is in favor of the same as evidenced by its denial of the MSJ ***without prejudice*** in the June 5, 2024 order. Had the Court wished to preclude the hearing of the MSJ based on the inadvertent failure to fully outline the meet and confer process in the MSJ, it could have done so by denying the MSJ with prejudice. Instead, the Court rightfully and thoughtfully provided Defendants the opportunity to seek the relief requested herein.

Plaintiffs also attempt to argue that Defendants "disobeyed" the scheduling order by seeking leave to re-file their MSJ and that this should support a denial of the Motion. As discussed above, Defendants' MSJ was timely filed and was denied solely as a result of an inadvertent clerical error. Defendants thereafter sought leave as

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

3

1  instructed by the court in the June 5, 2024 order. Even in the light most charitable to

2  Plaintiffs, the sole time Defendants "disobeyed" the scheduling order was to seek

3  relief which included a modification of the scheduling order to allow the MSJ to be

4  heard. Defendants also needed to meet and confer with Plaintiffs prior to the filing of

5  the Motion which added additional delay to the filing of the Motion. The underlying

6  MSJ fully complied with the scheduling order and allowing a modification of the

7  scheduling order for the limited purpose of granting leave and deeming the previously

8  filed and fully briefed is well within this Court's inherent authority. As such,

9  Defendants respectfully request the Court grant leave and deem the previously filed

10 MSJ and related papers re-filed.

11 **III.**  **THE MSJ SHOULD BE HEARD ON THE MERITS BECAUSE DOING**

12      **SO WILL CONSERVE JUDICIAL RESOURCES AND IS IN THE**

13      **INTEREST OF JUDICIAL ECONOMY**

14      Plaintiffs argue in their opposition that the MSJ should not be heard on the

15 merits because doing so would require the Court to spend more time on this case

16 which would prejudice the other cases before the Court. (See Plaintiffs' Opposition at

17 Section IV generally). In reality, this could not be further from the truth of the matter.

18 Hearing the MSJ, which has already been fully briefed by the parties, on the merits

19 would allow the Court to potentially dispose of some or all of the causes of action at

20 issue which would conserve substantial judicial resources at the time of trial. Good

21 cause exists to allow the MSJ to potentially dispose of these causes of action on the

22 merits by being heard because a granting of a partial or total summary judgment

23 would ensure the parties are only forced to spend time preparing for and opposing

24 meritorious causes of action. Should the parties be forced to prepare for trial without

25 the benefit of the MSJ being considered on the merits, they will necessarily be

26 expending resources that otherwise could have been conserved. Defendants previous

27 MSJ was never given the opportunity to be considered on the merits due to the

28 inadvertent clerical error by Defendants' counsel, and this error should not now be

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4

1   used to subject Defendants to preparing for trial without the MSJ being heard.

2   **IV.   THE PREVIOUS MEET AND CONFER WAS ADEQUATE BECAUSE**

3   **DEFENDANTS EXPLAINED THAT THEY BELIEVED ALL OF THE**

4   **CAUSES OF ACTION WERE BARRED BY THE DOCTRINE OF**

5   **QUALIFIED IMMUNITY**

6   Plaintiffs claims that Defendants failed to adequately meet and confer are

7   belied by their previous acknowledgment in the form of not raising this issue in their

8   previous Opposition. Plaintiffs now at the eleventh hour claim that the prior meet and

9   confer was inadequate by misrepresenting the scope of the discussion between the

10   parties. Defendants informed Plaintiffs that they would be relying on the doctrine of

11   qualified immunity to challenge all of Plaintiffs' causes of action, not just the Bane

12   Act cause of action. (Nuzzo Decl. ¶ 5). Defendants thereafter did the same in the MSJ

13   and relied heavily on the doctrine of qualified immunity in their moving papers.

14   Defendants are not required to outline every detail of the MSJ in a telephonic meet

15   and confer conference, and it was clear to Defendants that the parties would not reach

16   an agreement as soon as the doctrine of qualified immunity was mentioned. (Nuzzo

17   Decl. ¶ 5). Rather than beat a dead horse and lay out the same argument for each cause

18   of action, Defendants expressed their intent to generally rely on the doctrine of

19   qualified immunity. (Nuzzo Decl. ¶ 5). This is supported by the Declaration of

20   Mahadhi Corzano filed concurrently with the Motion for Leave which states "I do

21   recall that Mr. Nuzzo presented his reasons to Mr. Levine as to why his clients should

22   be dismissed from the case. I also recalled Mr. Levine disagreeing with Mr. Nuzzo's

23   reasoning" (Corzano Decl. ¶ 4). Once the disagreement became clear, there was no

24   additional grounds on which to meet and confer. Accordingly, the parties met and

25   conferred as required and Defendants should be granted leave to have the previously

26   briefed MSJ deemed re-filed and considered on the merits.

27   **V.   DEFENDANTS' REQUEST FOR THE PREVIOUS BRIEFING TO BE**

28   **DEEMED RE-FILED WAS MADE BASED ON THE COURT'S JUNE**

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

5

**5, 2024 ORDER AND THE FACT THAT NO NEW FACTS HAVE BEEN REVEALED SINCE THE ORIGINAL BRIEFING**

Defendants made their request to have the MSJ deemed re-filed because (1) the Court seemed to consider the same based on the language of the June 5, 2024 order, (2) there have been no new factual developments since the filing of the MSJ and opposing papers because the events at issue took place years before the MSJ was filed and (3) because that would be the least disruptive method of balancing the strong public policy supporting the hearing of MSJs on the merits with the minimal amount of disruption to the briefing schedule put in place by the Court. (Nuzzo Decl. ¶ 6.) Should Plaintiffs instead prefer the parties have the opportunity to modify the MSJ and opposition papers as indicated in their Opposition, Defendants would be more than amenable to the same. (Nuzzo Decl. ¶ 6.) Essentially, Defendants simply wish to have the MSJ considered on the merits and are willing to comply with any modifications to the scheduling order or conditions imposed by the Court concerning the MSJ in order to allow it to be heard.

///
///
///
///
///
///
///
///
///

**VI.    CONCLUSION**

For the reasons set forth above, Defendants respectfully request this Court grant the Motion and deem the MSJ re-filed or in the alternative allow the MSJ to be heard on the merits after the parties are afforded additional time to revise their papers.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

DATED:  July 5, 2024              WESIERSKI & ZUREK LLP


                                         *Michelle Prescott*

                                  By: _____
                                      MICHELLE R. PRESCOTT
                                      Attorneys for Defendants, COUNTY OF
                                      SAN BERNARDINO, CITY OF
                                      HESPERIA MICHAEL MARTINEZ,
                                      SABRINA CERVANTES and JEREMY
                                      DEBERG

I2154175-1 SBD-0015

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR LEAVE TO REFILE MOTION FOR SUMMARY JUDGMENT