Christopher P. Wesierski [Bar No. 086736]
*cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
*mprescott@wzllp.com*
Brett A. Smith [Bar No. 322707]
*bsmith@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CITY OF HESPERIA MICHAEL MARTINEZ, SABRINA CERVANTES and JEREMY DEBERG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

ROSA NUNEZ, individually and as successor-in-interest to Decedent, Anthony Nunez; ANTHONY NUNEZ, JR., individually and as successor-in-interest to Decedent, Anthony Nunez; and, ANDREW NUNEZ, individually,

Plaintiffs,

vs.

COUNTY OF SAN BERNARDINO; CITY OF HESPERIA; MICHAEL MARTINEZ; SABRINA CERVANTES; JEREMY DEBERG; JONATHAN CAMPOS; and DOES 5 through 15, inclusive,

Defendants.

Case No. 5:22-cv-1934-SSS(SPx)

**DEFENDANTS' NOTICE AND MOTION IN LIMINE NO. 1 TO EXCLUDE SPECULATIVE EVIDENCE OF THE DECEDENT'S ALLEGED MENTAL ILLNESS; DECLARATION OF MICHELLE R. PRESCOTT**

Hon. Sunshine S. Sykes, U.S. District Judge
Dept. Courtroom 2

Trial Date: 09/23/2024
FSC: 09/06/2024

Hearing: 08/30/2024
Time: 2:00 p.m.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on 7/19/2024

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**



WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

PLEASE TAKE NOTICE THAT pursuant to the Civil Trial Order on file in this matter (Dkt 39) on August 30, 2024, at 2:00 p.m. in Department 2 of the United States District Court for the Central District of California located at 3470 Twelfth Street, Riverside CA 92501-3801, Defendants, COUNTY OF SAN BERNARDINO, CITY OF HESPERIA MICHAEL MARTINEZ, SABRINA CERVANTES and JEREMY DEBERG hereby move this Court for an order in limine to exclude any attempt to introduce "evidence" that Anthony Nunez ("Decedent") was mentally ill on the grounds that such evidence is not supported by any admissible evidence therefore irrelevant to the issues to be tried and such evidence would only serve to unduly prejudice Defendants, waste time, confuse the issues, and mislead the jury.

Defendants further move this Court to instruct Plaintiffs and their counsel and to require them to advise all witnesses:

1. Not to attempt to convey to the jury, directly or indirectly, any of the facts mentioned in this Motion without first obtaining permission of the Court outside of the presence and hearing of the jury.

2. Not to make any reference to the fact that this Motion has been filed; and

3. To warn and caution each of Plaintiff's witnesses to strictly follow the same instructions.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 19, 2024 via Zoom at 4:30 p.m. until approximately 5:45 p.m. In attendance were counsel for plaintiffs Benjamin Levine, and counsel for defendants Michelle R. Prescott, Joshua Nuzzo and Brett Smith. (Declaration of Michelle R. Prescott ¶ 3-5). The issue of this motion in limine was discussed as detailed in the attached declaration. Counsel for Plaintiffs would not agree to exclude the evidence on the grounds that the responding officers testified it was one of the matters they considered during the encounter with the Decedent. (Prescott decl. at ¶6.)

This Motion is based upon the Memorandum of Points and Authorities served

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

herewith, upon the Declaration of Michelle R. Prescott, upon the pleadings and papers on file herein, and upon such other and further oral argument and evidence as may be presented at the hearing on this Motion.

DATED: July 25, 2024 WESIERSKI & ZUREK LLP

By: /s/ Christopher P. Wesierski

CHRISTOPHER P. WESIERSKI
Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CITY OF HESPERIA MICHAEL MARTINEZ, SABRINA CERVANTES and JEREMY DEBERG

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3

I2166947-1 SBD-0015

DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE SPECULATIVE EVIDENCE OF THE DECEDENT'S ALLEGED MENTAL ILLNESS

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

This matter concerns an officer involved fatal shooting that took place on March 29, 2022. On the date of the incident, Anthony Nunez ("Mr. Nunez" or the "Decedent"), physically assaulted his brother Andrew Nunez while armed with a metal chain which prompted Andrew Nunez's wife, Noelia Benitez, to call 911 and seek help from Defendants. The plaintiffs in this matter are the Decedents' mother Rosa Nunez, son Anthony Nunez Jr. and brother Andrew Nunez (collectively "Plaintiffs").

