Christopher P. Wesierski [Bar No. 086736]
  cwesierski@wzllp.com
Michelle R. Prescott [Bar No. 262638]
  mprescott@wzllp.com
Brett A. Smith [Bar No. 322707]
  bsmith@wzllp.com
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CITY OF HESPERIA MICHAEL MARTINEZ, SABRINA CERVANTES and JEREMY DEBERG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROSA NUNEZ, individually and as successor-in-interest to Decedent, Anthony Nunez; ANTHONY NUNEZ, JR., individually and as successor-in-interest to Decedent, Anthony Nunez; and, ANDREW NUNEZ, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; CITY OF HESPERIA; MICHAEL MARTINEZ; SABRINA CERVANTES; JEREMY DEBERG; JONATHAN CAMPOS; and DOES 5 through 15, inclusive,<br><br>Defendants. | Case No. 5:22-cv-1934-SSS(SPx)<br><br>**DECLARATION OF MICHELLE R. PRESCOTT IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE SPECULATIVE EVIDENCE OF THE DECEDENT'S ALLEGED MENTAL ILLNESS**<br><br>Trial Date:        09/23/2024 |

I, Michelle R. Prescott, declare:

1. I am an attorney at law licensed to practice before all the courts of the State of California and am a senior partner with Wesierski & Zurek LLP, counsel of record for COUNTY OF SAN BERNARDINO, CITY OF HESPERIA, MICHAEL

1

MARTINEZ, SABRINA CERVANTS and JEREMY DEBERG.

2. The following facts are within my own personal knowledge, except as to those matters stated to be on information and belief, which I believe to be true. If called as a witness, I could and would competently testify to these facts.

3. Pursuant to Local Rule 7-3 and the Court's Civil Standing Order (Dkt. 19) counsel for the parties engaged in a conference to discuss the subject matter of Defendants' motion in limine No. 1 to exclude speculative evidence of the decedent's alleged mental illness and/or mental health crisis. The first conference of counsel occurred on July 19, 2024, via Zoom at 4:30 p.m. until approximately 5:45. In attendance were counsel for plaintiffs Benjamin Levine, and counsel for defendants Michelle R. Prescott, Joshua Nuzzo and Brett Smith.

4. Counsel for Plaintiffs, Mr. Levine, would not agree to exclude the evidence on the grounds that the responding officers testified it was one of the matters they considered during the encounter with the Decedent.

5. On July 23, 2024, at approximately 5:31 p.m., Mr. Levin emailed me with a recap of our July 19, 2024, meeting and a proposed stipulation regarding agreements on proposed motions in limine. (Attached hereto as **Exhibit 1** is a true and correct copy of the email exchange.) In that email, Mr. Levine addressed the present motion as follows and I responded in the italicized sections at approximately 7:26 p.m. On July 24, 2024 Mr. Levine and I exchanged emails again regarding the subject matter of the Motions in Limine. Mr. Levine additional comments are in blue. (id at pp.2).

- We discussed Plaintiffs' intention to seek to exclude information about the Decedent's drug use that was unknown to the deputies at the time they used force.

I2167329-1 SBD-0015          DECLARATION OF MICHELLE R. PRESCOTT IN SUPPORT OF DEFENDANTS' MOTION
IN LIMINE NO. 1 TO EXCLUDE SPECULATIVE EVIDENCE OF THE DECEDENT'S
ALLEGED MENTAL ILLNESS

- o   For the most part we were unable to agree on this topic, but you advised we could likely agree to exclude testimony from Melissa Carpenter regarding long past drug use, but that you would let us know to confirm.

  - *We would agree to exclude this evidence, subject to the Plaintiffs opening the door.*

- o   Per our discussion on this topic and on Defendants' anticipated MILs #1 and 2, the attached draft also includes proposed language for a stipulation limiting testimony regarding mental health issues, precluding testimony that the Decedent was in fact mentally ill (as distinct from testimony that the officers should have considered that he might be mentally ill, based on their training).

  - *I do not think this is acceptable.  It will confuse the jury about the issues.  The Decedent was not mentally ill so we do not see the relevance of what an officer should have done if he was mentally ill.*

- o    If we can agree on a stipulation on this issue, perhaps we can further discuss whether this affects Defendants' position on the other drug-related evidence, since Defendants' position was that this evidence is admissible to corroborate the deputies' belief that the Decedent was on drugs and to rebut the suggestion that the deputies

3

should have considered he might be mentally ill. Also, the relevant Ninth Circuit jury instruction I mentioned on our call is this one (see factor #13 and explanatory notes):

https://www.ce9.uscourts.gov/jury-instructions/node/163

- *We still see no relevance to the issue of the decedent's mental health since there is no evidence of any mental health illness. There was, however, evidence that the Decedent was under the influence of drugs beginning with the initial 9-1-1 call, his behavior observed, and corroborating evidence of the items in his possession and the toxicology report. The defendants should not have to "rebut" speculation about a mental illness that does not exist. Further, DeFoe's opinions rely heavily upon his opinion that a reasonable officer would have determined that the decedent was mentally ill or suffering a mental health crisis and what should have been done in response (e.g. calling in the mental health crisis team).*

6. Mr. Levine and I could not agree on the exclusion of the Decedent's alleged mental health illness or mental health crisis.

7. Attached hereto as **Exhibit 2** for the Court's convenience, is a true and correct copy of the Plaintiffs' First Amended Complaint with highlighting of the relevant portions.

8. Attached hereto as **Exhibit 3** is a true and correct copy of the Report

from Plaintiff's Police Practices Expert, Scott Defoe with highlighting of the relevant portions..

9. Attached hereto as **Exhibit 4** are true and correct pages from the Deposition Transcript of Andrew Nunez with highlighting of the relevant portions.

10. Attached hereto as **Exhibit 5** are true and correct pages from the Deposition Transcript of Rosa Nunez with highlighting of the relevant portions.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 23rd day of July, 2024, at Lake Forest, California.

*/s/ Michelle Prescott*

_____
Michelle R. Prescott

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

5
I2167329-1 SBD-0015

DECLARATION OF MICHELLE R. PRESCOTT IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE SPECULATIVE EVIDENCE OF THE DECEDENT'S ALLEGED MENTAL ILLNESS