Christopher P. Wesierski [Bar No. 086736]
 *cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
 *mprescott@wzllp.com*
Brett A. Smith [Bar No. 322707]
 *bsmith@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendants, COUNTY OF
SAN BERNARDINO, CITY OF
HESPERIA MICHAEL MARTINEZ,
SABRINA CERVANTES and JEREMY
DEBERG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROSA NUNEZ, individually and as successor-in-interest to Decedent, Anthony Nunez; ANTHONY NUNEZ, JR., individually and as successor-in-interest to Decedent, Anthony Nunez; and, ANDREW NUNEZ, individually,<br><br>        Plaintiffs,<br><br>    vs.<br><br>COUNTY OF SAN BERNARDINO; CITY OF HESPERIA; MICHAEL MARTINEZ; SABRINA CERVANTES; JEREMY DEBERG; JONATHAN CAMPOS; and DOES 5 through 15, inclusive,<br><br>        Defendants. | Case No. 5:22-cv-1934-SSS(SPx)<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE OPINIONS OF PLAINTIFF'S EXPERT SCOTT DEFOE REGARDING THE MENTAL HEALTH OF THE DECEDENT AND OPINIONS BASED ON THE CLAIM THE DECEDENT WAS MENTALLY ILL OR EXPERIENCING A MENTAL HEALTH CRISIS; AND DECLARATION OF MICHELLE R. PRESCOTT**<br><br>Hon. Sunshine S. Sykes, U.S. District Judge<br>Dept. Courtroom 2<br><br>Trial Date:      09/23/2024<br>FSC:             09/06/2024<br><br>Hearing:        08/30/2024<br>Time:             2:00 p.m.<br><br>This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on 7/19/2024 |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT pursuant to the Civil Trial Order on file in this matter (Dkt 39) on August 30, 2024, at 2:00 p.m. in Department 2 of the United States District Court for the Central District of California located at 3470 Twelfth Street, Riverside CA 92501-3801, Defendants, COUNTY OF SAN BERNARDINO, CITY OF HESPERIA MICHAEL MARTINEZ, SABRINA CERVANTES and JEREMY DEBERG hereby move this Court for an order in limine to exclude any opinions by plaintiff's expert Scott Defoe regarding Anthony Nunez ("Decedent") alleged mental illness or mental health crisis and how deputies should respond to mentally ill suspects on the grounds that there is no evidence that the Decedent was mentally ill or experiencing a mental health crisis and on the grounds that Mr. Defoe is not qualified to diagnose or give opinions about the Decedent's mental health, and that his opinions regarding the how deputies should have responded to a suspect with mental illness and/or experiencing a mental health crisis are irrelevant and such evidence would only serve to unduly prejudice Defendants, waste time, confuse the issues, and mislead the jury.

Defendants further move this Court to instruct Mr. Defoe and Plaintiff's counsel:

1. Not to attempt to convey to the jury, directly or indirectly, any of the facts mentioned in this Motion without first obtaining permission of the Court outside of the presence and hearing of the jury.

2. Not to make any reference to the fact that this Motion has been filed; and

3. To warn and caution each of Plaintiff's witnesses to strictly follow the same instructions.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 19, 2024 via Zoom at 4:30 p.m. until approximately 5:45 p.m. In attendance were counsel for plaintiffs Benjamin Levine, and counsel for

DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE OPINIONS OF PLAINTIFF'S EXPERT SCOTT DEFOE REGARDING THE MENTAL HEALTH OF THE DECEDENT

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  defendants Michelle R. Prescott, Joshua Nuzzo and Brett Smith. (Declaration of
2  Michelle R. Prescott ¶ 3-5). The issue of this motion in limine was discussed as
3  detailed in the attached declaration.  Counsel for Plaintiffs would not agree to exclude
4  the evidence on the grounds that the responding officers testified it was one of the
5  matters they considered during the encounter with the Decedent. (Prescott decl. at ¶6.)
6      This Motion is based upon the Memorandum of Points and Authorities served
7  herewith, upon the Declaration of Michelle R. Prescott, upon the pleadings and papers
8  on file herein, and upon such other and further oral argument and evidence as may be
9  presented at the hearing on this Motion.

11  DATED:  July 25, 2024        WESIERSKI & ZUREK LLP

13  *Christopher P. Wesierski*

By: _____
CHRISTOPHER P. WESIERSKI
Attorneys for Defendants, COUNTY OF
SAN BERNARDINO, CITY OF
HESPERIA MICHAEL MARTINEZ,
SABRINA CERVANTES and JEREMY
DEBERG

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

3

1
2

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

3

**I.    INTRODUCTION**

4

5   This matter concerns an officer involved fatal shooting that took place on

6   March 29, 2022. On the date of the incident, Anthony Nunez ("Mr. Nunez" or the

7   "Decedent"), physically assaulted his brother Andrew Nunez while armed with a

8   metal chain which prompted Andrew Nunez's wife, Noelia Benitez, to call 911 and

9   seek help from Defendants.  The plaintiffs in this matter are the Decedents' mother

