**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

**CARRILLO LAW FIRM, LLP**
Luis A. Carrillo (SBN 70398)
Michael S. Carrillo (SBN 258878)
Dominique L. Boubion (SBN 336915)
1499 Huntington Drive, Suite 402
South Pasadena, California 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ROSA NUÑEZ, individually;
ANTHONY NUÑEZ, JR., individually
and as successor-in-interest to Decedent,
Anthony Nuñez; and, ANDREW
NUÑEZ, individually,

               Plaintiffs,

      v.

COUNTY OF SAN BERNARDINO;
CITY OF HESPERIA; MICHAEL
MARTINEZ; SABRINA CERVANTES;
JEREMY DEBERG; JONATHAN
CAMPOS; and DOES 5 through 15,
inclusive,

               Defendants.

Case No. 5:22-cv-01934-SSS-SP

*Honorable Sunshine S. Sykes*
*Hon. Mag. Judge Sheri Pym*

**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO EXCLUDE INFORMATION UNKNOWN TO DEPUTIES AT TIME OF USE OF FORCE**

Hearing:  August 30, 2024
Time:     2:00 p.m.
Dept.:     Courtroom 2

FPTC:    September 6, 2024
Trial:     September 23, 2024

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 30, 2024, at 2:00 p.m., in Courtroom 2 of the United States District Court for the Central District of California, at 3470 Twelfth Street, Riverside, California 92501-3801, Plaintiffs, ROSA NUÑEZ, ANTHONY NUÑEZ, JR., and ANDREW NUÑEZ, hereby move *in limine* for an order, pursuant to Federal Rules of Evidence 401, 402, 403, 404, 801, and 802 precluding Defendants from offering evidence or argument at the trial of the above-referenced matter regarding information that was unknown to the defendant deputies at the time of their uses of force against Plaintiffs' decedent, Anthony Nuñez ("Mr. Nuñez"). This includes but is not limited to the following: (1) any information regarding Mr. Nuñez's limited criminal history and prior contacts with law enforcement; (2) any information regarding drug use by Mr. Nuñez at any time, other than that which was known by the Defendant deputies on the date of the incident; (3) any information that Mr. Nuñez ever experienced any hallucinations; and (4) any information that Mr. Nuñez had an alleged romantic interest in Brenda Lopez, his niece by marriage.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, upon the attached Declaration of Benjamin S. Levine, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

**Statement of Local Rule 7-3 Compliance and pursuant to this Court's Civil Standing Order (Dkt. 19)**:

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 19, 2024. The conference took place via Zoom and lasted a total of approximately seventy-five minutes. Counsel present at the conference were Benjamin Levine for Plaintiffs, and Michelle Prescott, Joshua Nuzzo, and Brett Smith for Defendants.

1        Following the conference, counsel for the parties have continued to meet and

2   confer to narrow the scope of this motion to the greatest extent possible and to

3   reach stipulations on any issues on which the parties have been able to agree.

4

5   Dated:  July 26, 2024         LAW OFFICES OF DALE K. GALIPO

6

7

8                   By:  _/s/ Benjamin Levine_____

9                        Dale K. Galipo
                         Benjamin S. Levine

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This civil rights and state tort action arises from the use of less-lethal and deadly force by San Bernardino County Sheriff's Department deputies Michael Martinez, Sabrina Cervantes and Jeremy Deberg against Anthony Nuñez ("Mr. Nuñez") on March 29, 2022. Plaintiffs' operative complaint asserts claims for (1) Excessive Force under the Fourth Amendment; (2) Denial of Medical Care under the Fourth Amendment; (3) Interference with Familial Relationship under the Fourteenth Amendment; (4) Municipal Liability for Unconstitutional Custom, Policy, or Practice; (5) Municipal Liability for Failure to Train; (6) Battery; (7) Negligence; (8) Negligent Infliction of Emotional Distress; and (9) violation of the Bane Act. The primary issue in this case is whether the defendant deputies' uses of less-lethal and deadly force against Mr. Nuñez were excessive and unreasonable under the circumstances known to them at the time of these uses of force. Thus, information of which the deputies were unaware at the time of the uses of force is generally irrelevant and should be excluded by way of this Motion.

