**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

**CARRILLO LAW FIRM, LLP**
Luis A. Carrillo (SBN 70398)
Michael S. Carrillo (SBN 258878)
Dominique L. Boubion (SBN 336915)
1499 Huntington Drive, Suite 402
South Pasadena, California 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA NUÑEZ, individually; ANTHONY NUÑEZ, JR., individually and as successor-in-interest to Decedent, Anthony Nuñez; and, ANDREW NUÑEZ, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO; CITY OF HESPERIA; MICHAEL MARTINEZ; SABRINA CERVANTES; JEREMY DEBERG; JONATHAN CAMPOS; and DOES 5 through 15, inclusive,<br><br>Defendants. | Case No. 5:22-cv-01934-SSS-SP<br><br>*Honorable Sunshine S. Sykes*<br>*Hon. Mag. Judge Sheri Pym*<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2 TO EXCLUDE ANY FINDINGS BY ANY AGENCY**<br><br>Hearing:  August 30, 2024<br>Time:    2:00 p.m.<br>Dept.:   Courtroom 2<br><br>FPTC:   September 6, 2024<br>Trial:   September 23, 2024 |

---

PLAINTIFFS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE ANY FINDINGS BY ANY AGENCY

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 30, 2024, at 2:00 p.m., in Courtroom 2 of the United States District Court for the Central District of California, at 3470 Twelfth Street, Riverside, California 92501-3801, Plaintiffs, ROSA NUÑEZ, ANTHONY NUÑEZ, JR., and ANDREW NUÑEZ, hereby move *in limine* for an order excluding, at the trial of the above-referenced matter:

1) Any evidence, testimony, argument, or reference at trial to any findings by the County of San Bernardino that Deputies Martinez, Deberg, and/or Cervantes's use of force against Plaintiffs' decedent, Anthony Nuñez ("Mr. Nuñez"), was reasonable, justified, and/or within County of San Bernardino policy, including any reference (whether implicit or explicit) to the fact that the County of San Bernardino reviewed the incident;

2) Any findings with respect to this incident by any other agency.

Plaintiffs make this Motion under Federal Rules of Evidence 401 and 402, on the grounds that this information is irrelevant. Plaintiffs further make this motion under Rule 403 on the ground that this evidence will unduly prejudice Plaintiffs, unduly consume this Court's time, and will confuse the issues. Moreover, Plaintiffs make this motion under Rules 801 and 802 on the ground that certain of this evidence constitutes improper hearsay. Finally, Plaintiffs make this motion under Federal Rule of Civil Procedure 37, on the ground that this evidence was never produced by Defendants in discovery despite being requested by Plaintiffs.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

**Statement of Local Rule 7-3 Compliance and pursuant to this Court's Civil Standing Order (Dkt. 19)**:

This Motion is made following the conference of counsel pursuant to L.R. 7-

3 which took place on July 19, 2024. The conference took place via Zoom and lasted a total of approximately seventy-five minutes. Counsel present at the conference were Benjamin Levine for Plaintiffs, and Michelle Prescott, Joshua Nuzzo, and Brett Smith for Defendants.

    Following the conference, counsel for the parties have continued to meet and confer to narrow the scope of this motion to the greatest extent possible and to reach stipulations on any issues on which the parties have been able to agree.

Dated: July 26, 2024        LAW OFFICES OF DALE K. GALIPO

                              By: /s/ Benjamin Levine
                                  Dale K. Galipo
                                  Benjamin S. Levine

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This civil rights and state tort action arises from the use of less-lethal and deadly force by San Bernardino County Sheriff's Department deputies Michael Martinez, Sabrina Cervantes and Jeremy Deberg against Anthony Nuñez ("Mr. Nuñez") on March 29, 2022. Plaintiffs' operative complaint asserts claims for (1) Excessive Force under the Fourth Amendment; (2) Denial of Medical Care under the Fourth Amendment; (3) Interference with Familial Relationship under the Fourteenth Amendment; (4) Municipal Liability for Unconstitutional Custom, Policy, or Practice; (5) Municipal Liability for Failure to Train; (6) Battery; (7) Negligence; (8) Negligent Infliction of Emotional Distress; and (9) violation of the Bane Act. The primary issue in this case is whether the defendant deputies' uses of less-lethal and deadly force against Mr. Nuñez were excessive and unreasonable under the circumstances known to them at the time of these uses of force.

