1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA NUÑEZ, individually; ANTHONY NUÑEZ, JR., individually and as successor-in-interest to Decedent, Anthony Nuñez; and ANDREW NUÑEZ, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO; CITY OF HESPERIA; MICHAEL MARTINEZ; SABRINA CERVANTES; JEREMY DEBERG; JONATHAN CAMPOS; and DOES 5 through 15, inclusive,<br><br>Defendants. | Case No. 5:22-cv-01934-SSS-SP<br><br>*Honorable Sunshine S. Sykes*<br>*Hon. Mag. Judge Sheri Pym*<br><br>**[PROPOSED] ORDER RE: JOINT PRETRIAL STIPULATION** |

**[PROPOSED] ORDER**

PURSUANT TO THE STIPULATION OF THE PARTIES, and Good Cause appearing therefor, IT IS HEREBY ORDERED that the following conditions and limitations shall apply in the trial of this action:

1. Plaintiffs' police practices expert, Scott A. DeFoe, and Defendants' police practices expert, Edward T. Flosi, shall be precluded from discussing the law and from making legal conclusions or credibility determinations during their testimony.

2. No party shall attempt to introduce evidence or make argument regarding any prosecutorial decision/declination to criminally prosecute any deputy based on that deputy's actions/conduct during the subject incident unless such evidence becomes relevant to Plaintiffs' Monell claims during trial.

3. Defendants shall not attempt to introduce evidence regarding or depicting any tattoos on Decedent's body. Defendants shall not attempt to introduce evidence regarding or depicting any tattoos on Plaintiff Andrew Nuñez's body, unless the door has been opened as to such evidence.

4. Defendants shall not attempt to introduce evidence regarding Decedent's criminal history prior to March 29, 2022, including concerning a prior incident in which, according to Rosa, Anthony Nunez was arrested many years earlier for driving a car he had just purchased but had not yet registered in his name, unless the door has been opened as to such evidence. This paragraph does not apply to testimony regarding a prior incident in which Decedent allegedly locked Decedent's brother, Marty Nuñez, outside of the Nuñez family home, which resulted in an arrest for an alleged assault on an officer which is the subject of a separate motion *in limine* by Plaintiffs.

5. Defendants shall not attempt to introduce testimony by Melissa Carpenter pertaining to alleged drug use by Decedent, unless Plaintiffs open the door.

6. Plaintiffs shall not attempt to introduce evidence regarding any firing or criminal prosecution of Jonathan Campos as a result of events that occurred after the subject incident, unless door is opened. This paragraph does not apply to evidence of any resulting conviction if for a crime evincing dishonesty or moral turpitude, if such a conviction has occurred by the time of trial.

**IT IS SO ORDERED**.

DATED: _____, 2024

_____
HONORABLE SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE