**UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSA NUÑEZ, individually; ANTHONY NUÑEZ, JR., individually and as successor-in-interest to Decedent, Anthony Nuñez; and ANDREW NUÑEZ, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO; CITY OF HESPERIA; MICHAEL MARTINEZ; SABRINA CERVANTES; JEREMY DEBERG; JONATHAN CAMPOS; and DOES 5 through 15, inclusive,<br><br>Defendants. | Case No. 5:22-cv-01934-SSS-SP<br><br>*Honorable Sunshine S. Sykes*<br>*Hon. Mag. Judge Sheri Pym*<br><br>**[PROPOSED] ORDER RE: PLAINTIFS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE INFORMATION UNKNOWN TO DEPUTIES AT TIME OF USE OF FORCE** |

# [PROPOSED] ORDER

Having reviewed Plaintiffs' Motion *in Limine* No. 1 to Exclude Information Unknown to Deputies at Time of Use of Force, and GOOD CAUSE appearing therein, Plaintiffs' Motion is hereby GRANTED. Evidence, testimony, argument, or reference to/regarding information unknown to Defendants Martinez, Deberg, and Cervantes shall be excluded at the trial of the above-entitled matter, including:

1. Any details of Decedent's criminal history prior to the date of the subject incident, including any arrests, convictions, incarcerations, and contacts with law enforcement officials.
2. Details regarding alleged drug use or possession by Decedent, aside from details of which the individual Defendants were made aware prior to their uses of force during the subject incident, and aside from details the individual Defendants observed during the subject incident.
3. Any details regarding alleged hallucinations experienced by Decedent prior to the subject incident.
4. Any details regarding any alleged attraction to Brenda Lopez by Decedent.

The basis for this Order is that these details and any other information unknown to Defendants Martinez, Deberg, and Cervantes at the time of their uses of force against Decedent are irrelevant as impermissible hindsight evidence; any probative value they may have is substantially outweighed by the substantial risk of unfair prejudice, confusing the issues, wasting time, and misleading the jury; and this information constitutes improper character evidence and inadmissible hearsay. Fed. R. Evid., Rules 401, 402, 403, 404, 801; *Glenn v. Wash. Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011).

/ / /
/ / /
/ / /
/ / /

1  **IT IS SO ORDERED**.

2

3

4  DATED: _____, 2024

5

6                                          _____

7                                          HONORABLE SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28