**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Tel: (818) 347-3333 / Fax: (818) 347-4118

LUIS A. CARRILLO (SBN 70398)
MICHAEL S. CARRILLO (SBN 258878)
DOMINIQUE L. BOUBION (SBN 336915)
**CARRILLO LAW FIRM, LLP**
1499 Huntington Drive, Suite 402
South Pasadena, California 91030
Tel: (626) 799-9375/ Fax: (626) 799-9380

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA NUÑEZ, individually; ANTHONY NUÑEZ, JR., individually and as successor-in-interest to Decedent, Anthony Nuñez; and ANDREW NUÑEZ, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO; CITY OF HESPERIA; MICHAEL MARTINEZ; SABRINA CERVANTES; JEREMY DEBERG; and DOES 5 through 15, inclusive,<br><br>Defendants. | Case No. 5:22-cv-01934-SSS-SP<br><br>*Hon. Sunshine S. Sykes*<br><br>**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Trial Date:    September 23, 2024<br>Final Pretrial Conference:    September 6, 2024 |

Pursuant to Local Rule 16-4 and this Court's Civil Trial Order [Dkt. 39], Plaintiffs hereby submit the following Memorandum of Contentions of Fact and Law.

/ / /

**1**

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## I. INTRODUCTION

This civil rights and state tort action arises from the use of less-lethal force against and fatal shooting of Anthony Nuñez ("Mr. Nuñez") by San Bernardino County Sheriff's Department ("SBCSD") deputies Michael Martinez, Jeremy Deberg, and Sabrina Cervantes on March 29, 2022. The Plaintiffs are Anthony Nuñez Jr., who is the son of Mr. Nuñez; Rosa Nuñez, who is the mother of Mr. Nuñez; and Andrew Nuñez, who is the brother of Mr. Nuñez and who witnessed the shooting. The Defendants are Michael Martinez, Jeremy Deberg, Sabrina Cervantes, the County of San Bernardino, and the City of Hesperia.

## II. PLAINTIFFS' CLAIMS (16-4.1)

**Elements and Legal Contentions**

**Claim 1: Excessive Force (Fourth Amendment; 42 U.S.C. § 1983)**

Plaintiff Anthony Nuñez Jr. brings this claim individually and as Mr. Nuñez's successor-in-interest against Defendants Michael Martinez, Jeremy Deberg, and Sabrina Cervantes. Plaintiff seeks wrongful death damages and survival damages for Mr. Nuñez's pre-death pain and suffering, loss of life, and loss of enjoyment of life, and punitive damages. Plaintiff also seeks costs and statutory attorneys' fees on this claim.

Elements:

1. Michael Martinez, Jeremy Deberg, and Sabrina Cervantes acted under color of law (stipulated);
2. Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes used excessive force against Mr. Nuñez;
3. The excessive force was a cause of injury, damage, harm, or death to Mr. Nuñez.

*See* Ninth Circuit Manual of Model Jury Instructions, Instruction No. 9.25 (2017 Edition, Dec. 2023 update).

///

<u>Key Evidence in Support:</u> Testimony of the involved deputies including Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and Jonathan Campos. Testimony of witness Lucy Ramos. Testimony of Plaintiff Anthony Nuñez Jr. regarding his damages. Expert testimony including Plaintiffs' police practices expert, Scott DeFoe. Medical testimony from involved fire department personnel who treated Mr. Nuñez on scene and the forensic pathologist who conducted the autopsy on Mr. Nuñez. Exhibits including audio recording from Michael Martinez's belt-worn recording device; scene photographs; and photographs of Plaintiffs and Mr. Nuñez.

**Claim 2:** **Denial of Medical Care (Fourth Amendment; 42 U.S.C. § 1983)**

Plaintiff Anthony Nuñez Jr. brings this claim individually and as Mr. Nuñez's successor-in-interest against Defendants Michael Martinez, Jeremy Deberg, and Sabrina Cervantes. Plaintiff seeks wrongful death damages and survival damages for Mr. Nuñez's pre-death pain and suffering, loss of life, and loss of enjoyment of life, and punitive damages. Plaintiff also seeks costs and statutory attorneys' fees on this claim.

1. Michael Martinez, Jeremy Deberg, and Sabrina Cervantes acted under color of law (stipulated);
2. Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes unreasonably delayed, interfered with, or obstructed the provision of medical care to Mr. Nuñez;
3. The delay, interference, or obstruction was a cause of injury, damage, harm, or death to Mr. Nuñez.

*See* Ninth Circuit Manual of Model Civil Jury, Instruction 9.20 (2017 Edition, Mar. 2024 update); *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1098-99 (9th Cir. 2006); *PC. v. City of Los Angeles*, No. CV 07-3413-PLA, 2012 WL 12847227, at *11 (C.D. Cal. Sept. 14, 2012); *Von Haar v. City of Mountain View*, 2011 WL 782242, at *3 (N.D. Cal. Mar. 1, 2011); *Garvey v. Gibbons*, 2008 WL 4500011, at *11 (C.D. Cal. Oct. 5, 2008).

