1  Christopher P. Wesierski [Bar No. 086736]
     *cwesierski@wzllp.com*
2  Michelle R. Prescott [Bar No. 262638]
     *mprescott@wzllp.com*
3  Brett A. Smith [Bar No. 322707]
     *bsmith@wzllp.com*
4  WESIERSKI & ZUREK LLP
   29 Orchard Road
5  Lake Forest, California 92630
   Telephone: (949) 975-1000
6  Facsimile: (949) 756-0517

7

8  Attorneys for Defendants, COUNTY OF
   SAN BERNARDINO, CITY OF
   HESPERIA MICHAEL MARTINEZ,
9  SABRINA CERVANTES and JEREMY
   DEBERG

10

11              UNITED STATES DISTRICT COURT

12        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

13

| | |
|---|---|
| 14  ROSA NUNEZ, individually and as successor-in-interest to Decedent, Anthony Nunez; ANTHONY NUNEZ, JR., individually and as successor-in-interest to Decedent, Anthony Nunez; and, ANDREW NUNEZ, individually, | Case No. 5:22-cv-1934-SSS(SPx) |

**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

FPTC Date:        09/06/2024
Trial Date:        09/23/2024

17              Plaintiffs,

18        vs.

19  COUNTY OF SAN BERNARDINO;
   CITY OF HESPERIA; MICHAEL
20  MARTINEZ; SABRINA
   CERVANTES; JEREMY DEBERG;
21  JONATHAN CAMPOS; and DOES 5
   through 15, inclusive,
22

23              Defendants.

24

25      **TO THE HONORABLE COURT, ALL INTERESTED PARTIES, AND**

26  **TO THEIR COUNSEL OF RECORD:**

27          Pursuant to Local Rule 16-4, Defendants, COUNTY OF SAN

28  BERNARDINO, CITY OF HESPERIA MICHAEL MARTINEZ, SABRINA

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1

1   CERVANTES and JEREMY DEBERG (collectively, "Defendants") submit their

2   Memorandum of Contentions of Fact and Law.

3

4   / / /

5   / / /

6   / / /

7   / / /

8   / / /

9   / / /

10   / / /

11   / / /

12   / / /

13   / / /

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I2178769-1 SBD-0015

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**WESIERSKI & ZUREK LLP**
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## TABLE OF CONTENTS

Page

I. FACTUAL CONTENTIONS ..................................................................... 9

II. CLAIMS AND DEFENSES (L.R. 16-4.1) ................................................ 10

    A.   Plaintiff's Claims (L.R. 16-4.1 (a)). ..................................... 10

    B.   Elements Required to Establish Plaintiff's Claims  (L.R. 16-4.1 (b)) ................................................................................. 11

    C.   Summary of Key Facts and Evidence in Opposition to Plaintiff's Claims (L.R. 16-4.1 (c).) ..................................................... 16

    D.   Key Evidence in Opposition to All Plaintiff's Claims (L.R. 16-4.1(c).) ......................................................................................... 24

    E.   Defendants' Affirmative Defenses (L.R. 16-4.1 (d)) ........................... 38

    F.   Defendants' Elements to Establish Affirmative Defenses (L.R. 16-4.1 (e)) ........................................................................................ 38

    G.   Key Evidence and Facts Relied Upon In Support of Affirmative Defenses (L.R. 16-4.1 (f)) ......................................................... 39

    H.   Similar Statement for All Third Parties (L.R. 16-4.1 (g)) ................... 41

    I.   Identification of any anticipated evidentiary issues, together with the party's position on those issues (L.R. 16-4.1 (h)) . ....................... 41

    J.   Identification of any issues of law, which are germane to the case and party's position (L.R. 16-4.1 (i). ..................................... 42

III. BIFURCATION OF ISSUES (L.R. 16-4.3) ............................................ 43

    A.   Punitive Damages are Separately Tried as a Matter of Course in Section 1983 Cases Such as This. ........................................... 44

IV. JURY TRIAL (L.R. 16-4.4) ................................................................ 44

V. ATTORNEYS' FEES (L.R. 16-4.5) ...................................................... 44

VI. ABANDONMENT OF ISSUES (L.R. 16-4.6) ….…..………………………4

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

5
*Anderson v. \*232 Creighton,*
    483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) ....................................42

6

7
*Bates v. United Parcel Service,*
    204 F.R.D. 440 (N.D. Cal. 2001) ........................................................................43

8
*Byrd v. Guess,*
9    137 F.3d 1126 (9th Cir. 1998) ............................................................................12

10
*Calmar, Inc. v. Emson Research, Inc.,*
11    850 F.Supp. 861 (C.D. Cal. 1994) ......................................................................43

12
*City of St. Louis v. Praprotnik,*
13    485 U.S. 112 (1988) ............................................................................................21

14
*Crawford v. City of Bakersfield,*
    944 F.3d 1070 (9th Cir. 2019) ............................................................................42

15

16
*Dougherty v. City of Covina,*
    654 F.3d 892 (9th Cir. 2011) ..............................................................................21

17

18
*Forrett v. Richardson,*
    112 F.3d 416 (9th Cir. 1997) ..............................................................................17

19

20
*Foster v. City of Indio,*
    908 F.3d 1204 (9th Cir. 2018) ............................................................................20

21

22
*Gantt v. City of Los Angeles,*
    717 F.3d 702 (9th Cir. 2013) ..............................................................................12

23
*Gilbert v. State Farm Mut. Auto. Ins. Co.,*
24    311 F.R.D. 685 (M.D. Fla. 2015) .......................................................................43

25
*Graham v. Connor,*
    490 U.S. 386 (U.S. 1989) .............................................................................16, 17

26

27
*Hart v. City of Redwood City*
    99 F. 4th 543 (2024) .....................................................................................39, 43

28

4

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

*Hunter v. Bryant*,
    502 U.S. 224, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) *(per curiam)*.................42

*Medtronic Xomed, Inc. v. Gyrus ENT LLC*,
    440 F.Supp.2d 1333 (M.D. Fla. 2006) ....................................................43

*Mitchell v. Forsyth*,
    472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) ......................................42

*Monell. Trevino v. Gates*,
    99 F.3d 911 (9th Cir. 1996) .........................................................21

*Monell v. Dep't of Soc. Servs. Of City of New York*,
    436 U.S. 658 (1978) ...............................................................21

*Monroe v. Griffin*,
    2015 WL 5258115 (N.D. Cal. 2015) .................................................44

*Pearson v. Callahan*,
    555 U.S. 223 (2009) ...............................................................42

*Pembaur v. City of Cincinnati*,
    475 U.S. 469 (1986) ...............................................................21

*Porter v. Osborn*,
    546 F.3d 1131 (9th Cir. 2008) ..................................................19, 20

*Reynolds v. County of San Diego*
    84 F.3d 1162 (9th Cir. 1996) .......................................................17

*Russ v. Watts*,
    414 F.3d 783 (7th Cir. 2005) .......................................................12

*Saenz v. Reeves*,
    2013 WL 2481733 (E.D. Cal. 2013) .................................................44

*Shaw v. Stroud*,
    13 F.3d 791 (4th Cir. 1994) ........................................................12

*Tennessee v. Garner*,
    471 U. S. 1 (1985) ................................................................17

*Torres v. City of Los Angeles*,
    548 F.3d 1197 (9thCir. 2008) .......................................................42

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

*Valadivieso Ortiz v. Burgos*,
807 F.2d 6 (1st Cir. 1986) ................................................................... 12

*Venerable v. City of Sacramento*,
185 F.Supp.2d 1128 (E.D. Cal. 2002) .............................................. 12

*West v. Atkins*,
487 U.S. 4242 (1988) ......................................................................... 16

*Wilkinson v. Torres*,
610 F.3d 546 (9th Cir. 2010) ............................................................ 19

**State Cases**

*Bender v. County of LA*,
217 Cal.App.4th 968 (2013) .............................................................. 16

*Edson v. City of Anaheim*,
63 Cal.App.4th 1269 (2009) .............................................................. 22

*Hayes v. Cnty. of San Diego*,
57 Cal. 4th 622 (2003) ....................................................................... 22

*Martinez v. County of Los Angeles*
(1996) 47 Cal. App. 4th 334 ............................................................. 22

*People v. Curtis*
70 Cal.2d 347 (1969) ......................................................................... 23

**Federal Statutes**

42 U.S.C. § 1983 .......................................... 10, 11, 12, 13, 16, 19, 21, 44

Civil Rights Attorney's Fee Award Act of 1976, 42 USC § 1988 .......................... 44

Federal Civil Rights Act ........................................................... 38, 39

**State Statutes**

Bane Act (Cal. Civ. Code § 52.1) ......................................... 11, 15, 16, 24

Cal. Penal Code § 834(a) .................................................................. 23

Cal. Penal Code § 835a .................................................................... 22

Cal. Penal Code § 836.5(b) ............................................................... 23

I2178769-1 SBD-0015

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

Gov. Code § 815.2 ............................................................................................. 23

**Rules**

Fed. R. Civ. P., Rule 38 .................................................................................... 44

<u>L.R. 16-4.1</u> ...................................................................................................... 10

L.R. 16-4.1 (i) .................................................................................................. 42

L.R. 16-4.1 (a) ................................................................................................. 10

L.R. 16-4.1 (b) ................................................................................................. 11

L.R. 16-4.1 (c) ........................................................................................... 16, 24

L.R. 16-4.1 (d) ................................................................................................. 38

L.R. 16-4.1 (e) ........................................................................................... 38, 45

L.R. 16-4.1 (f) .................................................................................................. 39

L.R. 16-4.1 (g) ................................................................................................. 41

L.R. 16-4.1 (h) ................................................................................................. 41

