1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA NUÑEZ, individually; ANTHONY NUÑEZ, JR., individually and as successor-in-interest to Decedent, Anthony Nuñez; and ANDREW NUÑEZ, individually, | Case No. 5:22-cv-01934-SSS-SP<br>*Hon. Sunshine S. Sykes* |

**Plaintiffs,**

v.

COUNTY OF SAN BERNARDINO; CITY OF HESPERIA; MICHAEL MARTINEZ; SABRINA CERVANTES; JEREMY DEBERG; and DOES 5 through 15, inclusive,

**Defendants.**

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

**Final Pretrial Conference:**
Date:    September 6, 2024
Time:    1:00 p.m.
Place:    Courtroom 2

**Trial:**
Date:    September 23, 2024
Time:    9:00 a.m.
Place:    Courtroom 2

# TABLE OF CONTENTS

1.  THE PARTIES AND PLEADINGS....................................................................3

2.  JURISDICTION .................................................................................................3

3.  TRIAL DURATION ...........................................................................................4

4.  JURY TRIAL ......................................................................................................4

5.  ADMITTED FACTS ...........................................................................................4

6.  STIPULATED FACTS ........................................................................................5

7.  PARTIES' CLAIMS AND DEFENSES .............................................................5

8.  REMAINING TRIABLE ISSUES ...................................................................30

9.  DISCOVERY ....................................................................................................32

10.  DISCLOSURES AND EXHIBIT LIST .....................................................33

11.  WITNESS LISTS .........................................................................................33

12.  MOTIONS IN LIMINE ...............................................................................33

13.  OTHER PRETRIAL MOTIONS.................................................................34

14.  BIFURCATION ...........................................................................................34

15.  ADMISSIONS ..............................................................................................34

Following pre-trial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16, IT IS ORDERED:

This order may be modified as necessary pursuant to this Court's pending rulings on the parties' various motions *in limine*.

1.    **THE PARTIES AND PLEADINGS**

Plaintiffs:          Rosa Nuñez

Anthony Nuñez, Jr.

Andrew Nuñez

Defendants:      County of San Bernardino

Michael Martinez

Sabrina Cervantes

Jerey Deberg

Each of these parties has been served and has appeared.  All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are: Plaintiffs' Second Amended Complaint (ECF No. 45); Defendants' Answer (ECF No. 48).

Plaintiffs no longer pursue their second cause of action for denial of medical care, their fourth and fifth causes of action alleging *Monell* liability, or any causes of action as against Defendant City of Hesperia only.

2.    **JURISDICTION**

It is stipulated that subject matter jurisdiction over this action exists under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4). This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), as those claims arise out of the same occurrence as Plaintiffs' § 1983 claims. Venue is proper

in this Court under 28 U.S.C. § 1391(b) because all of the relevant events occurred in Hesperia, California.

**3.    TRIAL DURATION**

The parties estimate 5–7 court days for this trial from Jury Selection to Closing Arguments.

**4.    JURY TRIAL**

The trial is to be a jury trial.

Plaintiffs and Defendants shall serve and file "Agreed Upon Set of Jury Instructions and Verdict Forms" as well as the "Joint Statement re: Disputed Instructions, Verdicts, etc." by no later than August 23, 2024.

**5.    ADMITTED FACTS**

The following facts are admitted and require no proof:

1. On March 29, 2022, at 11:25 a.m., San Bernardino Sheriff's Department ("SBSD") deputies were dispatched to Anthony Nuñez's family home in response to a 9-1-1 call.

2. Defendant Michael Martinez, Defendant Sabrina Cervantes, Defendant Jeremy Deberg, and Jonathan Campos were among the SBSD deputies who arrived at the home.

3. Anthony Nuñez was 42 years old on the date of his death.

4. Defendants Michael Martinez, Jeremy Deberg, and Sabrina Cervantes acted under color of law at the time of each Defendant's use of force.

5. Defendants Michael Martinez, Jeremy Deberg, and Sabrina Cervantes acted within the course and scope of their employment with the County of San Bernardino at the time of each Defendant's use of force.

6. Rosa Nuñez is the mother of Anthony Nuñez and a Plaintiff in this action.

7. Andrew Nuñez is the brother of Anthony Nuñez and a Plaintiff in this action.

8. Anthony Nuñez Jr. is the son of decedent Anthony Nuñez and a Plaintiff in this action.

**6.**    **STIPULATED FACTS**

The parties do not stipulate to any facts beyond those listed in the above "Admitted Facts."

**7.**    **PARTIES' CLAIMS AND DEFENSES**

**Plaintiffs' Claims:**

a. **Plaintiffs plan to pursue the following claims against Defendants:**

- **Claim 1: Excessive Force (Fourth Amendment; 42 U.S.C. § 1983)**

  Plaintiff Anthony Nuñez Jr. brings this claim individually and as Anthony Nuñez's ("Mr. Nuñez") successor-in-interest against Defendants Michael Martinez, Jeremy Deberg, and Sabrina Cervantes. Plaintiff seeks wrongful death damages and survival damages for Mr. Nuñez's pre-death pain and suffering, loss of life, and loss of enjoyment of life. Plaintiff also seeks costs and statutory attorneys' fees on this claim.

- **Claim 3: Substantive Due Process – Unlawful Interference with Familial Relations (Fourteenth Amendment; 42 U.S.C. § 1983)**

  Plaintiffs Rosa Nuñez and Anthony Nuñez, Jr. bring this claim individually against Defendants Michael Martinez, Jeremy Deberg, and Sabrina Cervantes and seek wrongful death damages. Plaintiffs also seek costs and statutory attorneys' fees on this claim. By using less-lethal and

5

deadly force against Mr. Nuñez, Michael Martinez, Jeremy Deberg, and Sabrina Cervantes interfered with Plaintiff Rosa Nuñez's familial relationship with her son, and Plaintiff Anthony Nuñez, Jr.'s relationship with his father, Mr. Nuñez, in violation of these Plaintiffs' Fourteenth Amendment due process rights. Official conduct "shocks the conscience" where an officer acts with a purpose to harm unrelated to a legitimate law enforcement objective or, if actual deliberation is practical, where the officer acts with deliberate indifference.

- **Claim 6: Battery (Wrongful Death and Survival)**

  Plaintiff Anthony Nuñez Jr. brings this claim individually and as Mr. Nuñez's successor-in-interest against Defendants Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and County of San Bernardino. Plaintiff seeks survival damages for Mr. Nuñez's pre-death pain and suffering. *See* Cal. Code Civ. Proc. § 377.34. Plaintiff also seeks wrongful death damages for the loss of Mr. Nuñez's love, companionship, comfort, care, assistance, protection, affection, society, and moral support. *See* Cal. Code Civ. Proc. § 377.60. The County of San Bernardino is vicariously liable for the conduct of Michael Martinez, Jeremy Deberg, Sabrina Cervantes. *See* Cal. Gov. Code § 815.2(a).

