1
2
3
4
5
6

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

7
8
9
10
11

**CARRILLO LAW FIRM, LLP**
Luis A. Carrillo (SBN 70398)
Michael S. Carrillo (SBN 258878)
Dominique L. Boubion (SBN 336915)
1499 Huntington Drive, Suite 402
South Pasadena, California 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

12

*Attorneys for Plaintiffs*

13
14
15

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT COURT OF CALIFORNIA**

16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| ROSA NUÑEZ, individually; ANTHONY NUÑEZ, JR., individually and as successor-in-interest to Decedent, Anthony Nuñez; and, ANDREW NUÑEZ, individually, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN BERNARDINO; CITY OF HESPERIA; MICHAEL MARTINEZ; SABRINA CERVANTES; JEREMY DEBERG; JONATHAN CAMPOS; and DOES 5 through 15, inclusive, <br><br> Defendants. | Case No.: 5:22-cv-01934-SSS-SP <br><br> *Honorable Sunshine S. Sykes* <br> *Hon. Mag. Judge Sheri Pym* <br><br> **COMPETING PROPOSED VERDICT FORMS** <br><br> FPTC:  September 6, 2024 <br> Trial:    September 23, 2024 |

**1**

PROPOSED VERDICT FORM

**PLEASE TAKE NOTICE** that the Parties hereby submit the their [Proposed] Competing Verdict Forms for the Trial of this matter. The parties reserve their right to amend their [Proposed] Verdict Forms to the extent permitted by this Honorable Court.

Plaintiffs object to the entirety of Defendants' Proposed Verdict Form, on the grounds detailed herein and within Plaintiffs' Memorandum of Contentions of Fact and Law, Plaintiffs' portions of the [Proposed] Final Pretrial Conference Order, and Plaintiffs' positions stated in the Disputed Jury Instructions (Redline). Plaintiffs reserve their right to assert further objections based on the Court's pretrial rulings and any arguments made during the pretrial conference in this matter. Plaintiffs submit that their Proposed Verdict Form accurately and objectively tracks the required legal elements for their claims.

Defendants object to the indicated portions of Plaintiffs' Proposed Verdict Form and/or seek added or altered language as specified herein, and as set forth in Defendants' portions of the [Proposed] Final Pretrial Conference Order, and Defendants' positions stated in the Disputed Jury Instructions (Redline). Defendants reserve their right to assert further objections based on the Court's pretrial rulings and any arguments made during the pretrial conference in this matter. It is Defendants' position that their requested Proposed Verdict Form more accurately reflects the applicable law, more closely tracks the Ninth Circuit Model Jury Instructions, and will better guide the jury in reaching a verdict.

1

Respectfully submitted,

2

3

DATED:  August 23, 2024          LAW OFFICES OF DALE K. GALIPO

4

5

By:    */s/ Benjamin S. Levine*

6

Dale K. Galipo

7

Benjamin S. Levine[1]
Attorneys for Plaintiffs

8

9

10

DATED:  August 23, 2024          WESIERSKI & ZUREK LLP

11

12

By_____*/s/ Michelle R. Prescott*_____

13

CHRISTOPHER P. WESIERSKI

14

MICHELLE R. PRESCOTT
Attorneys for Defendants, COUNTY OF SAN

15

BERNARDINO, CITY OF HESPERIA,
MICHAEL MARTINEZ, SABRINA

16

CERVANTES and JEREMY DEBERG

17

18

19

20

21

22

23

24

25

26

27

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed,
and on whose behalf the filing is submitted, concur in the filing's content and have authorized the
filing.

28

**3**

## PLAINTIFFS' PROPOSED SPECIAL VERDICT FORM

We the jury in the above-entitled case find as follows:

## EXCESSIVE FORCE AND BATTERY CLAIM

**QUESTION 1:** Did any of the deputy defendants use excessive or unreasonable force against Anthony Nuñez?

Michael Martinez          _____ YES          _____ NO

Jeremy Deberg             _____ YES          _____ NO

Sabrina Cervantes         _____ YES          _____ NO

*If you gave any "Yes" answers to Question 1, please answer Question 2.*

*If you did not give any "Yes" answers to Question 1, please proceed to Question 3.*

**QUESTION 2:** Was the use of excessive or unreasonable force by any of the following deputy defendants a cause of harm, damage, injury, loss, or death to Anthony Nuñez?

