**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

**CARRILLO LAW FIRM, LLP**
Luis A. Carrillo (SBN 70398)
Michael S. Carrillo (SBN 258878)
Dominique L. Boubion (SBN 336915)
1499 Huntington Drive, Suite 402
South Pasadena, California 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

*Attorneys for Plaintiffs*

Christopher P. Wesierski [Bar No. 086736]
    cwesierski@wzllp.com
Michelle R. Prescott [Bar No. 262638]
    mprescott@wzllp.com
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CITY OF HESPERIA MICHAEL MARTINEZ, SABRINA CERVANTES and JEREMY DEBERG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT COURT OF CALIFORNIA

ROSA NUÑEZ, individually; ANTHONY NUÑEZ, JR., individually and as successor-in-interest to Decedent, Anthony Nuñez; and, ANDREW NUÑEZ, individually,

        Plaintiffs,

    v.

COUNTY OF SAN BERNARDINO; CITY OF HESPERIA; MICHAEL MARTINEZ; SABRINA CERVANTES; JEREMY DEBERG; JONATHAN CAMPOS; and DOES 5 through 15, inclusive,

        Defendants.

Case No.: 5:22-cv-01934-SSS-SP

*Honorable Sunshine S. Sykes*
*Hon. Mag. Judge Sheri Pym*

**JOINT AGREED UPON JURY INSTRUCTIONS (REDLINE)**

FPTC:  September 6, 2024
Trial:    September 23, 2024

**1**

**PLEASE TAKE NOTICE** that the Parties hereby submit the Joint Agreed Upon [Proposed] Jury Instructions for the Trial of this matter.

Respectfully submitted,

DATED:  August 23, 2024          LAW OFFICES OF DALE K. GALIPO

By:     */s/ Benjamin S. Levine*
          Dale K. Galipo
          Benjamin S. Levine[1]
          Attorneys for Plaintiffs

DATED:  August 23, 2024          WESIERSKI & ZUREK LLP

By            */s/ Michelle R. Prescott*
          CHRISTOPHER P. WESIERSKI
          MICHELLE R. PRESCOTT
          Attorneys for Defendants, COUNTY OF SAN
          BERNARDINO, CITY OF HESPERIA,
          MICHAEL MARTINEZ, SABRINA
          CERVANTES and JEREMY DEBERG

---

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

| NUMBER | TITLE | SOURCE | PAGE |
|--------|-------|--------|------|
| **Opening Instructions** | | | |
| 1. | Outline of Trial | 9th Cir. 1.21 | 6 |
| 2. | Duty of Jury | 9th Cir. 1.3 | 7 |
| 3. | Claims and Defenses | 9th Cir. 1.5 | 8 |
| 4. | Burden of Proof – Preponderance of the Evidence | 9th Cir. 1.6 | 9 |
| 5. | Two or More Parties – Different Legal Rights | 9th Cir. 1.8 | 10 |
| 6. | What is Evidence | 9th Cir. 1.9 | 11 |
| 7. | What is Not Evidence | 9th Cir. 1.10 | 12 |
| 8. | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 13 |
| 9. | Ruling on Objections | 9th Cir. 1.13 | 14 |
| 10. | Credibility of Witnesses | 9th Cir. 1.14 | 15 |
| 11. | Conduct of the Jury | 9th Cir. 1.15 | 17 |
| 12. | Publicity During Trial | 9th Cir. 1.16 | 19 |
| 13. | No Transcript Available to Jury | 9th Cir. 1.17 | 20 |
| 14. | Taking Notes | 9th Cir. 1.18 | 21 |
| 15. | Questions to Witnesses by Jurors | 9th Cir. 1.19 | 22 |
| 16. | Bench Conferences and Recesses | 9th Cir. 1.20 | 23 |
| 17. | Expert Opinion | 9th Cir. 2.13 | 24 |

