**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

**CARRILLO LAW FIRM, LLP**
Luis A. Carrillo (SBN 70398)
Michael S. Carrillo (SBN 258878)
Dominique L. Boubion (SBN 336915)
1499 Huntington Drive, Suite 402
South Pasadena, California 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

*Attorneys for Plaintiffs*

Christopher P. Wesierski [Bar No. 086736]
  *cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
  *mprescott@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CITY OF HESPERIA MICHAEL MARTINEZ, SABRINA CERVANTES and JEREMY DEBERG

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT COURT OF CALIFORNIA

ROSA NUÑEZ, individually; ANTHONY NUÑEZ, JR., individually and as successor-in-interest to Decedent, Anthony Nuñez; and, ANDREW NUÑEZ, individually,

Plaintiffs,

v.

COUNTY OF SAN BERNARDINO; CITY OF HESPERIA; MICHAEL MARTINEZ; SABRINA CERVANTES; JEREMY DEBERG; JONATHAN CAMPOS; and DOES 5 through 15, inclusive,

Defendants.

Case No.: 5:22-cv-01934-SSS-SP

*Honorable Sunshine S. Sykes*
*Hon. Mag. Judge Sheri Pym*

**DISPUTED JURY INSTRUCTIONS**

FPTC: September 6, 2024
Trial:   September 23, 2024

1    **PLEASE TAKE NOTICE** that the Parties hereby submit their Disputed

2    [Proposed] Jury Instructions for the Trial of this matter.

3

4                                        Respectfully submitted,

5

6    DATED:  August 23, 2024          LAW OFFICES OF DALE K. GALIPO

7

8                                 By:    */s/ Benjamin S. Levine*

9                                        Dale K. Galipo

10                                       Benjamin S. Levine[1]

                                         Attorneys for Plaintiffs

11

12

13   DATED:  August 23, 2024          WESIERSKI & ZUREK LLP

14

15                                 By               */s/ Michelle R. Prescott*

16                                       CHRISTOPHER P. WESIERSKI

                                         MICHELLE R. PRESCOTT

17                                       Attorneys for Defendants, COUNTY OF SAN

18                                       BERNARDINO, CITY OF HESPERIA,

                                         MICHAEL MARTINEZ, SABRINA

19                                       CERVANTES and JEREMY DEBERG

20

21

22

23

24

25

26

27   _____

     [1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed,
28   and on whose behalf the filing is submitted, concur in the filing's content and have authorized the
     filing.

| **NUMBER** | **TITLE** | **SOURCE** | **PAGE** |
|---|---|---|---|
| **Claims** | | | |
| 1. | Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof | 9th Cir. 9.3 | 5 |
| 2. | Fourth Amendment—Unreasonable Seizure of Person—Generally | 9th Cir. 9.20 | 7 |
| 3. | Fourth Amendment—Unreasonable Seizure of Person—Excessive Force | 9th Cir. 9.25 | 9 |
| 4. | Fourteenth Amendment—Substantive Due Process—Interference with Parent-Child Relationship | 9th Cir. 9.32; *Wilkinson v. Torres*, 601 F.3d 546, 554 (9th Cir. 2010); *Porter v. Osborne*, 546 F.3d 1131, 1136-1137 (9th Cir. 2008); *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 372-72 (9th Cir. 1998 | 14 |
| 5. | Battery by Peace Officer (Deadly Force)—Essential Elements | CACI 1305B | 16 |
| 6. | Battery by Peace Office (Non-Deadly Force)—Essential Factual Elements | CACI 1305A | 21 |
| 7. | Negligent Use of Deadly Force by Peace Officer—Essential Factual Elements | CACI 441 | 25 |
| 8. | Negligent Use of Non-Deadly Force by Law Enforcement Officer in Arrest or Seizure—Essential Factual Elements | CACI 440 | 30 |
| 9. | Comparative Fault of Plaintiff | CACI 405 | 34 |
| 10. | Apportionment of Responsibility | CACI 406 | 35 |

**3**

DISPUTED JURY INSTRUCTIONS

| 11. | Bane Act | *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)). | 37 |
|-----|----------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------|----|

**4**

**INSTRUCTION NO. 1**

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL
CAPACITY – ELEMENTS AND BURDEN OF PROOF
(PLAINTIFFS' PROPOSED VERSION)**

In order to prevail on their § 1983 claims against the Defendants Michael
Martinez, Jeremy Deberg, and/or Sabrina Cervantes, the Plaintiffs must prove each of
the following elements by a preponderance of the evidence:

1. The Defendant acted under color of state law; and

2. The acts of the Defendant deprived Anthony Nuñez, the Decedent, of his
rights and/or deprived the Plaintiffs of their rights under the United States
Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act
in the performance of official duties under any state, county, or municipal law,
ordinance or regulation. The parties have stipulated that Michael Martinez, Jeremy
Deberg, and Sabrina Cervantes were acting under color of state law.

