**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

**CARRILLO LAW FIRM, LLP**
Luis A. Carrillo (SBN 70398)
Michael S. Carrillo (SBN 258878)
Dominique L. Boubion (SBN 336915)
1499 Huntington Drive, Suite 402
South Pasadena, California 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

*Attorneys for Plaintiffs*

Christopher P. Wesierski [Bar No. 086736]
  cwesierski@wzllp.com
Abe G. Salen [Bar No. 182366]
  asalen@wzllp.com
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CITY OF HESPERIA MICHAEL MARTINEZ, SABRINA CERVANTES and JEREMY DEBERG

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT COURT OF CALIFORNIA

ROSA NUÑEZ, individually; ANTHONY NUÑEZ, JR., individually and as successor-in-interest to Decedent, Anthony Nuñez; and, ANDREW NUÑEZ, individually,

Plaintiffs,

v.

COUNTY OF SAN BERNARDINO; CITY OF HESPERIA; MICHAEL MARTINEZ; SABRINA CERVANTES; JEREMY DEBERG; JONATHAN CAMPOS; and DOES 5 through 15, inclusive,

Defendants.

Case No.: 5:22-cv-01934-SSS-SP

*Honorable Sunshine S. Sykes*
*Hon. Mag. Judge Sheri Pym*

**AMENDED JOINT AGREED UPON JURY INSTRUCTIONS**

FPTC:  April 4, 2025
Trial:   April 21, 2025

**PLEASE TAKE NOTICE** that the Parties hereby submit the Amended Joint

Agreed Upon [Proposed] Jury Instructions for the Trial of this matter.

Respectfully submitted,

DATED:  April 16, 2025            LAW OFFICES OF DALE K. GALIPO

By:    */s/ Benjamin S. Levine*
                                        Dale K. Galipo
                                        Benjamin S. Levine[1]
                                        Attorneys for Plaintiffs

DATED:  April 16, 2025            WESIERSKI & ZUREK LLP

By                    */s/ Abe G. Salen*
                                        CHRISTOPHER P. WESIERSKI
                                        ABE G. SALEN
                                        Attorneys for Defendants, COUNTY OF SAN
                                        BERNARDINO, CITY OF HESPERIA,
                                        MICHAEL MARTINEZ, SABRINA
                                        CERVANTES and JEREMY DEBERG

---

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

2

| **NUMBER** | **TITLE** | **SOURCE** | **PAGE** |
|:---:|:---:|:---:|:---:|
| | **Opening Instructions** | | |
| 1. | Outline of Trial | 9th Cir. 1.21 | 6 |
| 2. | Duty of Jury | 9th Cir. 1.3 | 7 |
| 3. | Claims and Defenses | 9th Cir. 1.5 | 8 |
| 4. | Burden of Proof – Preponderance of the Evidence | 9th Cir. 1.6 | 9 |
| 5. | Two or More Parties – Different Legal Rights | 9th Cir. 1.8 | 10 |
| 6. | What is Evidence | 9th Cir. 1.9 | 11 |
| 7. | What is Not Evidence | 9th Cir. 1.10 | 12 |
| 8. | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 13 |
| 9. | Ruling on Objections | 9th Cir. 1.13 | 14 |
| 10. | Credibility of Witnesses | 9th Cir. 1.14 | 15 |
| 11. | Conduct of the Jury | 9th Cir. 1.15 | 17 |
| 12. | Publicity During Trial | 9th Cir. 1.16 | 19 |
| 13. | No Transcript Available to Jury | 9th Cir. 1.17 | 20 |
| 14. | Taking Notes | 9th Cir. 1.18 | 21 |
| 15. | Questions to Witnesses by Jurors | 9th Cir. 1.19 | 22 |
| 16. | Bench Conferences and Recesses | 9th Cir. 1.20 | 23 |
| 17. | Expert Opinion | 9th Cir. 2.13 | 24 |

