**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

**CARRILLO LAW FIRM, LLP**
Luis A. Carrillo (SBN 70398)
Michael S. Carrillo (SBN 258878)
Dominique L. Boubion (SBN 336915)
1499 Huntington Drive, Suite 402
South Pasadena, California 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

*Attorneys for Plaintiffs*

Christopher P. Wesierski [Bar No. 086736]
  cwesierski@wzllp.com
Abe G. Salen [Bar No. 182366]
  asalen@wzllp.com
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CITY OF HESPERIA MICHAEL MARTINEZ, SABRINA CERVANTES and JEREMY DEBERG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| ROSA NUÑEZ, individually; ANTHONY NUÑEZ, JR., individually and as successor-in-interest to Decedent, Anthony Nuñez; and, ANDREW NUÑEZ, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO; CITY OF HESPERIA; MICHAEL MARTINEZ; SABRINA CERVANTES; JEREMY DEBERG; JONATHAN CAMPOS; and DOES 5 through 15, inclusive,<br><br>Defendants. | Case No.: 5:22-cv-01934-SSS-SP<br><br>*Honorable Sunshine S. Sykes*<br>*Hon. Mag. Judge Sheri Pym*<br><br>**AMENDED DISPUTED JURY INSTRUCTIONS**<br><br>FPTC: April 4, 2025<br>Trial:  April 21, 2025 |

1

**PLEASE TAKE NOTICE** that the Parties hereby submit their Amended Disputed [Proposed] Jury Instructions for the Trial of this matter.

Respectfully submitted,

DATED: April 19, 2025    LAW OFFICES OF DALE K. GALIPO

By:    */s/ Benjamin S. Levine*
     Dale K. Galipo
     Benjamin S. Levine[1]
     Attorneys for Plaintiffs

DATED: April 19, 2025    WESIERSKI & ZUREK LLP

By    */s/ Abe G. Salen*
     CHRISTOPHER P. WESIERSKI
     ABE G. SALEN
     Attorneys for Defendants, COUNTY OF SAN BERNARDINO, CITY OF HESPERIA, MICHAEL MARTINEZ, SABRINA CERVANTES and JEREMY DEBERG

---

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

2

| NUMBER | TITLE | SOURCE | PAGE |
|---|---|---|---|
| **Claims** | | | |
| 1. | Fourth Amendment—Unreasonable Seizure of Person—Excessive Force | 9th Cir. 9.25 | 4 |
| 2. | Fourteenth Amendment—Substantive Due Process—Interference with Parent-Child Relationship | 9th Cir. 9.32; *Wilkinson v. Torres*, 601 F.3d 546, 554 (9th Cir. 2010); *Porter v. Osborne*, 546 F.3d 1131, 1136-1137 (9th Cir. 2008); *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 372-72 (9th Cir. 1998 | 8 |
| 3. | Bane Act | *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)). | 10 |

**INSTRUCTION NO. 1**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a sheriff's deputy uses excessive force in making a lawful arrest or in defending himself and/or others. Therefore, to establish an unreasonable seizure in this case, the Plaintiffs must prove by a preponderance of the evidence that Michael Martinez used excessive force against the decedent, Anthony Nuñez.

Under the Fourth Amendment, a deputy may only use such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable deputy on the scene and not with the 20/20 vision of hindsight. Although the facts known to Michael Martinez are relevant to your inquiry, Michael Martinez's subjective intents or motives are not relevant to your inquiry.

In determining whether Michael Martinez used excessive force in this case, consider all of the circumstances known to him, including:

1. The nature of the circumstances to which Michael Martinez was responding;
2. In determining whether Michael Martinez used excessive force, whether Anthony Nuñez posed an immediate threat of death or serious bodily injury to Michael Martinez or others;
3. Whether Anthony Nuñez was actively resisting arrest or attempting to evade arrest by flight;
4. The amount of time Michael Martinez had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;
5. The relationship between the need for the use of force and the amount of force used;
6. The extent of Anthony Nuñez's injury;

7. Any effort made by Michael Martinez to temper or to limit the amount of force;

8. The severity of the security problem at issue;

9. The availability of alternative methods to take Anthony Nuñez into custody;

10. The number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;

11. Whether it was practical for Michael Martinez to give warning of the imminent use of force, and whether such warning was given;

12. Whether it should have been apparent to Michael Martinez that Anthony Nuñez was emotionally disturbed; and

13. Whether a reasonable deputy would have or should have accurately perceived a mistaken fact.

**INSTRUCTION NO. 1**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a sheriff's deputy uses excessive force in making a lawful arrest or in defending himself and/or others. Therefore, to establish an unreasonable seizure in this case, the Plaintiffs must prove by a preponderance of the evidence that Michael Martinez, used excessive force against the decedent, Anthony Nuñez.

