**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Tel: (818) 347-3333 / Fax: (818) 347-4118

LUIS A. CARRILLO (SBN 70398)
MICHAEL S. CARRILLO (SBN 258878)
DOMINIQUE L. BOUBION (SBN 336915)
**CARRILLO LAW FIRM, LLP**
1499 Huntington Drive, Suite 402
South Pasadena, California 91030
Tel: (626) 799-9375/ Fax: (626) 799-9380

Attorneys for Plaintiffs
ROSA NUÑEZ, ANTHONY NUÑEZ, JR., and ANDREW NUÑEZ

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA NUÑEZ, individually; ANTHONY NUÑEZ, JR., individually and as successor-in-interest to Decedent, Anthony Nuñez; and ANDREW NUÑEZ, individually,<br><br>        Plaintiffs,<br>   v.<br><br>COUNTY OF SAN BERNARDINO; CITY OF HESPERIA; MICHAEL MARTINEZ; SABRINA CERVANTES; JEREMY DEBERG; JONATHAN CAMPOS; and DOES 5 through 15, inclusive,<br>        Defendants. | Case No. 5:22-cv-01934-SSS-SP<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' BILL OF COSTS AGAINST PLAINTIFFS** |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs hereby timely object to Defendants' Bill of Costs for $25,246.57. [Dkt. 194.] The costs should be denied in their entirety because this case involves important civil rights issues that would be chilled by imposing costs on plaintiffs of modest means who challenge fatal police shootings of their loved ones. Alternatively, if the Court awards any costs, they should be substantially reduced because many of Defendants' claimed costs are improper, inadequately documented, or otherwise not recoverable under the applicable rules.

On June 6, 2025, Plaintiffs' counsel, Benjamin Levine, met and conferred telephonically with Defendants' counsel, Abe Salen, regarding the issues raised herein; however, no agreement was reached. (Levine Decl. ¶ 4.)

## II. COSTS SHOULD NOT BE TAXED AGAINST CIVIL RIGHTS PLAINTIFFS

Pursuant to Federal Rule of Civil Procedure 54(d)(1), costs other than attorney's fees "shall be allowed as of course to the prevailing party unless the court otherwise directs." This rule creates a presumption that costs will be taxed against the losing party. *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591-93 (9th Cir. 2000) (en banc). However, a losing party may rebut this presumption if it can demonstrate why costs should not be awarded, as the rule "vests in the district court discretion to refuse to award costs. *Id*. at 591. The Ninth Circuit has recognized that "[a]ppropriate reasons for denying costs include: '(1) the substantial public importance of the case; (2) the closeness and difficulty of the issues in the case; (3) the chilling effect on future similar actions; (4) the plaintiff's limited financial resources; and (5) the economic disparity between the parties.'" *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014) (quoting *Ass'n of Mexican-Am. Educators*, 231 F.3d at 592-93). "This is not 'an exhaustive list …,' but rather a starting point for analysis." *Id.*

**A. This Case Involves Issues of Substantial Public Importance**

This case arose out Defendant Deputy Michael Martinez's fatal shooting of Plaintiffs' son, father, and brother, Anthony Nuñez. Plaintiffs alleged, among other things, that the shooting violated Mr. Nuñez's constitutional right to be free from excessive force. The issue in this case was whether it was legally justifiable for Deputy Martinez to use deadly force against an unstable man who had only been involved in a domestic disturbance, and specifically whether it was reasonable to fire at Mr. Nuñez when, Plaintiffs' argued, he did not pose an immediate threat toward deputies.

This case raises critical questions about police use of force that have profound implications for public safety and civil rights in our society. The United States faces a crisis in law enforcement killings that puts us dramatically out of step with other developed nations. While countries like Germany (1.3 per 10 million), the United Kingdom (0.5 per 10 million), and Japan (0.2 per 10 million) see remarkably low rates of police killings, U.S. law enforcement kills approximately 33 people per 10 million inhabitants. *See* World Population Review, Country Rankings, Police Killings by Country 2025, https://worldpopulationreview.com/country-rankings/police-killings-by-country. This disparity is particularly stark in cases like this one, where officers use deadly force against individuals following minor domestic disturbances resulting in calls intended to secure help for the individual who is ultimately killed. As the Court is no doubt aware, the issue of use of deadly force by police officers in the United States has been the subject of repeated, nationwide attention in recent years, resulting in high-profile public protests and efforts toward legislative reforms. *See, e.g.*, H.R. 1280, 117th Cong. (2021) (George Floyd Justice in Policing Act of 2021). The question of when police may justifiably use deadly force, including under these circumstances, is clearly an issue of substantial public importance.

