# Exhibit 14

```
                    UNITED STATES DISTRICT COURT

          CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

          HONORABLE SUNSHINE S. SYKES, U.S. DISTRICT JUDGE



ROSA NUÑEZ, et al.,                 )
                                    )
               Plaintiffs,          )
                                    )
     v.                             )       Case No.
                                    )   ED CV 22-1934 SSS (SPx)
COUNTY OF SAN BERNARDINO, et al.,   )
                                    )
               Defendants.          )
_____)


          REPORTER'S PARTIAL TRANSCRIPT OF TRIAL PROCEEDINGS
                 CROSS-EXAMINATION OF EDWARD FLOSI
                     MONDAY, APRIL 28, 2025
                            2:59 PM
                      RIVERSIDE, CALIFORNIA
```

_____

**MYRA L. PONCE, CSR NO. 11544, CRR, RPR, RMR, RDR**
FEDERAL OFFICIAL COURT REPORTER
350 WEST 1ST STREET, ROOM 4455
LOS ANGELES, CALIFORNIA  90012
(213) 894-2305

```
                1   car.
                2         Q.    In fact, she clearly says in her statement that you
                3   reviewed that he was not advancing when she fired her bean bag
                4   round.  Do you recall that?
03:32PM         5         A.    I --
                6         Q.    That's on page 91.
                7         A.    I don't recall her saying that he was not advancing
                8   at the moment.
                9         Q.    When you're -- as an expert witness, don't you try
03:32PM        10   to evaluate facts on both sides to try to be neutral and
               11   objective?
               12         A.    Of course.
               13         Q.    Wouldn't that be important to you, if he was not
               14   advancing at the time?
03:32PM        15               MR. WESIERSKI:  Excuse me.  Vague and ambiguous.
               16         Q.    (BY MR. GALIPO:)  At the time of the bean bag round,
               17   wouldn't that be a fact to consider?
               18         A.    As far as Deputy Cervantes's application of the bean
               19   bag round?  Yes.
03:32PM        20         Q.    Okay.  And would you agree in listening to the
               21   audio, the bean bag round and the shots are practically
               22   simultaneous?
               23         A.    They are very close in time.
               24         Q.    Okay.  So let's assume Deputy Cervantes is right and
03:33PM        25   he wasn't advancing when she fired her bean bag round.  Are you
```

**UNITED STATES DISTRICT COURT**

```
                 1   with me so far?
                 2       A.   I understand.
                 3       Q.   And the shots were simultaneous to that.  Are you
                 4   with me in my hypothetical?
        03:33PM  5       A.   In your hypothetical, they were at the same time.
                 6       Q.   Well, it's not only in my hypothetical.  But you've
                 7   listened to the audio, haven't you?
                 8            MR. WESIERSKI:  I'm going to object to the
                 9   hypothetical as misstating the evidence, as the shots being
        03:33PM 10   simultaneous.
                11            THE COURT:  Well, I don't know if you were done.
                12            MR. GALIPO:  Let me break it down.  I'll withdraw
                13   the question and break it down.
                14       Q.   (BY MR. GALIPO:)  You've listened to the audio,
        03:33PM 15   haven't you?
                16       A.   As I said, yes.
                17       Q.   Now, aren't the bean bag shots and the lethal shots
                18   almost simultaneous?
                19       A.   They are in very close temporal relation.
        03:33PM 20       Q.   When you say "close temporal relation," are we
                21   talking about a quarter of a second?
                22       A.   I don't know.  I didn't time it, but they were
                23   close.
                24       Q.   "Close," almost at the same time?
        03:34PM 25       A.   They were close.
```

**UNITED STATES DISTRICT COURT**

```
                 1     A.     That would be the one that would be a non-issue

                 2     involving the shooting.

                 3     Q.     Do you recall multiple deputies stating that, when

                 4     the shots were fired, the officers were behind the cars and

03:39PM          5     Mr. Nuñez was in front of the cars?

                 6     A.     I recall that Deputy Martinez said he was near the

                 7     back bumper and that two other deputies were in close proximity

                 8     to him.

                 9     Q.     Do you have a copy of your report handy?

03:40PM         10     A.     I do.

                11     Q.     Can you turn to page 13, please?

                12     A.     Yes, sir.

                13     Q.     On line 3, you see the reference of Nuñez walking

                14     back towards the front of the parked vehicle?

03:40PM         15     A.     Yes.  That would be the gray Charger.

                16     Q.     In your report, you have him walking; correct?

                17     A.     Yes.  The deputies described it as briskly walking

                18     or walking at a quick pace.

                19     Q.     And you indicate in your report that Mr. Nuñez

03:41PM         20     continued to move towards the officers after the shots;

                21     correct?

                22     A.     That's my understanding based on what

                23     Deputy Martinez believed.

                24     Q.     And then on pages 16 and 17, you reference

03:41PM         25     Ms. Ramos's testimony.  Do you recall that?  The witness.
```

**UNITED STATES DISTRICT COURT**

```
                  1   Domain 20.  It's pretty much an entire chapter dealing with
                  2   self-control.  And fear and anger are two things that all
                  3   humans, including officers and deputies, will experience
                  4   depending on the situation.
03:44PM           5            And they're given examples of how to help control
                  6   those -- not saying that they're bad.  But, you know -- for
                  7   example, fear, it's good to have some fear when you're going
                  8   into a dangerous situation.  Otherwise, you may expose yourself
                  9   to something that you shouldn't be doing.
03:45PM          10       Q.   Would you agree -- well, first of all, you recall in
                 11   your depo saying the deputies were at the rear end of the
                 12   vehicles on page 28?
                 13       A.   Near the rear end of the vehicle, yes.
                 14       Q.   Would you agree, if there was not a reasonable
03:45PM          15   belief that Mr. Nuñez had the ability, opportunity, and
                 16   apparent intent to immediately strike them with the chain, that
                 17   deadly force would be inappropriate?
                 18       A.   I would agree that, if it didn't rise to the level
                 19   of an imminent threat based on opportunity and ability and
03:45PM          20   apparent intent, that it would not be appropriate to respond
                 21   with deadly force.
                 22       Q.   And I think you talked in your deposition about
                 23   training on tactical repositioning?
                 24       A.   I don't recall specifically, but there's a good
03:46PM          25   chance we talked about it.
```

**UNITED STATES DISTRICT COURT**

**CERTIFICATE OF OFFICIAL REPORTER**

COUNTY OF LOS ANGELES   )
                        )
STATE OF CALIFORNIA     )

       I, MYRA L. PONCE, FEDERAL OFFICIAL REALTIME COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

       DATED THIS 25TH DAY OF MAY, 2025.


       /S/ MYRA L. PONCE
_____
    MYRA L. PONCE, CSR NO. 11544, CRR, RDR
       FEDERAL OFFICIAL COURT REPORTER