UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 5:22-cv-01934-SSS-SPx | Date | August 20, 2025 |
|---|---|---|---|
| Title | *Rosa Nunez et al v. County of San Bernardino et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFFS MOTION FOR A NEW TRIAL [DKT. 197]**

## I.   INTRODUCTION

This was a civil rights case that involved an incident during which Deputy Michael Martinez and the County of San Bernardino ("Defendants") fatally shot Anthony Nunez Sr. ("the Decedent"). Plaintiffs Rosa Nunez, Anthony Nunez Jr., and Andrew Nunez—Nunez Sr.'s family members—sued Defendants for allegedly violating Nunez Sr.'s Fourth and Fourteenth Amendment rights and related state laws. [*See* Dkt. 45, Second Amended Complaint or "SAC"]. After an eight-day trial, the jury returned a verdict in favor of Defendants on all claims.

Plaintiffs now move for a new trial. [Dkt. 197, "Motion"]. Defendants oppose. [Dkt. 217, Opposition or "Opp."]. Having reviewed the parties' arguments, relevant legal authority, and record in this case, Plaintiffs' motion for new trial is **DENIED**.

## II.   BACKGROUND

Anthony Nunez Sr. was involved in a tragic shooting on March 29, 2022 that resulted in his death. [SAC at 3]. His family, Plaintiffs, sought compensatory and

punitive damages from Defendants for alleged violations of various rights in connection with the incident. The parties went to trial beginning on April 28, 2025, and the trial lasted eight days. [Dkt. 169].

During trial, the parties presented evidence and testimony from witnesses, much of which related to the dispute over whether Decedent acted in a threatening manner such that Defendants' use of force against Decedent was excessive or unreasonable. Among the evidence presented at trial were testimony by various deputies from the San Bernardino County Sheriff's Department, helicopter videos, and audio recordings captured on and around the time of the shooting. [Motion at 12–14; Opp. at 7–16]. As relevant to the Motion, Plaintiffs provided testimony to corroborate one version of events regarding Decedent's location at the time he was shot, while Defendants provided evidence to corroborate a contrary version. [Motion at 19–20; Opp. at 13–14].

On May 1, 2025, the jury returned a verdict in favor of Defendants on all of Plaintiffs' claims.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 59(a) authorizes new trials "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A court generally "must uphold a jury verdict if it is supported by substantial evidence." *Guy v. City of San Diego*, 608 F.3d 582, 585 (9th Cir. 2010). Substantial evidence is evidence "adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Id*. (quoting *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002)).

However, a court may grant a new trial if "the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent . . . a miscarriage of justice." *United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1139 (9th Cir. 1999) (quoting *Oltz v. St. Peter's Cmty. Hosp.*, 861 F.2d 1440, 1452 (9th Cir. 1998)). In considering a Rule 59(a) motion, the court is "not required to view the trial evidence in the light most favorable to the verdict." *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd.*, 762 F.3d 829, 842 (9th Cir. 2014). Instead, the court "can weigh the evidence and assess the credibility of the witnesses." *Id*.

## IV.   DISCUSSION

Plaintiffs raise three grounds for a new trial. *First*, Plaintiffs contend the verdict is against the clear weight of the evidence. [Motion at 4–11]. *Second*, Plaintiffs argue the verdict is based on false and perjurious evidence. [*Id*. at 11–

17]. *Third*, and finally, Plaintiffs assert that Defendants' counsel made prejudicial statements based in information not found in the evidentiary record, amounting to a miscarriage of justice. [*Id.* at 17–21]. The Motion contends these issues individually and cumulatively warrant a new trial. [*Id.* at 28].

Defendants counter Plaintiffs' Motion by asserting that the verdict reflects Plaintiffs' inability to meet the burden of proof for their claims, and that Plaintiffs' remaining arguments that suggest any misconduct by Defendants' counsel lack merit. [*See generally* Opp.].

### A.     Clear Weight of the Evidence

In moving for a new trial, Plaintiffs states that the evidence and testimony presented at trial is "wholly inconsistent" with the jury's verdict that Defendant Martinez did not use excessive or unreasonable force against the Decedent. [Motion at 11–18]. Plaintiffs emphasize the disputed nature of the Decedent's position in relation to officers at the time of being shot. [Motion at 19–20].

In arguing the verdict cannot be reconciled with the evidence presented at trial, Plaintiffs rely on testimony by deputies of the San Bernardino County Sheriff's Department to suggest that Defendant was either walking away from deputies when he was outside, and that he neither approached nor attempted to attack the deputies. [Motion at 12; *See* Dkts. 197-2, 197-3, 197-4, 197-6, 197-8].

But Defendants point to testimony by other deputies and the helicopter video still-shot that indicates Defendant Martinez's shooting was not unreasonable given the location of the Decedent at that time. [Opp. at 15]. In rendering a verdict for Defendants on these claims, the jury apparently chose to credit Defendants' testimony. Substantial evidence supported Defendants' version of events (namely, that Decedent posed an imminent threat to Defendants). A rational juror could have found, based on the totality of all the evidence presented at trial, that Decedent was positioned in a manner to pose an imminent threat at the time of the lethal shots. Because the verdict is not against the "clear weight of the evidence," the Court is not persuaded by Plaintiffs' argument that a new trial is warranted. The Court has no firm conviction that the clear weight of the evidence compels a contrary verdict.