Throughout this litigation, the Plaintiffs have alleged that the Decedent was suffering a mental health crisis. (See Exhibit 2 to the Declaration of Michelle R. Prescott, First Amended Complaint for Damages at ¶4, lines 5-6, ¶5 lines 7-11, ¶30.) Plaintiffs' police practices expert Scott DeFoe has also opined that a reasonable deputy "would have initially determined [the Decedent] was mentally ill or experiencing a mental crisis" (See Exhibit 3 to Prescott decl. at pp. 7, 9, 10, 13.) Despite these claims and opinions there is not a single piece of evidence that the Decedent was mentally ill or experiencing a mental health crisis. Mr. DeFoe is not a medical expert and has no training that would enable him to make a medical diagnosis. Further, Plaintiffs themselves have denied that the Decedent suffered from any mental health illnesses. (See Exhibit 4 to Prescott decl. – Deposition Transcript of Andrew Nunez at pp. 50:19-51:3; and Exhibit 5 – Deposition Transcript of Rosa Nunez at pp. 29:5-12.) Further, Plaintiffs have not produced a single record from a health care provider documenting any mental health issues of the Decedent. Rather, what the evidence has demonstrated (and which Plaintiffs seek to exclude) is that the Decedent was under the influence of methamphetamine and behaving violently and erratically.

By way of this motion, Defendants seek to exclude any reference to the alleged "mental health illness or mental health crisis" by Plaintiffs and their

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

witnesses and counsel as irrelevant, unduly prejudicial and with a strong likelihood of confusing the jury and wasting time.

## II. MOTIONS IN LIMINE GENERALLY

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). "The purpose is to avoid the futile attempt of 'unring[ing] the bell' when jurors have seen or heard inadmissible evidence, even when stricken from the record. *See Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003) (citing *Kelly v. New West Fed. Sav.*, 49 Cal. App. 4th 659, 669, 56 Cal. Rptr. 2d 803 (1996)). Motions in limine also serve to streamline trials, by settling evidentiary disputes in advance and by minimizing side-bar conferences and other disruptions at trial. *See U.S. v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002)." *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. CV 08-8525 PSG (PJWx) 2010 U.S. Dist. LEXIS 141013, at *2 (C.D. Cal. May 19, 2010).

## III. THERE IS NO EVIDENCE THE DECEDENT WAS MENTALLY ILL OR SUFFERING A MENTAL HEALTH CRISIS

As set forth above, there is not a single piece of evidence that supports the claims by Plaintiffs and their expert that the Decedent was mentally ill or suffering a mental health crisis. Plaintiffs have not designated a qualified expert to opine on the mental health of the Decedent at the time of the incident – or any time before.

Federal Rules of Evidence, Rule 602 provides in relevant part that: "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

In the present case the Plaintiffs have testified under oath that the Decedent was not suffering from any mental health illness. They have no personal knowledge of any alleged mental health illness or mental health crisis.

The evidence is not made admissible by the opinion of Plaintiffs' police practices expert either. In all cases where expert testimony is offered, the trial judge

must find that the testimony is "properly grounded, well-reasoned and not speculative before it can be admitted." [See FRE 702, Adv. Comm. Notes, 2000 Amend.]

Mr. DeFoe's opinions are not based on a single piece of evidence since there is a total lack of evidence of any allege mental health illness or mental health crisis in the records. Further, to the extent Mr. DeFoe seeks to provide his own diagnosis of the Decedent's mental health condition, Mr. DeFoe is not qualified to do so. He has no medical training and even if he did, such an opinion would be highly speculative since Mr. DeFoe was not one of the Decedent's health care providers.

## IV. <u>EVIDENCE OF THE DECEDENT'S ALLEGED MENTAL HEALTH CRISIS IS UNDULY PREJUDICAL, IRRELEVANT, WILL MISLEAD THE JURY, AND WASTE TIME</u>

Rule 402 of the Federal Rules of Evidence prohibits a party from introducing any evidence that is not relevant, stating in part: "Irrelevant evidence is not admissible." Rule 402.

Even if Plaintiffs postulate some arguable basis why evidence regarding speculation concerning the Decedent's mental health illness Rule 403 allows the exclusion of relevant evidence, "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Unfair prejudice" within this context refers to "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, Advisory Committee Notes; *see also United States v. W.R. Grace,* 504 F.3d 745, 759 n.6 (9th Cir. 2007).

In this case, any arguable probative value of evidence concerning the Decedent's mental illness is overwhelmingly outweighed by the prejudice to Defendants. The likelihood of confusion on the part of the jury is substantial, since reference to an alleged mental illness could connote that it has some legal relevance

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

to the issues to be decided by the jury when in reality it has no bearing in the current action. The introduction of the irrelevant evidence would likely also serve to inflame the jury and encourage them to make an emotional decision about the alleged mental illness and sympathy for the Decedent rather than one based in law. Finally, the introduction of the evidence would unnecessarily cause undue delay, and waste time since Defendants would be forced to conduct a mini-trial within the larger trial as to the mental health of the Decedent.

Consequently, the Court should exclude any evidence of the Decedent's alleged mental health and/or illness.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion in limine No. 1 and exclude any attempt to introduce "evidence" that Anthony Nunez ("Decedent") was mentally ill or experiencing a mental health crisis.

DATED: July 25, 2024

WESIERSKI & ZUREK LLP

By: /s/ Christopher P. Wesierski

CHRISTOPHER P. WESIERSKI
Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CITY OF HESPERIA MICHAEL MARTINEZ, SABRINA CERVANTES and JEREMY DEBERG

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000