10  Rosa Nunez, son Anthony Nunez Jr. and brother Andrew Nunez (collectively
    "Plaintiffs").

11
12  As already detailed in Defendants Motion in Limine No. 1, throughout this

13  litigation, Plaintiffs have presented a legal theory that the Decedent was suffering

14  from mental illness and experiencing a mental health crisis despite the lack of any

15  evidence of any such mental health illness.  Indeed, this allegation is in direct

16  contradiction of the plaintiffs' deposition testimony.  Picking up on this theory of the

17  case, Plaintiffs' expert, Scott DeFoe (who is not a doctor or health care provider)

18  proffered these opinions in three different settings: (1) DeFoe's Rule 26 Reports; (2)

19  DeFoe's deposition testimony; and (3) DeFoe's Declaration filed in opposition to
    Defendants' Motion For Summary Judgment.

20  Defendants move this court in limine to exclude any opinions by Mr. DeFoe

21  that the Decedent was mentally ill or suffering from a mental health crisis or how

22  deputies should have responded to a person with mental illness or experiencing a

23  mental health crisis.

24  **A.    MR.    DEFOE'S    REPORT    INTERPOSES    MEDICAL**

25  **CONCLUSIONS WITHOUT EVIDENTIARY SUPPORT**

26  Mr. DeFoe's 31 page Supplemental Report, and Original Report contain 11

27  opinions, of which opinion numbers 1, 2 and 3 are grounded in the opinion that the

28  Decedent was suffering from a mental illness and/or mental health crisis and how

4

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

deputies should have responded.

Excerpts from Opinion 1:

- "A reasonable deputy sheriff would have initially determined [the Decedent] was mentally ill or experiencing a mental crisis" (Exs. 1 at p. 7 and 2 at p. 6.)

- "Defendants failed to initially determine [the Decedent] was mentally ill, experiencing a mental crisis and/or potentially under the influence of a controlled substance." (Exs. 1 at p. 7 and 2 at p. 6.)

- "[L]aw enforcement agencies have recognized and trained their officers in multiple was to safely interact with subject such as [the Decedent] who are suffering from a mental illness or experiencing a mental crisis." (Exs. 1 at p. 7 and 2 at p. 6.)

Excerpts from Opinion 2:

- "Defendants failed to request the San Bernardino County Sheriff's Department Mental Health Crisis Intervention Team, (CIT) to respond and aid the involved Defendants with the incident involving [the Decedent]." (Exs. 1 and 2 p. 9.)

- "Defendants failed to comply with San Bernardino County Sheriff's Department 3.180 Mental Health Crisis Intervention Team." (Exs 1 and 2 p. 9.)

- The Department has established the Crisis Intervention Team (CIT) program to ensure that mental health-related calls for service are handled safely and effectively, with compassion and understanding." (Exs. 1 and 2 p. 9.)

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

5

- "[T]he utilization of a mental health professional at the onset of an incident such as this incident can be an invaluable tool." (Exs. 1 and 2 p. 10.)

Excerpts from Opinion 3:

- "Defendants failed to formulate a safe tactical plan and failed to discuss and implement reasonable tactical contingencies to include tactically retreating to create time and distance until the arrival of San Bernardino County Sheriff's Department Mental Health Crisis Intervention Team. (Exs. 1 and 2 p. 10.)

- "Defendants should have been aware that [the Decedent] was mentally ill, experiencing a mental health crisis, and/or potentially under the influence of a controlled substance." (Exs. 1 and 2 p. 10.)

Mr. Defoe's opinion numbers 4 and 10 also rely at least in part on his opinion that the Decedent was suffering from mental illness or a mental health crisis.

Excerpts from Opinion 4:

- "[N]umerous Deputies that were engaged in dialogue during the incident, which is contrary to training especially if the subject tis mentally ill, experiencing a mental crisis an (sic) or under the influence of a controlled substance." (Exs. 1 and 2 p. 13.)

Excerpts from Opinion 10:

- "[T]here was a failure by the San Bernardino County Sheriff's Department to properly train the Defendant Deputy Sheriff's on . . . Proper Response and Interaction with the Mentally Ill…" (Ex. 1 at p. 23

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

and Ex. 2 at p.24.)

Mr. DeFoe also filed a declaration where he opined that the deputies "failed to respond appropriately, given that they observed Mr. Nunez engage in behavior and speech indicating Mr. Nunez may have been experiencing a mental health crisis or was mentally ill" and then he again goes on to describe how the deputies should have responded to a person suffering from a mental illness or having a mental health crisis. (See Exhibit 3 to Prescott decl. at p. 10, ¶19.)

Mr. Defoe was deposed in this matter on April 5, 2024 and again offered opinions about the Decedent's mental illness, mental health crisis and the Deputies failure to identify the Decedent as mentally ill. (See Exhibit 4 to Prescott decl. at pp. 73:13-16, and 82:11-13).

Mr. DeFoe also offered opinions about transient populations without insurance self-medicating with methamphetamine and other drugs in lieu of taking psychotropic medications. (See Ex. 4 to Prescott decl. at p. 76:9-77:11.)