Plaintiffs contend that no reasonable deputy would have believed that Mr. Nuñez posed an immediate threat of death or serious bodily injury warranting the uses of force, and no immediate threat of harm warranting the use of less-lethal force. The defendant deputies encountered Mr. Nuñez holding a leash, exhibiting signs of a possible mental health crisis, and they had no information that anyone was injured. The deputies asked Mr. Nuñez to come outside, and he eventually did. After Mr. Nuñez walked away from the deputies and then stood still, deputies Deberg and Cervantes began firing less-lethal weapons at him, without warning, from 30-35 feet away. Decedent then walked toward the front of a parked car, not moving in the deputies' direction. While Decedent was in front of the parked car, walking, not facing or moving toward any deputy, and not swinging the leash, deputy Martinez

fired three shots, without any verbal warning, from as far as 20 feet away, by the rear of the parked car. Mr. Nuñez came no closer than 17-18 feet to Martinez during the shots, and by the third, was already falling to the ground.

By way of the instant motion *in limine*, Plaintiffs move to exclude any evidence, testimony, argument, or reference at trial to the following information: (1) any evidence of Mr. Nuñez's drug use that was unknown to the defendant deputies at the time of their uses of force, including the toxicology report; (2) any evidence of Mr. Nuñez's limited criminal history and contacts with law enforcement; (3) any evidence that Mr. Nuñez had an alleged romantic interest in Brenda Lopez, his niece; and (4) any evidence that Mr. Nuñez had experienced one or more hallucinations. This evidence should be excluded because it was unknown to the Defendant deputies at the time of the incident and thus is wholly irrelevant to whether the force they used was excessive and unreasonable under Federal Rules of Evidence ("FRE") 401 and 402. Because this evidence has little or no probative value but is highly prejudicial to Plaintiffs, it should also be excluded under FRE 403. Much of this evidence is also improper character evidence and should be excluded under FRE 404 and inadmissible hearsay under FRE 802.

## II.   INFORMATION NOT KNOWN TO DEFENDANT DEPUTIES WHEN THEY USED FORCE SHOULD BE EXCLUDED AS IRRELEVANT

Under Federal Rule of Evidence 401, evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and the fact is "of consequence in determining the action." Fed. R. Evid. 401(a). Fourth Amendment claims for excessive force—as with claims for battery and negligent wrongful death under California law—depend on "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *see Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2004) (battery); *Hayes v. Cnty. of San Diego*,

PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE INFORMATION UNKNOWN TO DEPUTIES
AT TIME OF USE OF FORCE

736 F.3d 1223, 1232 (9th Cir. 2013) (negligence). Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. Accordingly, facts of which officers were unaware "are irrelevant to the reasonableness analysis," *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1123 n.4, and may not be considered. *Glenn v. Wash. Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."); *Hayes*, 736 F.3d at 1232-33 ("[W]e can only consider the circumstances of which [the deputies] were aware when they employed deadly force.").

Here, multiple areas of information unknown to the defendant deputies at the time they used force—which Defendants have advised they will seek to introduce at trial—must be excluded. First, Plaintiffs anticipate that Defendants will seek to introduce evidence of a prior arrest and detention of Mr. Nuñez for allegedly assaulting a peace officer, an encounter that was based on an initial report that Mr. Nuñez had locked his brother Marty out of the house and that led to Mr. Nuñez reportedly being beaten by officers in jail. However, each Defendant deputy testified that prior to the incident in this case, he or she had no knowledge of whether Mr. Nuñez had any criminal history. (Decl. of Benjamin S. Levine ("Levine Decl."), Ex. 1, Depo. of Michael Martinez ("Martinez Depo.") 89:23-90:3; Ex. 2, Depo. of Jeremy Deberg ("Deberg Depo.") 106:10-13; Ex. 3, Depo. of Sabrina Cervantes ("Cervantes Depo.") 25:10-13.) Because no Defendant deputy was aware of Mr. Nuñez's prior arrest or detention, this information cannot be considered at trial. *See Dunivin v. Cnty. of Riverside*, EDCV 21-0040 JGB (DTBx), 2024 WL 3468785, at *6 (C.D. Cal. June 14, 2024) ("The Court agrees with Plaintiff that evidence of his criminal history is irrelevant and prejudicial as to the question of liability . . . ."); *Tucker v. Cnty. of Riverside*, EDCV 16-2274 JGB

(DTBx), 2018 WL 6074550, at *2-4 (C.D. Cal. Oct. 4, 2018) (excluding criminal history information unknown to officers).