Plaintiffs hereby bring this Motion *in Limine* to exclude any post-incident findings by any agency. Plaintiffs anticipate that Defendants may attempt to present evidence and/or argument at trial that a use-of-force investigation was conducted by the County of San Bernardino that resulted in a finding that the Defendant deputies acted lawfully when they used force against Mr. Nuñez, and that their uses of force, including Deputy Martinez's use of deadly force, were reasonable and "within policy." Plaintiffs further anticipate that Defendants may attempt to use this evidence to attempt to persuade the jury to determine that the Defendant deputies' uses of force were reasonable.

Accordingly, by way of this Motion, Plaintiffs seek to exclude any evidence, testimony, argument, or reference at trial to any findings by the County of San Bernardino that the use of force was any of the following: (1) within policy;

(2) reasonable; and/or (3) justified. Finally, Plaintiffs also seek to exclude any other findings by any other agency.

This Motion *in Limine* is based on several independent rationales. First, this evidence is irrelevant pursuant to Federal Rules of Evidence, Rule 402, because this evidence is immaterial to the issues to be decided by the jury in the instant case. Second, this evidence usurps the jury's role, and should be excluded under Federal Rules of Evidence, Rule 403 on the grounds that this evidence would confuse the issues, mislead the jury, cause undue delay, and waste this Court's time. Further, such evidence would be unduly prejudicial to Plaintiffs under Rule 403, and such prejudicial effect would greatly outweigh any possible probative value of this evidence. Third, this Motion is also made on the grounds that the County of San Bernardino's findings are hearsay (particularly any reports) for which there is no exception under Federal Rules of Evidence, Rules 801 and 802. Finally, no records documenting any findings/determinations by the County or any other agency that the deputies' uses of force were within policy, reasonable, and/or justified were produced during discovery, despite being requested by Plaintiffs, and thus references to such findings/determinations should be excluded under the Federal Rules of Civil Procedure, Rule 37.

## II. EVIDENCE OF ANY AGENCY'S FINDINGS AND/OR CONCLUSIONS IS IRRELEVANT AND SHOULD BE EXCLUDED UNDER FEDERAL RULES OF EVIDENCE, RULE 402

Federal Rules of Evidence, Rule 402, states in part that evidence which is not relevant is not admissible. Under *Graham v. Connor*, 490 U.S. 385, 397 (1989), evidence of facts and circumstances not known to the involved officers at the time of the use of force incident are irrelevant. *See also Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the use of force is

irrelevant and prejudicial."). This includes the post-"use of force" findings of Defendant County of San Bernardino, and any findings by any other agency. Plaintiffs submit that this information should be excluded, in part because the Defendant deputies obviously would not have had this information at the time that they decided to use force against Mr. Nuñez.

At trial, the jury must determine whether Deputies Martinez, Deberg, and Cervantes used excessive or unreasonable force when they used less-lethal force against and shot Mr. Nuñez. To determine whether the use of force was lawful, the jury will be asked to look at the objective circumstances facing the deputies at the time of the incident and to consider factors such as "the type and amount of force used" and "[w]hether [Mr. Nuñez] posed an immediate threat to the safety of [Deputies Martinez, Deberg, and Cervantes] or others." Ninth Circuit Manual of Model Jury Instructions, 9.25 (2017). What the County of San Bernardino investigators or any other agency purported to determine or conclude *ex post facto* about the uses of force does not bear on any disputed fact or on any element of any claim or defense in this case. Indeed, any subsequent findings of the County of San Bernardino are not probative of the factual circumstances confronting the Defendant deputies at the time of the use of force incident. Accordingly, this evidence is irrelevant as to questions of Defendants' liability for the violations of Mr. Nuñez's rights under federal and state law. Because evidence of the County's findings are not probative of any fact of consequence of the determination of the action, this evidence should be excluded.

Plaintiffs maintain a *Monell* claim for Unconstitutional Custom, Practice and Policy. Regardless, Plaintiffs' Motion to exclude any findings by any agency asks this Court to exclude this evidence from all phases of trial because while the County of San Bernardino's policies and procedures may be relevant, agencies' investigations and conclusions as to how the Defendant deputies' actions comported

with those policies is not relevant. *Ramirez v. City of Gilroy*, 2020 WL 1492704, at *3 (N.D. Cal. Mar. 27, 2020) (concluding that agency findings and conclusions were not relevant, but allowing parties to "offer otherwise admissible evidence of whether [officer's] conduct did or did not comport with relevant policies, practices, training, or other norms of behavior").

### III. EVIDENCE OF ANY AGENCY'S FINDINGS AND CONCLUSIONS IS UNDULY PREJUDICIAL AND SHOULD BE EXCLUDED UNDER FEDERAL RULES OF EVIDENCE, RULE 403.