Key Evidence in Support: Testimony of the involved deputies including Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and Jonathan Campos. Testimony of witness Lucy Ramos. Testimony of Plaintiff Anthony Nuñez Jr. regarding his damages. Medical testimony from involved fire department personnel who treated Mr. Nuñez on scene and the forensic pathologist who conducted the autopsy on Mr. Nuñez. Exhibits including audio recording from Michael Martinez's belt-worn recording device; scene photographs; and photographs of Plaintiffs and Mr. Nuñez.

**Claim 3:** **Substantive Due Process – Unlawful Interference with Familial Relations** (Fourteenth Amendment; 42 U.S.C. § 1983)

Plaintiff Rosa Nuñez brings this claim individually against Defendants Michael Martinez, Jeremy Deberg, and Sabrina Cervantes and seeks wrongful death damages and punitive damages. By using less-lethal and deadly force against Mr. Nuñez, Michael Martinez, Jeremy Deberg, and Sabrina Cervantes interfered with Plaintiff's familial relationship with her son, Mr. Nuñez, in violation of Plaintiff's Fourteenth Amendment due process rights. Official conduct "shocks the conscience" where an officer acts with a purpose to harm unrelated to a legitimate law enforcement objective or, if actual deliberation is practical, where the officer acts with deliberate indifference.

1. Michael Martinez, Jeremy Deberg, and Sabrina Cervantes acted under color of law (stipulated);
2. Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes unlawfully interfered with Plaintiff's and Mr. Nuñez's parent/child relationship.

*See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.32 (2017 Edition, Mar. 2024 update); *Wilkinson v. Torres,* 610 F.3d 546, 554 (9th Cir. 2010); *Porter v. Osborn,* 546 F.3d 1131, 1137 (9th Cir. 2008).

Key Evidence in Support: Testimony of the involved deputies including Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and Jonathan Campos.

Testimony of witness Lucy Ramos. Testimony of Plaintiff Rosa Nuñez regarding her damages. Expert testimony including Plaintiffs' police practices expert, Scott DeFoe. Medical testimony from involved fire department personnel who treated Mr. Nuñez on scene and the forensic pathologist who conducted the autopsy on Mr. Nuñez. Exhibits including audio recording from Michael Martinez's belt-worn recording device; scene photographs; and photographs of Plaintiffs and Mr. Nuñez.

### Claim 4:   Municipal Liability – Unconstitutional Custom, Policy, or Practice (42 U.S.C. § 1983)

Plaintiff Anthony Nuñez Jr. brings this claim individually and as Mr. Nuñez's successor-in-interest against Defendants Michael Martinez, Jeremy Deberg, and Sabrina Cervantes and seeks wrongful death damages and survival damages for Mr. Nuñez's pre-death pain and suffering, loss of life, and loss of enjoyment of life. Plaintiff Rosa Nuñez brings this claim individually against Defendants Michael Martinez, Jeremy Deberg, and Sabrina Cervantes and seeks wrongful death damages. Plaintiffs also seek costs and statutory attorneys' fees on this claim.

1. Michael Martinez, Jeremy Deberg, and Sabrina Cervantes acted under color of law (stipulated);
2. The acts of Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes deprived Mr. Nuñez and/or Plaintiffs of particular rights under the United States Constitution;
3. Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the County of San Bernardino; and
4. The County of San Bernardino's official policy or widespread or longstanding practice or custom caused the deprivation of Mr. Nuñez's and/or Plaintiffs' rights by Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes; that is, the County of San Bernardino's official policy or widespread or longstanding practice or custom is so closely related to

the deprivation of Mr. Nuñez's and/or Plaintiffs' rights as to be the moving force that caused the ultimate injury.

*See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.5 (2017 Edition, Mar. 2024 update).

<u>Key Evidence in Support</u>: Testimony of the involved deputies including Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and Jonathan Campos. Testimony of witness Lucy Ramos. Testimony of Plaintiffs Anthony Nuñez Jr. and Rosa Nuñez regarding their damages. Expert testimony including Plaintiffs' police practices expert, Scott DeFoe. Medical testimony from involved fire department personnel who treated Mr. Nuñez on scene and the forensic pathologist who conducted the autopsy on Mr. Nuñez. Exhibits including audio recording from Michael Martinez's belt-worn recording device; scene photographs; and photographs of Plaintiffs and Mr. Nuñez.