<u>L.R. 16-4.3</u> ...................................................................................................... 43

<u>L.R. 16-4.4</u> ...................................................................................................... 44

<u>L.R. 16-4.5</u> ...................................................................................................... 44

<u>L.R. 16-4.6</u> ...................................................................................................... 45

Rule 26 ............................................................................................................. 36

Rule 42(b) ........................................................................................................ 43

**Constitutional Provisions**

Fourth Amendment ............................................................................ 10, 16, 17, 23

Fourteenth Amendment ................................................................... 10, 11, 12, 19

U.S. Const. Amendment XIV, § 1 .................................................................... 19

U.S. Constitution ............................................................................................. 16

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

7

1

United States Constitution .................................................................... 11, 13

2

**Other Authorities**

3

CACI 405 ............................................................................................... 38

4

5

CACI 407 ............................................................................................... 38

6

CACI 440 ............................................................................................... 14

7

CACI 441 ............................................................................................... 15

8

CACI 1305B ........................................................................................... 14

9

CACI 1621 ............................................................................................. 15

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

## I.     FACTUAL CONTENTIONS

This matter concerns an officer involved fatal shooting that took place on March 29, 2022. On the date of the incident, Anthony Nunez ("Mr. Nunez" or the "Decedent"), physically assaulted his brother Andrew Nunez while armed with a metal chain which prompted Andrew Nunez's wife, Noelia Benitez, to call 911 and seek help from Defendants. On that same 911 call requesting assistance, Ms. Benitez informed dispatch that Decedent: (1) was armed with a metal chain, (2) under the influence of narcotics later determined to be methamphetamine, and (3) behaving erratically. Ms. Benitez also reported the presence of firearms at the subject premises, but their location was unknown. Based on Ms. Benitez's 911 call, deputies from the San Bernardino County Sheriff's Department ("SBSD" or the "Department") Michael Martinez, Jonathan Campos, Jeremy Deberg, Sabrina Cervantes, and Sergeant Corey LaFever arrived on scene. Cervantes and Deberg armed themselves with less-lethal launchers and endeavored to provide support to Martinez and Campos who were trying to de-escalate with Decedent.

After continued efforts by Martinez and Campos, Decedent exited the home and began pacing back and forth on the driveway and exterior yard area of the home while behaving erratically and refusing to comply with commands to drop the chain. Decedent at times also swung the metal chain above and around himself in a whipping motion. Defendants continued to try and de-escalate with Decedent but were unsuccessful.

Suddenly, and with no prior warning, Decedent rapidly charged toward the Deputies while holding the metal chain. Decedent continued to refuse to comply with commands to drop the chain, so Cervantes used a less-lethal beanbag shotgun to attempt to compel compliance from Decedent. When her first shot failed to gain compliance and her shotgun jammed, Deberg then used a 40mm Blunt Impact Projectile less-lethal ammunition ("BIP") launching system, in an attempt to

9

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

apprehend Decedent . This was also unsuccessful. Campos then attempted to deploy a Taser to gain Decedent's compliance but he was also unsuccessful. Finally, faced with no options in light of Decedent rapidly closing distance while armed with a deadly weapon and having seen Decedent be unaffected by any of the prior less-lethal compliance options, Deputy Martinez fired three shots at Decedent as he was no more than fifteen to twenty feet away, a distance Deputy Martinez  believed placed him vulnerable to attack from Decedent. Decedent was declared dead at the scene.

Plaintiffs Rosa Nunez individually and as Successor in Interest to Decedent Anthony Nunez; Anthony Nunez Jr. individually and as Successor in Interest to Decedent Anthony Nunez; and Andrew Nunez (hereinafter collectively, "Plaintiffs") allege the Deputies Martinez, Cervantes, and Deberg used excessive force against the Decedent.  Defendants deny these allegations.

## II.   CLAIMS AND DEFENSES (L.R. 16-4.1)

Plaintiffs' Second Amended Complaint (Dkt. 45) is the operative pleading. Plaintiff asserts 9 claims against Defendants County of San Bernardino, City of Hesperia, Michael Martinez, Sabrina Cervantes, Jeremy Deberg and Jonathan Campos.  Defendants answered the SAC on October 6, 2023 (Dkt. 48).  Defendant Jonathan Campos was dismissed on April 16, 2024. (Dkt. 71.)

**A.   Plaintiff's Claims (L.R. 16-4.1 (a)).**

(1)   Fourth Amendment Excessive Force (42 U.S.C. §1983)

(2)   Fourteenth Amendment, Denial of Medical Care (42 U.S.C. §1983)

(3)   Fourteenth Amendment Interference with Familial Relations (42 U.S.C. §1983)

(4)   Municipal Liability, Unconstitutional, Custom or Policy (42 U.S.C. §1983)

(5)   Municipal Liability, Failure to Train (42 U.S.C. §1983)

(6)   Battery (Wrongful Death)

(7)   Negligence (Wrongful Death)

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

(8)     Negligent Infliction of Emotional Distress, Bystander

(9)     Violation of Bane Act (Cal. Civ. Code §52.1)

**B.     Elements Required to Establish Plaintiff's Claims  (L.R. 16-4.1 (b))**

(1)     Elements Required to Establish Plaintiff's Claim for Excessive force (42 U.S.C. § 1983) Against Deputies Martinez, Cervantes, and Deberg

(i)     That Defendants Martinez, Cervantes, and Deberg acted under color of state law;

(ii)     That Defendants' Martinez, Cervantes, and Deberg use of force against the Decedent was not objectively reasonable from the perspective of a reasonable officer; and

(iii)     The use of force against Decedent deprived the him of his particular rights under the laws of the United States Constitution.

(See, Ninth Circuit Manual of Model Jury Instructions: Civil § 9.3 and §9.25 (2017) updated 2024.)

(2)     Fourteenth Amendment, Denial of Medical Care (42 U.S.C. §1983) Against Deputies Martinez, Cervantes, and Deberg

(i)     Defendants Martinez, Cervantes, and Deberg made an intentional decision regarding the denial of needed medical care;

(ii)     The denial of needed medical care put the Decedent at substantial risk of suffering serious harm; and

(iii)     Defendants Martinez, Cervantes, and Deberg did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable officer under the circumstances would have understood the high degree of risk involved – making the consequences of the Defendants' conduct obvious; and

(iv)     By not taking such measures Defendants Martinez, Cervantes, and Deberg caused the Decedent's injuries.

(See, Ninth Circuit Manual of Model Jury Instructions: Civil § 9.30 (2017) updated 2024.)

1       <u>(3)</u>    <u>Fourteenth Amendment Interference with Familial Relations (42 U.S.C.</u>

2 <u>§1983)</u>

3       In order to establish a claim for interference with the familial relationship,

4 Plaintiffs must establish that Defendants Martinez, Cervantes, and Deberg each "acted

5 with deliberate indifference" aimed at interfering with parent-child relationship.

6 *Venerable v. City of Sacramento*, 185 F.Supp.2d 1128, 1131 (E.D. Cal. 2002); *Byrd*

7 *v. Guess*, 137 F.3d 1126, 1134 (9th Cir. 1998) ("to prove their Fourteenth Amendment

8 claim, [plaintiffs] had to prove that the Officers acted with deliberate indifference to

9 [their] rights of familial relationship.")

10       "Deliberate indifference is the conscious or reckless disregard of the

11 consequences of one's acts or omissions. It entails something more than negligence

12 but is satisfied by something less than acts or omission for the very purpose of causing

13 harm or with knowledge that harm will result." *Gantt v. City of Los Angeles*, 717 F.3d

14 702, 708 (9th Cir. 2013)

15       "The Supreme Court has recognized violations of the due process liberty

16 interest in the parent-child relationship only where the state took action specifically

17 aimed at interfering with that relationship." *Russ v. Watts*, 414 F.3d 783, 788 (7th Cir.

18 2005). Merely claiming an injury to the family member, as Plaintiffs have done here,

19 is not sufficient. *Valadivieso Ortiz v. Burgos*, 807 F.2d 6, 9 (1st Cir. 1986); McCurdy

20 v. Dodd, 352 F.3d 820, 830 (3rd Cir. 2003); *Shaw v. Stroud*, 13 F.3d 791, 804-805

21 (4th Cir. 1994).

22       (See, Ninth Circuit Manual of Model Jury Instructions: Civil § 9.32 (2017),

23 updated 2024.)

24       <u>(4)</u>    <u>Municipal Liability, Unconstitutional, Custom or Policy (42 U.S.C.</u>

25 <u>§1983) Against Deputies Martinez, Cervantes, and Deberg</u>

26       (i)    Defendants Martinez, Cervantes, and Deberg acted under color of state

27 law;

28       (ii)    The use of force against Decedent by Defendants Martinez, Cervantes,

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I2178769-1 SBD-0015

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1  and Deberg  deprived the Decedent of his particular rights under the United States

2  Constitution;

3      (iii)   Defendants Martinez, Cervantes, and Deberg acted pursuant to an

4  expressly adopted official policy or a widespread or longstanding practice or custom

5  of the defendant the County of San Bernardino and City of Hesperia; and

6      (iv).   The Defendants, the County of San Bernardino and City of Hesperia's

7  official policy or widespread or longstanding practice or custom caused the

8  deprivation of the Decedent's rights by Defendants Martinez, Cervantes, and Deberg;

9  that is, the County of San Bernardino's and City of Hesperia's official policy or

10  widespread or longstanding practice or custom is so closely related to the deprivation

11  of the Decedent's rights as to be the moving force that caused the ultimate injury.

12      (See, Ninth Circuit Manual of Model Jury Instructions: Civil § 9.5 (2017)

13  updated 2024.)