- **Claim 7: Negligence (Wrongful Death and Survival)**

  Plaintiff Anthony Nuñez Jr. brings this claim individually and as Mr. Nuñez's successor-in-interest against Defendants Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and County of San Bernardino. Plaintiff seeks survival damages for Mr. Nuñez's pre-death pain and suffering. See Cal. Code Civ. Proc. § 377.34. Plaintiff also seeks wrongful death damages for the loss of Mr. Nuñez's love, companionship, comfort, care, assistance, protection, affection, society, and moral support. See Cal. Code Civ. Proc. § 377.60. The County of

San Bernardino is vicariously liable for the conduct of Michael Martinez, Jeremy Deberg, Sabrina Cervantes. See Cal. Gov. Code § 815.2(a).

- **Claim 8: Negligent Infliction of Emotional Distress**

  Plaintiff Andrew Nuñez brings this claim against Defendants Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and County of San Bernardino. Michael Martinez, Jeremy Deberg, and Sabrina Cervantes negligently inflicted serious emotional distress upon Plaintiff when they used unreasonable less-lethal and deadly force against Mr. Nuñez in the presence of the Plaintiff. Plaintiff seeks damages for his emotional distress. The County of San Bernardino is vicariously liable for the conduct of Michael Martinez, Jeremy Deberg, and Sabrina Cervantes pursuant to Cal. Gov. Code § 815.2(a).

- **Claim 9: Violation of Bane Act (Cal. Civ. Code § 52.1)**

  Plaintiff Anthony Nuñez Jr. brings this claim against Defendants Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and County of San Bernardino. Plaintiff brings this claim as Mr. Nuñez's successor-in-interest and seeks survival damages for Mr. Nuñez's pain and suffering. *Chaudhry v. City of Los Angeles*, 751 F.3d 1096 (9th Cir. 2014). The County of San Bernardino is vicariously liable for the conduct of Michael Martinez, Jeremy Deberg, and Sabrina Cervantes pursuant to Cal. Gov. Code § 815.2(a).

b. **The elements required to establish Plaintiffs' claims are:**

- **Claim 1: Excessive Force (Fourth Amendment; 42 U.S.C. § 1983)**

  1. Michael Martinez, Jeremy Deberg, and Sabrina Cervantes acted under color of law (stipulated);

  2. Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes used excessive force against Mr. Nuñez;

3.  The excessive force was a cause of injury, damage, harm, or death to Mr. Nuñez.

*See* Ninth Circuit Manual of Model Jury Instructions, Instruction No. 9.25 (2017 Edition, Dec. 2023 update).

- **Claim 3: Substantive Due Process – Unlawful Interference with Familial Relations (Fourteenth Amendment; 42 U.S.C. § 1983)**

  1.  Michael Martinez, Jeremy Deberg, and Sabrina Cervantes acted under color of law (stipulated);

  2.  Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes unlawfully interfered with Plaintiff's and Mr. Nuñez's parent/child relationship.

  *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.32 (2017 Edition, Mar. 2024 update); *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010); *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008).

- **Claim 6: Battery (Wrongful Death and Survival)**

  1.  Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes used unreasonable force against Mr. Nuñez;

  2.  Michael Martinez's, Jeremy Deberg's, and/or Sabrina Cervantes's use of unreasonable force was a cause of injury or death to Mr. Nuñez.

  *See* CACI 1305B (2024 edition).

- **Claim 7: Negligence (Wrongful Death and Survival)**

  1.  Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes were negligent;

  2.  The negligence of Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes was a cause of injury or death to Mr. Nuñez.

  *See* CACI 401, 440, 441 (2024 edition).

/ / /

- **Claim 8: Negligent Infliction of Emotional Distress**
    1. Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes negligently caused injury to Mr. Nuñez when they shot him;
    2. Plaintiff Andrew Nunez was present at the scene of Mr. Nuñez's death, and they were aware that Mr. Nuñez was being injured;
    3. Plaintiff Andrew Nunez suffered serious emotional distress; and
    4. The conduct of Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes was a substantial factor in causing Plaintiff Andrew Nunez's serious emotional distress.

    *See* CACI 1621 (2024 edition).

**Claim 9: Violation of Bane Act (Cal. Civ. Code § 52.1)**
    1. Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes used excessive force against Mr. Nuñez;
    2. Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes intended to violate Mr. Nuñez's rights, demonstrated by these Defendants acting with reckless disregard for Mr. Nuñez's right to be free from excessive force;
    3. The use of excessive force was a cause of injury, damage, harm, or death to Mr. Nuñez.[1]

---

[1] Defendants disagree with Plaintiffs' listed elements for the Bane Act claim and believe they should be as follows:

1. Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes intentionally interfered with Anthony Nuñez's constitutional rights under state law by using threats, intimidation, coercion or violence used excessive force against Mr. Nuñez;

2. Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes intended to violate Mr. Nuñez's rights, demonstrated by these Defendants acting with reckless disregard for Mr. Nuñez's right to be free from excessive forceacted violently or coercively against Anthony Nunez to prevent him from exercising (cont'd.) some

*See Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)).

c.  **Key evidence Plaintiffs Rely on for each claim:**

- **Claim 1: Excessive Force (Fourth Amendment; 42 U.S.C. § 1983):**

    Testimony of the involved deputies including Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and Jonathan Campos. Testimony of witness Lucy Ramos. Testimony of Plaintiff Anthony Nuñez Jr. regarding his damages. Expert testimony including Plaintiffs' police practices expert, Scott DeFoe. Medical testimony from involved fire department personnel who treated Mr. Nuñez on scene and the forensic pathologist who conducted the autopsy on Mr. Nuñez. Exhibits including audio recording from Michael Martinez's belt-worn recording device; scene photographs; and photographs of Plaintiffs and Mr. Nuñez.

- **Claim 3: Substantive Due Process – Unlawful Interference with Familial Relations (Fourteenth Amendment; 42 U.S.C. § 1983):**

    Testimony of the involved deputies including Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and Jonathan Campos. Testimony of witness Lucy Ramos. Testimony of Plaintiff Rosa Nuñez regarding her damages. Expert testimony including Plaintiffs' police practices expert, Scott DeFoe. Medical testimony from involved fire department personnel who treated Mr. Nuñez on scene and the forensic pathologist who conducted

---

constitutional right, or retaliated against him for having exercised some constitutional right;

3.  That Anthony Nunez was harmed;

4.  That the conduct of Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes was a substantial factor in causing the harm

*See Cal. Code* §52.1; *Bender v. County of LA*, 217 Cal.App.4th 968 (2013).