Michael Martinez          _____ YES          _____ NO

Jeremy Deberg             _____ YES          _____ NO

Sabrina Cervantes         _____ YES          _____ NO

*Please proceed to the next Question.*

**4**

## **NEGLIGENCE CLAIM**

**QUESTION 3:** Were any of the deputy defendants negligent toward Anthony Nuñez?

     Michael Martinez     _____ YES     _____ NO

     Jeremy Deberg     _____ YES     _____ NO

     Sabrina Cervantes     _____ YES     _____ NO

*If you gave any "Yes" answers to Question 3, please proceed to Question 4.*

*If you did not give any "Yes" answers to Question 3, please proceed to Question 5.*

**QUESTION 4:** Was the negligence of any of the deputy defendants a cause of injury and/or death to Anthony Nuñez?

     Michael Martinez     _____ YES     _____ NO

     Jeremy Deberg     _____ YES     _____ NO

     Sabrina Cervantes     _____ YES     _____ NO

*Please proceed to Question 5.*

/ / /

/ / /

**QUESTION 5:** Was Anthony Nuñez negligent?

_____ YES        _____ NO

_If you answered "Yes" to Question 5, please answer Question 6._

_If you answered "No" to Question 5, please proceed to Question 7._

**QUESTION 6:** Was Anthony Nuñez's negligence a cause of his injury and/or death?

_____ YES        _____ NO

_Please proceed to Question 7._

/ / /

/ / /

/ / /

**6**

**QUESTION 7:** What percentage of negligence that was a cause of Anthony Nuñez's injury and/or death do you assign to the deputy defendants, and what percentage of negligence that was a cause of Anthony Nuñez's injury and/or death do you assign to Anthony Nuñez, if any?  (Your total should equal 100%).


Michael Martinez            _____ %

Jeremy Deberg               _____ %

Sabrina Cervantes           _____ %

Anthony Nuñez               _____ %


*Please proceed to the next Question.*


## **BANE ACT CLAIM**


**QUESTION 8:** Did any deputy defendant violate the Bane Act by using force against Anthony Nuñez?


Michael Martinez        _____ YES        _____ NO

Jeremy Deberg           _____ YES        _____ NO

Sabrina Cervantes       _____ YES        _____ NO


*Please proceed to the next Question.*

## <u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM</u>

**QUESTION 9:** Did any deputy defendant negligently inflict severe emotional distress on Plaintiff Andrew Nuñez?

Michael Martinez     _____ YES     _____ NO

Jeremy Deberg     _____ YES     _____ NO

Sabrina Cervantes     _____ YES     _____ NO

*Please proceed to the next Question.*

## <u>FOURTEENTH AMENDMENT CLAIM</u>

**QUESTION 10:** Did any of the deputy defendants interfere with Plaintiffs' familial relationship with the decedent, Anthony Nuñez?

Michael Martinez     _____ YES     _____ NO

Jeremy Deberg     _____ YES     _____ NO

Sabrina Cervantes     _____ YES     _____ NO

*Answer Question 11 only if you answered "Yes" to Questions 2, 4, and/or 13.*

/ / /

/ / /

## __DAMAGES__

**QUESTION 11:** What are Anthony Nuñez's damages for his pre-death pain and suffering?

$_____

*Answer Question 12 only if you answered "Yes" to Question 2.*

**QUESTION 12:** What are Anthony Nuñez's damages for his loss of life?

$_____

*Answer Question 13 only if you answered "Yes" to Questions 2, 4, and/or 8.*

**QUESTION 13:** What are Plaintiff Anthony Nuñez, Jr.'s wrongful death damages for the loss of his father, Anthony Nuñez?

Past wrongful death damages      $_____

Future wrongful death damages    $_____

*Answer Question 14 only if you answered "Yes" to Question 10.*

**QUESTION 14:** What are Rosa Nuñez's wrongful death damages for the loss of her son, Anthony Nuñez?

Past wrongful death damages    $_____

Future wrongful death damages    $_____

*Answer Question 15 only if you answered "Yes" to Question 9.*

**QUESTION 15:** What are Plaintiff Andrew Nuñez's damages for his emotional distress suffered as a result of his contemporaneous awareness of Anthony Nuñez's injuries and/or death?