JOINT AGREED UPON JURY INSTRUCTIONS (REDLINE)

| 18. | Stipulations of Fact | 9th Cir. 2.2 | 25 |
|---|---|---|---|
| **Claims** | | | |
| 19. | Section 1983 Claim – Introductory Instruction | 9th Cir. 9.1 | 26 |
| 20. | Negligence – Basic Standard of Care | CACI 401 | 27 |
| 21. | Negligence—Recovery of Damages for Emotional Distress—No Physical Injury—Bystander—Essential Factual Elements | CACI 1621 | 28 |
| 22. | Comparative Fault of Decedent | CACI 407 | 30 |
| 23. | Causation: Substantial Factor | CACI 430 | 31 |
| 24. | Causation: Multiple Causes | CACI 431 | 32 |
| 25. | Alternative Causation | CACI 434 | 33 |
| 26. | Vicarious Liability—Legal Relationship not Disputed | CACI 3703 | 34 |
| 27. | Damages | 9th Cir. 5.1, 5.2; CACI 1621, 3921 | 35 |
| **Closing Instructions** | | | |
| 28. | Duty of Jury | 9th Cir. 1.4 | 36 |
| 29. | Duty to Deliberate | 9th Cir. 3.1 | 37 |
| 30. | Consideration of Evidence – Conduct of the Jury | 9th Cir. 3.2 | 38 |
| 31. | Communication with Court | 9th Cir. 3.3 | 40 |

JOINT AGREED UPON JURY INSTRUCTIONS (REDLINE)

| 32. | Readback of Playback | 9th Cir. 3.4 | 41 |
|---|---|---|---|
| 33. | Return of Verdict | 9th Cir. 3.5 | 42 |
| 34. | Post-Discharge Instruction | 9th Cir. 3.9 | 43 |

**INSTRUCTION NO. 1**

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The ~~p~~Plaintiff~~s~~ will then present evidence, and counsel for the ~~d~~Defendant~~s~~ may cross-examine. Then the ~~d~~Defendant~~s~~ may present evidence, and counsel for the ~~p~~Plaintiff~~s~~ may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.21.

**INSTRUCTION NO. 2**

**DUTY OF JURY (COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL BUT DOES NOT PROVIDE WRITTEN COPIES)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.3.

1

**INSTRUCTION NO. 3**

2

**CLAIMS AND DEFENSES**

3    To help you follow the evidence, I will give you a brief summary of the

4 positions of the parties:

5    ~~The plaintiff asserts that [*plaintiff's claims*].~~ This case involves the shooting of

6 Anthony Nuñez by County of San Bernardino Sheriff's Department Deputy Michael

7 Martinez, and the use of less-lethal force by Deputies Jeremy Deberg and Sabrina

8 Cervantes. The Plaintiffs are Anthony Nuñez Jr., who is the son of Anthony Nuñez,

9 the decedent; Rosa Nuñez, who is the mother of the decedent; and Andrew Nuñez,

10 who is the brother of the decedent. The Defendants are Michael Martinez, Jeremy

11 Deberg, Sabrina Cervantes, and the County of San Bernardino. Plaintiffs claim that

12 Michael Martinez, Jeremy Deberg, and Sabrina Cervantes used excessive and

13 unreasonable force against Anthony Nuñez, and were negligent toward Anthony

14 Nuñez, when they shot and used less-lethal weapons against him. ~~The p~~Plaintiff~~s~~

15 ha~~ve~~s the burden of proving these claims. Plaintiffs seek damages as permitted by law.

16    The ~~d~~Defendant~~s~~ den~~ies those~~ Plaintiffs' claims ~~[and~~ ~~also~~ contend~~s~~ that the use

17 of deadly and less-lethal force was reasonable under the totality of the circumstances~~]~~.

18

19 Source: Ninth Circuit Manual of Model Jury Instructions for the Ninth Circuit (2017),

20 1.5.

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 4

## BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim [or ~~affirmative~~ defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or ~~affirmative~~ defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.6.

**INSTRUCTION NO. 5**

**TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS**

You should decide the case as to each [plaintiff and defendant] separately. Unless otherwise stated, the instructions apply to all parties.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.8.

# INSTRUCTION NO. 6

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.    ~~t~~The sworn testimony of any witness;

2.    ~~t~~The exhibits that are admitted into evidence;

3.    ~~a~~Any facts to which the lawyers have agreed; and

4.    ~~a~~Any facts that I [have instructed] you to accept as proved.

<u>Authority</u>: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.9.

**INSTRUCTION NO. 7**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)  Testimony that is excluded or stricken, or that you [are] instructed to disregard, is not evidence and must not be considered. In addition, some evidence [may be] received only for a limited purpose; when I [instruct] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)  Anything you may [see or hear] when the court [is] not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.10.