If you find that the Plaintiffs have proved each of these elements against Michael
Martinez, Jeremy Deberg, and/or Sabrina Cervantes, and if you find that the Plaintiffs
have proved all the elements they are required to prove under Instructions ___, your
verdict should be for the Plaintiffs on that claim. If, on the other hand, you find that
the Plaintiffs have failed to prove any one or more of these elements, your verdict
should be for Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes on that
claim.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017, revised
Dec. 2023), 9.3.

**INSTRUCTION NO. 1**

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL
CAPACITY – ELEMENTS AND BURDEN OF PROOF
(DEFENDANTS' PROPOSED VERSION)**

In order to prevail on their § 1983 claims against the Defendants Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes, the Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. The Defendant acted under color of state law;

2. The acts of the Defendant deprived Anthony Nuñez, the Decedent, of his rights and/or deprived the Plaintiffs of their rights under the United States Constitution as explained in later instructions; and

3. The Defendants' conduct was the actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Michael Martinez, Jeremy Deberg, and Sabrina Cervantes  were acting under color of state law.

If you find that the Plaintiffs have proved each of these elements against Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes, and if you find that the Plaintiffs have proved all the elements they are required to prove under Instructions ___, your verdict should be for the Plaintiffs on that claim. If, on the other hand, you find that the Plaintiffs have failed to prove any one or more of these elements, your verdict should be for  Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes on that claim.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017, revised Dec. 2023), 9.3.

# JURY INSTRUCTION NO. 2
## PARTICULAR RIGHTS—FOURTH AMENDMENT—
## UNREASONABLE SEIZURE OF PERSON—GENERALLY
## (DEFENDANTS' PROPOSED INSTRUCTION)

As previously explained, Plaintiffs have the burden of proving that the acts of the defendants Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes deprived Anthony Nunez of particular rights under the United States Constitution.  In this case, the Plaintiffs allege  that Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes deprived him of his rights under the Fourth Amendment to the Constitution when they detained, arrested and used non-lethal and lethal force on him.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  In order to prove Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes deprived Anthony Nunez of this Fourth Amendment right, Plaintiffs must prove the following additional elements by a preponderance of the evidence:

1.    Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes seized Anthony Nunez's person;

2.    In seizing Anthony Nunez's person, Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes acted intentionally; and

3.    The seizure was unreasonable.

A defendant "seizes" the  person when he restrains the person's liberty through coercion, physical force or a show of authority.  A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his business.

In determining whether a reasonable person in Anthony Nunez's position would have felt free to leave, consider all of the circumstances, including:

1.    The number of officers present;

2.    Whether weapons were displayed;

3.    Whether the encounter occurred in a public or nonpublic setting;

4.    Whether the officer's manner would imply that compliance would be compelled; and

5.    Whether the officers advised Anthony Nunez that he was free to leave.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.  Therefore, Plaintiffs must prove that Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes intended to detain, arrest and use non-lethal and lethal force on Anthony Nunez. It is not enough to prove that Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes negligently or accidentally engaged in that action.  But while Plaintiffs must prove that Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes intended to act; they need not prove that the Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes intended to violate Anthony Nunez's Fourth Amendment rights.

Authority: Manual of Model Jury Instructions for the Ninth Circuit, 9.20.

**INSTRUCTION NO. 3**

**FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—**
**EXCESSIVE FORCE**

**(PLAINTIFFS' PROPOSED VERSION)**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a sheriff's deputy uses excessive force in making a lawful arrest or in defending himself and/or others. Therefore, to establish an unreasonable seizure in this case, the Plaintiffs must prove by a preponderance of the evidence that Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes used excessive force against the decedent, Anthony Nuñez.

Under the Fourth Amendment, a deputy may only use such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable deputy on the scene and not with the 20/20 vision of hindsight. Although the facts known to Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes are relevant to your inquiry, Michael Martinez's, Jeremy Deberg's, and/or Sabrina Cervantes's subjective intents or motives are not relevant to your inquiry.

In determining whether Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes used excessive force in this case, consider all of the circumstances known to them, including:

1.    The nature of the circumstances to which Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes were responding;

2.    In determining whether Michael Martinez used excessive force, whether Anthony Nuñez posed an immediate threat of death or serious bodily injury to to Michael Martinez or others;

3.    In determining whether Jeremy Deberg and/or Sabrina Cervantes used excessive force, whether Anthony Nuñez posed an immediate threat of harm to Jeremy Deberg, Sabrina Cervantes, or others;

4.    Whether Anthony Nuñez was actively resisting arrest or attempting to evade arrest by flight;

5.    The amount of time Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

6.    The relationship between the need for the use of force and the amount of force used;

7.    The extent of Anthony Nuñez's injury;

8.    Any effort made by Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes to temper or to limit the amount of force;

9.    The severity of the security problem at issue;

10.   The availability of alternative methods to take Anthony Nuñez into custody;

11.   The number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;

12.   Whether it was practical for Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes to give warning of the imminent use of force, and whether such warning was given;

13.   Whether it should have been apparent to Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes that Anthony Nuñez was emotionally disturbed; and

14.   Whether a reasonable deputy would have or should have accurately perceived a mistaken fact.

Authority: Ninth Circuit Manual of Model Jury Civil Instructions (2017, revised Dec. 2023), 9.25.