| 18. | Stipulations of Fact | 9th Cir. 2.2 | 25 |
|---|---|---|---|
| **Claims** | | | |
| 19. | Section 1983 Claim – Introductory Instruction | 9th Cir. 9.1 | 26 |
| 20. | Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof | 9th Cir. 9.3 | 27 |
| 21. | Battery by Peace Officer (Deadly Force)—Essential Elements | CACI 1305B | 28 |
| 22. | Battery by Peace Office (Non-Deadly Force)—Essential Factual Elements | CACI 1305A | 30 |
| 23. | Negligence – Basic Standard of Care | CACI 401 | 32 |
| 24. | Negligent Use of Deadly Force by Peace Officer—Essential Factual Elements | CACI 441 | 33 |
| 25. | Negligent Use of Non-Deadly Force by Law Enforcement Officer in Arrest or Seizure—Essential Factual Elements | CACI 440 | 35 |
| 26. | Negligence—Recovery of Damages for Emotional Distress—No Physical Injury—Bystander—Essential Factual Elements | CACI 1621 | 37 |
| 27. | Apportionment of Responsibility | CACI 406 | 38 |
| 28. | Comparative Fault of Decedent | CACI 407 | 39 |
| 29. | Causation: Substantial Factor | CACI 430 | 40 |
| 30. | Causation: Multiple Causes | CACI 431 | 41 |

| 31. | Alternative Causation | CACI 434 | 42 |
|---|---|---|---|
| 32. | Vicarious Liability—Legal Relationship not Disputed | CACI 3703 | 43 |
| 33. | Damages | 9th Cir. 5.1, 5.2; CACI 1621, 3921 | 44 |
| **Closing Instructions** | | | |
| 34. | Duty of Jury | 9th Cir. 1.4 | 45 |
| 35. | Duty to Deliberate | 9th Cir. 3.1 | 46 |
| 36. | Consideration of Evidence – Conduct of the Jury | 9th Cir. 3.2 | 47 |
| 37. | Communication with Court | 9th Cir. 3.3 | 49 |
| 38. | Readback of Playback | 9th Cir. 3.4 | 50 |
| 39. | Return of Verdict | 9th Cir. 3.5 | 51 |
| 40. | Post-Discharge Instruction | 9th Cir. 3.9 | 52 |

**INSTRUCTION NO. 1**

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The Plaintiffs will then present evidence, and counsel for the Defendants may cross-examine. Then the Defendants may present evidence, and counsel for the Plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**INSTRUCTION NO. 2**

**DUTY OF JURY (COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL BUT DOES NOT PROVIDE WRITTEN COPIES)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**INSTRUCTION NO. 3**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This case involves the shooting of Anthony Nuñez by County of San Bernardino Sheriff's Department Deputy Michael Martinez, and the use of less-lethal force by Deputies Jeremy Deberg and Sabrina Cervantes. The Plaintiffs are Anthony Nuñez Jr., who is the son of Anthony Nuñez, the decedent; Rosa Nuñez, who is the mother of the decedent; and Andrew Nuñez, who is the brother of the decedent. The Defendants are Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and the County of San Bernardino. Plaintiffs claim that Michael Martinez, Jeremy Deberg, and Sabrina Cervantes used excessive and unreasonable force against Anthony Nuñez, and were negligent toward Anthony Nuñez, when they shot and used less-lethal weapons against him. Plaintiffs have the burden of proving these claims. Plaintiffs seek damages as permitted by law.

The Defendants deny Plaintiffs' claims and contend that the use of deadly and less-lethal force was reasonable under the totality of the circumstances.

**INSTRUCTION NO. 4**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### INSTRUCTION NO. 5

### TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS

You should decide the case as to each plaintiff and defendant separately. Unless otherwise stated, the instructions apply to all parties.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 6

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.    The sworn testimony of any witness;

2.    The exhibits that are admitted into evidence;

3.    Any facts to which the lawyers have agreed; and

4.    Any facts that I have instructed you to accept as proved.

# INSTRUCTION NO. 7

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)  Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)  Anything you may see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 8**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 9**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit may be received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**INSTRUCTION NO. 10**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    The opportunity and ability of the witness to see or hear or know the things testified to;

(2)    The witness's memory;

(3)    The witness's manner while testifying;

(4)    The witness's interest in the outcome of the case, if any;

(5)    The witness's bias or prejudice, if any;

(6)    Whether other evidence contradicted the witness's testimony;

(7)    The reasonableness of the witness's testimony in light of all the evidence; and