Under the Fourth Amendment, a deputy may only use such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable deputy on the scene and not with the 20/20 vision of hindsight. Although the facts known to Michael Martinez are relevant to your inquiry, Michael Martinez's subjective intents or motives are not relevant to your inquiry.

In determining whether Michael Martinez used excessive force in this case, consider all of the circumstances known to them, including:

1. The nature of the circumstances to which Michael Martinez was responding;
2. In determining whether Michael Martinez used excessive force, whether Anthony Nuñez posed an immediate threat of death or serious bodily injury to Michael Martinez or others;
3. Whether Anthony Nuñez was actively resisting arrest or attempting to evade arrest by flight;
4. The amount of time Michael Martinez had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;
5. The relationship between the need for the use of force and the amount of force used;
6. The extent of Anthony Nuñez's injury;

6

7. Any effort made by Michael Martinez to temper or to limit the amount of force;
8. The severity of the security problem at issue;
9. The availability of alternative methods to take Anthony Nuñez into custody;
10. The number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;
11. Whether it was practical for Michael Martinez to give warning of the imminent use of force, and whether such warning was given;
12. Whether it should have been apparent to Michael Martinez that Anthony Nuñez was emotionally disturbed;
13. Whether a reasonable deputy would have or should have accurately perceived a mistaken fact; and
14. Whether there was probable cause for a reasonable officer to believe that Anthony Nunez had committed a crime involving the infliction or threatened infliction of serious physical harm.

# INSTRUCTION NO. 2

Plaintiffs Rosa Nuñez and Anthony Nuñez, Jr. claim that Defendant Michael Martinez deprived them of their right under the Fourteenth Amendment to be free from unlawful state interference with their familial relationship with Rosa Nuñez's son, and Anthony Nuñez, Jr.'s father, Anthony Nuñez.

In order to prove that Defendant Michael Martinez deprived these Plaintiffs of their Fourteenth Amendment right to be free from unreasonable state interference with their relationship with the decedent, Plaintiffs must prove that Defendant Michael Martinez acted with deliberate indifference when he shot Anthony Nuñez. Deliberate indifference is reflected by a conscious disregard of a risk to Anthony Nuñez's health or safety. However, if you find that it was impracticable for Michael Martinez to deliberate before he shot Anthony Nuñez, then Plaintiff must instead prove that Michael Martinez acted with a purpose to harm Anthony Nuñez that was unrelated to a legitimate law enforcement objective.

## INSTRUCTION NO. 2

Plaintiffs Rosa Nuñez and Anthony Nuñez, Jr. claim that Defendant Michael Martinez deprived them of their right under the Fourteenth Amendment to be free from unlawful state interference with their familial relationship with Rosa Nuñez's son, and Anthony Nuñez, Jr.'s father, Anthony Nuñez.

In order to prove that Defendant Michael Martinez deprived these Plaintiffs of their Fourteenth Amendment right to be free from unreasonable state interference with their relationship with the decedent, Plaintiffs must prove that Defendant Michael Martinez acted with deliberate indifference when he shot and/or used less-lethal force against Anthony Nuñez. Deliberate indifference is reflected by a conscious disregard of a risk to Anthony Nuñez's health or safety. However, if you find that it was impracticable for Defendant Michael Martinez to actually deliberate before he shot and/or used less-lethal force against Anthony Nuñez, then Plaintiff must instead prove that Defendant Michael Martinez acted with a purpose to harm Anthony Nuñez that was unrelated to a legitimate law enforcement objective.

# INSTRUCTION NO. 3

Plaintiffs claim that Michael Martinez intentionally interfered with Anthony Nuñez's constitutional right to be free from excessive force under state law by using excessive force against him.

To establish this claim, Plaintiffs must prove:

1) That Michael Martinez used excessive force;
2) That Michael Martinez intended to violate Anthony Nuñez's constitutional rights, demonstrated by a reckless disregard for Anthony Nuñez's constitutional right to be free from excessive force; and
3) That the conduct of Michael Martinez was a substantial factor in causing harm, injury, and/or death to Anthony Nuñez.

# INSTRUCTION NO. 3

Plaintiffs claim that Michael Martinez intentionally interfered with Anthony Nuñez's constitutional rights under state law by using threats, intimidation, coercion or violence.

To establish this claim, Plaintiffs must prove:

1) That Michael Martinez acted violently or coercively against Anthony Nunez to prevent him from exercising some constitutional right or retaliated against him for having exercised some constitutional right;

2) That Anthony Nunez was harmed; and

3) That the conduct of Michael Martinez was a substantial factor in causing the harm.