### B. The Issues in this Case Were Difficult and Close

"[T]he closeness and difficulty of the issues in the case" further counsels against an award of costs. *Escriba*, 743 F.3d at 1247-48. As the jury revealed during deliberations, the jury was evenly deadlocked for a time [Dkt. 182], and it only reached its verdict after deliberating over the course of three days. [Dkt. 170-172.] Neither circumstance would have occurred if this case were not difficult and close.

### C. Awarding Costs Would Create a Chilling Effect on Similar Actions

Imposing substantial costs on plaintiffs who bring good faith challenges to police shootings would create a chilling effect that undermines this vital public discourse and accountability. *See Ass'n of Mexican-Am. Educators*, 231 F.3d at 592-93. It could serve to effectively close the courthouse doors to families of modest means who justifiably seek answers and justice when their loved ones die at the hands of law enforcement.

### D. Plaintiffs Are of Limited Financial Resources

A district court should deny costs when "it would be inequitable under all the circumstances in the case" to do so, including financial hardship. *See Stanley v. University of Southern California*, 178 F.3d 1069, 1079-80 (9th Cir. 1999) (district court abused discretion in denying a losing civil rights plaintiff's motion to re-tax costs without considering the plaintiff's limited financial resources); *Andretti v. Borla Performance Industries, Inc.*, 426 F.3d 824, 836 (6th Cir. 2005); *Association of Mexican-American Educators*, 231 F.3d at 592-93 (affirming order denying costs given plaintiffs' limited financial resources). In this case, the three plaintiffs are of very modest means. The Court will have observed that, at trial, Rosa Nuñez experienced significant mobility issues that are related to chronic medical conditions; together with her age, these prevent her from working for an income. Likewise, at trial, Andrew Nuñez testified that he was on disability leave due to his bereavement at his brother's death and lost his job due to his extended absence. And Anthony Nuñez, Jr., is a young man who testified at trial that he is raising a young

daughter. All have very limited financial resources, and the amount of costs sought by Defendants—over twenty-five thousand dollars—would be significant for anyone who is not extremely wealthy, let alone people in Plaintiffs' position. *See Stanley*, 178 F.3d at 1079-80 ("the imposition of such high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation in this area").

### E. The Economic Disparity Between the Parties is Enormous

In considering the economic disparity between the parties, the Court should consider that the Defendant here is the County of San Bernardino, a large municipality with an annual eleven-figure budget. *See* County of San Bernardino 2024-25 Adopted Budget, https://main.sbcounty.gov/wp-content/uploads/sites/80/2024/12/2024-25-Adopted-Budget.pdf. Plaintiffs, by contrast, are individuals of extremely modest means. Courts have also found that public officials "are in a vastly different financial situation that Plaintiffs" who have limited financial resources, *Hunter v. City & Cnty. of San Francisco*, 2013 WL 6088409, at *3 (N.D. Cal. Nov. 19, 2013). District courts in cases with similar facts have declined to tax costs against civil rights plaintiffs. *See, e.g., Aguilar v. City of Los Angeles*, No. CV 17-4382-CBM-(MRWx), 2020 WL 2573468, at *1 (C.D. Cal. Mar. 4, 2020); *Berry v. City & Cnty. of San Francisco*, 2018 WL 5733680, at *1 (N.D. Cal. Oct. 29, 2018); *Bonilla v. City of Los Angeles*, No. 15-cv-3932-CBM-SS, 2018 WL 5274589, at *2 (C.D. Cal. July 13, 2018); *Hermosillo v. Cnty. of San Bernardino*, No. EDCV 15-00033-DTB, 2017 WL 5479646, at *3 (C.D. Cal. June 19, 2017); *Lopez v. Nguyen*, 2017 WL 512773, at *2 (N.D. Cal. Feb. 8, 2017); *Knox v. City of Fresno*, 208 F. Supp. 3d 1114, 1116 (E.D. Cal. 2016); *Mansourian v. Board of Regents*, 566 F .Supp. 2d 1168, 1171-72 (E.D. Cal. 2008); *Washburn v. Fagan*, 2008 WL 361048, at *2 (N.D. Cal. Feb. 11, 2008).

Accordingly, the Court should decline to award costs to Defendants. Should the Court decide that some costs are warranted, it should exercise its discretion to

reduce costs given the factors discussed above, in addition to the reductions required for the additional reasons addressed below.[1]

## III. DEFENDANTS' CLAIMED COSTS SHOULD BE DENIED OR SUBSTANTIALLY REDUCED

If the Court decides to award some costs, many of Defendants' claimed costs should be denied or reduced because they are not properly taxable or are inadequately documented. "[I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964).