### B.     False and Perjurious Evidence

Plaintiffs also believe Defendants presented perjured testimony, entitling Plaintiffs to a new trial. [Motion at 18]. The statements Plaintiffs consider

perjurious are those of Sergeant Corey LaFever, who testified initially that he had heard Deputy Deberg announcing that he had begun firing shots, and that he had heard those shots.[1]  [Motion at 19–20].  The Motion contends LaFever's testimony is "demonstrably false" because LaFever had a belt recording activated throughout the incident, and that the recording does not clearly reflect the gunshots.  [*Id.*].

According to Plaintiffs, because LaFever's belt recording reflects his being "far away such that the gunshots are barely audible in the background," such evidence definitively precludes LaFever's presence at the scene of the shooting.  [*Id.*]  And because LaFever could not have been present at the scene of the shooting, Plaintiffs conclude his testimony is false.  [*Id.* at 21].

Courts can grant a new trial if the verdict is "based upon false or perjurious evidence, or to prevent a miscarriage of justice."  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007).  But "a trial court, in assessing whether to grant a new trial, does not properly do so merely because it might have come to a different result from that reached by the jury."  *Wilhelm v. Associated Container Transp. (Aust.), Ltd.*, 648 F.2d 1197, 1198 (9th Cir. 1981).

It appears Plaintiffs' argument hinges on whether the audio recording from LaFever's belt can or cannot definitively prove his presence at the scene of the shooting.  There may be merit to Plaintiffs' hypothesis that the volume and clarity from the belt recording may not be fully consistent with the descriptions and timing of the events as testified to by LaFever and other deputies.  However, a single audio recording cannot definitively establish the physical whereabouts of individuals.  Further, the Motion recognizes that LaFever testified to his uncertainties about if, when, and how he paused the belt recorder.  [Motion at 21].  Absent a showing of the falsity of these statements, a reasonable jury may have found that LaFever was present at the scene, or relied on other evidence beyond

---

[1] Plaintiffs additionally point to LaFever's allegedly contradictory testimony pertaining to when he activated his belt recorder, when he may have paused it, and if it had been running continuously.  [Motion at 21].  Plaintiffs suggest the shifting nature of the testimony could be attributed to Defendants' counsel eliciting perjurious testimony from LaFever after conferring during lunch break.  [Motion at 21].  The Opposition correctly indicates that LaFever's testimony was not contradictory, but mere reiteration and clarification of prior testimony.  [Opp. at 10].

LaFever's testimony to reach the verdict. The Court finds no false or perjurious testimony compelling a new trial.

### C. Statements by Defendants' Counsel

Finally, Plaintiffs take issue with statements made by Defendants' counsel in his closing statement.[2] Plaintiffs argue that Defendants' counsel referenced "significant details not in evidence to undermine Plaintiffs' case and inflame the jury." [Motion at 24]. These details include the emphasis on Deputy Campos's testimony regarding the location of deputies at the time of the shooting, the Decedent's conduct preceding the deputies' arrival at the scene, and the Decedent's use of amphetamines. [*Id.* at 24–28].

A new trial may be granted due to an opposing attorney's inflammatory statements, but such a request for a new trial should be granted "when opposing counsels' conduct causes prejudice to that party . . . thereby unfairly influencing its verdict." *Tesser v. Board of Educ. of City School Dist. of City of New York*, 370 F.3d 314, 321 (2d Cir. 2004). A new trial is warranted when it is more likely than not that the jury's verdict was tainted by the error. *Abromson v. American Pacific Corp.*, 114 F.3d 898, 903 (9th Cir. 1997).

Plaintiffs attribute prejudice to these statements as they ostensibly heightened the perception that the Decedent had posed a threat, making the use of force reasonable. This assumes that the jury relied on these exact statements during closing argument rather than other evidence in the record to reach its verdict. The record reflects ample evidence supporting the verdict, as described in Section IV.A., all of which is independent of Defendants' counsel's statements. Here, Plaintiffs' allegations of attorney misconduct did not sufficiently prejudice the jury to warrant a new trial.

---

[2] Defendants additionally point out that Plaintiffs waived this argument because they "failed to raise any objection at any time for any of the alleged misconduct." [Opp. at 20]. Plaintiffs suggest they did not waive this argument, as contemporaneous objection is not necessary for insertion of prejudicial details not in evidence. [Reply at 9]. The record does not reflect any attempt by Plaintiffs to object to these statements—contemporaneous or after the closing statement—and the Court finds Defendant's argument regarding waiver persuasive. However, the Court does not believe these statements independently warrant a new trial.

### D. Cumulative Error

Plaintiffs argue that the errors at trial both individually and cumulatively warrant a new trial. As none of the individual grounds for a new trial persuade the Court, the grounds taken together also fail to persuade the Court that a new trial is warranted.

## V. CONCLUSION

For the above reasons, Plaintiffs' motion for a new trial is **DENIED**.

**IT IS SO ORDERED.**