Mr. DeFoe also offered opinions that CIT Officers should respond to any call involving a mentally ill individual that poses a danger to self or others based solely on his training and experience supervising a negotiation of 24 hostage negotiations and not based on any policy or directive. (See Ex. 4 to Prescott decl. at p. 96:8-97:10.)

## II.   **MOTIONS IN LIMINE GENERALLY**

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *See Luce v. United States,* 469 U.S. 38, 40 n. 2 (1984). "The purpose is to avoid the futile attempt of 'unring[ing] the bell' when jurors have seen or heard inadmissible evidence, even when stricken from the record. *See Brodit v. Cambra,* 350 F.3d 985, 1004-05 (9th Cir. 2003) (citing *Kelly v. New West Fed. Sav.,* 49 Cal. App. 4th 659, 669, 56 Cal. Rptr. 2d 803 (1996)). Motions in limine also serve to streamline trials, by settling evidentiary disputes in advance and by minimizing side-bar conferences and other disruptions at trial. *See U.S. v.*

7

I2167733-1 SBD-0015        DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE OPINIONS OF PLAINTIFF'S
EXPERT SCOTT DEFOE REGARDING THE MENTAL HEALTH OF THE DECEDENT

*Tokash,* 282 F.3d 962, 968 (7th Cir. 2002)." *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.,* No. CV 08-8525 PSG (PJWx) 2010 U.S. Dist. LEXIS 141013, at *2 (C.D. Cal. May 19, 2010).

### III.    LEGAL AUTHORITY

**A.    An Expert May Only Testify As To Areas Within Their Area of Expertise**

For expert testimony to be admitted under Rule 702, it must be both relevant and reliable. See *Daubert v. Merrell Dow Pharmaceuticals, Inc. ("Daubert")* 509 U.S. 579, 589 (1993).  The admissibility of expert testimony is a preliminary question for the Court under Rule 104(a) and is governed by Rule 702.

Rule 702 requires that the expert's opinion have a reliable basis in the knowledge and experience of his discipline. *Daubert* at 591. The Plaintiffs bear the burden to establish the admissibility of the expert testimony and it is the trial court's obligation to act as a "gatekeeper." *Id.* at 597. To determine whether the expert's proposed testimony is relevant and reliable, the trial judge must perform a preliminary assessment of "whether the reasoning and methodology underlying the expert's testimony is scientifically valid and whether that reasoning or methodology properly can be applied to the facts." *Daubert*, 509 U.S. at 592-93; see also *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147-48 (1999).

 The Court must determine whether the testimony addresses issues that exceed the knowledge of the average layperson, and rests on a reliable foundation. Fed. R. Evid. 702; *United States v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir. 2001).

Mr. DeFoe lacks the background, training, experience or qualifications to provide expert opinion testimony regarding the medical condition of the Decedent. His opinions are based on speculation without any evidentiary support.  Mr. Defoe is not a psychiatrist, phycologist, counselor, or other individual with specialized knowledge who has the education, knowledge and expertise which would allow him to opine as to whether or not the Decedent was actually mentally ill or that he was

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

8

1 having a mental health crisis.  (See Exhibit 5 to the Prescott decl.)

**B.**    **Mr. DeFoe's Opinions re: The Decedent's Mental Illness and Mental Health Crisis Are More Prejudicial Than Probative**

Federal Rules of Evidence, Rule 403 explicitly bars evidence which, "[a]lthough relevant ... is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay[.]"

Mr. DeFoe's speculative opinions about the Decedent's mental illness and mental health crisis are more prejudicial than probative and will confuse the issues at trial and mislead the jury. Likewise, his opinions about the appropriate procedures for a police response involving a person suffering from mental illness or a mental health crisis should also be excluded because they are grounded in the same speculative conclusions about the Decedent's mental health condition.  Allowing Mr. DeFoe to offer opinions and testimony about the Decedent's alleged medical condition and how officers should respond to a person suffering from a mental health crisis will mislead the jury and confuse the issues at trial.  There is no evidence that the Decedent was mentally ill or suffering a mental health crisis. Allowing Mr. DeFoe to offer opinions as to how a law enforcement officer should respond to a person with a mental illness or experiencing a mental health crisis will imply to the jury (without a shred of evidentiary support) that the Decedent was in fact mentally ill.

**IV.    CONCLUSION**

For the reasons set forth above, Defendants respectfully request the Court grant their Motion in Limine No. 2 to exclude the speculative opinions of plaintiff's expert Scott Defoe regarding the Decedent's alleged mental illness, mental health crisis and how deputies should have responded to a mentally ill suspect.

/ / /

/ / /

/ / /

/ / /

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

9

1   DATED:  July 25, 2024      WESIERSKI & ZUREK LLP

2

3

4                                  By: _____

5                                   CHRISTOPHER P. WESIERSKI
Attorneys for Defendants, COUNTY OF
SAN BERNARDINO, CITY OF
HESPERIA MICHAEL MARTINEZ,
SABRINA CERVANTES and JEREMY
DEBERG

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000