Second, Plaintiffs anticipate that Defendants will seek to introduce evidence of drug use by Mr. Nuñez of which the deputies were unaware. Although the Defendant deputies have testified that that they were told by 911 dispatch that Mr. Nuñez was possibly under the influence and that they observed conduct by Mr. Nuñez that led them to believe he may be under the influence, they did not have information that Mr. Nuñez had used any particular drug at the time they used force against him. (*See* Martinez Depo. 80:17-20, 82:3-23, 85:16-24, 89:20-22; Deberg Depo. 106:21-107:6, 107:14-15; Cervantes Depo. 25:14-22.) This Motion does *not* seek to exclude details of which the deputies *were* aware. However, information from a post-mortem toxicology report that purports to show he had methamphetamines and other substances in his system, as well as evidence regarding apparent drug paraphernalia allegedly found in his pocket after he was shot (a pipe and baggie), which were not seen by the deputies beforehand (*see* Levine Decl., Ex. 4, Deposition of Jonathan Campos 129:7-14), cannot be considered by the jury. *See Herrera v. City of Ontario*, EDCV 15-1370 JGB (SPx), 2016 WL 9176322, at *2 (C.D. Cal. Oct. 24, 2016) (excluding toxicology report as information unknown to officers at time of shooting). Likewise, testimonial evidence regarding alleged a prior history of drug use by Mr. Nuñez, as well as testimony alleging that Mr. Nuñez had experienced a "hallucination" on the morning before the incident or previously—details also unknown to the deputies at the time of the incident—are also inadmissible.

Third, Plaintiffs anticipate that Defendants will seek to introduce evidence from Brenda Lopez, Plaintiff Andrew Nuñez's step-daughter (Mr. Nuñez's niece by marriage), that Ms. Lopez believed Mr. Nuñez had a romantic interest in her. This alleged information was not known by the deputies during the incident and thus is

PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE INFORMATION UNKNOWN TO DEPUTIES AT TIME OF USE OF FORCE

1  irrelevant.

2       Nor is any evidence that was unknown to the deputies during the incident

3  admissible to corroborate the deputies' belief during the incident that Mr. Nuñez

4  may have been intoxicated, to explain Mr. Nuñez's alleged conduct (on the theory

5  that he was afraid of police due to his prior arrest and detention), or to explain Mr.

6  Nuñez's alleged agitation when deputies moved in the direct of Ms. Lopez's

7  bedroom window or when Mr. Nuñez learned that the occupants of the home

8  (including Ms. Lopez) had exited—arguments Plaintiffs anticipate Defendants will

9  make in support of admission of this evidence. Such arguments have been

10  expressly rejected by the Ninth Circuit. *See Glenn*, 673 F.3d at 873 n.8 ("We

11  disagree with the district court's suggestion that, even though we must assume the

12  officers did not know of [the decedent's prior] statements, they provide

13  'uncontroverted evidence demonstrat[ing] that the officers' safety concerns were

14  not at odds with information provided to law enforcement.'"). Likewise, Mr.

15  Nuñez's state of mind is irrelevant given the objective standard applicable to

16  Plaintiffs' claims. *See Graham*, 490 U.S. at 397; *Villanueva v. California*, 986 F.3d

17  1158, 1166 (9th Cir. 2021) ("[T]he Supreme Court 'ha[s] repeatedly rejected

18  attempts to introduce . . . subjectivity into Fourth Amendment analysis.'") (quoting

19  *Brendlin v. California*, 551 U.S. 249, 260 (2007)).

20       Accordingly, any evidence unknown to the deputies at the time force was

21  used is irrelevant and should be excluded.

22  **III.   THIS EVIDENCE SHOULD FURTHER BE EXCLUDED AS UNDULY**

23        **PREJUDICIAL UNDER RULE 403**

24       Although the evidence referenced above is irrelevant, it should also be

25  excluded under FRE 403 because it is unfairly prejudicial, confusing, and would

26  waste time. FRE 403 requires exclusion even of relevant evidence "if its probative

27  value is substantially outweighed by the danger of . . . unfair prejudice, confusing

28

the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *see Larez v. City of Los Angeles*, 946 F.2d 630, 641 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses).