Even if the foregoing evidence has some probative value, it should be excluded under Federal Rules of Evidence, Rule 403 because it is highly prejudicial, poses a significant risk of consuming the jury, and would cause undue delay and waste of time. The danger presented by these administrative "findings" and "conclusions" is that they usurp the jury's role to independently weigh the evidence and reach its own conclusion based on the facts and the law. The jury should decide the case based on its own evaluation of the evidence presented, and not based on what some authority figure has supposedly already decided. The danger presented by this kind of testimony is acute. Determining the reasonableness of the Defendant deputies' actions is a task for the jury, and there is a significant risk that the jury might give undue deference to the findings of the County of San Bernardino. On the basis of the testimony of authority figures or official-sounding determinations by the County's high-ranking officials, the jury might be tempted to disregard the testimony of eyewitnesses, the physical and forensic evidence, the law, and the jury instructions, and instead decide that the use of force against Mr. Nuñez was justified simply because an authority figure already purported to have determined that the use of force was justified. The jury might feel bound to abide by the findings of the County of San Bernardino rather than reaching its own independent conclusions based on all of the evidence. For these reasons, the County's findings (including in

the form of the internal communication) and the findings by any other agency should be excluded pursuant to Rule 403.

## IV. EVIDENCE OF ANY AGENCY'S FINDINGS AND CONCLUSIONS IS HEARSAY UNDER FEDERAL RULES OF EVIDENCE, RULES 801 AND 802

Any entity's determination—including the County's findings and any findings by any other agency—that the use of force was "justified," "within policy," and/or "lawful" would constitute hearsay under Federal Rules of Evidence, Rules 801 and 802 and should alternatively be excluded on this ground. Hearsay evidence is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated. Even if a hearsay statement falls under an exception to the rule, it is not admissible if such statement consists of one or more statements that are themselves hearsay. First, the County's findings themselves (as well as any findings by any other agency) are hearsay if offered at trial to prove that the Defendant deputies' conduct was reasonable, justified, and/or within policy. If documentation of the findings and/or conclusions are proffered at trial, then this would be hearsay as well. Insofar as those findings and conclusions are based on statements by law enforcement witnesses, investigators, detectives, supervisors, or other officials as to what happened during the use of force, the findings and conclusions would constitute or incorporate multiple hearsay.

Furthermore, the County's investigation report likely contains a host of inadmissible evidence that this Court may order excluded based on Plaintiffs' Motions *in Limine* No. 1, including information about Mr. Nuñez's alleged drug use and/or criminal history. Accordingly, Plaintiffs contend that such determinations, findings, and/or conclusions would be inadmissible hearsay evidence and should be excluded from the trial of this matter for that reason.

## V. THIS EVIDENCE SHOULD ALSO BE EXCLUDED UNDER FRCP 37 BECAUSE RECORDS REGARDING AGENCY FINDINGS WERE NEVER PRODUCED IN DISCOVERY

Finally, the Court should also exclude evidence of any post-incident determinations regarding whether the Defendant deputies' actions were "within policy," justified, or lawful because such evidence was not produced during discovery, despite having been requested by Plaintiffs during discovery. Although Plaintiffs anticipate Defendants may attribute this to a data loss alleged to have occurred as a result of a cyberattack against the County, under such circumstances, Federal Rules of Civil Procedure, Rule 37 allows the Court to "order measures no greater than necessary to cure the prejudice" incurred as a result of such a loss. *See* Fed. R. Civ. P. 37(e)(1). Whether or not such records were in fact lost or simply not produced, the Court can and should order the exclusion of such evidence and related testimony and argument at trial to cure the prejudice to Plaintiffs caused by their inability to review relevant records, which would be necessary to rebut any claims by Defendants that the deputies' actions were in fact found to be "within policy," justified, or lawful.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court exclude any evidence, argument, testimony, or reference at trial to: (1) any determination by the County of San Bernardino that the Defendant deputies' uses of force against Mr. Nuñez by Deputies Martinez, Deberg, and/or Cervantes was lawful, justified, and/or within policy; and (2) any findings by any other agency.

/ / /

/ / /

/ / /

/ / /

1   Respectfully submitted,
2
3   Dated: July 26, 2024               LAW OFFICES OF DALE K. GALIPO
4
5
6                                      By: __/s/ Benjamin Levine_____
                                           Dale K. Galipo
7                                          Benjamin S. Levine
                                           *Attorneys for Plaintiffs*
8