**Claim 5:** **Municipal Liability – Failure to Train** (42 U.S.C. § 1983)

Plaintiff Anthony Nuñez Jr. brings this claim individually and as Mr. Nuñez's successor-in-interest against Defendants Michael Martinez, Jeremy Deberg, and Sabrina Cervantes and seeks wrongful death damages and survival damages for Mr. Nuñez's pre-death pain and suffering, loss of life, and loss of enjoyment of life. Plaintiff Rosa Nuñez brings this claim individually against Defendants Michael Martinez, Jeremy Deberg, and Sabrina Cervantes and seeks wrongful death damages. Plaintiffs also seek costs and statutory attorneys' fees on this claim.

1. Michael Martinez, Jeremy Deberg, and Sabrina Cervantes acted under color of law (stipulated);
2. The acts of Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes deprived Mr. Nuñez and/or Plaintiffs of particular rights under the United States Constitution;
3. The training policies of the County of San Bernardino were not adequate to prevent violations of law by its deputies or were not adequate to train

|   |   |   |
|---|---|---|
|   |   | its deputies to handle the usual and recurring situations with which they must deal; |
|   | 4. | The County of San Bernardino was deliberately indifferent to the substantial risk that its policies were inadequate to prevent violations of law by its deputies, or known or obvious consequences of its failure to train its deputies adequately; and |
|   | 5. | The failure of the County of San Bernardino to prevent violations of law by its deputies, or to provide adequate training, caused the deprivation of Mr. Nuñez's and/or Plaintiffs' rights by Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes; that is, the County of San Bernardino's failure to prevent violations of law by its deputies, or to provide adequate training, played a substantial part in bringing about or actually causing the injury or damage to Mr. Nuñez and/or Plaintiffs. |

See Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.8 (2017 Edition, Dec. 2023 update).

Key Evidence in Support: Testimony of the involved deputies including Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and Jonathan Campos. Testimony of witness Lucy Ramos. Testimony of Plaintiffs Anthony Nuñez Jr. and Rosa Nuñez regarding their damages. Expert testimony including Plaintiffs' police practices expert, Scott DeFoe. Medical testimony from involved fire department personnel who treated Mr. Nuñez on scene and the forensic pathologist who conducted the autopsy on Mr. Nuñez. Exhibits including audio recording from Michael Martinez's belt-worn recording device; scene photographs; and photographs of Plaintiffs and Mr. Nuñez.

**Claim 6:   Battery (wrongful death and survival)**

Plaintiff Anthony Nuñez Jr. brings this claim individually and as Mr. Nuñez's successor-in-interest against Defendants Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and County of San Bernardino. Plaintiff seeks survival damages for Mr.

Nuñez's pre-death pain and suffering, loss of life, and loss of enjoyment of life. *See* Cal. Code Civ. Proc. § 377.34. Plaintiff also seeks wrongful death damages for the loss of Mr. Nuñez's love, companionship, comfort, care, assistance, protection, affection, society, and moral support. *See* Cal. Code Civ. Proc. § 377.60. Plaintiff also seeks punitive damages. The County of San Bernardino is vicariously liable for the conduct of Michael Martinez, Jeremy Deberg, Sabrina Cervantes. *See* Cal. Gov. Code § 815.2(a).

1. Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes used unreasonable force against Mr. Nuñez;
2. Michael Martinez's, Jeremy Deberg's, and/or Sabrina Cervantes's use of unreasonable force was a cause of injury or death to Mr. Nuñez.

*See* CACI 1305B (2024 edition).

<u>Key Evidence in Support:</u> Testimony of the involved deputies including Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and Jonathan Campos. Testimony of witness Lucy Ramos. Testimony of Plaintiff Anthony Nuñez Jr. regarding his damages. Expert testimony including Plaintiffs' police practices expert, Scott DeFoe. Medical testimony from involved fire department personnel who treated Mr. Nuñez on scene and the forensic pathologist who conducted the autopsy on Mr. Nuñez. Exhibits including audio recording from Michael Martinez's belt-worn recording device; scene photographs; and photographs of Plaintiffs and Mr. Nuñez.

**Claim 7:** **Negligence (wrongful death and survival)**

Plaintiff Anthony Nuñez Jr. brings this claim individually and as Mr. Nuñez's successor-in-interest against Defendants Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and County of San Bernardino. Plaintiff seeks survival damages for Mr. Nuñez's pre-death pain and suffering, loss of life, and loss of enjoyment of life. *See* Cal. Code Civ. Proc. § 377.34. Plaintiff also seeks wrongful death damages for the loss of Mr. Nuñez's love, companionship, comfort, care, assistance, protection, affection, society, and moral support. *See* Cal. Code Civ. Proc. § 377.60. The County

of San Bernardino is vicariously liable for the conduct of Michael Martinez, Jeremy Deberg, Sabrina Cervantes. *See* Cal. Gov. Code § 815.2(a).

    1.    Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes were negligent;

    2.    The negligence of Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes was a cause of injury or death to Mr. Nuñez.