14      <u>(5)</u>   <u>Municipal Liability, Failure to Train (42 U.S.C. §1983)</u>

15      (i)   The acts of Defendants Martinez, Cervantes, and Deberg deprived the

16  Decedent of his particular rights under the United States Constitution;

17      (ii)   Defendants Martinez, Cervantes, and Deberg acted under color of state

18  law;

19      (iii)   The training policies of the County of San Bernardino and the City of

20  Hesperia were not adequate to prevent violations of law by their employees to handle

21  the usual and recurring situations with which they must deal;

22      (iv)   The County of San Bernardino and the City of Hesperia were

23  deliberately indifferent to known or obvious consequences of its failure to train its

24  Deputies adequately; and

25      (v)   The failure of the County of San Bernardino and the City of Hesperia to

26  provide adequate training caused the deprivation of the Decedent's rights by

27  Defendants Martinez, Cervantes, and Deberg; that is, the County of San Bernardino

28  and the City of Hesperia's failure to train played a substantial part in bringing about

13

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  or actually causing the injury or damage to the Decedent.

2  (See, Ninth Circuit Manual of Model Jury Instructions: Civil §9.8, (2027)

3  updated 2024.)

4  (6)   Battery (Wrongful Death)

5  (i)   That Defendants Martinez, Cervantes, and Deberg intentionally touched

6  the Decedent or caused the Decedent to be touched;

7  (ii)   That Defendants Martinez, Cervantes, and Deberg used deadly force on

8  the Decedent;

9  (iii)   That Defendants Martinez, Cervantes, and Deberg's use of deadly force

10  was not necessary to defend human life;

11  (iv)   That the Decedent was killed;

12  (v)   That Defendants Martinez, Cervantes, and Deberg's use of deadly force

13  was a substantial force in causing the Decedent's death.

14  (See, CACI 1305B. Battery by Peace Officer (Deadly Force) – Essential

15  Factual Elements)

16  (7)   Negligence Against Defendants Cervantes & Deberg

17  (i)   That Defendants Cervantes and Deberg used force to arrest, detain,

18  prevent escape or overcome resistance by the Decedent;

19  (ii)   That the amount of force used by Defendants Cervantes and/or Deberg

20  was unreasonable;

21  (iii)   That the Decedent was harmed; and

22  (iv)   That Defendants' Cervants and/or Deberg's use of unreasonable force

23  was a substantial factor in causing the Decedent's harm.

24  (See, CACI 440. Negligent Use of Deadly Force by Pease Officer – Essential

25  Factual Elements).

26  Negligence Against Defendant Martinez

27  (i)   That Defendant Martinez was a peace officers;

28  (ii)   That Defendant Martinez used deadly force on the Decedent;

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

14

1    (iii)   That Defendant Martinez's use of deadly force was not necessary to
2 defend human life;

3    (iv)   That the Decedent was killed;

4    (v)   That Defendant Martinez's use of deadly force was a substantial factor
5 in causing the Decedent's death;

6    (See, CACI 441. Negligent Use of Deadly Force by Pease Officer – Essential
7 Factual Elements).

8    (8)   Negligent Infliction of Emotional Distress, Bystander

9    (i)   That Defendants Martinez, Cervantes, and Deberg were peace officers;

10   (ii)   That Defendants Martinez, Cervantes, and Deberg's used deadly force
11 on the Decedent;

12   (iii)   That Defendants Martinez, Cervantes, and Deberg's use of deadly force
13 was not necessary to defend human life;

14   (iv)   That the Decedent was killed;

15   (v)   That Defendants Martinez, Cervantes, and Deberg's use of deadly force
16 was a substantial factor in causing the Decedent's death;

17   (vi)   That when the use of force that caused injury or death to the Decedent
18 occurred, Andrew Nunez was virtually present at the scene;

19   (v)   That Andrew Nunez was then aware that the use of force was causing
20 injury or death to the Decedent;

21   (vi)   That Andrew Nunez suffered serious emotional distress;

22   (vii)   That Defendants Martinez, Cervantes, and Deberg's conduct was a
23 substantial factor in causing Andrew Nunez's serious emotional distress.

24   (See, CACI 441. Negligent Use of Deadly Force by Pease Officer – Essential
25 Factual Elements and CACI 1621. Negligence – Recovery of Damages for Emotional
26 Distress – No Physical Injury – Bystander – Essential Elements).

27   (9)   Violation of Bane Act (Cal. Civ. Code §52.1)

28   (i) Defendants Martinez, Cervantes, and Deberg acted violently or coercively

15

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  against Decedent to prevent him from exercising some constitutional right or

2  retaliated against him for having exercised some constitutional right;

3      (ii)    That Defendants Martinez, Cervantes, and Deberg intended to deprive

4  the Decedent of his enjoyment of the interest protected by the U.S. Constitution;

5      (iii) that the Decedent was harmed; and

6      (iv) That Martinez, Cervantes, and Deberg's conduct was a substantial factor in

7  causing the harm.

8      (See, CACI 3066. Bane Act – Essential Factual Elements (Civ. Code §52.1)

9  *Bender v. County of LA*, 217 Cal.App.4th 968 (2013).)

10  **C.      Summary of Key Facts and Evidence in Opposition to Plaintiff's**

11  **Claims (L.R. 16-4.1 (c).)**

12  **Claim 1:  Fourth Amendment Excessive Force (42 U.S.C. §1983)**

13      To succeed on a Section 1983 claim, a plaintiff must prove that her

14  constitutional rights were violated, and that the violation was caused by a person

15  acting under color of law. (*West v. Atkins*, 487 U.S. 4242 (1988).) In this case,

16  Plaintiffs assert that the officers used excessive force during the encounter with the

17  Decedent and deprived him of his right to be free of unreasonable searches and

18  seizures under the Fourth Amendment. This claim fails because the Plaintiffs cannot

19  establish a violation of a constitutional right held by the Decedent.

20      In *Graham v. Connor*, the United States Supreme Court held that "[o]ur Fourth

21  Amendment jurisprudence has long recognized that the right to make an arrest or

22  investigatory stop necessarily carries with it the right to use some degree of physical

23  coercion or threat thereof to effect it." (*Graham v. Connor*, 490 U.S. 386, 396 (U.S.

24  1989).) "[A]ll claims that law enforcement have used excessive force—deadly or

25  not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen

26  should be analyzed under the Fourth Amendment and its 'reasonableness' standard..."

27  (*Id*. at 395.)

28      "Because the test of reasonableness under the Fourth Amendment is not

16

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1    capable of precise definition or mechanical application, however, its proper

2    application requires careful attention to the facts and circumstances of each particular

3    case, including the severity of the crime at issue, whether the suspect poses an

4    immediate threat to the safety of the officers or others, and whether he is actively

5    resisting arrest or attempting to evade arrest by flight." (*Id.* at 396 (citation omitted);

6    emphasis added.)

7         "The 'reasonableness' of a particular use of force must be judged from the

8    perspective of a reasonable officer on the scene, rather than with the 20/20 vision of

9    hindsight." (*Id.* at 396.) "The calculus of reasonableness must embody allowance for

10   the fact that police officers are often forced to make split-second judgments—in

11   circumstances that are tense, uncertain, and rapidly evolving—about the amount of

12   force that is necessary in a particular situation." (*Id.* at 396-97.)

13        Under the fleeing felon doctrine set forth in *Tennessee v. Garner*, 471 U. S. 1,

14   (1985), the Supreme Court explained that if a law enforcement officer has probable

15   cause to believe that a suspect poses a threat of serious physical harm, either to the

16   officer or to others, it is not constitutionally unreasonable to prevent escape by using

17   deadly force. Thus, if the suspect threatens the officer with a weapon or there is

18   probable cause to believe that he has committed a crime involving the infliction or

19   threatened infliction of serious physical harm, deadly force may be used if necessary

20   to prevent escape, and if, where feasible, some warning has been given." (*Garner,*

21   *supra,* 471 U.S. at 11-12; see also *Forrett v. Richardson*, 112 F.3d 416, 418-421 (9th

22   Cir. 1997) (affirming directed verdict for officers under Garner's "fleeing felon" rule

23   where armed burglar had fled through residential area after shooting victims, evaded

24   pursuit for one hour, and failed to comply with commands before officers fired to stop

25   him).)

26        In *Reynolds v. County of San Diego* 84 F.3d 1162 (9th Cir. 1996), a deputy was

27   advised that Reynolds was at a gas station armed with a knife and acting strangely.

28   The deputy saw Reynolds with a knife and ordered him to get on the ground and put

17

1   his hands in the air. Reynolds got down on the ground and put the knife down next to
2   his body. The deputy moved towards Reynolds while repeatedly telling him not to
3   move. Reynolds suddenly sat up and grabbed the knife. The deputy moved behind
4   Reynolds, put his knee in his back and ordered him to drop the knife. Reynolds twisted
5   and swung the knife towards the deputy, and the deputy fired his weapon, killing
6   Reynolds. The court found the deputy's use of force was objectively reasonable.

7   Based on the totality of the circumstances, all deputies acted in an objectively
8   reasonable manner. After Defendants Deberg, Campos and Cervantes used less lethal
9   force to prevent escape and overcome resistance and those efforts were unsuccessful,
10  Deputy Martinez acted objectively reasonable in using deadly force against the
11  Decedent. Deputies responded to the scene because Ms. Benitez made a 911 call and
12  informed dispatch that the Decedent: (1) had physically assaulted Andrew Nunez, (2)
13  was under the influence of narcotics, and (3) there were firearms in the home whose
14  location was unknown until after the lethal force encounter. Once the deputies arrived
15  on scene, they then made repeated attempts to de-escalate with the Decedent who
16  continued to refuse lawful commands to drop the chain he was wielding and continued
17  to threaten the deputies and remain aggressive despite their efforts to de-escalate. The
18  officers tried to use less-lethal force in an attempt to apprehend the Decedent
19  unharmed, but the Decedent would not comply and continued to advance toward the
20  officers while armed with the chain.