10

the autopsy on Mr. Nuñez. Exhibits including audio recording from Michael Martinez's belt-worn recording device; scene photographs; and photographs of Plaintiffs and Mr. Nuñez

- **Claim 6: Battery (Wrongful Death and Survival):** Testimony of the involved deputies including Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and Jonathan Campos. Testimony of witness Lucy Ramos. Testimony of Plaintiff Anthony Nuñez Jr. regarding his damages. Expert testimony including Plaintiffs' police practices expert, Scott DeFoe. Medical testimony from involved fire department personnel who treated Mr. Nuñez on scene and the forensic pathologist who conducted the autopsy on Mr. Nuñez. Exhibits including audio recording from Michael Martinez's belt-worn recording device; scene photographs; and photographs of Plaintiffs and Mr. Nuñez.

- **Claim 7: Negligence (Wrongful Death and Survival):** Testimony of the involved deputies including Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and Jonathan Campos. Testimony of witness Lucy Ramos. Testimony of Plaintiff Anthony Nuñez Jr. regarding his damages. Expert testimony including Plaintiffs' police practices expert, Scott DeFoe. Medical testimony from involved fire department personnel who treated Mr. Nuñez on scene and the forensic pathologist who conducted the autopsy on Mr. Nuñez. Exhibits including audio recording from Michael Martinez's belt-worn recording device; scene photographs; and photographs of Plaintiffs and Mr. Nuñez.

- **Claim 8: Negligent Infliction of Emotional Distress:** Testimony of the involved deputies including Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and Jonathan Campos. Testimony of witness Lucy Ramos. Testimony of Plaintiff Andrew Nuñez. Expert testimony including Plaintiffs' police practices expert, Scott DeFoe. Medical testimony from

involved fire department personnel who treated Mr. Nuñez on scene and the forensic pathologist who conducted the autopsy on Mr. Nuñez. Exhibits including audio recording from Michael Martinez's belt-worn recording device; scene photographs; and photographs of Plaintiffs and Mr. Nuñez

- **Claim 9: Violation of Bane Act (Cal. Civ. Code § 52.1):** Testimony of the involved deputies including Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and Jonathan Campos. Testimony of witness Lucy Ramos. Testimony of Plaintiff Anthony Nuñez Jr. regarding his damages. Expert testimony including Plaintiffs' police practices expert, Scott DeFoe. Medical testimony from involved fire department personnel who treated Mr. Nuñez on scene and the forensic pathologist who conducted the autopsy on Mr. Nuñez. Exhibits including audio recording from Michael Martinez's belt-worn recording device; scene photographs; and photographs of Plaintiffs and Mr. Nuñez.

**Defendants' Affirmative Defenses:**

a. **Defendants plan to pursue the following affirmative defenses:**
   **\*Plaintiffs have indicated they do not intend to pursue claims for denial of medical care, *Monell* liability, punitive damages, or claims against the City of Hesperia, and based on the withdrawal of those claims, defendants set forth the following Affirmative Defenses:**

   - **Defense 1:  First Affirmative Defense - Failure to State a Claim:** The elements required to establish Defendants' affirmative defense are: the elements and evidence are those set forth above

necessary for Plaintiffs to establish their claims for relief, which cannot
be established.[2]

- **Defense 2:  Third Affirmative Defense – Failure to Mitigate
  Damages:** To establish the affirmative defense of failure to mitigate
  damages, defendants will show:

    (1) The decedent failed to use reasonable efforts to mitigate
  damages; and

    (2) The amount by which damages would have been mitigated. See
  Manual of Model Jury Instructions for the Ninth Circuit (2017 Edition,
  Mar. 2024 update) § 5.3.[3]

- **Defense 3:  Fifth Affirmative Defense – Comparative Fault:**
  Defendants will demonstrate the comparative fault of both Anthony
  Nunez and/or Andrew Nunez by showing:

    (1)    That Andrew Nunez was negligent;

---

[2] Plaintiffs' position is that this affirmative defense has been abandoned by virtue of
its omission from Defendants' Memorandum of Contentions of Fact and Law. [*See*
Dkt. 106 at 38 (listing only Comparative Fault and Qualified Immunity as affirmative
defenses).] Defendants' position is that plaintiffs' duty to meet the burden of proof by a
preponderance of the evidence is never waived.

[3] Plaintiffs' position is that this affirmative defense has been abandoned by virtue of
its omission from Defendants' Memorandum of Contentions of Fact and Law. [*See*
Dkt. 106 at 38 (listing only Comparative Fault and Qualified Immunity as affirmative
defenses).] Further, this affirmative defense is inapplicable in this case as to decedent
Anthony Nuñez. Mitigation refers to a plaintiff's ability to limit the extent or
consequences of an injury after the injury has already occurred, which Mr. Nuñez was
unable to do upon being fatally shot and dying soon after.  Defendants' position is
that: (1) decedent's actions are a necessary part of the causation and reasonable
analyses, so evidence of same will be before the jury regardless; and (2) a
"[d]efendant may show in mitigation of compensatory as well as punitive damages
that the plaintiff's words or actions provoked the battery." *Miller  v. City Of Mount
Vernon*,  2005 WL 2583611 (S.D.N.Y. 2005).

     (2)    That Andrew Nunez's negligence was a substantial factor in causing Andrew Nunez's harm.[4]

(See, CACI 405)

     (1)    That Anthony Nunez was negligent;

     (2)    That Anthony Nunez's negligence was a substantial factor in causing his death.

(See, CACI 407)

**Defense 4:  Ninth Affirmative Defense – Immunity:**

Defendants Michael Martinez, Jeremy Deberg, Sabrina Cervantes will show that they are entitled to qualified <u>immunity</u> from liability by demonstrating:

     (1) The conduct of Defendants Michael Martinez, Jeremy Deberg, Sabrina Cervantes did not violate a constitutional right, and

     (2) A reasonable officer would not believe that the conduct of Defendants Michael Martinez, Jeremy Deberg, Sabrina Cervantes was unlawful in the situation he or she confronted.

See Ninth Circuit Manual of Model Civil Jury Instructions §9.34 (2019).

See also *Venegas v. County of Los Angeles* 32 Cal.4th 820, 840 (2004).

**b.  The elements required to establish Defendants' affirmative defenses are:**

**Defense 1:  First Affirmative Defense – Failure to State a Claim:** The elements of this affirmative defense are a showing that:

(1) Defendants did not deprive decedent of his Fourth or Fourteenth

---

[4] Plaintiffs' position is that an affirmative defense of comparative fault is inapplicable in this case as to Plaintiff Andrew Nuñez, for reasons stated in Plaintiffs' explanation of disputed jury instructions and explanation of competing proposed verdict forms. Andrew Nuñez owed no applicable duty of care in the context of this case, nor is there substantial evidence that he violated any duty even assuming one existed. Defendants' position is that Andrew Nunez owed a duty to exercise reasonable care to act in a manner to avoid causing harm to others under Civil Code 1714(a).