Andrew Nuñez's past emotional distress    $_____

Andrew Nuñez's future emotional distress    $_____

*Please sign and return this verdict form.*

Signed: _____    Dated: _____

Jury Foreperson

**10**

## **DEFENDANTS' PROPOSED SPECIAL VERDICT FORM**

We the jury in the above-entitled case find as follows:

## **EXCESSIVE FORCE AND BATTERY CLAIM**

**QUESTION 1:** Did Plaintiffs prove, by a preponderance of the evidence, that any of the deputy defendants used excessive or unreasonable force against Anthony Nuñez?

| | | |
|---|---|---|
| Michael Martinez | _____ YES | _____ NO |
| Jeremy Deberg | _____ YES | _____ NO |
| Sabrina Cervantes | _____ YES | _____ NO |

_____ *If you answered "Yes" to question 1 as to any deputy defendant, please proceed to question 2 for each of the deputy defendants as to whom you answered "Yes."*

_____ *If you answered "No" to question 1 as to any deputy defendant, please proceed to question 3 for each of the deputy defendants as to whom you answered "No."* ~~If you gave any "Yes" answers to Question 1, please answer Question 2.~~

~~If you did not give any "Yes" answers to Question 1, please proceed to Question 3~~.

**QUESTION 2:** Was the use of excessive or unreasonable force by any of the following deputy defendants a cause of harm, damage, injury, loss, or death to Anthony Nuñez?

| | | |
|---|---|---|
| Michael Martinez | _____ YES | _____ NO |
| Jeremy Deberg | _____ YES | _____ NO |
| Sabrina Cervantes | _____ YES | _____ NO |

**11**

*Please proceed to the next question.*

## **NEGLIGENCE CLAIM**

**QUESTION 3:** ~~Were~~ Did plaintiffs prove, by a preponderance of the evidence, that any of the deputy defendants were negligent toward Anthony Nuñez?

     Michael Martinez    _____ YES     _____ NO

     Jeremy Deberg     _____ YES     _____ NO

     Sabrina Cervantes   _____ YES     _____ NO

     *If you answered "Yes" to question 3 as to any deputy defendant, please proceed to question 4 for each of the deputy defendants as to whom you answered "Yes."*

     *If you answered "No" to question 3 as to any deputy defendant, please proceed to question 5 for each of the deputy defendants as to whom you answered "No."* ~~*If you gave any "Yes" answers to Question*~~ question ~~*3, please proceed to Question 4.*~~
~~*If you did not give any "Yes" answers to Question 3, please proceed to Question 8.*~~

**QUESTION 4:** Was the negligence of any of the deputy defendants a substantial factor in causing ~~cause of~~ injury and/or death to Anthony Nuñez?

     Michael Martinez    _____ YES     _____ NO

     Jeremy Deberg     _____ YES     _____ NO

     Sabrina Cervantes   _____ YES     _____ NO

*If you gave any "Yes" answers to Question 4, please proceed to Question 5.*

*If you did not give any "Yes" answers to Question 4, p*Please proceed to *Question*question 5~~8~~.

*/ / /*

*/ / /*

**QUESTION 5:** Was Anthony Nuñez negligent?

_____ YES        _____ NO

*If you answered "Yes" to question 5, please answer question 6.*

*If you answered "No" to question 5, please proceed to question 7.*

**QUESTION 6:** Was Anthony Nuñez's negligence a cause of his injury and/or death?

_____ YES        _____ NO

**13**

*If you answered "No" to Question 6 P, p*lease *proceed to* ~~Question~~question *7.*

**QUESTION 7:** Was Andrew Nuñez negligent?

_____    _____ YES        _____ NO

*If you answered "Yes" to question 7, please answer question 8.*
*If you answered "No" to question 7, please proceed to question 9.*

**QUESTION 8:** Was Andrew Nuñez's negligence a cause of Andrew Nunez's harm?

_____    _____ YES        _____ NO

*Please proceed to question 9.*

*/ / /*

/ / /

~~/ / /~~**QUESTION 97:** What percentage of negligence that was a cause of Anthony Nuñez's injury and/or death do you assign to the deputy defendants, and what percentage of negligence that was a cause of Anthony Nuñez's injury and/or death do you assign to Anthony Nuñez, if any?  (Your total should equal 100%).