**INSTRUCTION NO. 8**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

<u>Authority:</u> Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.12.

**INSTRUCTION NO. 9**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit may be received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.13.

# INSTRUCTION NO. 10

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  tThe opportunity and ability of the witness to see or hear or know the things testified to;

(2)  tThe witness's memory;

(3)  tThe witness's manner while testifying;

(4)  tThe witness's interest in the outcome of the case, if any;

(5)  tThe witness's bias or prejudice, if any;

(6)  wWhether other evidence contradicted the witness's testimony;

(7)  tThe reasonableness of the witness's testimony in light of all the evidence; and

(8)  aAny other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the

number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.14.

## INSTRUCTION NO. 11

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter (now X), Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research,

1  such as consulting dictionaries, searching the Internet, or using other reference

2  materials; and do not make any investigation or in any other way try to learn about the

3  case on your own. Do not visit or view any place discussed in this case, and do not the

4  Internet or any other resource to search for or view any place discussed during the

5  trial. Also, do not do any research about this case, the law, or the people involved—

6  including the parties, the witnesses or the lawyers—until you have been excused as

7  jurors. If you happen to read or hear anything touching on this case in the media, turn

8  away and report it to me as soon as possible.

9       These rules protect each party's right to have this case decided only on evidence

10  that has been presented here in court. Witnesses here in court take an oath to tell the

11  truth, and the accuracy of their testimony is tested through the trial process. If you do

12  any research or investigation outside the courtroom, or gain any information through

13  improper communications, then your verdict may be influenced by inaccurate,

14  incomplete or misleading information that has not been tested by the trial process.

15  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the

16  case based on information not presented in court, you will have denied the parties a

17  fair trial. Remember, you have taken an oath to follow the rules, and it is very

18  important that you follow these rules.

19       A juror who violates these restrictions jeopardizes the fairness of these

20  proceedings[, and a mistrial could result that would require the entire trial process to

21  start over]. If any juror is exposed to any outside information, please notify the court

22  immediately.

23

24  Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017, revised

25  Dec. 2020), 1.15.

26

27

28

# INSTRUCTION NO. 12

## PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.16.

1

2

**INSTRUCTION NO. 13**

**NO TRANSCRIPT AVAILABLE TO JURY**

3

4

     I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

5

6

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.17.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

**INSTRUCTION NO. 14**

**TAKING NOTES**

3    If you wish, you may take notes to help you remember the evidence. If you do

4  take notes, please keep them to yourself until you go to the jury room to decide the

5  case. Do not let notetaking distract you. When you leave, your notes should be left in

6  the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

7    Whether or not you take notes, you should rely on your own memory of the

8  evidence. Notes are only to assist your memory. You should not be overly influenced

9  by your notes or those of other jurors.

10

11  Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.18.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 15**

**QUESTIONS TO WITNESSES BY JURORS**

Option 1

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. [*Specific reasons for not allowing jurors to ask questions may be explained.*] If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.


Option 2

When attorneys have finished their examination of a witness, you may ask questions of the witness. [*Describe procedure to be used.*] If the rules of evidence do not permit a particular question, I will advise you. After your questions, if any, the attorneys may ask additional questions.


Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017, revised Oct. 2019), 1.19.

**INSTRUCTION NO. 16**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it [may become] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] present in the courtroom, or by calling a recess. Please understand that while you [are] waiting, we [are] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] what we [can] to keep the number and length of these conferences to a minimum. I [may] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.20.

# INSTRUCTION NO. 17

## EXPERT OPINION

You [are about to will hear] testimony from the parties' police practices experts, [Scott DeFoe and Edward Flosi], who [testified] [will testify] about to [his] [her]their opinions and the reasons for their opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of theseis witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Authority: Manual of Model Jury Instructions for the Ninth Circuit, 2.13 (revised March 2023).

1

## INSTRUCTION NO. 18

2

## STIPULATIONS OF FACT

3        The Parties have agreed to certain facts [to be placed in evidence as Exhibit ___]

4    [that will be read to you]. You must therefore treat these facts as having been proved.

5        1.  [Stipulated facts] On March 29, 2022, at 11:25 a.m., San Bernardino

6            Sheriff's Department ("SBSD") deputies were dispatched to Anthony

7            Nuñez's family home in response to a 9-1-1 call.

8        2.  Defendant Michael Martinez, Defendant Sabrina Cervantes, Defendant

9            Jeremy Deberg, and Jonathan Campos were among the SBSD deputies who

10           arrived at the home.