DISPUTED JURY INSTRUCTIONS

**INSTRUCTION NO. 3**

**FOURTH AMENDMENT— UNREASONABLE SEIZURE OF PERSON—
EXCESSIVE FORCE
(DEFENDANTS' PROPOSED VERSION)**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a sheriff's deputy uses excessive force in making a lawful arrest or in defending himself and/or others, or in attempting to stop a fleeing or escaping suspect. Therefore, to establish an unreasonable seizure in this case, the Plaintiffs must prove by a preponderance of the evidence that  Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes used excessive force against the decedent, Anthony Nuñez.

Under the Fourth Amendment, a deputy may only use such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable deputy on the scene and not with the 20/20 vision of hindsight. Although the facts known to Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes are relevant to your inquiry, Michael Martinez's, Jeremy Deberg's, and/or Sabrina Cervantes's subjective intents or motives are not relevant to your inquiry.

In determining whether Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes used excessive force in this case, consider all of the circumstances known to them, including:

1.    The nature of the circumstances to which Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes were responding;

2.    In determining whether Michael Martinez used excessive force, whether Anthony Nuñez posed an immediate threat of death or serious bodily injury to to Michael Martinez or others;

3.    In determining whether Jeremy Deberg and/or Sabrina Cervantes used excessive force, whether Anthony Nuñez posed an immediate threat of harm to Jeremy Deberg, Sabrina Cervantes, or others;

**11**

4.    Whether Anthony Nuñez was actively resisting arrest or attempting to evade arrest by flight;

5.    The amount of time Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

6.    The relationship between the need for the use of force and the amount of force used;

7.    The extent of Anthony Nuñez's injury;

8.    Any effort made by Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes to temper or to limit the amount of force;

9.    The severity of the security problem at issue;

10.    The availability of alternative methods to take Anthony Nuñez into custody;

11.    The number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;

12.    Whether it was practical for Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes to give warning of the imminent use of force, and whether such warning was given;

13.    Whether it should have been apparent to Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes that Anthony Nuñez was emotionally disturbed;

14.    Whether a reasonable deputy would have or should have accurately perceived a mistaken fact; and

Whether there was probable cause for a reasonable officer to believe that Anthony Nunez had committed a crime involving the infliction or threatened infliction of serious physical harm.

DISPUTED JURY INSTRUCTIONS

<u>Authority</u>: Ninth Circuit Manual of Model Jury Civil Instructions (2017, revised Dec. 2023), 9.25.

**INSTRUCTION NO. 4**

**FOURTEENTH AMENDMENT – SUBSTANTIVE DUE PROCESS – INTERFERENCE WITH PARENT/CHILD RELATIONSHIP (PLAINTIFFS' PROPOSED VERSION)**

Plaintiffs Rosa Nuñez and Anthony Nuñez, Jr. claim that Defendants Michael Martinez, Jeremy Deberg, and Sabrina Cervantes deprived them of their right under the Fourteenth Amendment to be free from unlawful state interference with their familial relationship with Rosa Nuñez's son, and Anthony Nuñez, Jr.'s father, Anthony Nuñez.

In order to prove that Defendants Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes deprived these Plaintiffs of their Fourteenth Amendment right to be free from unreasonable state interference with their relationship with the decedent, Plaintiffs must prove that Defendants Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes acted with deliberate indifference when they shot and/or used less-lethal force against Anthony Nuñez. Deliberate indifference is reflected by a conscious disregard of a risk to Anthony Nuñez's health or safety. However, if you find that it was impracticable for Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes to deliberate before they shot and/or used less-lethal force against Anthony Nuñez, then Plaintiff must instead prove that Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes acted with a purpose to harm Anthony Nuñez that was unrelated to a legitimate law enforcement objective.

Source: Ninth Circuit Manual of Model Jury Civil Instructions (2017, revised Mar. 2024), No. 9.32; *Wilkinson v. Torres*, 601 F.3d 546, 554 (9th Cir. 2010); *Porter v. Osborne*, 546 F.3d 1131, 1136-1137 (9th Cir. 2008); *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 372-72 (9th Cir. 1998).