(8)    Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the

number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# INSTRUCTION NO. 11

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter (now X), Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other

reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

# INSTRUCTION NO. 12

## PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 13**

**NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

1

**INSTRUCTION NO. 14**

2

**TAKING NOTES**

3    If you wish, you may take notes to help you remember the evidence. If you do

4    take notes, please keep them to yourself until you go to the jury room to decide the

5    case. Do not let notetaking distract you. When you leave, your notes should be left in

6    the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

7    Whether or not you take notes, you should rely on your own memory of the

8    evidence. Notes are only to assist your memory. You should not be overly influenced

9    by your notes or those of other jurors.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### INSTRUCTION NO. 15

### QUESTIONS TO WITNESSES BY JURORS

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**INSTRUCTION NO. 16**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1

2

**INSTRUCTION NO. 17**

**EXPERT OPINION**

You will hear testimony from the parties' police practices experts, Scott DeFoe
and Edward Flosi, who will testify to their opinions and the reasons for their opinions.
This opinion testimony is allowed, because of the specialized knowledge, skill,
experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may
accept it or reject it, and give it as much weight as you think it deserves, considering
the witness's specialized knowledge, skill, experience, training, or education, the
reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO. 18**

**STIPULATIONS OF FACT**

The Parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

1.  On March 29, 2022, at 11:25 a.m., San Bernardino Sheriff's Department ("SBSD") deputies were dispatched to Anthony Nuñez's family home in response to a 9-1-1 call.

2.  Defendant Michael Martinez, Defendant Sabrina Cervantes, Defendant Jeremy Deberg, and Jonathan Campos were among the SBSD deputies who arrived at the home.

3.  Anthony Nuñez was 42 years old on the date of his death.

4.  Defendants Michael Martinez, Jeremy Deberg, and Sabrina Cervantes acted under color of law at the time of each Defendant's use of force.

5.  Defendants Michael Martinez, Jeremy Deberg, and Sabrina Cervantes acted within the course and scope of their employment with the County of San Bernardino at the time of each Defendant's use of force.

6.  Rosa Nuñez is the mother of Anthony Nuñez and a Plaintiff in this action.

7.  Andrew Nuñez is the brother of Anthony Nuñez and a Plaintiff in this action.

8.  Anthony Nuñez Jr. is the son of decedent Anthony Nuñez and a Plaintiff in this action

1

**INSTRUCTION NO. 19**

2

**SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION**

3

 The Plaintiffs bring some of their claims under the federal statute, 42 U.S.C.

4

§ 1983, which provides that any person or persons who, under color of state law,

5

deprives another of any rights, privileges, or immunities secured by the Constitution

6

or laws of the United States shall be liable to the injured party.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INSTRUCTION NO. 20

## SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY – ELEMENTS AND BURDEN OF PROOF

In order to prevail on their § 1983 claims against the Defendants Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes, the Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. The Defendant acted under color of state law;

2. The acts of the Defendant deprived Anthony Nuñez, the Decedent, of his rights and/or deprived the Plaintiffs of their rights under the United States Constitution as explained in later instructions; and

3. The Defendant's conduct was the actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Michael Martinez, Jeremy Deberg, and Sabrina Cervantes were acting under color of state law.

If you find that the Plaintiffs have proved each of these elements against Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes, and if you find that the Plaintiffs have proved all the elements they are required to prove under Instructions ___, your verdict should be for the Plaintiffs on that claim. If, on the other hand, you find that the Plaintiffs have failed to prove any one or more of these elements, your verdict should be for Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes on that claim.

**INSTRUCTION NO. 21**

**BATTERY BY PEACE OFFICER (DEADLY FORCE)—ESSENTIAL ELEMENTS**

A sheriff's deputy may use deadly force only when necessary in defense of human life. Plaintiffs claim that Defendant Michael Martinez unnecessarily used deadly force against Anthony Nuñez. To establish this claim, Plaintiffs must prove all of the following:

1. That Michael Martinez intentionally shot Anthony Nuñez;

2. That Michael Martinez used deadly force against Anthony Nuñez;

3. That Michael Martinez's use of deadly force was not necessary to defend human life;

4. That Anthony Nuñez was killed; and

5. That the use of deadly force by Michael Martinez was a substantial factor in causing Anthony Nuñez's death.

Michael Martinez's use of deadly force was necessary to defend human life only if a reasonable deputy in the same situation would have believed, based on the totality of the circumstances known to or perceived by Michael Martinez at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to Michael Martinez or to another person.