### A. Requested Process Service Fees Are Excessive

Local Rule 54-3.2 allows taxing of "[r]easonable fees for service of process under F.R.Civ.P. 4 . . . and reasonable fees for service of subpoenas under F.R.Civ.P. 45." Defendants claim $1,657.40 for such fees. [Dkt. 194, Tab 2.] Although $1,480.90 of this amount appears to have been incurred for service of deposition subpoenas, such costs are atypically high and thus are not "reasonable" within the meaning of the Local Rule. For example, the subpoena costs include $337.63 for a subpoena served on Melissa Carpenter in Hesperia, California by a process service (after deducting witness fees paid to Ms. Carpenter for time spent in deposition). [Dkt. 194-1 at 2.] However, a process service used by Plaintiffs to serve subpoenas on other witnesses who are also located within San Bernardino County charged significantly less to do so, for example, charging $134.32 to serve a paramedic in San Bernardino. (Levine Decl. ¶¶ 2-3.)

---

[1] This Court also need not render any decision on costs at this time. Plaintiffs also intend to file a motion for a new trial, and a district court may delay any award of costs while post-trial proceedings that may render a party no longer the prevailing party are pending. *Cf. Fonseca v. Secor Int'l, Inc.*, 2005 WL 1587065, at *3 (D. Or. June 13, 2005) ("[T]his court stays execution of the Bill of Costs by defendant pending resolution of plaintiff's appeal ….")

This portion of Defendants' bill of costs also seeks $176.50 for apparent courier delivery to the Court of courtesy copies of documents relating to Defendants' Motion for Summary Judgment. [Dkt. 194-1 at 4.] However, such costs are not recoverable under Local Rule 54-3.2, which only provides for recovery of costs for "service of process under F.R.Civ.P. 4" and "service of subpoenas under F.R.Civ.P. 45." Delivery of courtesy copies fall into neither category.

**B. Deposition Transcript Fees Are Improper, Insufficiently Documented, and Excessive**

Local Rule 54-3.5 sets forth the limited circumstances under which costs associated with depositions may be taxed. *See* L.R. 54-3.5 (costs incurred in connection with depositions taxable "only to the extent" set forth in rule). Here, Defendants seek a significant $21,851.88 for "Billing for Deposition Transcripts." [Dkt. 194, Tab 5.]

Defendants' claimed deposition costs should be largely denied because their documentation contains multiple deficiencies. Local Rule 54-3.5(a) provides that "[f]ailure to provide itemized invoices breaking out the per-page cost of transcripts from other costs, such as expediting, binding, or shipping fees, will be sufficient grounds for not taxing the cost" of deposition transcripts. *See also Gillam v. A. Shyman, Inc.*, 31 F.R.D. 271, 274-75 (D. Alaska 1962) (denying costs because reporter's fee was not separately documented). Yet, many deposition-related costs sought by Defendants are supported by invoices that are not itemized and therefore are deficient, meriting denial of these costs:

- $479.25 for "Court Reporting Services: Deposition of Jonathan Campos" [Dkt. 194-1 at 6];
- $3,271.40 for "COPY OF TRANSCRIPT OF: Corey LaFever" and "COPY OF TRANSCRIPT OF: Michael Martinez" [*Id.* at 7];
- $2,055.72 for "COPY OF TRANSCRIPT OF: Sabrina Cervantes" [*Id.* at 8];

- $2,488.30 for "COPY OF TRANSCRIPT OF: Jeremy Deberg" [*Id.* at 9];
- $1,213.65 for "Court Reporter Servies: Deposition of Scott Defoe" [*Id.* at 15];
- $823.10 for "COPY OF TRANSCRIPT OF: Edward T. Flosi" [*Id.* at 16];
- $2,011.78 for "COPY OF TRANSCRIPT OF: Jonathan Campos" [*Id.* at 18] (this cost also may be duplicative, as the first bullet on this list is also in reference to Jonathan Campos's deposition, though Plaintiffs cannot ascertain what exactly each invoice is for due to the lack of itemization).

Although invoices for certain other depositions are itemized, these include costs related to video recording, technology for the remote taking of depositions, and other technological tools. [*See id.* at 12 (listing "Video/Remote" transcript "[s]urcharges" totaling $153.00; *id.* at 13 ("Laptop/Tablet Rental" fee of $75.00); *id.* at 17 ("Video SERVICES" totaling $1,082.50).] However, such costs are not allowed under Local Rule 54-3.5(a), which provides that "[t]he cost of videotaping or recording depositions is not taxable unless recording the deposition by video or audio means was ordered by the Court before the taking of the deposition," and Local Rule 54-3.5(b), under which "[f]ees for video and audio technicians are not taxable unless recording the deposition by video or audio means was ordered by the Court before the taking of the deposition." No relevant court orders were obtained before the taking of these depositions, rendering these costs not taxable.