Here, evidence of Mr. Nuñez's prior arrest and detention is unduly prejudicial because it is likely to lead a jury to make negative assumptions about Mr. Nuñez's character that do not pertain to the incident at issue in this case, particularly if the jury is told that the charge of arrest was of a violent nature. *See Tucker*, 2018 WL 6074550, at *4 (holding criminal history not known to defendant officers was inadmissible under FRE 403, given that its "minimal probative value is substantially outweighed by the highly prejudicial nature of … an arrest for battering a teacher"). Further, Defendants' anticipated argument regarding the relevance of this prior incident is not based on the fact of the prior arrest or detention, but rather on the fear of police Mr. Nuñez allegedly developed as a result thereof. Defendants have advised that they intend to argue that Plaintiff Andrew Nuñez was contributorily negligent because he did not advise 911 of Mr. Nuñez's alleged fear. However, Defendants cannot show, via the facts of this case or any applicable law, that Andrew Nuñez had any duty to advise deputies of every conceivable detail or risk factor that might be useful to them, especially when Andrew was *not the 911 caller* (that was his wife, Noelia Benitez). Moreover, not only is evidence of the prior arrest highly attenuated from the incident that will be at issue at trial—the Defendant deputies have never claimed they would not have used force against Mr. Nuñez had they only known he was believed to be afraid of police—but it would also necessitate a mini-trial regarding the details of the prior incident and whether it

1  caused such fear in Mr. Nuñez.

2      Evidence of drug use that was unknown to the deputies likewise has

3  significant potential to unjustly inflame a jury's passions and prejudices against Mr.

4  Nuñez and Plaintiffs. *See Gregory v. Oliver*, 2003 WL 1860270 at *2 (N.D. Ill. Apr.

5  9, 2003) (granting motion *in limine* to exclude drug evidence officers discovered

6  after use of force as irrelevant and unduly prejudicial under FRE 403); *id.* at *1 ("In

7  today's climate, any evidence as to a litigant's use of drugs has an obvious potential

8  for being extraordinarily prejudicial—for creating the prospect of deflecting the

9  factfinders' attention from the matters that are really at issue in the case to

10  everyone's universally-shared concerns as to the problems that drug usage is

11  creating for our society."); *Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008)

12  (affirming exclusion of "use of the word 'heroin,' because at the time of the arrest,

13  the officers did not know the nature of the drug or Kunz's usage and because

14  mention of heroin would be more prejudicial than helpful"); *Wisler v. City of

15  Fresno*, 2008 WL 2954179 at *5 (E.D. Cal. 2008) (excluding evidence of marijuana

16  use on grounds it was unduly prejudicial and was not known by defendants).

17      Evidence that Mr. Nuñez was on drugs during the incident that was not

18  known by the deputies is likely to prejudice Plaintiffs and mislead the jury about the

19  issues to be tried in this case. Further, Defendants have not designated any expert

20  who is qualified to interpret the toxicology report they seek to introduce or opine on

21  the effect the substances that were reportedly in Mr. Nuñez's system would have

22  had on Mr. Nuñez, which would be necessary testimony in order for Defendants to

23  use the report to corroborate the deputies' claimed belief that Mr. Nuñez was on

24  drugs during the incident. Likewise, evidence of alleged hallucinations unknown to

25  the defendant deputies, which Defendants are expected to argue also corroborate the

26  deputies' belief that Mr. Nuñez was intoxicated, would improperly prejudice

27  Plaintiffs by either indicating drug use unknown to the officers or by indicating

28

1    mental illness unknown to the officers. Furthermore, such evidence would be

2    needlessly cumulative, as the Defendant deputies are expected to testify that Mr.

3    Nuñez voiced delusions during their encounter with him.

4         Lastly, admission of evidence that Mr. Nuñez allegedly had an intimate

5    interest in Brenda Lopez—his niece and Plaintiff Andrew Nuñez's step-daughter,

6    who was approximately half Mr. Nuñez's age—is highly prejudicial to Plaintiffs, as

7    it suggests Mr. Nuñez had an inappropriate attraction to his own, much younger

8    relative. Clearly, such prejudice significantly outweighs any probative value, which

9    requires multiple layers of speculation; this allegation is based entirely on Mr.

10   Nuñez allegedly calling Ms. Lopez "cute" on a single occasion five years before the

11   incident (Ms. Lopez testified she "didn't know if it was like in a crush way or in an

12   uncle way" (Levine Decl., Ex. 5, Deposition of Brenda Lopez 20:21-21:16)), and

13   Defendants' anticipated argument that this alleged interest influenced Mr. Nuñez's

14   conduct during the incident is entirely conjectural.