*See* CACI 401, 440, 441 (2024 edition).

<u>Key Evidence in Support:</u> Testimony of the involved deputies including Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and Jonathan Campos. Testimony of witness Lucy Ramos. Testimony of Plaintiff Anthony Nuñez Jr. regarding his damages. Expert testimony including Plaintiffs' police practices expert, Scott DeFoe. Medical testimony from involved fire department personnel who treated Mr. Nuñez on scene and the forensic pathologist who conducted the autopsy on Mr. Nuñez. Exhibits including audio recording from Michael Martinez's belt-worn recording device; scene photographs; and photographs of Plaintiffs and Mr. Nuñez.

**Claim 8:**     **Negligent Infliction of Emotional Distress**

Plaintiff Andrew Nuñez brings this claim against Defendants Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and County of San Bernardino. Michael Martinez, Jeremy Deberg, and Sabrina Cervantes negligently inflicted serious emotional distress upon Plaintiff when they used unreasonable less-lethal and deadly force against Mr. Nuñez in the presence of the Plaintiff. The County of San Bernardino is vicariously liable for the conduct of Michael Martinez, Jeremy Deberg, and Sabrina Cervantes pursuant to Cal. Gov. Code § 815.2(a).

    1.    Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes negligently caused injury to Mr. Nuñez when they shot him;

    2.    Plaintiff was present at the scene of Mr. Nuñez's death, and they were aware that Mr. Nuñez was being injured;

    3.    Plaintiff suffered serious emotional distress; and

4. The conduct of Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes was a substantial factor in causing Plaintiff's serious emotional distress.

See CACI 1621 (2024 edition).

Key Evidence in Support: Testimony of the involved deputies including Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and Jonathan Campos. Testimony of witness Lucy Ramos. Testimony of Plaintiff Andrew Nuñez. Expert testimony including Plaintiffs' police practices expert, Scott DeFoe. Medical testimony from involved fire department personnel who treated Mr. Nuñez on scene and the forensic pathologist who conducted the autopsy on Mr. Nuñez. Exhibits including audio recording from Michael Martinez's belt-worn recording device; scene photographs; and photographs of Plaintiffs and Mr. Nuñez.

**Claim 9:    Violation of Cal. Civ. Code. § 52.1 ("Bane Act")**

Plaintiff Anthony Nuñez Jr. brings this claim against Defendants Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and County of San Bernardino. Plaintiff brings this claim as Mr. Nuñez's successor-in-interest and seeks survival damages for Mr. Nuñez's pain and suffering, loss of life, and loss of enjoyment of life, and punitive damages. *Chaudhry v. City of Los Angeles*, 751 F.3d 1096 (9th Cir. 2014). The County of San Bernardino is vicariously liable for the conduct of Michael Martinez, Jeremy Deberg, and Sabrina Cervantes pursuant to Cal. Gov. Code § 815.2(a).

1. Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes used excessive force against Mr. Nuñez;
2. Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes intended to violate Mr. Nuñez's rights, demonstrated by these Defendants acting with reckless disregard for Mr. Nuñez's right to be free from excessive force;
3. The use of excessive force was a cause of injury, damage, harm, or death to Mr. Nuñez.

*See Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)).

## III. BIFURCATION OF ISSUES (16-4.3)

Plaintiffs request that the issue of the amount of punitive damages to be awarded, if any, be bifurcated from the remainder of the trial. At this time, Plaintiffs do not request bifurcation of any other issues and would oppose bifurcation of any other issues if it were requested. However, subject to the Court's rulings on Plaintiffs' pending Motions *in Limine* [Dkt. 93, 94], Plaintiffs may request bifurcation of liability and damages at a later stage if the Court allows admission of certain prejudicial evidence solely on the basis that such evidence is relevant only to damages.

## IV. JURY TRIAL (16-4.4)

All of Plaintiffs' claims are triable to a jury as a matter of right, and a timely jury demand has been made by all parties. [*See* Dkt. 45, 48.]

## V. ATTORNEYS' FEES (16-4.5)

Plaintiffs claim attorneys' fees for all eligible claims that will be tried in this case. Each of Plaintiffs' claims brought pursuant to 42 U.S.C. § 1983 is eligible for attorneys' fees under 42 U.S.C. § 1988. Plaintiff Anthony Nuñez Jr.'s Bane Act claim is eligible for attorneys' fees under Cal. Civ. Code § 52.1(i).

## VI. ABANDONMENT OF ISSUES (16-4.6)

All of Plaintiffs' pleaded claims remain active. None have been abandoned, though Jonathan Campos has been dismissed as a defendant in this action. [Dkt. 71.]

DATED: August 9, 2024

LAW OFFICES OF DALE K. GALIPO

By *__/s/ Dale K. Galipo__*
Dale K. Galipo
Benjamin S. Levine
Attorneys for Plaintiffs