21  At the time of the shooting, the Decedent was armed with the metal chain and
22  was no further than twenty feet from Deputy Martinez. Deputy Martinez was unable
23  to safely take cover or seek concealment because of the length of the chain and the
24  Decedent's prior use of the chain to strike the vehicles near the shooting area. Deputy
25  Martinez believed that the Decedent was going to try and strike him at the time of the
26  lethal force encounter or that he would use the chain to inflict great bodily injuries to
27  himself or the other officers on scene. The deadly force response by Deputy Martinez
28  was appropriate and reasonable to prevent a perceived imminent and credible threat

18

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  of serious bodily injury or death. Based on these circumstances, it is clear that the
2  officers acted in an objectively reasonable manner when using force against the
3  Decedent.

4        **Claims 2 and 3: Fourteenth Amendment, Denial of Medical Care**
5        **and Interference with Familial Relations (42 U.S.C. §1983)**

6        Plaintiffs make claims for Denial of Medical Care and Interference with
7  Familial Relations pursuant to the Fourteenth Amendment. The Amendment states in
8  relevant part that "[n]o State shall ... deprive any person of life, liberty, or property,
9  without due process of law." U.S. Const. amend. XIV, § 1. A claimant asserting that
10 police officers violated this Fourteenth Amendment right during a police shooting
11 must show that the officers' conduct "shocks the conscience." *Porter v. Osborn*, 546
12 F.3d 1131, 1137 (9th Cir. 2008). There are two tests used to decide whether officers'
13 conduct "shocks the conscience"; which test applies turns on whether the officers had
14 time to deliberate their conduct.

15       The deliberate-indifference test applies if the situation at issue "evolve[d] in a
16 time frame that permits the officer to deliberate before acting." *Porter*, 546 F.3d at
17 1137. Deliberation is not possible if the officers "encounter[ed] fast paced
18 circumstances presenting competing public safety obligations." Id. at 1139.
19 Deliberation in this context "should not be interpreted in the narrow, technical sense."
20 *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010). Here, the deputies did not
21 have sufficient time to deliberate before acting. The deputies had already been
22 attempting unsuccessfully to de-escalate with Decedent prior to the less-lethal and
23 lethal force encounters, and then Decedent suddenly rushed the deputies with no
24 warning after the less-lethal force failed to stop him.

25       On the other hand, in scenarios such as the one faced by the Deputies on March
26 29, 2022, the purpose-to-harm test applies if the situation at issue "escalate[d] so
27 quickly that the officer [had to] make a snap judgment." *Porter,* 46 F.3d at 1137. This
28 test requires "a more demanding showing that [the officers] acted with a purpose to

19

harm [the decedent] for reasons unrelated to legitimate law enforcement objectives." *Id*. Legitimate objectives can include "arrest, self-protection, and protection of the public." *Foster v. City of Indio*, 908 F.3d 1204, 1211 (9th Cir. 2018). Illegitimate objectives include "when the officer `had any ulterior motives for using force against' the suspect, such as `to bully a suspect or "get even,"' or when an officer uses force against a clearly harmless or subdued suspect." *Id.* (citations omitted) (quoting *Gonzalez v. City of Anaheim*, 747 F.3d 789, 798 (9th Cir. 2014); *Wilkinson*, 610 F.3d at 554).

Here, the deputies had the legitimate objective of attempting to arrest the Decedent in connection with the battery reported by Ms. Benitez and Andrew Nunez. The deputies attempted to accomplish their legitimate objective by making repeated attempts to de-escalate with Decedent who continued to refuse lawful commands to drop the chain he was wielding and continued to threaten the deputies and remain aggressive despite their efforts to de-escalate. The officers then tried to use less-lethal weapons in an attempt to apprehend the Decedent unharmed, but he would not comply and continued to advance toward the officers while still armed with the metal chain. Finally, Deputy Martinez was left with no choice but to make a snap judgment and use lethal force in light of less-lethal force not being successful and Decedent posing a threat to Deputy Martinez and the other officers when he charged at Deputy Martinez while armed. Thereafter, the deputies immediately began rendering aid and once there was no imminent danger to medical personnel, San Bernardino Fire medical personnel already staged near the incident scene responded and continued to render additional aid. Accordingly, the actions of Defendants do not rise to the level necessary to "shock the conscience" and support a finding of Denial of Medical Care or Interference with Familial Relations.

### Claims 4 and 5: Municipal Liability, Unconstitutional, Custom or Policy (42 U.S.C. §1983) Municipal Liability, Failure to Train (42 U.S.C. §1983)

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1    Local governments may be directly liable for unconstitutional policies or
2    widespread practices if they are the moving force behind a constitutional violation.
3    *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 690 (1978). To
4    impose municipal liability under Section 1983 based on a policy or custom, Plaintiff
5    must show that: (1) he possessed a constitutional right of which he was deprived; (2)
6    the municipality had a policy; (3) the policy amounted to deliberate indifference to
7    his constitutional rights; and (4) the policy was the moving force behind the
8    constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir.
9    2011) (citing *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th
10   Cir. 1997) ). Municipal liability under § 1983 may be based on (1) an express
11   municipal policy, such as an ordinance, regulation, or policy statement; (2) a
12   "widespread practice that, although not authorized by written law or express
13   municipal policy, is 'so permanent and well settled as to constitute a custom or usage'
14   with the force of law"; or (3) the decision of a person with "final policymaking
15   authority." See *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 127 (1988) (quoting
16   *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 167–68 (1970); see also *Pembaur v. City*
17   *of Cincinnati*, 475 U.S. 469, 481–83 (1986).

18   A single instance of mistreatment does not plausibly allege a practice of any
19   duration, frequency, or consistency as required under *Monell. Trevino v. Gates*, 99
20   F.3d 911, 918 (9th Cir. 1996)("Liability for improper custom may not be predicated
21   on isolated or sporadic incidents; it must be founded upon practices of sufficient
22   duration, frequency and consistency that the conduct had become a traditional method
23   of carrying out policy.").

24   It is alleged that the County and its policy makers have a custom and practice
25   of approving unconstitutional use of excessive force, including the use of unlawful
26   deadly force. Plaintiffs cannot meet their burden of pointing to any such policy or
27   pervasive practices. Plaintiffs have not produced a single piece of evidence of any
28   such custom or practice. The County nor the City have such policies. The facts are

21

1  that the County and the City are in compliance with California regulations applicable

2  to law enforcement agencies. The San Bernardino Sheriff's Department is a POST

3  certified law enforcement agency. The Department's training records are audited by

4  POST to ensure minimum training standards are met. The training programs of the

5  San Bernardino County Sheriff's Department are appropriate and consistent with

6  POST training. Accordingly, Plaintiffs will be unable to establish their claim of

7  unconstitutional custom or policy because no such policies or customs exist.

8      **Claims 6 and 7: Battery (Wrongful Death) Negligence (Wrongful**

9      **Death)**

10     Plaintiffs' state law claims for battery and negligence fail as a matter of law

11  because the deadly force used by the Deputy Defendants was reasonable under the

12  circumstances. For the same reasons that no constitutional violations were committed,

13  no state torts were committed, so the negligence and battery claims fail as a matter of

14  law. (See *Martinez v. County of Los Angeles* (1996) 47 Cal. App. 4th 334, 349-50.)

15     To the extent Plaintiffs base the negligence claim on pre-shooting tactics,

16  liability can only arise if the tactical conduct and decisions leading up to the use of

17  deadly force show, as part of the totality of the circumstances, that the use of deadly

18  force was unreasonable. (*Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 626 (2003).)

19     Additionally, California law holds that a peace officer who has reasonable

20  cause to believe that the person to be arrested has committed a public offense may use

21  reasonable force to effect the arrest, to prevent escape, or to overcome resistance. (See

22  Cal. Penal Code § 835a; *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272-1273

23  (2009)) Furthermore, in California, a person who should know that they are being

24  seized by a police officer is duty bound to refrain from resisting such seizure, even if

25  the seizure itself is unlawful. (See Cal. Penal Code § 834(a); Cal. Penal Code §

26  836.5(b); *People v. Curtis* 70 Cal.2d 347, 357 (1969).)

27     On the day of the shooting the Decedent refused to comply with officers and

28  ignored repeated requests to drop the chain. Furthermore, Decedent knew he was

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

being seized by police officers. The officers on scene spent over an hour trying to de-escalate with the Decedent before he charged the officers and forced them to respond with less lethal and lethal force. Because the Deputy Defendants' conduct was objectively reasonable, they cannot be liable on the state claims for negligence and battery. Accordingly, there also can be no basis for respondeat superior liability against the County (Gov. Code § 815.2.) for these claims.

### Claim 8: Negligent Infliction of Emotional Distress, Bystander

Andrew Nunez's claim for NIED should be barred because there was no negligence on the part of the officers during the encounter with the Decedent. Negligence in the context of officers conduct during lethal force incidents is evaluated under the same *Graham* factors used to analyze reasonableness of police activity under the Fourth Amendment. That analysis as set forth above has already established the officers conduct did not exceed the boundaries of "reasonable" conduct as outlined in *Graham* meaning their conduct was not negligent. Because Plaintiffs cannot establish any negligence on the part of any officer involved in this action, the claim is defective.