1    Amendment rights under the United States Constitution; or

2         (2) Defendants did not violate a clearly established constitutional right of

3    decedent of which a reasonable officer would have known --- i.e., a reasonable officer

4    in defendants' position could have believed defendants' actions against decedent were

5    reasonable under the circumstances.[5]

6         See *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272

7    (2001); *Pearson v. Callahan*, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009); *Hunter v.*

8    *Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991).

9    **Defense 2:   Third Affirmative Defense – Failure to Mitigate Damages:**

10        The decedent had a duty to use reasonable efforts to mitigate damages. To

11   mitigate means to avoid or reduce damages. The defendants have the burden of

12   proving the following elements by a preponderance of the evidence:

13        (1) That the decedent failed to use reasonable efforts to mitigate damages; and

14        (2)    The amount by which damages would have been mitigated.

15        9th Cir. Manual of Model Civil Jury Instructions § 5.3 (2017 Edition, Mar.

16   2024 update).

17        • **Defense 3:  Fifth Affirmative Defense – Comparative Fault:**

18        In order to prove the elements of the comparative fault of decedent, defendants

19   must demonstrate:

20        (1)    Decedent was negligent in refusing to follow the deputy defendants'

21   directives to drop the chain and get down on the ground;

22        (2)    Decedent's negligence was a substantial factor in causing his harm.

23        *See* CACI 405 (2024 edition).

24        In order to prove the elements of the comparative fault of plaintiff Andrew Nunez,

25   _____

26   [5] Plaintiffs' position is that these elements are inaccurate and constitute the elements

27   of qualified immunity, which is a separately listed affirmative defense. Defendants'
     position is that there is no Model instruction on qualified immunity, and the elements

28   set forth in defendants' instruction are supported by the case law.

defendants must demonstrate:

(1)    Andrew Nunez was negligent in using the threat of calling, and pretending to call, the police on decedent in order to try to control his behavior, and in and in failing to inform the deputy defendants that decedent was afraid of the police;

(2) Andrew Nunez's negligence was a substantial factor in causing decedent's harm.

*See* CACI 407 (2024 edition).

**Defense 4:  Ninth Affirmative Defense – Immunity:**

In order to demonstrate that defendants Michael Martinez, Jeremy Deberg, Sabrina Cervantes are entitled to qualified immunity from liability, defendants must show:

(1)    The facts alleged by the plaintiffs do not amount to a constitutional violation, or

(2)    Any constitutional violation was of a constitutional right that was not "clearly established" at the time of the misconduct, and

(3).    A reasonable officer would not believe that the conduct of defendants Michael Martinez, Jeremy Deberg, Sabrina Cervantes was unlawful in the situation he or she confronted.

See Ninth Circuit Manual of Model Civil Jury Instructions §9.34 (2019).

**c.  Key evidence Defendants Rely on for each affirmative defense:**

- **Defenses 1, 2, 3 and 4:**

These defenses rely on the same evidence. Defendants will rely upon the testimony of witnesses on the Joint Proposed Witness list, and exhibits listed on the Joint Proposed Exhibit List and summarized as follows.

**Witnesses:**

Rosa Nuñez

Anthony Nuñez, Jr.

Andrew Nuñez

Michael Martinez

Sabrina Cervantes

1    Jeremy Deberg

2    Jonathan Campos

3    Corey LaFever

4    Greg Breiner*

5    Landon Markegard

6    Jorge Arreola

7    Carlos Ruben

8    Joseph Tame

9    Mario Marroquin

10   Brandon Montate

11   Noelia Benitez

12   Brenda Lopez

13   Ed Flosi

14   Erica Ochoa*

15   Justin Cary

16   Dave Van Norman

17   Scott Luzi, M.D.

18   Krisopher Graf

19   Jonathan Ramstead

20   Malcolm Page*

21   *Indicate with an asterisk (\*) any witness(es) that will be called only if the need arises.*

22   **Evidence:**

23   Chain that decedent was brandishing

24   3/30/2022 Crime Report/DOJ Reporting Form NUNEZ/SBD-000006-000019

25   Death in Custody Reporting Form  NUNEZ/SBD-000022-000022

26   4/1/2022 Station Reports: Officer Corral NUNEZ/SBD-000024

27   4/1/2022 Station Reports: Officer Stanley NUNEZ/SBD-000025

28   4/1/2022 Station Reports: Officer McCarthy NUNEZ/SBD-000026

1    4/14/2022 Station Reports: Officer Avila NUNEZ/SBD-000027-28

2    4/15/2022 Station Reports: Officer Haas NUNEZ/SBD-000029-30

3    4/18/2022 Station Reports: Officer Mondragon NUNEZ/SBD-000024

4    4/20/2022 Station Reports: Officer Adams NUNEZ/SBD-000032-33

5    3/29/2022 Call History NUNEZ/SBD-000035-43

6    3/30/2022 Notifications – Det. Ramstad NUNEZ/SBD-000045

7    3/30/2022 Notifications – Det. Carty NUNEZ/SBD-000047

8    3/30/2022 Notifications – Det. Sprague NUNEZ/SBD-000049

9    3/30/2022 Notifications – Det. Cavender NUNEZ/SBD-000051

10    3/30/2022 Notifications – Det. Page NUNEZ/SBD-000053

11    7/11/2022 Notifications – Deputy. Sims NUNEZ/SBD-000055

12    4/5/2022/2022 Notifications – Det. Thurman NUNEZ/SBD-000057

13    4/27/2022 -Briefing NUNEZ/SBD-000059-60

14    3/29/2022 - Scene Walkthrough NUNEZ/SBD-000064

15    3/29/2022 Crime Scene Log NUNEZ/SBD-000062

16    4/5/2022 Crime Scene Report NUNEZ/SBD-000066-88

17    3/30/2022 Placard Measurement Log NUNEZ/SBD-000089

18    Evidence Log

19    4/5/2022 Lab Reports Re: Glock Pistol  NUNEZ/SBD-000091-92

20    4/5/2022 Lab Reports: Re: Photography of Scene NUNEZ/SBD-000093-98

21    4/5/2022 Lab Reports : Re: Crime Scene Evidence Processing NUNEZ/SBD-
22    000099-101

23    3/30/2022 Suspect Information: Anthony Nunez NUNEZ/SBD-000103-107

24    4/4/2022 Coroner Response NUNEZ/SBD-000109-110

25    4/27/2022 Autopsy Report NUNEZ/SBD-000112-115

26    4/29/2022 Coroner Investigation NUNEZ/SBD-000117-123

27    4/5/2022 Autopsy Protocol – NUNEZ/SBD-000125-132

28    4/25/2022 Toxicology Report NUNEZ/SBD-000133-135

American Medical Response Interviews

5/18/2022 Report re: Witness Interview – Joseph Tambe – Firefighter NUNEZ/SBD-000137-138

5/18/2022 Report re: Witness Interview – Landon Markegard – Firefighter NUNEZ/SBD-000140-141