Michael Martinez                    _____ %

Jeremy Deberg                       _____ %

Sabrina Cervantes                   _____ %

Anthony Nuñez                       _____ %


*Please proceed to the next ~~Question~~question.*


## **BANE ACT CLAIM**


~~QUESTION 8: Did any deputy defendant violate the Bane Act by using force against Anthony Nuñez?~~

~~_____~~

~~Michael Martinez          _____ YES          _____ NO~~

~~Jeremy Deberg             _____ YES          _____ NO~~

~~Sabrina Cervantes         _____ YES          _____ NO~~


*Please proceed to the next ~~Question~~question.*


**QUESTION 10:** Did plaintiffs prove, by a preponderance of the evidence, that the deputy defendants used threats, coercion, intimidation or violence against Anthony Nunez to prevent him from exercising his constitutional right to be free from unreasonable force?

_____

**15**

PROPOSED VERDICT FORM

Michael Martinez _____ YES _____ NO

Jeremy Deberg _____ YES _____ NO

Sabrina Cervantes _____ YES _____ NO

*If your answer to question 10 is "Yes" as to any deputy defendant, then answer question 11 as to that deputy defendant. If you answered "No" as to any deputy defendant, proceed to question 14 as to that deputy defendant.*

**QUESTION 11:** Did the deputy defendants' threats, coercion, intimidate or violence cause Anthony Nunez to reasonably believe that if he exercised his constitutional right to be free from unreasonable force, the deputy defendants would commit violence against him and they had the apparent ability to carry out the threat?

Michael Martinez _____ YES _____ NO

Jeremy Deberg _____ YES _____ NO

Sabrina Cervantes _____ YES _____ NO

*If your answer to question 11 is "Yes" as to any deputy defendant, then answer question 12 as to that deputy defendant. If you answered "No" as to any deputy defendant, proceed to question 14 as to that deputy defendant.*

**QUESTION 12:** Did the deputy defendants commit these acts of violence to prevent Anthony Nunez from exercising his constitutional right to be free from unreasonable force/retaliate against Anthony Nunez for having exercised his constitutional right to be free from unreasonable force?

**16**

Michael Martinez _____ YES _____ NO

Jeremy Deberg _____ YES _____ NO

Sabrina Cervantes _____ YES _____ NO

*If your answer to question 12 is "Yes" as to any deputy defendant, then answer question 13 as to that deputy defendant. If you answered "No" as to any deputy defendant, then please proceed to question 14 as to that deputy defendant.*

**QUESTION 13:** Was the deputy defendants' conduct a substantial factor in causing harm to Anthony Nunez?

Michael Martinez _____ YES _____ NO

Jeremy Deberg _____ YES _____ NO

Sabrina Cervantes _____ YES _____ NO

*Please proceed to question 14.*

**17**

# NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM

**QUESTION 9:** Did any deputy defendant negligently inflict severe emotional distress on Plaintiff Andrew Nuñez?

_____

Michael Martinez _____ YES _____ NO

Jeremy Deberg _____ YES _____ NO

Sabrina Cervantes _____ YES _____ NO

**QUESTION 14:** Was the conduct of the deputy defendants on March 29, 2022 towards Andrew Nunez, outrageous?

_____

Michael Martinez _____ YES _____ NO

Jeremy Deberg _____ YES _____ NO

Sabrina Cervantes _____ YES _____ NO

*If your answer to question 14 is "Yes" as to any deputy defendant, then answer question 15 as to that deputy defendant. If you answered "No" as to any deputy defendant, then please proceed to question 18 as to that deputy defendant.*

**QUESTION 15:** Did any of the deputy defendants on March 29, 2022 intend to cause Andrew Nunez emotional distress?

_____

Michael Martinez _____ YES _____ NO

Jeremy Deberg _____ YES _____ NO

Sabrina Cervantes _____ YES _____ NO

**18**

*If your answer to question 15 is "Yes" as to any deputy defendant, then answer question 16 as to that deputy defendant. If you answered "No" as to any deputy defendant, then please proceed to question 18 as to that deputy defendant.*

**QUESTION 16:**  Did Andrew Nunez suffer severe emotional distress due to the conduct of the deputy defendants on March 29, 2022?