11       3.  Anthony Nuñez was 42 years old on the date of his death.

12       4.  Defendants Michael Martinez, Jeremy Deberg, and Sabrina Cervantes acted

13           under color of law at the time of each Defendant's use of force.

14       5.  Defendants Michael Martinez, Jeremy Deberg, and Sabrina Cervantes acted

15           within the course and scope of their employment with the County of San

16           Bernardino at the time of each Defendant's use of force.

17       6.  Rosa Nuñez is the mother of Anthony Nuñez and a Plaintiff in this action.

18       7.  Andrew Nuñez is the brother of Anthony Nuñez and a Plaintiff in this

19           action.

20       1.8.   Anthony Nuñez Jr. is the son of decedent Anthony Nuñez and a Plaintiff

21           in this action

22

23    Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), No. 2.2.

24

25

26

27

28

**INSTRUCTION NO. 19**

**SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION**

The ~~p~~Plaintiff~~s~~ brings some of ~~[his] [her]~~their claim~~[s]~~ under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017, revised June 2024), 9.1.

**INSTRUCTION NO. 20**

**NEGLIGENCE—BASIC STANDARD OF CARE**

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in [Anthony Nuñez's] situation. You must decide how a reasonably careful police officer would have acted in [Michael Martinez's, Jeremy Deberg's, and Sabrina Cervantes's] situation.

Authority: CACI 401 (2024 edition).

**INSTRUCTION NO. 21**

**NEGLIGENCE—RECOVERY OF DAMAGES FOR EMOTIONAL
DISTRESS—NO PHYSICAL INJURY—BYSTANDER—ESSENTIAL
FACTUAL ELEMENTS**

[Plaintiff Andrew Nuñez] claims that [he] suffered serious emotional distress as a result of perceiving [an injury to/ and the death of] [Anthony Nuñez]. To establish this claim, [Andrew Nuñez] must prove all of the following:

1. That [Defendant Michael Martinez] negligently caused [the death of] [Anthony Nuñez], and/or that [Defendants Jeremy Deberg and/or Sabrina Cervantes] negligently caused [injury to] [Anthony Nuñez];

2. That when the [gunshots] that caused [the death of] [Anthony Nuñez] occurredwere fired, and/or when the [less-lethal weapons] that caused injury to [Anthony Nuñez] occurred were discharged, [Andrew Nuñez] was [virtually] present at the scene [through [*specify technological means*]];

3. That [Andrew Nuñez] was then aware that the [gunshots] was were causing [the death of] [Anthony Nuñez], and/or that the [less-lethal weapons] was were causing [injury to] [Anthony Nuñez];

4. That [Andrew Nuñez] suffered serious emotional distress; and

5. That [Michael Martinez's, Jeremy Deberg's, and/or Sabrina Cervantes]'s conduct was a substantial factor in causing [Andrew Nuñez]'s serious emotional distress.

[Plaintiff Andrew Nuñez] need not have been then aware [Michael Martinez] had caused the [Anthony Nuñez's death], or that [Jeremy Deberg and/or Sabrina Cervantes] had caused the [injury to Anthony Nuñez].

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame. Serious emotional distress exists if an ordinary, reasonable person would be unable to cope with it.

<u>Authority</u>: CACI 1621 (2024 edition).

## INSTRUCTION NO. 22

## COMPARATIVE FAULT OF DECEDENT

{The Defendants} assert that {Anthony Nuñez}'s own negligence contributed to {his} death. To succeed on this defense, {the Defendants} must prove both of the following:

1. That {Anthony Nuñez} was negligent; and

2. That {Anthony Nuñez}'s negligence was a substantial factor in causing {his} death.

If {the Defendants} prove the above, {the Plaintiffs}'s damages are reduced by your determination of the percentage of {Anthony Nuñez}'s responsibility. I will calculate the actual reduction.

Authority: CACI 407 (2024 edition).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 23**

**CAUSATION – SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

[Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.]

<u>Source</u>: CACI 430 (2024 edition).

**INSTRUCTION NO. 24**

**CAUSATION: MULTIPLE CAUSES**

A person's conduct may combine with another factor to cause harm. If you find that ~~the conduct of~~ [Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes~~]'s negligence~~ was a substantial factor in causing ~~harm or death to~~ [Anthony Nuñez~~]'s harm~~, then [Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes] ~~is~~ are responsible for the harm. [Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes] cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing [Anthony Nuñez]'s harm or death.