DISPUTED JURY INSTRUCTIONS

**INSTRUCTION NO. 4**

**FOURTEENTH AMENDMENT – SUBSTANTIVE DUE PROCESS –
INTERFERENCE WITH PARENT/CHILD RELATIONSHIP
(DEFENDANTS' PROPOSED VERSION)**

Plaintiffs Rosa Nuñez and Anthony Nuñez, Jr. claim that Defendants Michael Martinez, Jeremy Deberg, and Sabrina Cervantes deprived them of their right under the Fourteenth Amendment to be free from unlawful state interference with their familial relationship with Rosa Nuñez's son, and Anthony Nuñez, Jr.'s father, Anthony Nuñez.

In order to prove that Defendants Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes deprived these Plaintiffs of their Fourteenth Amendment right to be free from unreasonable state interference with their relationship with the decedent, Plaintiffs must prove that Defendants Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes acted with deliberate indifference when they shot and/or used less-lethal force against Anthony Nuñez. Deliberate indifference is reflected by a conscious disregard of a risk to Anthony Nuñez's health or safety. However, if you find that it was impracticable for Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes to actually deliberate before they shot and/or used less-lethal force against Anthony Nuñez, then Plaintiff must instead prove that Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes acted with a purpose to harm Anthony Nuñez that was unrelated to a legitimate law enforcement objective.

Source: Ninth Circuit Manual of Model Jury Civil Instructions (2017, revised Mar. 2024), No. 9.32; *Wilkinson v. Torres*, 601 F.3d 546, 554 (9th Cir. 2010); *Porter v. Osborne*, 546 F.3d 1131, 1136-1137 (9th Cir. 2008); *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 372-72 (9th Cir. 1998).

**INSTRUCTION NO. 5**

**BATTERY BY PEACE OFFICER (DEADLY FORCE)—ESSENTIAL
ELEMENTS**

**(PLAINTIFFS' PROPOSED VERSION)**

A sheriff's deputy may use deadly force only when necessary in defense of human life. Plaintiffs claim that Defendant Michael Martinez unnecessarily used deadly force against Anthony Nuñez. To establish this claim, Plaintiffs must prove all of the following:

1.    That Michael Martinez intentionally shot Anthony Nuñez;

2.    That Michael Martinez used deadly force against Anthony Nuñez;

3.    That Michael Martinez's use of deadly force was not necessary to defend human life;

4.    That Anthony Nuñez was killed; and

5.    That the use of deadly force by Michael Martinez was a substantial factor in causing Anthony Nuñez's death.

Michael Martinez's use of deadly force was necessary to defend human life only if a reasonable deputy in the same situation would have believed, based on the totality of the circumstances known to or perceived by Michael Martinez at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to Michael Martinez or to another person.

A person being arrested has a duty not to use force to resist the deputy unless the deputy is using unreasonable force.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An

imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of Michael Martinez and Anthony Nuñez leading up to the use of deadly force. In determining whether Michael Martinez's use of deadly force was necessary in defense of human life, you must consider Michael Martinez's tactical conduct and decisions before using deadly force on Anthony Nuñez and whether Michael Martinez used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so. You must also consider whether Michael Martinez knew or had reason to know that Anthony Nuñez was suffering from a physical, mental health, developmental, or intellectual disability that may have affected Anthony Nuñez's ability to understand or comply with commands from the deputies.

A deputy who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other de-escalation tactics are not retreat. A deputy does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance. A deputy does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

Source: CACI 1305B (2024 edition).

**INSTRUCTION NO. 5**

**BATTERY BY PEACE OFFICER (DEADLY FORCE)—ESSENTIAL
ELEMENTS**

**(DEFENDANTS' PROPOSED VERSION)**

A sheriff's deputy may use deadly force only when necessary in defense of human life. Plaintiffs claim that Defendant Michael Martinez unnecessarily used deadly force against Anthony Nuñez. To establish this claim, Plaintiffs must prove all of the following:

1.    That Michael Martinez intentionally shot Anthony Nuñez;

2.    That Michael Martinez used deadly force against Anthony Nuñez;

3.    That Michael Martinez's use of deadly force was not necessary to defend human life;

4.    That Anthony Nuñez was killed; and

5.    That the use of deadly force by Michael Martinez was a substantial factor in causing Anthony Nuñez's death.

Michael Martinez's use of deadly force was necessary to defend human life only if a reasonable deputy in the same situation would have believed, based on the totality of the circumstances known to or perceived by Michael Martinez at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to Michael Martinez or to another person.

Michael Martinez's use of deadly force was necessary to defend human life only if a reasonable deputy in the same situation would have believed, based on the totality of the circumstances known to or perceived by Michael Martinez at the time, that deadly force was necessary to apprehend a fleeing person for a felony, when all of the following conditions are present:

i.    The felony threatened or resulted in death or serious bodily injury to another.

**18**

      ii.     Deputy Martinez reasonably believed that the person fleeing would cause death or serious bodily injury to another unless immediately apprehended

      iii.    If practical under the circumstances, Deputy Martinez made reasonable efforts to identify himself as a peace officer and to warn that deadly force would be used, unless the officer had objectively reasonable grounds to believe the person is aware of those facts.