A person being arrested has a duty not to use force to resist the deputy unless the deputy is using unreasonable force.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and

1   no matter how great the likelihood of the harm, but is one that, from appearances,

2   must be instantly confronted and addressed.

3          "Totality of the circumstances" means all facts known to the peace officer at the

4   time, including the conduct of Michael Martinez and Anthony Nuñez leading up to the

5   use of deadly force. In determining whether Michael Martinez's use of deadly force

6   was necessary in defense of human life, you must consider Michael Martinez's

7   tactical conduct and decisions before using deadly force on Anthony Nuñez and

8   whether Michael Martinez used other available resources and techniques as

9   alternatives to deadly force, if it was reasonably safe and feasible to do so. You must

10  also consider whether Michael Martinez knew or had reason to know that Anthony

11  Nuñez was suffering from a physical, mental health, developmental, or intellectual

12  disability that may have affected Anthony Nuñez's ability to understand or comply

13  with commands from the deputies.

14         A deputy who makes or attempts to make an arrest does not have to retreat or

15  stop because the person being arrested is resisting or threatening to resist. Tactical

16  repositioning or other de-escalation tactics are not retreat. A deputy does not lose the

17  right to self-defense by use of objectively reasonable force to effect the arrest or to

18  prevent escape or to overcome resistance. A deputy does, however, have a duty to use

19  reasonable tactical repositioning or other de-escalation tactics.

20

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 22

## BATTERY BY PEACE OFFICER (NONDEADLY FORCE)—ESSENTIAL FACTUAL ELEMENTS

Plaintiffs claim that Defendants Jeremy Deberg and Sabrina Cervantes harmed Anthony Nuñez by using unreasonable force to arrest him or overcome his resistance. To establish this claim, Plaintiffs must prove all of the following:

1.      That Jeremy Deberg and/or Sabrina Cervantes intentionally caused Anthony Nuñez to be struck by a weapon;

2.      That Jeremy Deberg and/or Sabrina Cervantes used unreasonable force against Anthony Nuñez;

3.      That Anthony Nuñez did not consent to the use of that force;

4.      That Anthony Nuñez was harmed; and

5.      That Jeremy Deberg's and/or Sabrina Cervantes's use of unreasonable force was a substantial factor in causing Anthony Nuñez's harm.

A sheriff's deputy may use reasonable force to arrest or overcome the resistance of a person when the deputy has reasonable cause to believe that the person has committed a crime. A person being arrested has a duty not to use force to resist the deputy unless the deputy is using unreasonable force.

In deciding whether Jeremy Deberg and/or Sabrina Cervantes used unreasonable force, you must consider the totality of the circumstances and determine what amount of force a reasonable sheriff's deputy in Jeremy Deberg's and/or Sabrina Cervantes's position would have used under the same or similar circumstances. "Totality of the circumstances" means all facts known to the deputy at the time, including the conduct of Jeremy Deberg, Sabrina Cervantes, and Anthony Nuñez leading up to the use of force. You should consider, among other factors, the following:

a.      Whether Anthony Nuñez reasonably appeared to pose an immediate threat to the safety of Jeremy Deberg, Sabrina Cervantes, or others;

1         b.     The seriousness of the crime at issue; and

2         c.     Whether Anthony Nuñez was actively resisting arrest or attempting to

3 evade arrest.

4         A deputy who makes or attempts to make an arrest does not have to retreat or

5 stop because the person being arrested resists or threatens to resist. Tactical

6 repositioning or other de-escalation tactics are not retreat. A deputy does not lose the

7 right to self-defense by using objectively reasonable force to arrest or overcome

8 resistance. A deputy does, however, have a duty to use reasonable tactical

9 repositioning or other de-escalation tactics.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INSTRUCTION NO. 23

## NEGLIGENCE—BASIC STANDARD OF CARE

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Anthony Nuñez's situation. You must decide how a reasonably careful police officer would have acted in Michael Martinez's, Jeremy Deberg's, and Sabrina Cervantes's situation.