Further, "costs of depositions are recoverable only if necessarily obtained for use in the case." *Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 177-78 (9th Cir. 1990); *see* 28 U.S.C. § 1920(2). Accordingly, "[d]isallowance for expenses of depositions not used at trial is within the district court's discretion." *Wash. State Dept. of Transp. v. Wash. Natural Gas Co.*, 59 F.3d 793, 806 (9th Cir.

1995). Here, many of the depositions appear to have been obtained for investigatory purposes rather than for use at trial. Although Defendants seek costs associated with depositions they took of Brenda Lopez, Noelia Benitez, and Melissa Carpenter [Dkt. 194-1 at 10, 12], Defendants did not call these witnesses at trial, nor did Plaintiffs.[2] Because these depositions were not "necessarily obtained for use in the case," costs associated with these depositions should be denied. *See Gillam*, 31 F.R.D. at 274-75 (denying costs for depositions "obtained purely for discovery purposes").

Lastly, Defendants seek to recover $1,650.00 for expert witness fees paid to Scott DeFoe for his deposition time. [Dkt. 194-1 at 19.] However, "[t]he Supreme Court has held that 'absent contract or explicit statutory authority to the contrary,' a federal court may not shift expert witness fees, except in the amount allowed by 28 U.S.C § 1821(b)." *Agredano v. Mut. of Omaha Cos.*, 75 F.3d 541, 542 (9th Cir. 1996) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987)). "That amount is $40 per witness per day." *Id.* at 542-43 (citing 28 U.S.C. § 1821(b)). Specifically, section 1821(b) provides that a "witness shall be paid an attendance fee of $40 per day for each day's attendance." Defendants provide no basis for seeking costs greater than the statutory $40 per day, and no contract or statutory authority exists that allows such fee shifting. Thus, these costs are not recoverable beyond the statutory $40 per witness per day as provided by section 1821(b). Accordingly, any taxed cost for Plaintiff's expert Scott DeFoe's deposition appearance should be reduced to $40.

---

[2] Defendants also did not use the depositions of Brenda Lopez or Melissa Carpenter in support of their Motion for Summary Judgment [*see* Dkt. 64, 69], which, in any event, was denied on procedural grounds and was never adjudicated on the merits. [Dkt. 78, 88.]

### C. Costs of Copies of Documents Improper Where Not Admitted into Evidence

Under Local Rule 54-3.10(b), a prevailing party may recover costs "of copies of documents or other materials admitted into evidence when the original is not available or the copy is substituted for the original at the request of an opposing party." Defendants seek a total of $1,304.54 in costs pursuant to Local Rule 54-3.10(b). [Dkt. 194, Tab 10(b).] These include $471.00 in costs associated with subpoenaed copies of Andrew Nuñez's employment records. [Dkt. 194-1 at 30-32.] However, these documents were never admitted into evidence [*see* Dkt. 174 at 10-28] and thus are not recoverable. L.R. 54-3.10(b); *see Gillam*, 31 F.R.D. at 274-75. Also included are $360.02 in apparent costs for a courier to pick up boxes from the Court and return them to Defendants' counsel's office after the conclusion of trial [Dkt. 194-1 at 34], but these also do not fall within the scope of the Rule. *See* L.R. 54-3.10(b); *see also* L.R. 54-2.4 ("The Clerk has no discretion to tax any item not identified as taxable in this L.R. 54 and its subparts.").

### IV. CONCLUSION

For the foregoing reasons, the Court should deny Defendants' bill of costs in its entirety. If the Court nonetheless elects to award any costs, it should substantially reduce them by striking the improper and inadequately documented charges detailed above.

DATED: June 6, 2025

LAW OFFICES OF DALE K. GALIPO

By _____/s/ Benjamin S. Levine_____
    Dale K. Galipo
    Benjamin S. Levine
    Attorneys for Plaintiffs

-10-
Case No. 5:22-cv-01934-SSS-SP
OBJECTIONS TO BILL OF COSTS

**CERTIFICATION OF COMPLIANCE WITH WORD LIMIT (L.R. 11-6.2)**

The undersigned, counsel of record for Plaintiffs, certifies that this memorandum of points and authorities contains **2,719** words, which complies with the word limit of L.R. 11-6.1.

DATED: June 6, 2025                 LAW OFFICES OF DALE K. GALIPO

                                    By_____/s/ Benjamin S. Levine_____
                                        Dale K. Galipo
                                        Benjamin S. Levine
                                        Attorneys for Plaintiffs