15        Admission of the foregoing evidence also poses a substantial risk of leading

16   to "litigation of collateral issues, thereby creating a side issue which might distract

17   the jury from the main issues." *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d

18   Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (en banc); *Arlio v.

19   Lively*, 474 F.3d 46, 53 (2d Cir. 2007). The central factual dispute in this case is

20   whether Defendant deputies Martinez, Cervantes, and Deberg used excessive and

21   unreasonable force against Mr. Nuñez when they used less-lethal and deadly force

22   against him. Refuting the inferences that Defendants are expected to attempt to raise

23   will necessitate mini-trials on collateral issues that have nothing to do with the

24   central factual disputes—what threat Mr. Nuñez reasonably appeared to pose to the

25   deputies, his degree of resistance, whether a warning was provided, etc.—which will

26   unduly consume this Court's and the jury's time. Accordingly, Plaintiffs respectfully

27   request that the Court further exclude the foregoing evidence and argument

28

1  regarding information that was unknown to the deputies under FRE 403.

2  **IV.   THIS EVIDENCE SHOULD FURTHER BE EXCLUDED AS**

3  **IMPERMISSIBLE CHARACTER EVIDENCE UNDER RULE 404**

4  Under FRE 404, the foregoing items of evidence Plaintiffs seek to exclude

5  cannot be used to show that Decedent acted in conformity with some general poor

6  character during the incident. Rule 404(a)(1) specifically prohibits "[e]vidence of a

7  person's character or character trait . . . to prove that on a particular occasion the

8  person acted in accordance with the character or trait." Further, Ninth Circuit case

9  law is clear that character evidence is not normally admissible in a civil rights case.

10  *See Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in

11  issue," *i.e.*, an essential element of a charge, claim, or defense for character evidence

12  to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v.*

13  *Mendoza-Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). Character is not an essential

14  element to any claim or defense to be tried in this case. For example, testimony or

15  evidence regarding information gathered after the incident relating to any unknown

16  criminal history, drug use, or other wrongs—including an alleged arrest for assault

17  on a peace officer—pose a danger that the jury will (1) improperly infer that the

18  Defendant deputies knew this information, (2) improperly infer that Mr. Nuñez had

19  the propensity to engage in criminal or inappropriate conduct, including toward the

20  Defendant deputies on the date of the subject incident, and (3) reach a verdict that

21  does not reflect the circumstances the Defendant deputies faced during the incident.

22  Plaintiffs anticipate that Defendants will seek to use this unknown

23  information as evidence of a propensity for violence. "Corroborating" evidence is

24  propensity evidence. *See Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985)

25  (excluding "any circumstantial evidence that requires an inference of a person's

26  character to make it relevant"). Admission of this unknown information would serve

27  little purpose other than to tarnish Mr. Nuñez's character and pollute the jury against

28

him and Plaintiffs. *See* Adv. Comm. Notes, Fed. R. Evid. 405 (stating specific instances of conduct "possess the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time"). Accordingly, this evidence should further be excluded under FRE 404.

## V.     THIS EVIDENCE SHOULD ALSO BE EXCLUDED AS HEARSAY UNDER RULES 801 AND 802

Finally, the Court should also exclude certain of the aforementioned evidence as inadmissible hearsay without any exception under FRE 801, 802, and 805. Because all evidence that is the subject of this Motion constitutes information that was unknown to the Defendant deputies during the incident, they cannot testify to this information based on personal knowledge. *See* Fed. R. Evid. 602. Mr. Nuñez's alleged statements on previous occasions to non-deputy witnesses, as well as the toxicology report, were made out of court and Defendants are anticipated to attempt to offer them for the truth of the matter asserted.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court exclude any evidence or argument regarding information that was unknown to the Defendant deputies at the time they used force during the subject incident.

Respectfully submitted,

Dated:  July 26, 2024                    LAW OFFICES OF DALE K. GALIPO


By:  __*/s/ Benjamin Levine*_____
         Dale K. Galipo
         Benjamin S. Levine
         *Attorneys for Plaintiffs*

PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE INFORMATION UNKNOWN TO DEPUTIES
AT TIME OF USE OF FORCE