Even if Plaintiffs were able to establish negligence on the part of the officers (they cannot), Plaintiffs have already essentially admitted that Andrew Nunez was unable to hear the actual lethal shots fired at Decedent with the requisite specificity necessary to support a claim for NIED. Andrew Nunez testified at his deposition that at the time of the lethal force incident, he was not present at the scene but was "three houses up" meaning that Andrew Nunez was not near the incident scene at the time of the lethal force incident. Additionally, the properties on 9th Avenue are all located on large lots estimated to be acres in size by Ms. Benitez during her deposition, meaning that Andrew Nunez would have been well outside the incident area at the time of the lethal force incident.

Finally, due to the rapidly escalating nature of the encounter between the Decedent and Defendants, Andrew Nunez would not have been able to determine

23

1  whether the gunshots he allegedly heard were from Deputy Martinez discharging his
2  service weapon or from Deputies Deberg and Cervantes deploying less-lethal force
3  against Decedent immediately prior to the lethal force encounter. This ambiguity
4  means Andrew Nunez cannot identify the shots with sufficient particularity necessary
5  to support his claim for NIED. Plaintiffs' own expert, Scott DeFoe, confirms in his
6  expert report that the shots from Deputy Martinez service weapon and the shots from
7  the less-lethal weapons occurred immediately in succession and happened over a span
8  of approximately 2-3 seconds.

9               **Claim 9: Violation of Bane Act (Cal. Civ. Code §52.1)**

10              There is no Constitutional right to not cooperate with law enforcement's lawful
11 arrest. The officers on scene had probable cause to arrest Decedent in light of his prior
12 physical assault of Andrew Nunez and the 911 call placed by Ms. Benitez. On the day
13 of the shooting, the officers tried to use less-lethal weapons in an attempt to apprehend
14 Decedent unharmed, but he would not comply. The Decedent also refused to drop the
15 metal chain he was wielding and he was at most twenty (20) feet away from Deputy
16 Martinez at the time he was shot. Deputy Martinez only used deadly force when the
17 Decedent refused to cooperate and posed a further threat to himself, the public, and
18 the officers on scene. As such, the Deputy Defendants did not violate the Decedent's
19 Constitutional rights by using lethal or less-lethal force.

20   **D.    Key Evidence in Opposition to All Plaintiff's Claims (L.R. 16-4.1(c).)**
21   **Witnesses:**

22   *Parties:*

23   Plaintiff, Rosa Nunez

24   Plaintiff, Andrew Nunez

25   Plaintiff, Anthony Nunez, Jr.

26   Defendant, Michael Martinez

27   Defendant, Jeremy Deberg

28   Defendant, Sabrina Cervantes

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

24

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1    *Experts:*

2    Ed Flosi, Police Practices Expert

3    Erica J. Ochoa, Chief Compliance Officer/Privacy Officer, Dept. Behavioral

4    Health

5    Scott Luzi, M.D. Forensic Pathologist

6    *Percipient Witnesses:*

7    Noelia Benitez

8    Brenda Lopez

9    Jonathan Campos

10   Corey LaFever

11   Greg Breiner

12   Landon Markegard

13   Jorge Arreola

14   Carlos Ruben

15   Joseph Tambe

16   Mario Marroquin

17   Brandon Montate

18   Justin Carty

19   Dave Van Norman

20   Kristopher W. Graf

21   Jonathan Ramstad

22   Malcolm Page

23   **Evidence:**

24   3/30/2022 Crime Report/DOJ Reporting Form NUNEZ/SBD-000006-000019

25   Death in Custody Reporting Form  NUNEZ/SBD-000022-000022

26   4/1/2022 Station Reports: Officer Corral NUNEZ/SBD-000024

27   4/1/2022 Station Reports: Officer Stanley NUNEZ/SBD-000025

28   4/1/2022 Station Reports: Officer McCarthy NUNEZ/SBD-000026

1    4/14/2022 Station Reports: Officer Avila NUNEZ/SBD-000027-28

2    4/15/2022 Station Reports: Officer Haas NUNEZ/SBD-000029-30

3    4/18/2022 Station Reports: Officer Mondragon NUNEZ/SBD-000024

4    4/20/2022 Station Reports: Officer Adams NUNEZ/SBD-000032-33

5    3/29/2022 Call History NUNEZ/SBD-000035-43

6    3/30/2022 Notifications – Det. Ramstad NUNEZ/SBD-000045

7    3/30/2022 Notifications – Det. Carty NUNEZ/SBD-000047

8    3/30/2022 Notifications – Det. Sprague NUNEZ/SBD-000049

9    3/30/2022 Notifications – Det. Cavender NUNEZ/SBD-000051

10    3/30/2022 Notifications – Det. Page NUNEZ/SBD-000053

11    7/11/2022 Notifications – Deputy. Sims NUNEZ/SBD-000055

12    4/5/2022/2022 Notifications – Det. Thurman NUNEZ/SBD-000057

13    4/27/2022 -Briefing NUNEZ/SBD-000059-60

14    3/29/2022 - Scene Walkthrough NUNEZ/SBD-000064

15    3/29/2022 Crime Scene Log NUNEZ/SBD-000062

16    4/5/2022 Crime Scene Report NUNEZ/SBD-000066-88

17    3/30/2022 Placard Measurement Log NUNEZ/SBD-000089

18    Evidence Log

19    4/5/2022 Lab Reports Re: Glock Pistol  NUNEZ/SBD-000091-92

20    4/5/2022 Lab Reports: Re: Photography of Scene NUNEZ/SBD-000093-98

21    4/5/2022 Lab Reports : Re: Crime Scene Evidence Processing NUNEZ/SBD-

22  000099-101

23    3/30/2022 Suspect Information: Anthony Nunez NUNEZ/SBD-000103-107

24    4/4/2022 Coroner Response NUNEZ/SBD-000109-110

25    4/27/2022 Autopsy Report NUNEZ/SBD-000112-115

26    4/29/2022 Coroner Investigation NUNEZ/SBD-000117-123

27    4/5/2022 Autopsy Protocol – NUNEZ/SBD-000125-132

28    4/25/2022 Toxicology Report NUNEZ/SBD-000133-135

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I2178769-1 SBD-0015

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

American Medical Response Interviews

5/18/2022 Report re: Witness Interview – Joseph Tambe – Firefighter NUNEZ/SBD-000137-138

5/18/2022 Report re: Witness Interview – Landon Markegard – Firefighter NUNEZ/SBD-000140-141

5/18/2022 Report re: Witness Interview  - Carlos Ruben - Paramedic NUNEZ/SBD-000143-145

5/18/2022 Report re: Witness Interview  - Jorge Arreola - Paramedic NUNEZ/SBD-000147-148

5/18/2022 Report re: Witness Interview  - Joshua Pullen – fire Battalion Chief NUNEZ/SBD-000150-151

5/18/2022 Report re: Witness Interview  - Mario Marroquin - EMT NUNEZ/SBD-000153-154

3/29/2022 – Witness Interview Report: Manuel Lopez Jr. NUNEZ/SBD-000156-159

3/29/2022 Neighborhood Check Report – NUNEZ/SBD-000161-164

8/31/2022 CHP Aviation Report: NUNEZ/SBD-000166-167

3/29/2022 Video by CHP

3/29/2022 Witness Interview Report: Andrew Nunez NUNEZ/SBD-000169

3/29/2022 Witness Interview Report: Andrew Nunez NUNEZ/SBD-000170-172

3/29/2022 Witness Interview Report: Andrew Nunez NUNEZ/SBD-000174-178

Drawing of House Layout BY Andrew Nunez NUNEZ/SBD-000179

3/29/2022 Recording of Interview with Andrew Nunez

3/29/2022 Witness Interview Report: Noelia Benitez NUNEZ/SBD-000181-189

3/29/2022 Recording of Interview of Noelia Benitez

I2178769-1 SBD-0015

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1    3/29/2022 Witness Interview Report: Brenda Lopez NUNEZ/SBD-000191-
2    193

3    3/29/2022 Recording of Interview of Brenda Lopez

4    3/31/2022 Equipment/Uniform Inventory for Deputy Martinez NUNEZ/SBD-
5    000195-200

6    4/20/2022 Property Release NUNEZ/SBD-000202

7    3/29/2022 Verbatim Belt Recording Transcript – Michael Martinez
8    NUNEZ/SBD-000204-384

9    4/20/2022 Witness Interview Transcript: Michael Martinez NUNEZ/SBD-
10   000386-481

11   4/20/2022 Photograph from Witness Interview Transcript: Michael Martinez
12   NUNEZ/SBD-000482

13   4/20/2022 Audio Recording of Michael Martinez

14   3/30/2022 Equipment/Uniform Inventory of Deputy Sabrina Cervantes –
15   NUNEZ/SBD-000487-490

16   4/19/2022 Witness Interview Transcript: Sabrina Cervantes NUNEZ/SBD-
17   000491-608

18   4/19/2022 Photographs from Witness Interview Transcript: Sabrina Cervantes
19   NUNEZ/SBD-000609-610

20   4/19/2022 Audio Recording of Sabrina Cervantes

21   3/30/2022 Equipment/Uniform Inventory of Deputy Jonathan Campos–
22   NUNEZ/SBD-000612-615

23   4/19/2022 Witness Interview Transcript: Jonathan Campos NUNEZ/SBD-
24   000617-706

25   3/29/2022 Taser Evidence Sync. NUNEZ/SBD-000708-709

26   4/19/2022 Photograph from Witness Interview Transcript: Jonathan Campos
27   NUNEZ/SBD-000710

28   4/19/2022 Audio Recording of Interview of Jonathan Campos

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

28

3/30/2022 Equipment/Uniform Inventory – Deputy Jeremy Deberg NUNEZ/SBD-000712-715

4/28/2022 Witness Interview Transcript Jeremy Deberg NUNEZ/SBD-000717-796

4/28/2022 Photographs from Witness Interview Transcript Jeremy Deberg NUNEZ/SBD-00797-798