5/18/2022 Report re: Witness Interview  - Carlos Ruben - Paramedic NUNEZ/SBD-000143-145

5/18/2022 Report re: Witness Interview  - Jorge Arreola - Paramedic NUNEZ/SBD-000147-148

5/18/2022 Report re: Witness Interview  - Joshua Pullen – fire Battalion Chief NUNEZ/SBD-000150-151

5/18/2022 Report re: Witness Interview  - Mario Marroquin - EMT NUNEZ/SBD-000153-154

3/29/2022 – Witness Interview Report: Manuel Lopez Jr. NUNEZ/SBD-000156-159

3/29/2022 Neighborhood Check Report – NUNEZ/SBD-000161-164

8/31/2022 CHP Aviation Report: NUNEZ/SBD-000166-167

3/29/2022 Video by CHP

3/29/2022 Witness Interview Report: Andrew Nunez NUNEZ/SBD-000169

3/29/2022 Witness Interview Report: Andrew Nunez NUNEZ/SBD-000170-172

3/29/2022 Witness Interview Report: Andrew Nunez NUNEZ/SBD-000174-178

Drawing of House Layout BY Andrew Nunez NUNEZ/SBD-000179

3/29/2022 Recording of Interview with Andrew Nunez

3/29/2022 Witness Interview Report: Noelia Benitez NUNEZ/SBD-000181-189

3/29/2022 Recording of Interview of Noelia Benitez

3/29/2022 Witness Interview Report: Brenda Lopez NUNEZ/SBD-000191-193

3/29/2022 Recording of Interview of Brenda Lopez

3/31/2022 Equipment/Uniform Inventory for Deputy Martinez NUNEZ/SBD-

000195-200

4/20/2022 Property Release NUNEZ/SBD-000202

3/29/2022 Verbatim Belt Recording Transcript – Michael Martinez NUNEZ/SBD-000204-384

4/20/2022 Witness Interview Transcript: Michael Martinez NUNEZ/SBD-000386-481

4/20/2022 Photograph from Witness Interview Transcript: Michael Martinez NUNEZ/SBD-000482

4/20/2022 Audio Recording of Michael Martinez

3/30/2022 Equipment/Uniform Inventory of Deputy Sabrina Cervantes – NUNEZ/SBD-000487-490

4/19/2022 Witness Interview Transcript: Sabrina Cervantes NUNEZ/SBD-000491-608

4/19/2022 Photographs from Witness Interview Transcript: Sabrina Cervantes NUNEZ/SBD-000609-610

4/19/2022 Audio Recording of Sabrina Cervantes

3/30/2022 Equipment/Uniform Inventory of Deputy Jonathan Campos– NUNEZ/SBD-000612-615

4/19/2022 Witness Interview Transcript: Jonathan Campos NUNEZ/SBD-000617-706

3/29/2022 Taser Evidence Sync. NUNEZ/SBD-000708-709

4/19/2022 Photograph from Witness Interview Transcript: Jonathan Campos NUNEZ/SBD-000710

4/19/2022 Audio Recording of Interview of Jonathan Campos

3/30/2022 Equipment/Uniform Inventory – Deputy Jeremy Deberg NUNEZ/SBD-000712-715

4/28/2022 Witness Interview Transcript Jeremy Deberg NUNEZ/SBD-000717-796

4/28/2022 Photographs from Witness Interview Transcript Jeremy Deberg NUNEZ/SBD-00797-798

4/28/2022 Audio Recording of Jeremy Deberg

3/30/2022 Equipment/Uniform Inventory – Corporal Col Raynolds NUNEZ/SBD-000800-802

4/19/2022 Witness Interview Report re: Corporal Col Raynolds NUNEZ/SBD-00803-803

4/19/2022 Audio Recording of Corporal Col Raynolds

5/20/2022 Witness Interview Report of Deputy Derek Zane NUNEZ/SBD-000808-812

5/20/2022 Photograph from Witness Interview Report of Deputy Derek Zane NUNEZ/SBD-000813

5/20/2022 Audio Recording of Derek Zane Interview

4/20/2022 Witness Interview Report of Det. Jason Schroeder Interview; NUNEZ/SBD-000815-818

4/20/2022 Audio Recording of Jason Schroeder Interview

4/20/2022 Witness Interview Report of Sgt. Corey LaFever NUNEZ/SBD-000820-827

4/20/2022 Photographs from Witness Interview of Corey LaFever NUNEZ/SBD-000828-830

4/20/2022 Audio Recording of Corey LaFever Interview

3/29/2022 Press Release Incident NUNEZ/SBD-000832

3/30/2022 Evidence/Property Report – NUNEZ/SBD-00834-836

4/4/2022 Evidence/Property Report – NUNEZ/SBD-00837

4/7/2022 Evidence/Property Report NUNEZ/SBD-000838-840

Laboratory Reports SBCSD Scientific Investigations Division NUNEZ/SBD-000841

6/7/2023 Evidence/Property Report NUNEZ/SBD-000842

1    Search Warrant and Affidavit NUNEZ/SBD-000843-865

2    Photographs of Incident Scene NUNEZ/SBD-000866-903

3    Photographs of Andrew Nunez NUNEZ/SBD-000904-909

4    Photographs of Gun Recovered from Incident Scene NUNEZ/SBD-000910-913

5    Photographs of Vehicle at Incident Scene NUNEZ/SBD-000914-919

6    Photographs of Deputies NUNEZ/SBD-00920-940

7    Photographs of Deputy Cervantes NUNEZ/SBD-000941-962

8    Photographs of Less Lethal – NUNEZ/SBD-000963-975

9    Photographs of Deputy NUNEZ/SBD-000976-995

10    Photographs of Less Lethal NUNEZ/SBD-000996-1008

11    Photographs of Deputy Campos NUNEZ/SBD-001009-1030

12    Photographs of Taser NUNEZ/SBD-001031-1037

13    Photographs of Deputy Martinez  NUNEZ/SBD-001036-1058

14    Photographs of Service Weapon NUNEZ/SBD-001059-1080

15    Photographs of Incident Location – Exterior and Garage  NUNEZ/SBD-001081-
16    1218, 1355-1495, 1502-1568, 1629-1631, 1634-1636, 1643-1646, 1657-1658

17    Photographs of Incident Location – Interior NUNEZ/SBD-001219-1354

18    Photographs of the Chain NUNEZ/SBD-001497-1501, 1647-1656

19    Photographs of the Decedent   NUNEZ/SBD-001569-1622, 1632-1633, 1637-
20    1642

21    Photographs of the Decedent's Belongings NUNEZ/SBD-001523-1628

22    3/29/2022 - 9-1-1 Call Audio Recording NUNEZ/SBD-001659

23    3/29/2022 – Radio Traffic Audio – NUNEZ/SBD-001660

24    3/29/2022 – Audio Family contact at Scene – NUNEZ/SBD-001661

25    3/29/2022 – Initial Family Contact – NUNEZ/SBD-00162

26    3/29/2022 – Family Contact – Audio NUNEZ/SBD-001663

27    3/29/2022 – Witness Interview – Audio – Fernando Guzman NUNEZ/SBD-
28    001664