Michael Martinez        _____ YES        _____ NO

Jeremy Deberg        _____ YES        _____ NO

_____ Sabrina Cervantes        _____ YES        _____ NO

*If your answer to question 16 is "Yes" as to any deputy defendant, then answer question 17 as to that deputy defendant. If you answered "No" as to any deputy defendant, then please proceed to question 18 as to that deputy defendant.*

**QUESTION 17:**  Was the conduct of the deputy defendants on March 29, 2022, a substantial factor in causing Anthony Nunez severe emotional distress?

Michael Martinez        _____ YES        _____ NO

Jeremy Deberg        _____ YES        _____ NO

Sabrina Cervantes        _____ YES        _____ NO

*Please proceed to the next question.*

## FOURTEENTH AMENDMENT CLAIM

**QUESTION ~~10~~18:** Did plaintiffs prove, by a preponderance of the evidence, that any of the deputy defendants acted with deliberate indifference to ~~interfere with~~ Plaintiffs' rights to familial relationship with the decedent, Anthony Nuñez?

~~?~~

| | | |
|---|---|---|
| Michael Martinez | _____ YES | _____ NO |
| Jeremy Deberg | _____ YES | _____ NO |
| Sabrina Cervantes | _____ YES | _____ NO |

*Answer question 1~~1~~8 only if you answered "Yes" to questions 2, 4 and/or 13.~~2, 4, and/or 8.~~*

~~/ / /~~

## DAMAGES

**QUESTION 19:** What are Anthony Nuñez's damages for his pre-death pain and suffering?

$_____

*Answer question ~~1~~19 only if you answered "Yes" to question 2, 4 and/or 13.~~2~~.*

**20**

PROPOSED VERDICT FORM

**QUESTION 20:** What are Anthony Nuñez's damages for his loss of life?

$\underline{\hspace{4cm}}$

*Answer question ~~1~~19 only if you answered "Yes" to question 2, 4 and/or 13.~~2. , 4, and/or 8.~~*

**QUESTION 21:** Did Anthony Nunez fail to mitigate his damages by failing to follow commands?

$\underline{\hspace{3cm}}$YES        $\underline{\hspace{2cm}}$NO        $\underline{\hspace{1cm}}$

*If you answered "Yes" to question 21, please answer question 22.*
*If you answered "No" to question 21, please proceed to question 23.*

**QUESTION 22:**  What amount of Anthony Nunez's damages could have been mitigated?

$\underline{\hspace{5cm}}$$\underline{\hspace{5cm}}$

Do not reduce the damages by this amount, if any, because the Court will do so when entering judgment.

*Please proceed to the next question.*

21
PROPOSED VERDICT FORM

**QUESTION 23~~13~~:** What are Plaintiff Anthony Nuñez, Jr.'s wrongful death damages for the loss of his father, Anthony Nuñez?

Past wrongful death damages    $_____

Future wrongful death damages    $_____

*Answer question ~~1~~23 only if you answered "Yes" to question 2, 4 and/or 13.~~2~~.*

**QUESTION 24~~14~~:** What are Rosa Nuñez's wrongful death damages for the loss of her son, Anthony Nuñez?

Past wrongful death damages    $_____

Future wrongful death damages    $_____

*Answer question ~~1~~19 only if you answered "Yes" to question 18.~~2~~.*

~~**QUESTION 26:** Was Andrew Nunez contemporaneously aware of Anthony Nuñez's injuries and/or death?~~

~~_____ YES       _____ NO~~

~~*If you answered "Yes" to question 26, please proceed to question 27. If you answered "No" to question 26, please sign and return this verdict form.*~~

PROPOSED VERDICT FORM

1

2

3    ~~QUESTION 27: Did Andrew Nunez suffer serious emotional distress as a result of~~

4    ~~witnessing Anthony Nuñez's injuries and/or death?~~

5

6    ~~_____    _____YES    _____NO~~

7

8

9    *~~If you answered "Yes" to question 27, please proceed to question 28.   If you answered~~*

10   *~~"No" to question 27, please  sign and return this verdict form.~~*

11

12   ~~QUESTION 28: Was the defendant deputies' negligence a substantial factor in~~

13   ~~causing Andrew Nunez's serious emotional distress?~~

14

15   ~~Michael Martinez    _____YES    _____NO~~

16   ~~Jeremy Deberg    _____YES    _____NO~~

17   ~~Sabrina Cervantes    _____YES    _____NO~~

18

19   *~~If you answered "Yes" to question 28 as to any deputy defendant, please proceed to~~*

20   *~~question 29. If you answered "No" to question 28, please  sign and return this verdict~~*

21   *~~form.~~*

22

23

24   **QUESTION ~~29~~25~~15~~:** What are Plaintiff Andrew Nuñez's damages for his emotional

25   distress suffered as a result of his contemporaneous awareness of Anthony Nuñez's

26   injuries and/or death?