Source: CACI 431 (2024 edition).

1
2

**INSTRUCTION NO. 25**

**ALTERNATIVE CAUSATION**

3
4
5
6

You may decide that more than one of the defendants was negligent, but that the negligence of only one of them could have actually caused {Anthony Nuñez}'s harm. If you cannot decide which defendant caused {Anthony Nuñez}'s harm, you must decide that each defendant is responsible for the harm.

7
8

However, if a defendant proves that {he or she} did not cause {Anthony Nuñez}'s harm, then you must conclude that defendant is not responsible.

9
10

Source:  CACI 434 (2024 edition).

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 26**

**VICARIOUS LIABILITY—LEGAL RELATIONSHIP NOT DISPUTED**

In this case, [Michael Martinez, Jeremy Deberg, and Sabrina Cervantes] ~~was~~ werethe [employees] of [the County of San Bernardino].

If you find that [Michael Martinez, Jeremy Deberg, and Sabrina Cervantes] ~~was~~were acting within the scope of [their] [employment] when the incident occurred, then [the County of San Bernardino] is responsible for any harm caused by [Michael Martinez, Jeremy Deberg, and Sabrina Cervantes]'s [wrongful conduct].

The parties have stipulated that Michael Martinez, Jeremy Deberg, and Sabrina Cervantes were acting within the scope of their employment during this incident.

<u>Source</u>:  CACI 3703 (2024 edition).

**INSTRUCTION NO. 27**

**DAMAGES**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the ~~p~~Plaintiff~~s~~ ~~[~~on any of their claim~~s]~~, you must determine the ~~p~~Plaintiff~~'~~s' damages. The ~~p~~Plaintiff~~s~~ ha~~ve~~s the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the ~~p~~Plaintiff~~s~~ or Anthony Nuñez for any injury you find was caused by the ~~d~~Defendant~~s~~.

You should consider the following as to Anthony Nuñez's damages: ~~[~~

    1. ~~[~~The nature and extent of the injuries;~~]~~

    2. ~~[~~Anthony Nuñez's loss of life;~~]~~ and

    3. ~~[~~The mental, physical, and emotional pain and suffering experienced prior to death.~~]]~~

You should consider the following as to the damages for Plaintiffs Anthony Nuñez Jr. and Rosa Nuñez: ~~[~~

    1. The loss of ~~[~~Anthony Nuñez~~]~~'s love, companionship, comfort, care, assistance, protection, affection, society, and moral support;~~]~~

You should consider the following as to the damages for Plaintiff Andrew Nuñez: ~~[~~

    1. The severe emotional distress experienced.~~]~~

Source: Ninth Circuit Manual of Model Jury Civil Instructions Nos. 5.1 (2017), 5.2; CACI 1621 (2024 edition), CACI 3921 (2024 edition).

**INSTRUCTION NO. 28**

**DUTY OF JURY**

**(COURT READS AND PROVIDES WRITTEN SET OF INSTRUCTIONS AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*or*

[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.4.

# INSTRUCTION NO. 29

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions (2017), 3.1.

1

2

### INSTRUCTION NO. 30

### CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

3

4

5

6

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

7

8

9

10

11

12

13

14

15

16

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter (now X), Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

17

18

19

20

21

22

23

24

25

26

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

27

28

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the

truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions (2017, revised Dec. 2020), 3.2.

**INSTRUCTION NO. 31**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff]clerk, signed by your presiding juror or byany one or more members of the juryyou. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case only except in writing, or here in open court. If you send out a question, I will consult with the parties lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions (2017), 3.3.

**INSTRUCTION NO. 32**

**READBACK OR PLAYBACK**

Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions (2017), 3.4.

JOINT AGREED UPON JURY INSTRUCTIONS (REDLINE)

**INSTRUCTION NO. 33**

**RETURN OF VERDICT**

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] that you are ready to return to the courtroom.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions (2017), 3.5.

# JURY INSTRUCTION NO. 34
## POST-DISCHARGE INSTRUCTION

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.]

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions, 3.9.

JOINT AGREED UPON JURY INSTRUCTIONS (REDLINE)