[A person being arrested has a duty not to use force to resist the deputy unless the deputy is using unreasonable force.]

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of Michael Martinez and Anthony Nuñez leading up to the use of deadly force. In determining whether Michael Martinez's use of deadly force was necessary in defense of human life, you must consider Michael Martinez's tactical conduct and decisions before using deadly force on Anthony Nuñez and whether Michael Martinez used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so. You must also consider whether Michael Martinez knew or had reason to know that Anthony Nuñez was suffering from a physical, mental health, developmental, or intellectual disability that may have affected Anthony Nuñez's ability to understand or comply with commands from the deputies.

DISPUTED JURY INSTRUCTIONS

1      A deputy who makes or attempts to make an arrest does not have to retreat or

2    stop because the person being arrested is resisting or threatening to resist. Tactical

3    repositioning or other de-escalation tactics are not retreat. A deputy does not lose the

4    right to self-defense by use of objectively reasonable force to effect the arrest or to

5    prevent escape or to overcome resistance. A deputy does, however, have a duty to use

6    reasonable tactical repositioning or other de-escalation tactics.

7

8    <u>Source:</u> CACI 1305B (2024 edition).

**INSTRUCTION NO. 6**

**BATTERY BY PEACE OFFICER (NONDEADLY FORCE)—ESSENTIAL
FACTUAL ELEMENTS
(PLAINTIFFS' PROPOSED VERSION)**

Plaintiffs claim that Defendants Jeremy Deberg and Sabrina Cervantes harmed
Anthony Nuñez by using unreasonable force to arrest him or overcome his resistance.
To establish this claim, Plaintiffs must prove all of the following:

1.    That Jeremy Deberg and/or Sabrina Cervantes intentionally caused
      Anthony Nuñez to be struck by a weapon;

2.    That Jeremy Deberg and/or Sabrina Cervantes used unreasonable force
      against Anthony Nuñez;

3.    That Anthony Nuñez did not consent to the use of that force;

4.    That Anthony Nuñez was harmed; and

5.    That Jeremy Deberg's and/or Sabrina Cervantes's use of unreasonable
      force was a substantial factor in causing Anthony Nuñez's harm.

A sheriff's deputy may use reasonable force to arrest or overcome the resistance
of a person when the deputy has reasonable cause to believe that the person has
committed a crime. A person being arrested has a duty not to use force to resist the
deputy unless the deputy is using unreasonable force.

In deciding whether Jeremy Deberg and/or Sabrina Cervantes used
unreasonable force, you must consider the totality of the circumstances and determine
what amount of force a reasonable sheriff's deputy in Jeremy Deberg's and/or Sabrina
Cervantes's position would have used under the same or similar circumstances.
"Totality of the circumstances" means all facts known to the deputy at the time,
including the conduct of Jeremy Deberg, Sabrina Cervantes, and Anthony Nuñez
leading up to the use of force. You should consider, among other factors, the
following:

a.      Whether Anthony Nuñez reasonably appeared to pose an immediate threat to the safety of Jeremy Deberg, Sabrina Cervantes, or others;

b.      The seriousness of the crime at issue; and

c.      Whether Anthony Nuñez was actively resisting arrest or attempting to evade arrest.

A deputy who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested resists or threatens to resist. Tactical repositioning or other de-escalation tactics are not retreat. A deputy does not lose the right to self-defense by using objectively reasonable force to arrest or overcome resistance. A deputy does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

Source: CACI 1305A (2024 edition).

**INSTRUCTION NO. 6**

**BATTERY BY PEACE OFFICER (NONDEADLY FORCE)—ESSENTIAL FACTUAL ELEMENTS**

**(DEFENDANTS' PROPOSED VERSION)**

Plaintiffs claim that Defendants Jeremy Deberg and Sabrina Cervantes harmed Anthony Nuñez by using unreasonable force to arrest him or prevent his escape or overcome his resistance. To establish this claim, Plaintiffs must prove all of the following:

1.  That Jeremy Deberg and/or Sabrina Cervantes intentionally caused Anthony Nuñez to be struck by a weapon;

2.  That Jeremy Deberg and/or Sabrina Cervantes used unreasonable force against Anthony Nuñez;

3.  That Anthony Nuñez did not consent to the use of that force;

4.  That Anthony Nuñez was harmed; and

5.  That Jeremy Deberg's and/or Sabrina Cervantes's use of unreasonable force was a substantial factor in causing Anthony Nuñez's harm.

A sheriff's deputy may use reasonable force to arrest or prevent the escape of or overcome the resistance of a person when the deputy has reasonable cause to believe that the person has committed a crime. Even if the officer is mistaken, a person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable force.