# INSTRUCTION NO. 24

## NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER— ESSENTIAL FACTUAL ELEMENTS

A peace officer may use deadly force only when necessary in immediate defense of human life. Plaintiffs claim that Defendant Michael Martinez was negligent in using deadly force against Anthony Nuñez. To establish this claim, Plaintiffs must prove all of the following:

1. That Michael Martinez was a peace officer;

2. That Michael Martinez used deadly force against Anthony Nuñez;

3. That Michael Martinez's uses of deadly force were not necessary to defend human life;

4. That Anthony Nuñez was killed; and

5. That Michael Martinez's shooting of Anthony Nuñez was a substantial factor in causing Anthony Nuñez's death.

Michael Martinez's use of deadly force was necessary to defend human life only if a reasonable deputy in the same situation would have believed, based on the totality of the circumstances known to or perceived by Michael Martinez at the time of the shooting, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to Michael Martinez or any other person.

A person being arrested has a duty not to use force to resist a deputy unless the deputy is using unreasonable force.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable deputy in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the deputy or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by Michael Martinez at the time of the shooting, including the conduct of Michael Martinez and Anthony Nuñez leading up to the use of deadly force. In determining whether Michael Martinez's use of deadly force was necessary in defense of human life, you must consider Michael Martinez's tactical conduct and decisions before using deadly force against Anthony Nuñez and whether Michael Martinez used other available resources and techniques as an alternative to deadly force, if it was reasonably safe and feasible to an objectively reasonable deputy.

A deputy who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other de-escalation tactics are not retreat. A deputy does not lose the right to self-defense by using objectively reasonable force to effect the arrest or overcome resistance. A deputy does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

# INSTRUCTION NO. 25

## NEGLIGENT USE OF NONDEADLY FORCE BY LAW ENFORCEMENT OFFICER IN ARREST OR OTHER SEIZURE—ESSENTIAL FACTUAL ELEMENTS

A law enforcement officer may use reasonable force to arrest a person when the officer has reasonable cause to believe that that person has committed or is committing a crime. However, the officer may use only that degree of force necessary to arrest the person. A person being arrested has a duty not to use force to resist the deputy unless the deputy is using unreasonable force.

Plaintiffs claim that Defendants Jeremy Deberg and Sabrina Cervantes were negligent in using unreasonable force to arrest Anthony Nuñez. To establish this claim, Plaintiffs must prove all of the following:

1. That Jeremy Deberg and/or Sabrina Cervantes used force to arrest Anthony Nuñez;

2. That the amount of force used by Jeremy Deberg and/or Sabrina Cervantes was unreasonable;

3. That Anthony Nuñez was harmed; and

4. That Jeremy Deberg's and/or Sabrina Cervantes's use of unreasonable force was a substantial factor in causing Anthony Nuñez harm.

In deciding whether Jeremy Deberg and/or Sabrina Cervantes used unreasonable force, you must consider the totality of the circumstances to determine what amount of force a reasonable sheriff's deputy in Jeremy Deberg's and Sabrina Cervantes's position would have used under the same or similar circumstances. "Totality of the circumstances" means all facts known to the deputy at the time, including the conduct of Jeremy Deberg, Sabrina Cervantes, and Anthony Nuñez leading up to the use of force. Among the factors to be considered are the following:

a) Whether Anthony Nuñez reasonably appeared to pose an immediate threat to the safety of Jeremy Deberg, Sabrina Cervantes, or others;

b) The seriousness of the crime at issue;

c) Whether Anthony Nuñez was actively resisting arrest or attempting to avoid arrest by flight; and

d) Jeremy Deberg's and Sabrina Cervantes's tactical conduct before using force on Anthony Nuñez.