4/28/2022 Audio Recording of Jeremy Deberg

3/30/2022 Equipment/Uniform Inventory – Corporal Col Raynolds NUNEZ/SBD-000800-802

4/19/2022 Witness Interview Report re: Corporal Col Raynolds NUNEZ/SBD-00803-803

4/19/2022 Audio Recording of Corporal Col Raynolds

5/20/2022 Witness Interview Report of Deputy Derek Zane NUNEZ/SBD-000808-812

5/20/2022 Photograph from Witness Interview Report of Deputy Derek Zane NUNEZ/SBD-000813

5/20/2022 Audio Recording of Derek Zane Interview

4/20/2022 Witness Interview Report of Det. Jason Schroeder Interview; NUNEZ/SBD-000815-818

4/20/2022 Audio Recording of Jason Schroeder Interview

4/20/2022 Witness Interview Report of Sgt. Corey LaFever NUNEZ/SBD-000820-827

4/20/2022 Photographs from Witness Interview of Corey LaFever NUNEZ/SBD-000828-830

4/20/2022 Audio Recording of Corey LaFever Interview

3/29/2022 Press Release Incident NUNEZ/SBD-000832

3/30/2022 Evidence/Property Report – NUNEZ/SBD-00834-836

4/4/2022 Evidence/Property Report – NUNEZ/SBD-00837

29

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1    4/7/2022 Evidence/Property Report NUNEZ/SBD-000838-840

2    Laboratory Reports SBCSD Scientific Investigations Division NUNEZ/SBD-

3    000841

4    6/7/2023 Evidence/Property Report NUNEZ/SBD-000842

5    Search Warrant and Affidavit NUNEZ/SBD-000843-865

6    Photographs of Incident Scene NUNEZ/SBD-000866-903

7    Photographs of Andrew Nunez NUNEZ/SBD-000904-909

8    Photographs of Gun Recovered from Incident Scene NUNEZ/SBD-000910-

9    913

10   Photographs of Vehicle at Incident Scene NUNEZ/SBD-000914-919

11   Photographs of Deputies NUNEZ/SBD-00920-940

12   Photographs of Deputy Cervantes NUNEZ/SBD-000941-962

13   Photographs of Less Lethal – NUNEZ/SBD-000963-975

14   Photographs of Deputy NUNEZ/SBD-000976-995

15   Photographs of Less Lethal NUNEZ/SBD-000996-1008

16   Photographs of Deputy Campos NUNEZ/SBD-001009-1030

17   Photographs of Taser NUNEZ/SBD-001031-1037

18   Photographs of Deputy Martinez  NUNEZ/SBD-001036-1058

19   Photographs of Service Weapon NUNEZ/SBD-001059-1080

20   Photographs of Incident Location – Exterior and Garage  NUNEZ/SBD-

21   001081-1218, 1355-1495, 1502-1568, 1629-1631, 1634-1636, 1643-1646, 1657-

22   1658

23   Photographs of Incident Location – Interior NUNEZ/SBD-001219-1354

24   Photographs of the Chain NUNEZ/SBD-001497-1501, 1647-1656

25   Photographs of the Decedent  NUNEZ/SBD-001569-1622, 1632-1633, 1637-

26   1642

27   Photographs of the Decedent's Belongings NUNEZ/SBD-001523-1628

28   3/29/2022 - 9-1-1 Call Audio Recording NUNEZ/SBD-001659

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

30

I2178769-1 SBD-0015

1   3/29/2022 – Radio Traffic Audio – NUNEZ/SBD-001660

2   3/29/2022 – Audio Family contact at Scene – NUNEZ/SBD-001661

3   3/29/2022 – Initial Family Contact – NUNEZ/SBD-00162

4   3/29/2022 – Family Contact – Audio NUNEZ/SBD-001663

5   3/29/2022 – Witness Interview – Audio – Fernando Guzman NUNEZ/SBD-
6   001664

7   3/29/2024 – Witness Interview – audio – Alejandra Guzman NUNEZ/SBD-
8   001665

9   3/29/2022 – Witness Interview – Julio Romero – NUNEZ/SBD-01666

10   3/29/2022 – Witness Interview – Christine Silva – NUNEZ/SBD-001667

11   3/29/2022 – Witness Interview – Mary Zamudio – NUNEZ/SBD-001668

12   3/29/2022 – Witness Interview – Audio – Noelia Benetiz – NUNEZ/SBD-
13   001669-1670

14   3/29/2022 – Captain Breiner Interview – Audio – NUNEZ/SBD-001671

15   3/29/2022 – Deputy Campos Audio Interview – NUNEZ/SBD-001672-1673

16   3/29/2022 – Witness Interview – Audio – Ruben Carlos NUNEZ/SBD-001674

17   3/29/2022 – Witness Interview – Audio – Sabrina Cervantes – NUNEZ/SBD-
18   001676

19   3/29/2022 – Witness Interview – Jeremy Deberg Audio – NUNEZ/SBD-
20   001678

21   3/29/2022 – Witness Interview – Sgt. Corey LeFever – Audio – NUNEZ/SBD-
22   001679-1680

23   3/29/2022 – Witness Interview – Brenda Lopez NUNEZ/SBD-001681

24   3/29/2022 – Witness interview – Audio – Marriquin – NUNEZ/SBD-001682

25   3/29/2022 – Witness Interview – Michael Martinez – Audio – NUNEZ/SBD-
26   001683

27   3/29/2024 Witness Interview – Audio – Andrew Nunez NUNEZ/SBD-001684-
28   1685

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

31

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1    3/29/2022 – witness Interview – Audio – Battalion Chief Pullen NUNEZ/SBD-
2    001686

3    3/29/2022 Witness Interview – Audio – Cole Raynolds NUNEZ/SBD-001687

4    3/29/2024 – Witness Interview – Audio – Jason Schroeder NUNEZ/SBD-
5    001688-1689

6    3/29/2024 – Witness Interview – Audio Derek Zan – NUNEZ/SBD-001693

7    3/29/2022 – Audio from Deputy Device – NUNEZ/SBD-001693-1694

8    3/29/2022 – Audio from Deputy Device – NUNEZ/SBD-001695

9    3/29/2022 – Audio from Deputy Device NUNEZ/SBD-001696

10    3/29/2022 – Audio from Deputy Device – NUNEZ/SBD-001698

11    3/29/2022 – Audio from Deputy Device – NUNEZ/SBD-001699

12    3/29/2022 – Audio from Deputy Device – NUNEZ/SBD-01700

13    3/29/2022 – Audio from Deputy Device – NUNEZ/SBD-001701

14    3/29/2022 – Audio from Deputy Device – Transport to Hesperia NUNEZ/SBD-
15    001702

16    3/29/2022 – Audio from Deputy Device – Transport from Hesperia
17    NUNEZ/SBD-001703

18    3/29/2022 – Aerial Footage from CHP NUNEZ/SBD-001704

19    Autopsy Photos – NUNEZ/SBD-001705-1852

20    Faro.Zip Folder – NUNEZ/SBD-002037

21    Policy Manual – NUNEZ/SBD-002038-2091

22    Responses to Request for Admission, Set One from Andrew Nunez signed
23    12/5/23

24    Responses to Request for Admission, Set One Anthony Nunez, Jr. signed
25    12/5/23

26    Responses to Request for Admission, Set One Rosa Nunez signed 12/5/23

27    Responses to Interrogatories, Set One Anthony Nunez, Jr. signed 12/5/23

28    Responses to Interrogatories, Set One Rosa Nunez signed 12/5/23

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

32

1      Responses to Interrogatories, Set One Andrew Nunez signed 12/5/23

2      Supplemental Responses to Requests for Admission, Set One Anthony Nunez

3  Jr. signed 1/25/24

4      Supplemental Responses to Interrogatories, Set One Anthony Nunez Jr. signed

5  1/25/24

6      Responses to Interrogatories, Set Two Anthony Nunez, Jr. signed 2/12/24

7      Responses to Interrogatories, Set Two Andrew Nunez signed 2/12/24

8      Responses to Requests for Admission, Set Two Andrew Nunez signed 2/12/14

9      Responses to Request for Admission, Set Two Anthony Nunez Jr. signed

10  2/12/24

11      Responses to Request for Admission, Set Two Rosa Nunez signed 2/12/24

12      Exhibit 1 to the 2/6/24 Deposition Transcript of Rosa Nunez – Second

13  Amended Complaint

14      Exhibit 2 to the 2/6/24 Deposition Transcript of Rosa Nunez – Responses to

15  Interrogatories, Set One

16      Exhibit 1 to the 2/12/24 Deposition Transcript of Michael Martinez –

17  Photograph 1649

18      Exhibit 2 to the 2/12/24 Deposition Transcript of Michael Martinez –

19  Photograph 1656

20      Exhibit 3 to the 2/12/24 Deposition Transcript of Michael Martinez –

21  Photograph 1136

22      Exhibit 4 to the 2/12/24 Deposition Transcript of Michael Martinez –

23  Photograph Affixed with Circle

24      Exhibit 5 to the 2/12/24 Deposition Transcript of Michael Martinez Photograph

25  1139

26      Exhibit 6 to the 2/12/24 Deposition Transcript of Michael Martinez –

27  Photograph 1143

28      Exhibit 7 to the 2/12/24 Deposition Transcript of Michael Martinez –

Photograph 1219

Exhibit 8 to the 2/12/24 Deposition Transcript of Michael Martinez – Photograph 1155

Exhibit 9 to the 2/12/24 Deposition Transcript of Michael Martinez – Photograph Affixed with Circles and Arrows

Exhibit 10 to the 2/12/24 Deposition Transcript of Michael Martinez – Photograph 1161