22

3/29/2024 – Witness Interview – audio – Alejandra Guzman NUNEZ/SBD-001665

3/29/2022 – Witness Interview – Julio Romero – NUNEZ/SBD-01666

3/29/2022 – Witness Interview – Christine Silva – NUNEZ/SBD-001667

3/29/2022 – Witness Interview – Mary Zamudio – NUNEZ/SBD-001668

3/29/2022 – Witness Interview – Audio – Noelia Benetiz – NUNEZ/SBD-001669-1670

3/29/2022 – Captain Breiner Interview – Audio – NUNEZ/SBD-001671

3/29/2022 – Deputy Campos Audio Interview – NUNEZ/SBD-001672-1673

3/29/2022 – Witness Interview – Audio – Ruben Carlos NUNEZ/SBD-001674

3/29/2022 – Witness Interview – Audio – Sabrina Cervantes – NUNEZ/SBD-001676

3/29/2022 – Witness Interview – Jeremy Deberg Audio – NUNEZ/SBD-001678

3/29/2022 – Witness Interview – Sgt. Corey LeFever – Audio – NUNEZ/SBD-001679-1680

3/29/2022 – Witness Interview – Brenda Lopez NUNEZ/SBD-001681

3/29/2022 – Witness interview – Audio – Marriquin – NUNEZ/SBD-001682

3/29/2022 – Witness Interview – Michael Martinez – Audio – NUNEZ/SBD-001683

3/29/2024 Witness Interview – Audio – Andrew Nunez NUNEZ/SBD-001684-1685

3/29/2022 – Witness Interview – Audio – Battalion Chief Pullen NUNEZ/SBD-001686

3/29/2022 Witness Interview – Audio – Cole Raynolds NUNEZ/SBD-001687

3/29/2024 – Witness Interview – Audio – Jason Schroeder NUNEZ/SBD-001688-1689

3/29/2024 – Witness Interview – Audio Derek Zan – NUNEZ/SBD-001693

3/29/2022 – Audio from Deputy Device – NUNEZ/SBD-001693-1694

1    3/29/2022 – Audio from Deputy Device – NUNEZ/SBD-001695

2    3/29/2022 – Audio from Deputy Device NUNEZ/SBD-001696

3    3/29/2022 – Audio from Deputy Device – NUNEZ/SBD-001698

4    3/29/2022 – Audio from Deputy Device – NUNEZ/SBD-001699

5    3/29/2022 – Audio from Deputy Device – NUNEZ/SBD-01700

6    3/29/2022 – Audio from Deputy Device – NUNEZ/SBD-001701

7    3/29/2022 – Audio from Deputy Device – Transport to Hesperia NUNEZ/SBD-

8    001702

9    3/29/2022 – Audio from Deputy Device – Transport from Hesperia

10    NUNEZ/SBD-001703

11    3/29/2022 – Aerial Footage from CHP NUNEZ/SBD-001704

12    Autopsy Photos – NUNEZ/SBD-001705-1852

13    Faro.Zip Folder – NUNEZ/SBD-002037

14    Policy Manual – NUNEZ/SBD-002038-2091

15    Responses to Request for Admission, Set One from Andrew Nunez signed

16    12/5/23

17    Responses to Request for Admission, Set One Anthony Nunez, Jr. signed 12/5/23

18    Responses to Request for Admission, Set One Rosa Nunez signed 12/5/23

19    Responses to Interrogatories, Set One Anthony Nunez, Jr. signed 12/5/23

20    Responses to Interrogatories, Set One Rosa Nunez signed 12/5/23

21    Responses to Interrogatories, Set One Andrew Nunez signed 12/5/23

22    Supplemental Responses to Requests for Admission, Set One Anthony Nunez Jr.

23    signed 1/25/24

24    Supplemental Responses to Interrogatories, Set One Anthony Nunez Jr. signed

25    1/25/24

26    Responses to Interrogatories, Set Two Anthony Nunez, Jr. signed 2/12/24

27    Responses to Interrogatories, Set Two Andrew Nunez signed 2/12/24

28    Responses to Requests for Admission, Set Two Andrew Nunez signed 2/12/14

1    Responses to Request for Admission, Set Two Anthony Nunez Jr. signed 2/12/24

2    Responses to Request for Admission, Set Two Rosa Nunez signed 2/12/24

3    Exhibit 1 to the 2/6/24 Deposition Transcript of Rosa Nunez – Second Amended

4    Complaint

5    Exhibit 2 to the 2/6/24 Deposition Transcript of Rosa Nunez – Responses to

6    Interrogatories, Set One

7    Exhibit 1 to the 2/12/24 Deposition Transcript of Michael Martinez – Photograph

8    1649

9    Exhibit 2 to the 2/12/24 Deposition Transcript of Michael Martinez – Photograph

10   1656

11   Exhibit 3 to the 2/12/24 Deposition Transcript of Michael Martinez – Photograph

12   1136

13   Exhibit 4 to the 2/12/24 Deposition Transcript of Michael Martinez – Photograph

14   Affixed with Circle

15   Exhibit 5 to the 2/12/24 Deposition Transcript of Michael Martinez Photograph

16   1139

17   Exhibit 6 to the 2/12/24 Deposition Transcript of Michael Martinez – Photograph

18   1143

19   Exhibit 7 to the 2/12/24 Deposition Transcript of Michael Martinez – Photograph

20   1219

21   Exhibit 8 to the 2/12/24 Deposition Transcript of Michael Martinez – Photograph

22   1155

23   Exhibit 9 to the 2/12/24 Deposition Transcript of Michael Martinez – Photograph

24   Affixed with Circles and Arrows

25   Exhibit 10 to the 2/12/24 Deposition Transcript of Michael Martinez –

26   Photograph 1161

27   Exhibit 11 to the 2/12/24 Deposition Transcript of Michael Martinez –

28   Photograph Affixed with Circles

1    Exhibit 12 to the 2/12/24 Deposition Transcript of Michael Martinez –
2  Photograph 1218

3    Exhibit 13 to the 2/12/24 Deposition Transcript of Michael Martinez –
4  Photograph 1419

5    Exhibit 14 to the 2/12/24 Deposition Transcript of Michael Martinez –
6  Photograph 1507

7    Exhibit 15 to the 2/12/24 Deposition Transcript of Michael Martinez –
8  Photograph 1572

9    Exhibit 1 to the 2/12/24 Deposition Transcript of Corey LaFever – Photograph
10  1161

11    Exhibit 2 to the 2/12/24 Deposition Transcript of Corey LaFever – Photograph
12  with Markings

13    Exhibit 3 to the 2/12/24 Deposition Transcript of Corey LaFever – Photograph
14  1218

15    Exhibit 4 to the 2/12/24 Deposition Transcript of Corey LaFever – Photograph
16  with Markings

17    Exhibit 1 to the 2/14/24 Deposition Transcript of Anthony Nunez Jr. – Responses
18  to Interrogatories, Set One

19    Exhibit 2 to the 2/14/24 Deposition Transcript of Anthony Nunez Jr. – Video

20    Exhibit 3 to the 2/14/24 Deposition Transcript of Anthony Nunez Jr. – Video