27

28

**23**

Andrew Nuñez's past emotional distress    $_____

Andrew Nuñez's future emotional distress    $_____

*Answer question 25 only if you answered "Yes" to question 17.*

*Please go to next question.*

**QUESTION ~~30~~26:** What percentage of negligence that was a cause of Andrew Nuñez's injury do you assign to the deputy defendants, and what percentage of negligence that was a cause of Andrew Nuñez's injury and/or death do you assign to Andrew Nunez, if any?  (Your total should equal 100%).

Michael Martinez _____%

Jeremy Deberg _____%

Sabrina Cervantes _____%

Anthony Nuñez _____%

Andrew Nuñez _____%

*Please sign and return this verdict form.*

Signed: _____    Dated: _____

Jury Foreperson

**24**

1    **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED VERDICT**

2    **FORM**

3         Plaintiffs object to Defendants' inclusion of Question 1, regarding entitlement

4    to Qualified Immunity, in Defendants' proposed verdict form, because qualified

5    immunity is a question of law, not a question of fact for a jury to decide. *E.g.*, *Torres*

6    *v. City of Los Angeles*, 548 F.3d 1197, 1210 (9th Cir. 2008); *see Morales v. Fry*, 873

7    F.3d 817, 822-23 (9th Cir. 2017) (holding "[i]t was error for the district court to

8    submit" questions on qualified immunity "to the jury"). Whether the defendant

9    deputies violated any Plaintiff's constitutional rights (under either Plaintiffs' Fourth

10    Amendment claim for Excessive Force or Fourteenth Amendment claim for

11    Interference With Familial Relationship) under the applicable standards, on which the

12    jury will be instructed, constitute questions of fact for the jury. Whether those rights

13    were or were not clearly established at the time—the other element of a qualified

14    immunity defense—is a legal question that only the Court may address. *Morales*, 873

15    F.3d at 821 ("We hold that the 'clearly established' inquiry is a question of law that

16    only a judge can decide.") Thus, inclusion of a general question regarding entitlement

17    to Qualified Immunity is inappropriate. *See also* Ninth Circuit Model Jury Instruction,

18    No. 9.34, Comment ("The Committee has not formulated any instructions concerning

19    qualified immunity because," where qualified immunity is not resolved before trial,

20    "the ultimate question of qualified immunity is reserved for the judge to be decided

21    after trial based on the jury's resolution of the disputed facts."). Defendants also have

22    not proposed a jury instruction on "Qualified Immunity," such that the jury is likely to

23    be confused by this proposed verdict question, which will not have been explained.

24         Plaintiffs further object to the inclusion of "by a preponderance of the

25    evidence" as it appears in Questions 2, 4, 11, and 19 of Defendants' proposed verdict

26    form. It is unnecessary, as the jury will have already been separately instructed on the

27    preponderance of the evidence standard before reviewing the verdict form. Plaintiffs

28    also object to inclusion of "substantial factor in causing" as it appears in Questions 5,

14, 18, and 28 of Defendants' proposed verdict form. This is unnecessary, as the jury will have already been instructed regarding the applicability of the "substantial factor" standard to Plaintiffs' state law claims.

Plaintiffs object to the inclusion of any question(s) regarding whether Plaintiff Andrew Nuñez was negligent, including in Questions 8, 9, and 30 of Defendants' proposed verdict form, for reasons explained at greater length in Plaintiffs' explanations of disputes in the separately-submitted Disputed Jury Instructions (Redline) as to disputed instructions 9 ("Comparative Fault of Plaintiff") and 10 ("Apportionment of Responsibility"). Andrew Nuñez had no applicable legal duty in this case, and there is no substantial evidence he breached such a duty (even assuming he had one) or was otherwise negligent that would justify submission of these questions to the jury.