In deciding whether Jeremy Deberg and/or Sabrina Cervantes used unreasonable force, you must consider the totality of the circumstances and determine what amount of force a reasonable sheriff's deputy in Jeremy Deberg's and/or Sabrina Cervantes's position would have used under the same or similar circumstances. "Totality of the circumstances" means all facts known to the deputy at the time, including the conduct of Jeremy Deberg, Sabrina Cervantes, and Anthony Nuñez

**23**

leading up to the use of force. You should consider, among other factors, the following:

a.     Whether Anthony Nuñez reasonably appeared to pose an immediate threat to the safety of Jeremy Deberg, Sabrina Cervantes, or others;

b.     The seriousness of the crime at issue; and

c.     Whether Anthony Nuñez was actively resisting arrest or attempting to evade arrest or flee.

A deputy who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested resists or threatens to resist. Tactical repositioning or other de-escalation tactics are not retreat. A deputy does not lose the right to self-defense by using objectively reasonable force to arrest or prevent escape or overcome resistance. A deputy does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

<u>Source:</u> CACI 1305A (2024 edition).

**INSTRUCTION NO. 7**

**NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER—**

**ESSENTIAL FACTUAL ELEMENTS**

**(PLAINTIFFS' PROPOSED VERSION)**

A peace officer may use deadly force only when necessary in immediate defense of human life. Plaintiffs claim that Defendant Michael Martinez was negligent in using deadly force against Anthony Nuñez. To establish this claim, Plaintiffs must prove all of the following:

1. That Michael Martinez was a peace officer;

2. That Michael Martinez used deadly force against Anthony Nuñez;

3. That Michael Martinez's uses of deadly force were not necessary to defend human life;

4. That Anthony Nuñez was killed; and

5. That Michael Martinez's shooting of Anthony Nuñez was a substantial factor in causing Anthony Nuñez's death.

Michael Martinez's use of deadly force was necessary to defend human life only if a reasonable deputy in the same situation would have believed, based on the totality of the circumstances known to or perceived by Michael Martinez at the time of the shooting, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to Michael Martinez or any other person.

A person being arrested has a duty not to use force to resist a deputy unless the deputy is using unreasonable force.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable deputy in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the deputy or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great

**25**

the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by Michael Martinez at the time of the shooting, including the conduct of Michael Martinez and Anthony Nuñez leading up to the use of deadly force. In determining whether Michael Martinez's use of deadly force was necessary in defense of human life, you must consider Michael Martinez's tactical conduct and decisions before using deadly force against Anthony Nuñez and whether Michael Martinez used other available resources and techniques as an alternative to deadly force, if it was reasonably safe and feasible to an objectively reasonable deputy.

A deputy who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other de-escalation tactics are not retreat. A deputy does not lose the right to self-defense by using objectively reasonable force to effect the arrest or overcome resistance. A deputy does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

Source: CACI 441 (2024 edition).

# INSTRUCTION NO. 7

## NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER—
## ESSENTIAL FACTUAL ELEMENTS
## (DEFENDANTS' PROPOSED VERSION)

A peace officer may use deadly force only when necessary in immediate defense of human life. Plaintiffs claim that Defendant Michael Martinez was negligent in using deadly force against Anthony Nuñez. To establish this claim, Plaintiffs must prove all of the following:

1. That Michael Martinez was a peace officer;

2. That Michael Martinez used deadly force against Anthony Nuñez;

3. That Michael Martinez's uses of deadly force were not necessary to defend human life;

4. That Anthony Nuñez was killed; and

5. That Michael Martinez's shooting of Anthony Nuñez was a substantial factor in causing Anthony Nuñez's death.

Michael Martinez's use of deadly force was necessary to defend human life only if a reasonable deputy in the same situation would have believed, based on the totality of the circumstances known to or perceived by Michael Martinez at the time of the shooting, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to Michael Martinez or any other person or to apprehend a fleeing person for a felony when all of the following conditions are present

    i.    The felony threatened or resulted in death or serious bodily injury to another;

    ii.    Deputy Martinez reasonably believed that the person fleeing would cause death or serious bodily injury to another unless immediately apprehended;

    iii.    If practical under the circumstances Deputy Martinez made reasonable efforts to identify himself as a peace officer and to warn that deadly force

1    would be used, unless the officer had objectively reasonable grounds to

2    believe the person is aware of those facts.

3    [A peace officer must not use deadly force against persons based only on the

4    danger those persons pose to themselves, if an objectively reasonable officer would

5    believe the person does not pose an imminent threat of death or serious bodily injury

6    to the peace officer or to another person.]

7    [A person being arrested has a duty not to use force to resist a deputy unless the

8    deputy is using unreasonable force.]

9    A threat of death or serious bodily injury is "imminent" if, based on the totality

10   of the circumstances, a reasonable deputy in the same situation would believe that a

11   person has the present ability, opportunity, and apparent intent to immediately cause

12   death or serious bodily injury to the deputy or to another person. An imminent harm is

13   not merely a fear of future harm, no matter how great the fear and no matter how great

14   the likelihood of the harm, but is one that, from appearances, must be instantly

15   confronted and addressed.