A deputy who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other de-escalation tactics are not retreat. A deputy does not lose the right to self-defense by using objectively reasonable force to arrest or overcome resistance by the person. A deputy does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

**INSTRUCTION NO. 26**

**NEGLIGENCE—RECOVERY OF DAMAGES FOR EMOTIONAL
DISTRESS—NO PHYSICAL INJURY—BYSTANDER—ESSENTIAL
FACTUAL ELEMENTS**

Plaintiff Andrew Nuñez claims that he suffered serious emotional distress as a result of perceiving injury to and the death of Anthony Nuñez. To establish this claim, Andrew Nuñez must prove all of the following:

1. That Defendant Michael Martinez negligently caused the death of Anthony Nuñez, and/or that Defendants Jeremy Deberg and/or Sabrina Cervantes negligently caused injury to Anthony Nuñez;

2. That when the gunshots that caused the death of Anthony Nuñez were fired, and/or when the less-lethal weapons that caused injury to Anthony Nuñez were discharged, Andrew Nuñez was present at the scene;

3. That Andrew Nuñez was then aware that the gunshots were causing the death of Anthony Nuñez, and/or that the less-lethal weapons were causing injury to Anthony Nuñez;

4. That Andrew Nuñez suffered serious emotional distress; and

5. That Michael Martinez's, Jeremy Deberg's, and/or Sabrina Cervantes's conduct was a substantial factor in causing Andrew Nuñez's serious emotional distress.

Plaintiff Andrew Nuñez need not have been then aware Michael Martinez had caused Anthony Nuñez's death, or that Jeremy Deberg and/or Sabrina Cervantes had caused injury to Anthony Nuñez.

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame. Serious emotional distress exists if an ordinary, reasonable person would be unable to cope with it.

**INSTRUCTION NO. 27**

**APPORTIONMENT OF RESPONSIBILITY**

If you find that the negligence of more than one person, including Michael Martinez, Jeremy Deberg, Sabrina Cervantes, and Anthony Nuñez, was a substantial factor in causing Anthony Nuñez's harm, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form. The percentages must total 100 percent.

You will make a separate finding of Plaintiffs' total damages, if any. In determining an amount of damages, you should not consider any person's assigned percentage of responsibility.

1

## INSTRUCTION NO. 28

2

## COMPARATIVE FAULT OF DECEDENT

3      The Defendants assert that Anthony Nuñez's own negligence contributed to his

4 death. To succeed on this defense, the Defendants must prove both of the following:

5      1.  That Anthony Nuñez was negligent; and

6      2.  That Anthony Nuñez's negligence was a substantial factor in causing his

7          death.

8      If the Defendants prove the above, the Plaintiffs' damages are reduced by your

9 determination of the percentage of Anthony Nuñez's responsibility. I will calculate the

10 actual reduction.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 29**

**CAUSATION – SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

1

**INSTRUCTION NO. 30**

2

**CAUSATION: MULTIPLE CAUSES**

3     A person's conduct may combine with another factor to cause harm. If you find

4  that the conduct of Michael Martinez, Jeremy Deberg, and/or Sabrina Cervantes was a

5  substantial factor in causing harm or death to Anthony Nuñez, then Michael Martinez,

6  Jeremy Deberg, and/or Sabrina Cervantes are responsible for the harm. Michael

7  Martinez, Jeremy Deberg, and/or Sabrina Cervantes cannot avoid responsibility just

8  because some other person, condition, or event was also a substantial factor in causing

9  Anthony Nuñez's harm or death.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 31**

**ALTERNATIVE CAUSATION**

You may decide that more than one of the defendants was negligent, but that the negligence of only one of them could have actually caused Anthony Nuñez's harm. If you cannot decide which defendant caused Anthony Nuñez's harm, you must decide that each defendant is responsible for the harm.

However, if a defendant proves that he or she did not cause Anthony Nuñez's harm, then you must conclude that defendant is not responsible.

**INSTRUCTION NO. 32**

**VICARIOUS LIABILITY—LEGAL RELATIONSHIP NOT DISPUTED**

In this case, Michael Martinez, Jeremy Deberg, and Sabrina Cervantes were employees of the County of San Bernardino.

If you find that Michael Martinez, Jeremy Deberg, and Sabrina Cervantes were acting within the scope of their employment when the incident occurred, then the County of San Bernardino is responsible for any harm caused by Michael Martinez, Jeremy Deberg, and Sabrina Cervantes's wrongful conduct.

The parties have stipulated that Michael Martinez, Jeremy Deberg, and Sabrina Cervantes were acting within the scope of their employment during this incident.