Exhibit 11 to the 2/12/24 Deposition Transcript of Michael Martinez – Photograph Affixed with Circles

Exhibit 12 to the 2/12/24 Deposition Transcript of Michael Martinez – Photograph 1218

Exhibit 13 to the 2/12/24 Deposition Transcript of Michael Martinez – Photograph 1419

Exhibit 14 to the 2/12/24 Deposition Transcript of Michael Martinez – Photograph 1507

Exhibit 15 to the 2/12/24 Deposition Transcript of Michael Martinez – Photograph 1572

Exhibit 1 to the 2/12/24 Deposition Transcript of Corey LaFever – Photograph 1161

Exhibit 2 to the 2/12/24 Deposition Transcript of Corey LaFever – Photograph with Markings

Exhibit 3 to the 2/12/24 Deposition Transcript of Corey LaFever – Photograph 1218

Exhibit 4 to the 2/12/24 Deposition Transcript of Corey LaFever – Photograph with Markings

Exhibit 1 to the 2/14/24 Deposition Transcript of Anthony Nunez Jr. – Responses to Interrogatories, Set One

Exhibit 2 to the 2/14/24 Deposition Transcript of Anthony Nunez Jr. – Video

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1   Exhibit 3 to the 2/14/24 Deposition Transcript of Anthony Nunez Jr. – Video

2   Exhibit 4 to the 2/14/24 Deposition Transcript of Anthony Nunez Jr. –
3   Photograph

4   Exhibit 1 to the 2/22/24 Deposition Transcript of Sabrina Cervantes –
5   Photograph 1218

6   Exhibit 2 to the 2/22/24 Deposition Transcript of Sabrina Cervantes –
7   Photograph 1146

8   Exhibit 1 to the 2/27/24 Deposition Transcript of Luz Elena Ramos – Notice of
9   Deposition

10   Exhibit 2 to the 2/27/24 Deposition Transcript of Luz Elena Ramos – Color
11   Copy of Photo

12   Exhibit 3 to the 2/27/24 Deposition Transcript of Luz Elena Ramos - Color
13   Copy of Photo

14   Exhibit 4 to the 2/27/24 Deposition Transcript of Luz Elena Ramos - Color
15   Copy of Photo

16   Exhibit 5 to the 2/27/24 Deposition Transcript of Luz Elena Ramos - Color
17   Copy of Photo

18   Exhibit 6 to the 2/27/24 Deposition Transcript of Luz Elena Ramos - Color
19   Copy of Photo

20   Exhibit 7 to the 2/27/24 Deposition Transcript of Luz Elena Ramos - Color
21   Copy of Photo

22   Exhibit 8 to the 2/27/24 Deposition Transcript of Luz Elena Ramos - Color
23   Copy of Photo

24   Exhibit 9 to the 2/27/24 Deposition Transcript of Luz Elena Ramos - Color
25   Copy of Photo

26   Exhibit 1 to the 2/27/24 Deposition Transcript of Melissa Carpenter – Audio
27   Recording Clip (marked Confidential)

28   Exhibit A to the 3/18/2024 Deposition Transcript of Jonathan Campos –

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

35

Photograph Bates NUNEZ/SBD-001218

Exhibit B to the 3/18/2024 Deposition Transcript of Jonathan Campos – Photograph Bates NUNEZ/SBD-001143

Exhibit C to the 3/18/2024 Deposition Transcript of Jonathan Campos – Photograph Bates NUNEZ/SBD-001146

Exhibit D to the 3/18/2024 Deposition Transcript of Jonathan Campos – Photograph w/alteration Bates NUNEZ/SBD-001146

Exhibit E to the 3/18/2024 Deposition Transcript of Jonathan Campos – Photograph Bates NUNEZ/SBD-001151

Exhibit F to the 3/18/2024 Deposition Transcript of Jonathan Campos – Photograph w/ alteration Bates NUNEZ/SBD-001151

Exhibit G to the 3/18/2024 Deposition Transcript of Jonathan Campos – Photograph w/ alteration Bates NUNEZ/SBD-001218

Exhibit 1 to the Deposition Transcript of Scott Defoe – Notice of Deposition

Exhibit 2 to the Deposition Transcript of Scott Defoe – Curriculum Vitae

Exhibit 3 to the Deposition Transcript of Scott Defoe – 2024 Fee Schedule

Exhibit 4 to the Deposition Transcript of Scott Defoe – Rule 26 Disclosure

Exhibit 5 to the Deposition Transcript of Scott Defoe – Report

Exhibit 6 to the Deposition Transcript of Scott Defoe – Report

Exhibit 8 to the Deposition Transcript of Scott Defoe – LA Times Article

Exhibit 1 to the 2/26/24 Deposition Transcript of Noelia Benitez – Deposition Notice

Exhibit 2 to the 2/26/24 Deposition Transcript of Noelia Benitez – SBD-00175

Exhibit 3 to the 2/26/24 Deposition Transcript of Noelia Benitez – Response to Interrogatories

Exhibit 4 to the 2/26/24 Deposition Transcript of Noelia Benitez – Drawing

Exhibit 5 to the 2/26/24 Deposition Transcript of Noelia Benitez – Photo

Exhibit 6 to the 2/26/24 Deposition Transcript of Noelia Benitez – Audio Clip

36

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1    Exhibit 7 to the 2/26/24 Deposition Transcript of Noelia Benitez – Complaint

2    Exhibit 8 to the 2/26/24 Deposition Transcript of Noelia Benitez – Interview

3    Exhibit 1 to the 2/26/24 Deposition Transcript of Brenda Lopez – Interview
4    Audio

5    Exhibit 2 to the 2/26/24 Deposition Transcript of Brenda Lopez – Interview
6    Summary

7    Exhibit 3 to the 2/26/24 Deposition Transcript of Brenda Lopez – Map of
8    House

9    Exhibit 4 to the 2/26/24 Deposition Transcript of Brenda Lopez – Photo (house)

10    Exhibit 5 to the 2/26/24 Deposition Transcript of Brenda Lopez – Photo
11    (window)

12    Exhibit 6 to the 2/26/24 Deposition Transcript of Brenda Lopez – Photo (door)

13    Exhibit 7 to the 2/26/24 Deposition Transcript of Brenda Lopez – Photos
14    (bedroom)

15    Exhibit 1 to the 2/21/24 Deposition Transcript of Jeremy Deberg – Photograph
16    1136

17    Exhibit 2 to the 2/21/24 Deposition Transcript of Jeremy Deberg – Photograph
18    1218

19    Exhibit 3 to the 2/21/24 Deposition Transcript of Jeremy Deberg – Photograph
20    1146

21    Exhibit 4 to the 2/21/24 Deposition Transcript of Jeremy Deberg – Photograph
22    1151

23    Exhibit 5 to the 2/21/24 Deposition Transcript of Jeremy Deberg – Photograph
24    1161

25    Exhibit 1 to the 2/15/24 Deposition Transcript of Andrew Nunez – Summary

26    Exhibit 2 to the 2/15/24 Deposition Transcript of Andrew Nunez – Photo

27    Exhibit 3 to the 2/15/24 Deposition Transcript of Andrew Nunez – Photo

28    Exhibit 4 to the 2/15/24 Deposition Transcript of Andrew Nunez – 911

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I2178769-1 SBD-0015

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Recording

Exhibit 5 to the 2/15/24 Deposition Transcript of Andrew Nunez – Recording

Exhibit 6 to the 2/15/24 Deposition Transcript of Andrew Nunez – Complaint

**E.  Defendants' Affirmative Defenses (L.R. 16-4.1 (d))**

1.   Affirmative Defense No. 4 – Comparative Fault

2.   Affirmative Defense No. 9 – Federal Civil Rights Act – Qualified Immunity

**F.  Defendants' Elements to Establish Affirmative Defenses (L.R. 16-4.1 (e))**

**Affirmative Defense 4**.   Comparative Fault

(i)  That Andrew Nunez was negligent;

(ii)  That Andrew Nunez's negligence was a substantial factor in causing his harm.

(See, CACI 405)

(i)  That Anthony Nunez was negligent;

(ii)  that Anthony Nunez's negligence was a substantial factor in causing his death.

(See, CACI 407)

**Affirmative Defense 9**.  Federal Civil Rights Act – Qualified Immunity

"Qualified immunity protects government officials from suit unless "(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.' *District of Columbia v.* Wesby, 583 U.S. 48, 62–63, 138 S.Ct. 577, 199 L.Ed.2d 453 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664, 132 S.Ct. 2088, 182 L.Ed.2d 985 (2012))." (*Hart v. City of Redwood City 99 F. 4th 543, 548* (2024).

**G.  Key Evidence and Facts Relied Upon In Support of Affirmative Defenses (L.R. 16-4.1 (f))**

Defendants will rely upon the same testimony of witnesses on the Joint

I2178769-1 SBD-0015

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

Proposed Witness list, and as identified and detailed above in section (c) Key Evidence in Opposition to All Plaintiff's Claims for their affirmative defenses.

<u>Comparative Fault</u>:

As detailed above, the Decedent refused to comply with officers orders to drop the chain and charged at deputies with the chain.

Plaintiff Andrew Nunez admitted during his deposition that he used the Decedent's fear of police as a threat to try and control his behavior.  Plaintiff Andrew Nunez contributed to the outcome of this incident by using the police as a threat and not warning the officers of the Decedent's fear of the police.