21    Exhibit 4 to the 2/14/24 Deposition Transcript of Anthony Nunez Jr. –
22  Photograph

23    Exhibit 1 to the 2/22/24 Deposition Transcript of Sabrina Cervantes – Photograph
24  1218

25    Exhibit 2 to the 2/22/24 Deposition Transcript of Sabrina Cervantes – Photograph
26  1146

27    Exhibit 1 to the 2/27/24 Deposition Transcript of Luz Elena Ramos – Notice of
28  Deposition

1    Exhibit 2 to the 2/27/24 Deposition Transcript of Luz Elena Ramos – Color Copy
2    of Photo

3    Exhibit 3 to the 2/27/24 Deposition Transcript of Luz Elena Ramos - Color Copy
4    of Photo

5    Exhibit 4 to the 2/27/24 Deposition Transcript of Luz Elena Ramos - Color Copy
6    of Photo

7    Exhibit 5 to the 2/27/24 Deposition Transcript of Luz Elena Ramos - Color Copy
8    of Photo

9    Exhibit 6 to the 2/27/24 Deposition Transcript of Luz Elena Ramos - Color Copy
10    of Photo

11    Exhibit 7 to the 2/27/24 Deposition Transcript of Luz Elena Ramos - Color Copy
12    of Photo

13    Exhibit 8 to the 2/27/24 Deposition Transcript of Luz Elena Ramos - Color Copy
14    of Photo

15    Exhibit 9 to the 2/27/24 Deposition Transcript of Luz Elena Ramos - Color Copy
16    of Photo

17    Exhibit 1 to the 2/27/24 Deposition Transcript of Melissa Carpenter – Audio
18    Recording Clip (marked Confidential)

19    Exhibit A to the 3/18/2024 Deposition Transcript of Jonathan Campos –
20    Photograph Bates NUNEZ/SBD-001218

21    Exhibit B to the 3/18/2024 Deposition Transcript of Jonathan Campos –
22    Photograph Bates NUNEZ/SBD-001143

23    Exhibit C to the 3/18/2024 Deposition Transcript of Jonathan Campos –
24    Photograph Bates NUNEZ/SBD-001146

25    Exhibit D to the 3/18/2024 Deposition Transcript of Jonathan Campos –
26    Photograph w/alteration Bates NUNEZ/SBD-001146

27    Exhibit E to the 3/18/2024 Deposition Transcript of Jonathan Campos –
28    Photograph Bates NUNEZ/SBD-001151

1    Exhibit F to the 3/18/2024 Deposition Transcript of Jonathan Campos –

2    Photograph w/ alteration Bates NUNEZ/SBD-001151

3    Exhibit G to the 3/18/2024 Deposition Transcript of Jonathan Campos –

4    Photograph w/ alteration Bates NUNEZ/SBD-001218

5    Exhibit 1 to the Deposition Transcript of Scott Defoe – Notice of Deposition

6    Exhibit 2 to the Deposition Transcript of Scott Defoe – Curriculum Vitae

7    Exhibit 3 to the Deposition Transcript of Scott Defoe – 2024 Fee Schedule

8    Exhibit 4 to the Deposition Transcript of Scott Defoe – Rule 26 Disclosure

9    Exhibit 5 to the Deposition Transcript of Scott Defoe – Report

10    Exhibit 6 to the Deposition Transcript of Scott Defoe – Report

11    Exhibit 8 to the Deposition Transcript of Scott Defoe – LA Times Article

12    Exhibit 1 to the 2/26/24 Deposition Transcript of Noelia Benitez – Deposition

13    Notice

14    Exhibit 2 to the 2/26/24 Deposition Transcript of Noelia Benitez – SBD-00175

15    Exhibit 3 to the 2/26/24 Deposition Transcript of Noelia Benitez – Response to

16    Interrogatories

17    Exhibit 4 to the 2/26/24 Deposition Transcript of Noelia Benitez – Drawing

18    Exhibit 5 to the 2/26/24 Deposition Transcript of Noelia Benitez – Photo

19    Exhibit 6 to the 2/26/24 Deposition Transcript of Noelia Benitez – Audio Clip

20    Exhibit 7 to the 2/26/24 Deposition Transcript of Noelia Benitez – Complaint

21    Exhibit 8 to the 2/26/24 Deposition Transcript of Noelia Benitez – Interview

22    Exhibit 1 to the 2/26/24 Deposition Transcript of Brenda Lopez – Interview

23    Audio

24    Exhibit 2 to the 2/26/24 Deposition Transcript of Brenda Lopez – Interview

25    Summary

26    Exhibit 3 to the 2/26/24 Deposition Transcript of Brenda Lopez – Map of House

27    Exhibit 4 to the 2/26/24 Deposition Transcript of Brenda Lopez – Photo (house)

28    Exhibit 5 to the 2/26/24 Deposition Transcript of Brenda Lopez – Photo

1    (window)

2    Exhibit 6 to the 2/26/24 Deposition Transcript of Brenda Lopez – Photo (door)

3    Exhibit 7 to the 2/26/24 Deposition Transcript of Brenda Lopez – Photos

4    (bedroom)

5    Exhibit 1 to the 2/21/24 Deposition Transcript of Jeremy Deberg – Photograph

6    1136

7    Exhibit 2 to the 2/21/24 Deposition Transcript of Jeremy Deberg – Photograph

8    1218

9    Exhibit 3 to the 2/21/24 Deposition Transcript of Jeremy Deberg – Photograph

10   1146

11   Exhibit 4 to the 2/21/24 Deposition Transcript of Jeremy Deberg – Photograph

12   1151

13   Exhibit 5 to the 2/21/24 Deposition Transcript of Jeremy Deberg – Photograph

14   1161

15   Exhibit 1 to the 2/15/24 Deposition Transcript of Andrew Nunez – Summary

16   Exhibit 2 to the 2/15/24 Deposition Transcript of Andrew Nunez – Photo

17   Exhibit 3 to the 2/15/24 Deposition Transcript of Andrew Nunez – Photo

18   Exhibit 4 to the 2/15/24 Deposition Transcript of Andrew Nunez – 911 Recording

19   Exhibit 5 to the 2/15/24 Deposition Transcript of Andrew Nunez – Recording

20   Exhibit 6 to the 2/15/24 Deposition Transcript of Andrew Nunez – Complaint

21

22   Responses to Request for Admission, Set One from Andrew Nunez signed

23   12/5/23

24   Responses to Request for Admission, Set One Anthony Nunez, Jr. signed 12/5/23

25   Responses to Request for Admission, Set One Rosa Nunez signed 12/5/23

26   Responses to Interrogatories, Set One Anthony Nunez, Jr. signed 12/5/23

27   Responses to Interrogatories, Set One Rosa Nunez signed 12/5/23

28   Responses to Interrogatories, Set One Andrew Nunez signed 12/5/23

Supplemental Responses to Requests for Admission, Set One Anthony Nunez Jr. signed 1/25/24