Plaintiffs object to Questions 11-14 of Defendants' proposed verdict form, for reasons explained at greater length in Plaintiffs' explanations of disputes in the separately-submitted Disputed Jury Instructions (Redline) as to disputed instruction 11 ("Bane Act"). Defendants' proposed Bane Act questions on the verdict form unnecessarily increase the number of questions to be submitted to the jury and significantly risk confusing the jury, given their vague and likely unfamiliar language. As with Plaintiffs' proposed Bane Act jury instruction, Plaintiffs' proposed verdict question regarding the Bane Act (Question 8 of Plaintiffs' proposed verdict form) accurately and clearly reflects the legal requirements for this claim. *See Chinaryan v. City of Los Angeles*, — F.4th —, 2024 WL 3803301, at *14-15 (9th Cir. 2024); *Hughes v. Rodriguez*, 31 F.4th 1211, 1224 (9th Cir. 2022); *Reese v. County of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018). Additionally, Defendants' proposed Questions 12 and 13 are further confusing in that they employ circular logic by referencing whether the decedent, Anthony Nuñez, "reasonably believe[d] that if he exercised his constitutional right to be free from excessive force, the deputy defendants would commit violence against him."

Plaintiffs object to Questions 15-18 and 26-28 of Defendants' proposed verdict form, all of which concern Plaintiff Andrew Nuñez's claim for Negligent Infliction of Emotional Distress ("NIED"). As to Question 15, there is no requirement in an NIED claim that the defendants' conduct be "outrageous." (*See* CACI 1621.) Defendants also have raised no objection to and have agreed upon the proposed instruction regarding Andrew Nuñez's NIED claim (Agreed-Upon Instruction 21), which is based on CACI 1621 and thus includes no reference to "outrageous" conduct. (*See* Defendants' proposed verdict Question 15.) There is also no requirement, in an NIED claim, that any defendant's conduct be intentional; such a requirement would only apply in a claim for *Intentional* Infliction of Emotional Distress. (*See* Defendants' proposed verdict Question 16; *compare* CACI 1600 (for Intentional Infliction of Emotional Distress claims, requiring both "outrageous" conduct and "inten[t] to cause emotional distress") *with* CACI 1621 (for NIED claims, requiring neither).) Although Defendants' proposed verdict Question 17 is not itself inappropriately phrased *per se*, Plaintiffs' believe that Plaintiffs' proposed verdict Question 9 is a better phrasing and constitutes an appropriate standalone question addressing NIED liability. Plaintiffs object to the separate "substantial factor" question for reasons stated above, as well as because it would unnecessarily increase the number of questions submitted to the jury. (*See* Defendants' proposed verdict Question 18.) Plaintiffs also object to Defendants' proposed additional questions further separating out other elements of the NIED claim into additional distinct jury questions; these proposed questions unnecessarily increase the number of questions that would be submitted to the jury, which will already have been appropriately instructed on the basis for determining NIED liability and for awarding damages thereon. (*See* Defendants' proposed verdict Questions 26-28.) Plaintiffs' proposed verdict Question 9 is an appropriate and proper standalone question addressing NIED liability, as already noted, and Plaintiffs' proposed verdict question 15 is an appropriate and proper standalone question addressing NIED damages.

Plaintiffs object to the inclusion of "plaintiffs prove, by a preponderance of the evidence" in Question 19 of Defendants' proposed verdict form, for reasons stated above.

Plaintiffs object to Questions 22-23 of Defendants' proposed verdict form. Whether decedent Anthony Nuñez "mitigated" his damages is an affirmative defense that Defendants have abandoned by virtue of their failure to list this affirmative defense in their filed Memorandum of Contentions of Fact and Law. [*See* Dkt. 106 at 38.] Further, the defense of mitigation is inapplicable in this case as to Anthony Nuñez: There is nothing he could have done to mitigate his damages after he had been shot, because soon after he became unresponsive and died. These proposed verdict questions are therefore inappropriate in this case and appear essentially duplicative of the verdict questions regarding basic liability and comparative negligence, particularly given the language in Defendants' proposed question 22 regarding whether Mr. Nuñez "fail[ed] to mitigate his damages *by failing to follow commands*," which concerns an issue of liability, not damages.

## **DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED VERDICT FORM**

Defendants' Response to Plaintiffs' objections to Proposed Question No. 1 on Defendants' Proposed Special Verdict Form.

Defendants' withdraw Question No. 1 and agree that the question of Qualified Immunity is to be decided by the judge after trial based on the jury's resolution of the disputed facts.