16   "Totality of the circumstances" means all facts known to or perceived by

17   Michael Martinez at the time of the shooting, including the conduct of Michael

18   Martinez and Anthony Nuñez leading up to the use of deadly force. In determining

19   whether Michael Martinez's use of deadly force was necessary in defense of human

20   life, you must consider Michael Martinez's tactical conduct and decisions before using

21   deadly force against Anthony Nuñez and whether Michael Martinez used other

22   available resources and techniques as an alternative to deadly force, if it was

23   reasonably safe and feasible to an objectively reasonable deputy.

24   A deputy who makes or attempts to make an arrest does not have to retreat or

25   stop because the person being arrested is resisting or threatening to resist. Tactical

26   repositioning or other de-escalation tactics are not retreat. A deputy does not lose the

27   right to self-defense by using objectively reasonable force to effect the arrest or

28

**28**

overcome resistance. A deputy does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

<u>Source</u>: CACI 441 (2024 edition).

**INSTRUCTION NO. 8**

**NEGLIGENT USE OF NONDEADLY FORCE BY LAW ENFORCEMENT OFFICER IN ARREST OR OTHER SEIZURE—ESSENTIAL FACTUAL ELEMENTS**

**(PLAINTIFFS' PROPOSED VERSION)**

A law enforcement officer may use reasonable force to arrest a person when the officer has reasonable cause to believe that that person has committed or is committing a crime. However, the officer may use only that degree of force necessary to arrest the person. A person being arrested has a duty not to use force to resist the deputy unless the deputy is using unreasonable force.

Plaintiffs claim that Defendants Jeremy Deberg and Sabrina Cervantes were negligent in using unreasonable force to arrest Anthony Nuñez. To establish this claim, Plaintiffs must prove all of the following:

1. That Jeremy Deberg and/or Sabrina Cervantes used force to arrest Anthony Nuñez;

2. That the amount of force used by Jeremy Deberg and/or Sabrina Cervantes was unreasonable;

3. That Anthony Nuñez was harmed; and

4. That Jeremy Deberg's and/or Sabrina Cervantes's use of unreasonable force was a substantial factor in causing Anthony Nuñez harm.

In deciding whether Jeremy Deberg and/or Sabrina Cervantes used unreasonable force, you must consider the totality of the circumstances to determine what amount of force a reasonable sheriff's deputy in Jeremy Deberg's and Sabrina Cervantes's position would have used under the same or similar circumstances. "Totality of the circumstances" means all facts known to the deputy at the time, including the conduct of Jeremy Deberg, Sabrina Cervantes, and Anthony Nuñez leading up to the use of force. Among the factors to be considered are the following:

DISPUTED JURY INSTRUCTIONS

a) Whether Anthony Nuñez reasonably appeared to pose an immediate threat to the safety of Jeremy Deberg, Sabrina Cervantes, or others;

b) The seriousness of the crime at issue;

c) Whether Anthony Nuñez was actively resisting arrest or attempting to avoid arrest by flight; and

d) Jeremy Deberg's and Sabrina Cervantes's tactical conduct before using force on Anthony Nuñez.

A deputy who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other de-escalation tactics are not retreat. A deputy does not lose the right to self-defense by using objectively reasonable force to arrest or overcome resistance by the person. A deputy does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

Source: CACI 440 (2024 edition).

**INSTRUCTION NO. 8**

**NEGLIGENT USE OF NONDEADLY FORCE BY LAW ENFORCEMENT
OFFICER IN ARREST OR OTHER SEIZURE—ESSENTIAL FACTUAL
ELEMENTS**

**(DEFENDANTS' PROPOSED VERSION)**

A law enforcement officer may use reasonable force to arrest/detain or prevent escape or overcome resistance by a person when the officer has reasonable cause to believe that that person has committed or is committing a crime. However, the officer may use only that degree of force necessary to arrest/detain or prevent escape of or overcome resistance by the person. Even if the officer is mistaken, a person being arrested or detained has a duty not to use force to resist the officer or attempt to flee unless the officer is using unreasonable force.

Plaintiffs claim that Defendants Jeremy Deberg and Sabrina Cervantes were negligent in using unreasonable force to arrest Anthony Nuñez. To establish this claim, Plaintiffs must prove all of the following:

1. That Jeremy Deberg and/or Sabrina Cervantes used force to arrest/detain or prevent escape or overcome resistance by Anthony Nuñez;

2. That the amount of force used by Jeremy Deberg and/or Sabrina Cervantes was unreasonable;

3. That Anthony Nuñez was harmed; and

4. That Jeremy Deberg's and/or Sabrina Cervantes's use of unreasonable force was a substantial factor in causing Anthony Nuñez harm.