**INSTRUCTION NO. 33**

**DAMAGES**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiffs on any of their claims, you must determine the Plaintiffs' damages. The Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiffs or Anthony Nuñez for any injury you find was caused by the Defendants.

You should consider the following as to Anthony Nuñez's damages:

1. The nature and extent of the injuries;

2. Anthony Nuñez's loss of life; and

3. The mental, physical, and emotional pain and suffering experienced prior to death.

You should consider the following as to the damages for Plaintiffs Anthony Nuñez Jr. and Rosa Nuñez:

1. The loss of Anthony Nuñez's love, companionship, comfort, care, assistance, protection, affection, society, and moral support;

You should consider the following as to the damages for Plaintiff Andrew Nuñez:

1. The severe emotional distress experienced.

# INSTRUCTION NO. 34

## DUTY OF JURY

## (COURT READS AND PROVIDES WRITTEN SET OF INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*or*

[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

# INSTRUCTION NO. 35

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1

**INSTRUCTION NO. 36**

2

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

3      Because you must base your verdict only on the evidence received in the case

4   and on these instructions, I remind you that you must not be exposed to any other

5   information about the case or to the issues it involves. Except for discussing the case

6   with your fellow jurors during your deliberations:

7      Do not communicate with anyone in any way and do not let anyone else

8   communicate with you in any way about the merits of the case or anything to do with

9   it. This includes discussing the case in person, in writing, by phone, tablet, computer,

10  or any other means, via email, via text messaging, or any Internet chat room, blog,

11  website or application, including but not limited to Facebook, YouTube, Twitter (now

12  X), Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This

13  applies to communicating with your family members, your employer, the media or

14  press, and the people involved in the trial. If you are asked or approached in any way

15  about your jury service or anything about this case, you must respond that you have

16  been ordered not to discuss the matter and to report the contact to the court.

17     Do not read, watch, or listen to any news or media accounts or commentary

18  about the case or anything to do with it; do not do any research, such as consulting

19  dictionaries, searching the Internet, or using other reference materials; and do not

20  make any investigation or in any other way try to learn about the case on your own.

21  Do not visit or view any place discussed in this case, and do not use Internet programs

22  or other devices to search for or view any place discussed during the trial. Also, do not

23  do any research about this case, the law, or the people involved—including the parties,

24  the witnesses or the lawyers—until you have been excused as jurors. If you happen to

25  read or hear anything touching on this case in the media, turn away and report it to me

26  as soon as possible.

27     These rules protect each party's right to have this case decided only on evidence

28  that has been presented here in court.  Witnesses here in court take an oath to tell the

truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

1
2

**INSTRUCTION NO. 37**

**COMMUNICATION WITH COURT**

3        If it becomes necessary during your deliberations to communicate with me, you

4   may send a note through the clerk, signed by any one of you. No member of the jury

5   should ever attempt to communicate with me except by a signed writing. I will not

6   communicate with any member of the jury on anything concerning the case except in

7   writing, or here in open court. If you send out a question, I will consult with the

8   lawyers before answering it, which may take some time. You may continue your

9   deliberations while waiting for the answer to any question. Remember that you are not

10  to tell anyone—including me—how the jury stands, whether in terms of vote count or

11  otherwise, until after you have reached a unanimous verdict or have been discharged.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

**INSTRUCTION NO. 38**

**READBACK OR PLAYBACK**

Because a request has been made for a [readback] [playback] of the testimony

of [witness's name] it is being provided to you, but you are cautioned that all

[readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of

one portion of the testimony. [Therefore, you will be required to hear all the witness's

testimony on direct and cross-examination, to avoid the risk that you might miss a

portion bearing on your judgment of what testimony to accept as credible.] [Because

of the length of the testimony of this witness, excerpts will be [read] [played].] The

[readback] [playback] could contain errors. The [readback] [playback] cannot reflect

matters of demeanor [, tone of voice,] and other aspects of the live testimony. Your

recollection and understanding of the testimony controls. Finally, in your exercise of

judgment, the testimony [read] [played] cannot be considered in isolation, but must be

considered in the context of all the evidence presented.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 39**

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

# JURY INSTRUCTION NO. 40
## POST-DISCHARGE INSTRUCTION

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.