<u>Qualified Immunity</u>:

> **1.     The Facts Alleged Do Not Show the Deputy Defendants' Conduct Violated a Constitutional Right**

Deputies arrived on scene as a result of a 911 call placed by Ms. Benitez after Decedent assaulted his brother Andrew Nunez while holding a metal chain. The responding officers were also informed that the Decedent had not slept in several days, he appeared to be under the influence of narcotics, and that there were firearms on the premises whose exact locations were unknown. On the day of the shooting, the responding officers spent over one hour trying to de-escalate with Decedent and responding officers issued numerous lawful orders to drop the chain the Decedent was holding. The Decedent refused to comply with officers and ignored requests to drop the chain. Decedent also ignored further orders and charged the deputies immediately prior to the use of less-lethal and lethal force against him.

In light of this refusal, the less-lethal intermediate force responses used were reasonable to overcome the resistance of Decedent, to effect the arrest of Decedent, and to prevent the immediate and credible threat posed by him. Similarly, the deadly force response by Deputy Martinez was appropriate and reasonable to prevent a perceived imminent and credible threat of serious bodily injury or death The deadly force response was appropriate and consistent with current law enforcement training

39

1  standards in consideration of the "totality of circumstances" presented to Deputy
2  Martinez at the moments force was used.

3  Therefore, the practices used by the Deputy Defendants were proper and no
4  reasonable law enforcement officer would believe the use of deadly force would
5  violate a citizens constitutional rights when the citizen is armed with a metal chain
6  while under the influence of narcotics and charging directly at the officers after
7  making repeated threats to harm them.

8  **2.   No Constitutional Right to Not Cooperate with Law Enforcement's**
9  **Lawful Arrest**

10  As provided above, the Deputy Defendants' use of deadly force was proper and
11  reasonable. Deputies were on scene responding to a call for assistance placed after the
12  Decedent assaulted his brother Andrew Nunez while armed with the metal chain. The
13  responding officers were also informed that the Decedent had not slept in several
14  days, he appeared to be under the influence of narcotics, and that there were firearms
15  on the premises whose exact locations were unknown. On the day of the shooting, the
16  officers tried to use less-lethal weapons in an attempt to apprehend Mr. Nunez
17  unharmed, but Mr. Nunez would not comply. Officers also gave numerous lawful
18  orders to drop the chain both before and during the less-lethal and lethal force
19  encounters. The Deputy Defendants acted in an objectively reasonable manner when
20  using deadly force in light of these circumstances and a reasonably competent official
21  would have concluded that the actions taken were lawful. As such, Deputy Defendants
22  are entitled to qualified immunity.

23  **H.   Similar Statement for All Third Parties (L.R. 16-4.1 (g))**
24  Not applicable.

25  **I.   Identification of any anticipated evidentiary issues, together with the**
26  **party's position on those issues (L.R. 16-4.1 (h)) .**

27  Defendants have filed two Motions in Limine to exclude:

28  1.   Evidence of the Decedent's Mental Illness on the grounds that such

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I2178769-1 SBD-0015

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1  evidence is not supported by any admissible evidence therefore irrelevant to the issues

2  to be tried and such evidence would only serve to unduly prejudice Defendants, waste

3  time, confuse the issues, and mislead the jury

4        2.     Any opinions by plaintiff's expert Scott Defoe regarding Anthony Nunez

5  ("Decedent") alleged mental illness or mental health crisis and how deputies should

6  respond to mentally ill suspects on the grounds that there is no evidence that the

7  Decedent was mentally ill or experiencing a mental health crisis and on the grounds

8  that Mr. Defoe is not qualified to diagnose or give opinions about the Decedent's

9  mental health, and that his opinions regarding the how deputies should have

10  responded to a suspect with mental illness and/or experiencing a mental health crisis

11  are irrelevant and such evidence would only serve to unduly prejudice Defendants,

12  waste time, confuse the issues, and mislead the jury.

13       Plaintiff has filed two Motions in Limine to exclude:

14        1.     Information unknown to deputies at the time of use of force.

15        Defendants oppose Plaintiffs' motion in limine No. 1 on the grounds the

16  information which they seek to exclude is relevant to other issues in the case.

17        2.     Any findings by any agency that the Defendant's conduct was

18  reasonable, justified and/or within County policy.

19        Defendants do not oppose the motion, to the extent Plaintiffs will not

20  argue: (1) the Defendants failed to conduct an investigation of the incident, (2) that

21  the investigation was inadequate or (3) that the Defendants were entitled to counsel

22  during the investigation.

23       **J.**     **Identification of any issues of law, which are germane to the case and**

24            **party's position (L.R. 16-4.1 (i).**

25       The issue of Qualified Immunity is a question of law. *Torres v. City of Los*

26  *Angeles*, 548 F.3d 1197, 1210 (9thCir. 2008). "Because qualified immunity is "an

27  immunity from suit rather than a mere defense to liability ... it is effectively lost if a

28  case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526,

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (emphasis deleted). Indeed, we have made clear that the "driving force" behind creation of the qualified immunity doctrine was a desire to ensure that " 'insubstantial claims' against government officials [will] be resolved prior to discovery." *Anderson v. *232 Creighton,* 483 U.S. 635, 640, n. 2, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Accordingly, "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) *(per curiam)*." *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009).

The Court has not ruled on the issue of Qualified Immunity in this matter. Defendants would like to preserve the ability to have this issue decided if the evidence at trial warrants a reconsideration of the issue.

Defendants also anticipate Plaintiffs will attempt to argue that Decedent should have been treated differently by the Deputies in light of his alleged mental illness.

This issue is a question of law because the 9th Circuit has established that while ' "whether the suspect has exhibited signs of mental illness is one of the factors the court will consider," this court has "refused to create two tracks of excessive force analysis, one for the mentally ill and one for serious criminals." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078 (9th Cir. 2019) (quoting *Vos*, 892 F.3d at 1034 n.9). Ultimately, that an individual who poses an immediate threat may be mentally ill does not remove the case from the *Graham* analysis. . .' *Hart v. City of Redwood City* 99 F.4th 543, 554–55 (9th Cir. 2024).

Here, even if Plaintiffs were able to establish their theory that Decedent was suffering from a mental health crisis or that his mental health contributed to the incident, Decedent is not entitled to special treatment or a different analysis than the *Graham* analysis for the determination of any liability for the incident.

## III.   <u>BIFURCATION OF ISSUES (L.R. 16-4.3)</u>

Defendants request the Court for bifurcate of trial into two phases as follows: Phase 1 - liability phase as to the Defendants; and Phase 2 - compensatory and

1    punitive damages, for the Individual Deputy Defendants, if necessary.

2        "Rule 42(b) does not set a high standard for the court[.]" *Gilbert v. State Farm*

3    *Mut. Auto. Ins. Co*., 311 F.R.D. 685, 686 (M.D. Fla. 2015). The predominant

4    consideration is whether separate trial of any issue will better promote a fair and

5    impartial trial "through a balance of benefits and prejudice." *Medtronic Xomed, Inc.*

6    *v. Gyrus ENT LLC,* 440 F.Supp.2d 1333, 1334 (M.D. Fla. 2006). Factors to be

7    considered in deciding whether to order separate trials include: avoiding prejudice,

8    the ease with which issues may be tried separately, convenience, judicial economy,

9    and risk of confusion. *Bates v. United Parcel Service*, 204 F.R.D. 440, 448 (N.D. Cal.

10   2001). Other factors to be considered include: complexity of the issues, factual proof,

11   and the possibility that the first trial may be dispositive of the case. *Calmar, Inc. v.*

12   *Emson Research, Inc*., 850 F.Supp. 861, 866 (C.D. Cal. 1994).

13       In this case, all of those factors weigh heavily in favor of a two-phase trial, as

14   discussed below.

15   **A.    Punitive Damages are Separately Tried as a Matter of Course in**

16   **Section 1983 Cases Such as This.**

17       "[C]ourts trying Section 1983 cases in this circuit often bifurcate the punitive

18   damages issue." *Monroe v. Griffin,* 2015 WL 5258115, at *5 (N.D. Cal. 2015). Indeed,

19   in managing the proceedings before them, courts often order separate trial of punitive

20   damages sua sponte. *Saenz v. Reeves*, 2013 WL 2481733, at *1 (E.D. Cal. 2013).

21       Defendants therefore request that the trial phase as to the award of punitive

22   damages and introduction of evidence relating to Defendants' financial condition, be

23   delayed until after the issues of liability and compensatory damages have been tried.

24   **IV.   JURY TRIAL (L.R. 16-4.4)**

25       Both the Plaintiff and Defendants have made timely demands for a jury trial on

26   all issues, as required by the Fed. R. Civ. P., Rule 38

27

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

43

1  **V.    <u>ATTORNEYS' FEES (L.R. 16-4.5)</u>**

2    Defendant contends that these fees are not recoverable as Plaintiffs cannot

3  maintain any of their causes of action against Defendants.

4    The award of attorneys' fees for Plaintiffs' causes of action are a matter of

5  discretion for the Court.

6    The Civil Rights Attorney's Fee Award Act of 1976, 42 USC Sec. 1988, allows

7  a court, in its discretion, to award reasonable attorneys' fees as part of costs to a

8  prevailing party in federal civil rights lawsuits, including cases brought under 42 USC

9  1983.

10 **VI.   <u>ABANDONMENT OF ISSUES (L.R. 16-4.6)</u>**

11    Defendants have abandoned its affirmative defenses not identified in section

12 L.R. 16-4.1 (e) above.

13

14 DATED:  August 9, 2024          WESIERSKI & ZUREK LLP

15

16                                *Christopher P. Wesierski*

17                 By: _____

18                     CHRISTOPHER P. WESIERSKI
                       Attorneys for Defendants, COUNTY OF
19                     SAN BERNARDINO, CITY OF
                       HESPERIA MICHAEL MARTINEZ,
20                     SABRINA CERVANTES and JEREMY
                       DEBERG
21

22

23

24

25

26

27

28

I2178769-1 SBD-0015                    DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000