Supplemental Responses to Interrogatories, Set One Anthony Nunez Jr. signed 1/25/24

Responses to Interrogatories, Set Two Anthony Nunez, Jr. signed 2/12/24

Responses to Interrogatories, Set Two Andrew Nunez signed 2/12/24

Responses to Requests for Admission, Set Two Andrew Nunez signed 2/12/14

Responses to Request for Admission, Set Two Anthony Nunez Jr. signed 2/12/24

Responses to Request for Admission, Set Two Rosa Nunez signed 2/12/24

## 8.    **REMAINING TRIABLE ISSUES**

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

1.    Whether Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes used excessive and/or unreasonable force against Mr. Nuñez;

2.    Whether the conduct of Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes was reasonable under the circumstances within the meaning of Fourth and Fourteenth Amendment jurisprudence;[6]

---

[6] Plaintiffs' position is that this issue is duplicative of issue 1 as to the Fourth Amendment, and is inaccurate as to the Fourteenth Amendment, which is not evaluated under a "reasonableness" standard, unlike the Fourth Amendment. Defendants' position is that the comment to Model instruction 9.29 expressly recognizes the need to evaluate the reasonableness of the force used on a Fourteenth Amendment claim.

3.    Whether Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes had the opportunity for actual deliberation before applying non-lethal and lethal force to Anthony Nunez in view of the totality of the circumstances;[7]

4.    Whether Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes are entitled to qualified immunity because any mistakes of fact or law the deputies may have made were reasonable, and their actions did not violate clearly established law. [8]

5.    Whether the conduct of Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes shocked the conscience;

6.    Whether the conduct of Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes constituted unlawful battery;

7.    Whether Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes were negligent with respect to their conduct toward Mr. Nuñez during the incident, including pre-shooting negligence;

---

[7] Plaintiffs dispute this issue as to the word "actual" for reasons stated in Plaintiffs' explanation of the disputed jury instruction regarding Plaintiffs' Fourteenth Amendment claim. Defendants' position is that "actual deliberation" is the standard in the Model instruction and controlling case law.

[8] Plaintiffs dispute this issue in that qualified immunity is a legal issue, not an issue of fact subject to determination by a jury, as more fully explained in Plaintiffs' explanation of competing proposed verdict forms. Defendants' position is the qualified immunity defense necessarily involves factual determinations that must be made by the jury, such as whether a constitutional violation occurred, such that the Court may then determine this affirmative defense as a matter of law. See e.g. *Maestas v. Lujan*, 351 F.3d 1001, 1007 (10th Cir.2003); *Littrell v. Franklin*, 388 F.3d 578,584 (8th Cir.2004).

8.   Whether the standard for a Bane Act Claim is "reckless disregard" or the specific "intent to deprive" the decedent of his particular rights set forth in CACI 3066. [9]

9.   Whether Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes violated the Bane Act;

10.  Nature and extent of Mr. Nuñez's damages (survival damages, including pre-death pain and suffering, loss of life, and loss of enjoyment of life), if any;

11.  Whether Andrew Nuñez contemporaneously observed the use of unreasonable force concerning the decedent;[10]

12.  Whether Andrew Nunez suffered serious emotional distress;

13.  Whether Andrew Nunez caused or contributed to cause Andrew Nunez's emotional distress;[11]

14.  Whether Anthony Nunez's own actions caused or contributed to cause his death;

15.  The nature and extent of Plaintiffs' damages (wrongful death damages and individual damages for Andrew Nuñez's emotional distress), if any.


**9.   <u>DISCOVERY</u>**

All discovery is complete.

---

[9] Plaintiffs dispute that this is a triable issue for the jury separate and apart from the jury's determination of whether the deputies had the opportunity to deliberate before using force, which is separately listed on this list. Defendants' position is explained in the Disputed Jury Instructions.

[10] Plaintiffs dispute this issue to the extent it suggests Andrew Nuñez was required to contemporaneously observe the unreasonable nature of the force. He was only required to contemporaneously become aware of injury and/or death to Anthony Nuñez, not of additional details supporting negligence liability.

[11] Plaintiffs dispute that this is a valid issue in this case, as noted above.

**10.    DISCLOSURES AND EXHIBIT LIST**

All disclosures required under Fed. R. Civ. P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1 ("Joint Exhibit List").  In view of the volume of exhibits marked by each party, the parties have incorporated in the attached "Joint Exhibit List" all agreements regarding admitted exhibits, and all objections, including the grounds therefor.

**11.    WITNESS LISTS**

The witness lists of the parties have been filed under separate cover as required by L.R. 16-5 ("Witness List").

Only the witnesses identified on these lists will be permitted to testify (other than solely for impeachment).

**12.    MOTIONS IN LIMINE**

The parties have met and conferred on the motions *in limine*. Motions *in limine* have been filed with the Court, and have been ruled upon as follows:

1. Plaintiffs' Motion *in Limine* No. 1 to Exclude Information Unknown to Deputies at Time of Use of Force:

2. Plaintiffs' Motion *in Limine* No. 2 to Exclude Any Findings by Any Agency:

3. Defendants' Motion *in Limine* No. 1 to Exclude Speculative Evidence of the Decedent's Alleged Mental Illness:

4. Defendants' Motion *in Limine* No. 2 to Exclude Opinions of Plaintiff's Expert Scott DeFoe Regarding the Mental Health of the Decedent and Opinions Based on the Claim the Decedent Was Mentally Ill or Experiencing a Mental Health Crisis:

No other motions *in limine* are pending or contemplated.

In addition to the foregoing motions *in limine*, the parties have reached several pretrial stipulations regarding the presentation of evidence and argument at trial. These stipulations were confirmed in a prior order of the Court. [Dkt. 97.]

**13.    OTHER PRETRIAL MOTIONS**

The parties have met and conferred on all potential motions other than motions *in limine*. No motions other than motions *in limine* are pending or contemplated.

**14.    BIFURCATION**

The parties do not request bifurcation.

**15.    ADMISSIONS**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pre-Trial Order shall supersede the pleadings, and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

IT IS SO ORDERED.

Dated:

_____          _____
                                                SUNSHINE S. SYKES
                                                United States District Judge