See Nineth Circuit Manual of Model Civil Jury Instructions, No. 9.34.

Defendants' Objection to Plaintiffs' Proposed Questions Nos. 1, 3, 8, 10.

Defendants object to the proposed instruction used by Plaintiffs which does not include in the instruction that it is Plaintiffs' burden to prove the element and the burden of proof required for each claim.  The Defendants' proposed instructions Nos. 2, 4, 11 and 19 are helpful to the jury.

Defendants Objection to Plaintiffs' Proposed Question No. 4.

Defendants object to Plaintiffs' proposed question No. 4 because it does not include the "substantial factor in causing" language.  The "substantial factor" language appears in the jury instructions (CACI Nos. 410, 411, and 3066) and was modeled after the CACI Verdict Forms for negligence and Bane Act Violation, which include the element of proving that the defendant's negligence was a substantial factor in causing harm to the plaintiff. (See CACI VF-400, VF-401, VF-402, VF-403, VF-3035).   Whether the Defendants' alleged negligence was a substantial factor in causing harm to the Plaintiffs is an element of the claim that must be proven. Defendants' proposed instruction Nos. 5, 14, and 18, follow model verdict forms for these claims. No. 28 has been withdrawn.

Defendants Response to Plaintiffs' Objections to Proposed Question Nos. 8, 9, and 30

1    of Defendants' Proposed Special Verdict Form.

2         Defendants have maintained that Andrew Nunez is contributorily negligent for

3    his own harm.  The evidence at trial will be that Andrew Nunez knew of his brother's

4    fear and anxiety about law enforcement and weaponized that fear to control Andrew

5    Nunez's behavior.  Andrew Nunez's weaponization of the fear was a negligent act that

6    directly contributed to his own damages.

7

8    Defendants' Objection to Plaintiffs' Proposed Question No.  8

9         Defendants object to Plaintiffs' proposed instruction regarding the Bane Act

10   violation in that it does not follow the model jury instruction for that claim.  CACI

11   VF-3035 is the model jury instruction.  Defendants' Proposed Questions Nos. 11, 12,

12   13 and 14 follow the model jury instruction and contain the elements of this cause of

13   action that Plaintiffs must prove.

14

15   Defendants' Objections to Plaintiffs' Proposed Question No. 9.

16        Defendants object to Plaintiffs' proposed instruction No. 9 on the grounds it is

17   inaccurate as to what must be shown in order to prove negligent infliction of

18   emotional distress against a law enforcement officer.

19        To state a claim for intentional infliction of emotional distress ("IIED"), "a

20   plaintiff must prove: '(1) extreme and outrageous conduct by the defendant with the

21   intention of causing, or reckless disregard of the probability of causing, emotional

22   distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the

23   plaintiff's injuries were actually and proximately caused by the defendant's outrageous

24   conduct.' " *Hayes v. TJX Cos., Inc.,* 2018 WL 619876, at *4 (C.D. Cal. Jan. 29, 2018)

25   (quoting *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494, 76 Cal.Rptr.2d 540 (1988)).

26   "Outrageous conduct" is defined as conduct "so extreme as to exceed all bounds of

27   that usually tolerated in a civilized community." *Tekle,* 511 F.3d at 855 (quoting

28   *Davidson v. City of Westminster*, 32 Cal. 3d 197, 210, 185 Cal.Rptr. 252, 649 P.2d

894 (1982)). "Severe emotional distress means emotional distress of such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it." *Potter v. Firestone Tire & Rubber Co*., 6 Cal. 4th 965, 1004, 25 Cal.Rptr.2d 550, 863 P.2d 795 (1993).

Penal Code section 835a preserves the "reasonable force" standard for nondeadly force, but creates a separate, higher standard that authorizes a peace officer to use deadly force only when "necessary in defense of human life."

The *Graham* factors are to be applied under California negligence law. (*Hernandez v.City of Pomona* 46 Cal.4th 501, 514 (2009). They are not exclusive (see *Glenn v. Wash. County* (9th Cir. 2011) 673 F.3d 864, 872)/

Defendants' proposed questions Nos. 15-18 follow the higher standard required for officers involved conduct.  Defendant will withdraw question Nos. 26-28.


Defendants' Response to Plaintiff's Objections to Nos. 22-23 of Defendants' Proposed Verdict Form.

Defendants have withdrawn these instructions.