In deciding whether Jeremy Deberg and/or Sabrina Cervantes used unreasonable force, you must consider the totality of the circumstances to determine what amount of force a reasonable sheriff's deputy in Jeremy Deberg's and Sabrina Cervantes's position would have used under the same or similar circumstances. "Totality of the circumstances" means all facts known to the deputy at the time,

DISPUTED JURY INSTRUCTIONS

including the conduct of Jeremy Deberg, Sabrina Cervantes, and Anthony Nuñez
leading up to the use of force. Among the factors to be considered are the following:

a) Whether Anthony Nuñez reasonably appeared to pose an immediate threat to
the safety of Jeremy Deberg, Sabrina Cervantes, or others;

b) The seriousness of the crime at issue;

c) Whether Anthony Nuñez was actively resisting arrest or attempting to avoid
arrest by flight; and

d) Jeremy Deberg's and Sabrina Cervantes's tactical conduct before using force
on Anthony Nuñez.

A deputy who makes or attempts to make an arrest does not have to retreat or
stop because the person being arrested is resisting or threatening to resist. Tactical
repositioning or other de-escalation tactics are not retreat. A deputy does not lose the
right to self-defense by using objectively reasonable force to arrest, detain, prevent
escape of or overcome resistance by the person. A deputy does, however, have a duty
to use reasonable tactical repositioning or other de-escalation tactics.

<u>Source</u>: CACI 440 (2024 edition).

DISPUTED JURY INSTRUCTIONS

# INSTRUCTION NO. 9

## COMPARATIVE FAULT OF PLAINTIFF

## (DEFENDANTS' PROPOSED INSTRUCTION)

Defendants claim that Andrew Nunez's negligence contributed to the Decedent Anthony Nunez's harm. To succeed on this claim, Defendants must prove both of the following:

1.    That Andrew Nunez was negligent; and

2.    That Andrew Nunez's negligence was a substantial factor in causing the Decedent's harm and/or Andrew Nunez's alleged harm.

If Defendants prove the above, Plaintiffs' damages are reduced by your determination of the percentage of Andrew Nunez's responsibility. I will calculate the actual reduction.

<u>Source</u>: CACI 405 (2024 edition).

DISPUTED JURY INSTRUCTIONS

**INSTRUCTION NO. 10**

**APPORTIONMENT OF RESPONSIBILITY**

**(PLAINTIFFS' PROPOSED VERSION)**

If you find that the negligence of more than one person, including Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and Anthony Nuñez, was a substantial factor in causing Anthony Nuñez's harm, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form. The percentages must total 100 percent.

You will make a separate finding of Plaintiffs' total damages, if any. In determining an amount of damages, you should not consider any person's assigned percentage of responsibility.


Source: CACI 406 (2024 edition).

# INSTRUCTION NO. 10

## APPORTIONMENT OF RESPONSIBILITY

## (DEFENDANTS' PROPOSED VERSION)

If you find that the negligence of more than one person, including Michael Martinez, Jeremy Deberg, Sabrina Cervantes, Andrew Nunez and Anthony Nuñez, was a substantial factor in causing Anthony Nuñez's harm, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form. The percentages must total 100 percent.

You will make a separate finding of Plaintiffs' total damages, if any. In determining an amount of damages, you should not consider any person's assigned percentage of responsibility.

Source: CACI 406 (2024 edition).

# INSTRUCTION NO. 11

## BANE ACT

## (PLAINTIFFS' PROPOSED VERSION)

Plaintiffs claim that Michael Martinez, Jeremy Deberg, and Sabrina Cervantes intentionally interfered with Anthony Nuñez's constitutional right to be free from excessive force under state law by using excessive force against him.

To establish this claim, Plaintiffs must prove:

1) That Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes used excessive force;

2) That Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes intended to violate Anthony Nuñez's constitutional rights, demonstrated by a reckless disregard for Anthony Nuñez's constitutional right to be free from excessive force; and

3) That the conduct of Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes was a substantial factor in causing harm, injury, and/or death to Anthony Nuñez.

Source: *Chinaryan v. City of Los Angeles*, — F.4th —, 2024 WL 3803301, at *14-15 (9th Cir. 2024); *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)).

**INSTRUCTION NO. 11**

**BANE ACT**

**(DEFENDANTS' PROPOSED VERSION)**

Plaintiffs claim that Michael Martinez, Jeremy Deberg, and Sabrina Cervantes intentionally interfered with Anthony Nuñez's constitutional rights under state law by using threats, intimidation, coercion or violence.

To establish this claim, Plaintiffs must prove:

1) That Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes acted violently or coercively against Anthony Nunez to prevent him from exercising some constitutional right or retaliated against him for having exercised some constitutional right;

2) That Anthony Nunez was harmed; and

3) That the conduct of Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes  was a substantial factor in causing the harm.

Source: Cal. Code §52.1; *Bender v. County of LA*, 217 Cal.App.4th 968 (2013).